**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **ANTHONY KEITH VAUGHN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **V.** | )    **Civil Action No. 3:06-cv-1048-MHT-WC** |
| | ) |
| **OFFICER SCROGGINS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS' SPECIAL REPORT

COME NOW Officer James Scroggins and Officer Leon Aaron, Defendants in the above-styled cause, and submit their Special Report to the Court.

## INTRODUCTION

Anthony Keith Vaughn, has been in and out of the Lee County Detention Center multiple times over the past fifteen years. Most recently he booked into the Lee County Detention center on October 30, 2006 on charges of failure to pay child support, failure to appear on a charge of first degree theft and failure to appear on a charge involving a pistol. (Exhibit A, Inmate File of Anthony Keith Vaughn.) The Plaintiff was a pretrial detainee at all times relevant to the allegations made the basis of the Plaintiff's Complaint. (Exhibit B, Affidavit of Corey Welch[1], "Welch Aff." ¶ 3.)

## PLAINTIFF'S ALLEGATIONS

Plaintiff claims that Defendants violated his constitutional rights by pushing him into a

---

[1]   Lt. Welch is employed by the Lee County Sheriff's Office and assigned to serve as a corrections officer at the Lee County Detention Center. He has worked as a correctional officer for over ten years, having obtained the rank of Lieutenant in November 2004. He is both a graduate of the Police Academy and the Alabama Jail Management School. Half of Lee County Detention Center staff is assigned to the red team and half is assigned to the blue team. He is the red team supervisor. Lt. Welch is in charge of work-release inmates and is the SPORT team administrator. (Welch Aff. ¶ 2.)

brick wall and kicking him while he was handcuffed which allegedly injured his shoulders and neck. Plaintiff claims he has been denied medical attention for his alleged injuries. Plaintiff requests the following relief: "Check into why Lee County Inmate get treated like animals." However, Plaintiff requests no relief as a result of these alleged constitutional violations. (Plaintiff's Compl. pp. 2-4.)

## DEFENDANTS' RESPONSE TO PLAINTIFF'S ALLEGATIONS

Defendants deny the allegations made against them by Plaintiff as being untrue and completely without basis in law or fact. Defendants deny that they acted, or caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled. (Exhibit C, Affidavit of James Scroggins[2], "Scroggins Aff.," ¶ 4; Exhibit D, Affidavit of Leon Aaron[3], "Aaron Aff.," ¶ 4.) Defendants raise the defenses of Eleventh Amendment immunity, qualified immunity, Plaintiff's failure to comply with the Prison Act, and additional defenses presented below. Defendants reserve the right to add additional defenses if any further pleading is required or allowed by the Court.

I.    FACTS

     A.    EXCESSIVE FORCE

As Sheriff of Lee County, Sheriff Jones is responsible for promulgating the policies governing the Lee County Detention Facility. (Exhibit E, Affidavit of Sheriff Jay Jones[4], "Jones Aff.," ¶ 4.)

---

[2] Officer Scroggins is employed by the Lee County Sheriff's Office and assigned to serve as a Corrections Officer at the Lee County Detention Center. He has worked as a correctional officer for approximately three years at the Lee County Detention Center. For approximately eleven years, he was employed as a Corrections Officer at the Macon County Sheriff's Office. He is a graduate of the Alabama Jail Management School. (Scroggins Aff. ¶ 2.)

[3] Officer Aaron is employed by the Lee County Sheriff's Office and assigned to serve as a Corrections Officer at the Lee County Detention Center. He has worked as a correctional officer for three and one-half (3 1/2) years. He is a graduate of the Alabama Jail Management School. (Aaron Aff. ¶ 2.)

[4] Jay Jones is the duly elected Sheriff of Lee County, Alabama, and have served in such capacity since 1999. (Jones Aff. ¶ 2.)

It is the policy of the Lee County Sheriff's Office that Detention Center staff use only the minimum physical force necessary to control combative or uncooperative inmates. Physical abuse is not used to punish an inmate for a rule violation. (Jones Aff. ¶ 6; Welch Aff. ¶ 5; Scroggins Aff. ¶ 5; Aaron Aff. ¶ 5.)

It is the policy of the Lee County Sheriff's Office that force and restraints are used in the Lee County Detention Center only when it is necessary to do so in order to maintain appropriate control and management and provide for secure and orderly running of the Detention Center. (Jones Aff. ¶ 7; Welch Aff. ¶ 6; Scroggins Aff. ¶ 6; Aaron Aff. ¶ 6.)

The Lee County Sheriff's Office operates the Lee County Detention Center under the belief that control and management of inmates incarcerated there should be by sound scientific methods, stressing moral values and organized persuasion rather than depending upon physical force for effective management and control. (Jones Aff. ¶ 8; Welch Aff. ¶ 7; Scroggins Aff. ¶ 7; Aaron Aff. ¶ 7.)

When the use of force is necessary, only the minimum amount needed to accomplish the task at hand is used. (Jones Aff. ¶ 9; Welch Aff. ¶ 8; Scroggins Aff. ¶ 8; Aaron Aff. ¶ 8.)

Physical force is used only as a last resort. All reasonable attempts are made to identify and utilize alternative means to deal with the situation. (Jones Aff. ¶ 10; Welch Aff. ¶ 9; Scroggins Aff. ¶ 9; Aaron Aff. ¶ 9.)

Physical force or chemical agents may be used in the following incidences:

a.  Prior to the use of deadly force to prevent the commission of a felony, including escape or to prevent an act which could result in death or serious bodily harm to one's self or another person.

b.  In defending one's self or others against any physical assault.

c.  To prevent the commission of a misdemeanor.

d.  To prevent serious damage to property.

      e.      To enforce Detention Center regulations.

      f.      To prevent or quell a riot.

(Jones Aff. ¶ 11; Welch Aff. ¶ 10; Scroggins Aff. ¶ 10; Aaron Aff. ¶ 10.)

It is the policy of the Lee County Sheriff's Office to establish rules and regulations governing the behavior of persons incarcerated in the Lee County Detention Center and to subject such persons to discipline for violation of those rules only in a matter which provides due process for the accused person.  (Jones Aff. ¶ 12; Welch Aff. ¶ 11; Scroggins Aff. ¶ 11; Aaron Aff. ¶ 11.)

Using profanity or derogatory remarks or gestures to a staff member is a major offense, subjecting the inmate to lockdown.  Plaintiff was placed in lockdown for a short time period to allow him to "cool-off."  (Jones Aff. ¶ 13; Welch Aff. ¶ 12; Scroggins Aff. ¶ 12; Aaron Aff. ¶ 12.)

On November 3, 2006, Officer Scroggins and Officer Aaron responded to a call from the inmates in F-3 that an inmate was sick and needed help.  Upon arriving in F-3, they summoned medical help for an inmate who was lying on the floor and stating that he was in pain.  They instructed the 15-20 inmates in the cell to be quiet so that the nurse could do her job and take care of the sick inmate.  Plaintiff began running his mouth as soon as the officers arrived in the cell and continued after they told the inmates to not talk.  Plaintiff was instructed several times to be quiet by Officer Aaron and Officer Scroggins.  However, Plaintiff refused to stop talking and made multiple and various derogatory comments such as they were not helping the sick inmate, that they were going to let him die, and that they needed to get the inmate some more medical help.  Plaintiff spoke in a loud and belligerent manner and kept using profanity.  Plaintiff was the only inmate in the cell refusing the order to be quiet.  Plaintiff was interfering with the nurse's ability to talk with the sick inmate and was interfering with the nurse's work.  Plaintiff was

refusing to follow a direct order from an officer. (Scroggins Aff. ¶ 32; Aaron Aff. ¶ 32; Welch Aff. ¶ 12.)

Due to his refusal to follow orders, Officer Scroggins told Plaintiff to pack his things up because he was going to lockdown. Scroggins handcuffed Plaintiff and escorted him down the hallway to E-6, a lockdown cell. Officer Aaron witnessed Plaintiff being handcuffed and was 6-8 feet behind them as they walked down the hall. Scroggins removed Plaintiff's handcuffs and he walked into the lockdown cell. At no time was Plaintiff "pushed into a brick wall." At no time was Plaintiff's head pushed against a wall. At no time during this incident was Plaintiff kicked. In fact, the only physical contact between the Plaintiff and Officer Scroggins was when Scroggins handcuffed him, escorted him down the hall and removed the handcuffs. Officer Aaron witnessed Officer Scroggins removing the handcuffs and Plaintiff walking into the lockdown cell. Plaintiff was handcuffed, escorted to the lockdown cell and the handcuffs were removed all without incident. At no time was any physical force used against Plaintiff by Officer Aaron or Officer Scroggins. Plaintiff did not resist being handcuffed, being escorted to E-6 or having the handcuffs removed. In fact, Plaintiff made no complaint of any kind. Officer Scroggins told Plaintiff that he was placing Plaintiff in lockdown so he could cool-off. Plaintiff was in lockdown for approximately one day. (Aaron Aff. ¶ 33; Scroggins Aff. ¶ 33; Ex. A, Inmate File; Exhibit F, Inmate Medical File.)

## B.    LACK OF MEDICAL ATTENTION

It is the policy of the Lee County Sheriff's Office that all inmates confined in the Lee County Detention Facility are entitled to a level of health care comparable to that available to citizens in the surrounding community, which will ensure their physical and emotional well-

being.  (Jones Aff. ¶ 19; Welch Aff. ¶ 18; Exhibit G, Affidavit of Ray Roberson[5], "Roberson Aff.," ¶ 18; Aaron Aff. ¶ 18; Scroggins Aff. ¶ 18; Exhibit H, Affidavit of Nurse Linda Stewart[6], "Stewart Aff.," ¶ 7.)

Medical care rendered to inmates in the Lee County Detention Facility is delivered under the direction of a licensed health care provider.  (Jones Aff. ¶ 20; Welch Aff. ¶ 19; Roberson Aff. ¶ 19; Aaron Aff. ¶ 19; Scroggins Aff. ¶ 19; Stewart Aff. ¶ 8.)

No health care personnel or Detention Facility officer or other employee of the Sheriff's Office will ever summarily or arbitrarily deny an inmate's reasonable request for medical services.  (Jones Aff. ¶ 21; Welch Aff. ¶ 20; Roberson Aff. ¶ 20; Aaron Aff. ¶ 20; Scroggins Aff. ¶ 20; Stewart Aff. ¶ 9.)

Medical, dental, and mental health matters involving clinical judgments are the sole province of the responsible physician, dentist, or psychiatrist or qualified psychologist, respectively.  (Jones Aff. ¶ 22; Welch Aff. ¶ 21; Roberson Aff. ¶ 21; Aaron Aff. ¶ 21; Scroggins Aff. ¶ 21; Stewart Aff. ¶ 10.)

Inmates are guaranteed access to all diagnostic, laboratory, or other treatment services as directed by the responsible health care authority.  (Jones Aff. ¶ 23; Welch Aff. ¶ 22; Roberson Aff. ¶ 22; Aaron Aff. ¶ 22; Scroggins Aff. ¶ 22; Stewart Aff. ¶ 11.)

It is the policy of the Lee County Sheriff's Office to allow inmates incarcerated in the Lee County Detention Facility to request health care services at any time.  (Jones Aff. ¶ 24;

---

[5]   Lt. Roberson is employed with the Lee County Sheriff's Office and serves as Assistant Jail Administrator at the Lee County Detention Center.  He has worked in the Lee County Detention Center for twenty-three years and has obtained the rank of lieutenant.  (Roberson Aff. ¶ 2.)

[6] Nurse Stewart has been employed as a nurse with the Lee County Detention Facility for over five years.  She is an L.P.N. and has been licensed for over twenty-years, having served as a nurse in the ICU and CCU in Cobb Hospital Emergency Room for fifteen-years.  She is a Certified Correctional Health Professional by the National Commission on Correctional Health Care.  She taught Nursing Assistance Clinicals for two years at Career Institute. Nurse Stewart collected medical information for the law firm of Bellamy and Jones for three years, and was employed as the personal nurse for Doctor Hoffman, in  Phenix City, Alabama, for twelve-years, prior to coming to the Lee County Detention Facility.  (Stewart Aff. ¶ 1.)

Welch Aff. ¶ 23; Roberson Aff. ¶ 23; Aaron Aff. ¶ 23; Scroggins Aff. ¶ 23; Stewart Aff. ¶ 12.)

Two methods may be utilized by inmates incarcerated in the Lee County Detention Facility in order to secure health care services:

a.    <u>Verbal Request</u>:  An inmate may make a verbal request for emergency medical attention to any member of the Detention Center staff at any time.

b.    <u>Written Request</u>:  An inmate in need of any type of medical attention may complete an Inmate Request form seeking medical attention and forward it to any member of the Detention Center staff.

(Jones Aff. ¶ 25; Welch Aff. ¶ 24; Roberson Aff. ¶ 24; Aaron Aff. ¶ 24; Scroggins Aff. ¶ 24; Stewart Aff. ¶ 13.)

Requests for medical treatment will be accepted by members of the Detention Facility staff at any time.  (Jones Aff. ¶ 26; Welch Aff. ¶ 25; Roberson Aff. ¶ 25; Aaron Aff. ¶ 25; Scroggins Aff. ¶ 25; Stewart Aff. ¶ 14.)

When a request for medical treatment is made to a member of the Detention Facility staff, the staff member receiving the request will notify the shift supervisor of the inmate's request.  It is the shift supervisor's responsibility to ensure that the inmate's request is attended to in a prompt and proper manner.  Any doubt as to whether an actual need exists for medical treatment will be resolved in favor of the inmate and medical treatment will be offered.  (Jones Aff. ¶ 27; Welch Aff. ¶ 26; Roberson Aff. ¶ 26; Aaron Aff. ¶ 26; Scroggins Aff. ¶ 26; Stewart Aff. ¶ 15; Stewart Aff. ¶ 16.)

Medical requests of an emergency nature are to be handled immediately.  (Jones Aff. ¶ 28; Welch Aff. ¶ 27; Roberson Aff. ¶ 27; Aaron Aff. ¶ 27; Scroggins Aff. ¶ 27; Stewart Aff. ¶ 17.)

Lee County Sheriff's Office policy requires that inmates be informed of the methods by which they may obtain medical treatment during the booking process.  (Jones Aff. ¶ 29; Welch Aff. ¶ 28; Roberson Aff. ¶ 28; Aaron Aff. ¶ 28; Scroggins Aff. ¶ 28; Stewart Aff. ¶ 18.)

The Detention Facility nurses, under the direction of the Detention Facility Administrator, are charged with the responsibility of obtaining appointments for inmates with physicians in order that they may receive medical treatment or for scheduling times when the treating physician may attend to health care needs at the Detention Facility. (Jones Aff. ¶ 30; Welch Aff. ¶ 29; Roberson Aff. ¶ 29; Aaron Aff. ¶ 29; Scroggins Aff. ¶ 29; Stewart Aff. ¶ 19.)

All health care rendered to inmates will, at the doctor's discretion, be given privately to the inmate, outside the presence of a Detention Facility official. Should the physician request, a Detention Facility officer will be present for any and all examinations the treating physician deems appropriate. (Jones Aff. ¶ 31; Welch Aff. ¶ 30; Roberson Aff. ¶ 30; Aaron Aff. ¶ 30; Scroggins Aff. ¶ 30; Stewart Aff. ¶ 20.)

Per the policy of the Lee County Sheriff's Office, the nonmedical staff always defer to the instructions of the trained medical professionals on all medical issues. (Roberson Aff. ¶ 31; Aaron Aff. ¶ 31; Scroggins Aff. ¶ 31.)

Sick call is conducted on a scheduled basis by a licensed practical nurse and is available to all inmates. All inmates are required to pay a $10.00 fee for non-emergency treatment and a $3.00 fee for prescription medication. Inmates will not be denied medical treatment because of lack of funds or for any other reason. When an inmate has insufficient funds in his/her trust account to pay for the assessed fee(s), a lien in the amount of the fee(s) will be placed on the inmate's trust account against future monies which may be received. (Stewart Aff. ¶ 20.)

On November 5, 2006 Nurse Stewart examined Plaintiff due to his complaint of shoulder and neck pain. Plaintiff claimed that he was pushed into a wall by officers when he interfered with the corrections officers duties during a medical check. Nurse Stewart observed that Plaintiff was alert and responsive. Nurse Stewart observed that Plaintiff had good range of

8

motion in his shoulder and some stiffness in his neck.  She gave Plaintiff Motrin and made arrangements from him to be seen by Dr. McFarland.  (Stewart Aff. ¶ 21.)

On November 7, 2006, Dr. McFarland examined Plaintiff due to his complaint of pain in his right shoulder and neck.  Plaintiff stated to Dr. McFarland that officers injured him a week ago when he was forced up against a wall.  However, Plaintiff then stated to Dr. McFarland that "there is nothing wrong with me now."  Dr. McFarland found that Plaintiff showed full range of motion of his shoulders neck, and chest without any respiratory distress.  Dr. McFarland noted that Plaintiff appeared to be getting a cold.  He prescribed Motrin or Tylenol and to recheck Plaintiff as needed.  (Exhibit I, Affidavit of John McFarland[7], "McFarland Aff.," ¶ 5.)

On December 9, 2006, Plaintiff submitted an Inmate Request Slip to see Dr. McFarland claiming that he needed medical attention for pains in his right eye.  Plaintiff stated that his right eye gives him headaches and that his vision is blurry.  An appointment was made for Plaintiff with Dr. McFarland.  (Ex. F, Inmate Medical File.)

On December 13, 2006 Dr. McFarland again examined Plaintiff.  He stated that two years ago he was hit in the eye with a bungee cord and has suffered from headaches ever since.  He stated that he saw a doctor and had surgery on his eye following this injury.  He complained that he has blurry vision in the eye that was hit.  Dr. McFarland determined that Plaintiff suffered from high blood pressure, an old eye injury and headaches.  Dr. McFarland prescribed blood pressure medication to be taken once a day and noted to recheck Plaintiff in a month.  (McFarland Aff. ¶ 6.)  Plaintiff refused to take his blood pressure medication everyday as prescribed to him.  (Ex. F, Inmate Medical File.)

---

[7]Dr. McFarland is a licensed physician serving as an emergency room doctor with East Alabama Medical Center. He is a Certified Correctional Health Professional by the National Commission of Correctional Health Care Also, since 1994, he has served as the treating physician for inmates at the Lee County Detention Facility.  (McFarland Aff. ¶¶ 2, 3.)

On December 21, 2006, Plaintiff submitted an Inmate Request Slip to see Dr. McFarland claiming that he was suffering from headaches. A Detention Center Nurse responded that if Plaintiff would take his blood pressure medication everyday and stop refusing it he would feel better and that he would be checked by Dr. McFarland in a month. (Ex. F, Inmate Medical File.)

On January 3, 2007 Dr. McFarland examined Plaintiff due to his complaint that his blood pressure medications were not helping his symptoms and that he was having headaches. Plaintiff stated that he has not wanted to take his blood pressure medications because he did not think the medication helped him. Dr. McFarland determined that Plaintiff suffers from high blood pressure along with headaches and instructed that Plaintiff continue to take hydrochlorothiazide, the blood pressure medication prescribed to him. (McFarland Aff. ¶ 7.)

On January 15, 2007, Plaintiff submitted an Inmate Request Slip to see Dr. McFarland claiming that he has been having problems with his neck and that he needs a neck brace. Nurse Stewart checked his blood pressure and responded that his blood pressure was very good, to continue his exercises and that he would soon see Dr. McFarland for a follow-up. (Ex. F, Inmate Medical File.)

On January 20, 2007, Plaintiff submitted an Inmate Request Slip to see Dr. McFarland claiming that his neck was swollen and he had lost his voice. A nurse at the Detention Center responded that she had placed Plaintiff back on the list to see Dr. McFarland, but that Dr. McFarland has already seen Plaintiff several times and said he was fine. (Ex. F, Inmate Medical File.)

Dr. McFarland examined Plaintiff on January 23, 2007 and prescribed naprosyn pain medication for his complaint of neck pain. (McFarland Aff. ¶ 8.)

On February 13, 2007, Plaintiff made a request for medical attention stating that he had ringworm. Plaintiff was given an antifungal cream by Detention Center medical staff that same day. (Ex. F, Inmate Medical File.)

Plaintiff was given the medications prescribed to him on a daily basis as instructed by Dr. McFarland. (Ex. F, Inmate Medical File.) Nurse Stewart followed Dr. McFarland's orders with regard to the Plaintiff's medical care. In fact, per the policy of the Lee County Sheriff's Office, she always follows the instructions of Dr. McFarland on all medical issues. (Stewart Aff. ¶ 22.)

As a Detention Facility medical staff, Dr. McFarland and Nurse Stewart have neither duty nor authority with regard to any non-medical issues. Their sole duty and authority is with regard to medical care of inmates. (Stewart Aff. ¶ 6; McFarland Aff. ¶ 9.)

## C.    GRIEVANCE PROCEDURES.

It is the policy of the Lee County Sheriff's Office that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the sheriff, chief deputy sheriff, or Detention Center personnel. (Jones Aff. ¶ 19; Welch Aff. ¶ 21; Roberson Aff. ¶ 24; Aaron Aff. ¶ 20; Scroggins Aff. ¶ 21.)

Inmates housed in the Lee County Detention Center are furnished with inmate request forms for the purpose of stating their requests or grievances in writing. Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if possible. If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed. If

the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.  (Jones Aff. ¶ 19; Welch Aff. ¶ 22; Roberson Aff. ¶ 24; Aaron Aff. ¶ 20; Scroggins Aff. ¶ 22.)

Internal grievance procedures at the Lee County Detention Center are available to all inmates.  It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.  (Jones Aff. ¶ 19; Welch Aff. ¶ 22; Roberson Aff. ¶ 24; Aaron Aff. ¶ 20; Scroggins Aff. ¶ 23.)

All inmates are provided a copy of the Lee County Detention Center Inmate Handbook when they are booked into the jail.  Plaintiff signed a receipt showing that he had received a copy of the handbook and could read it.  (Ex. A, Inmate File, Plaintiff's signed receipt of inmate handbook.)  The inmate handbook states that an inmate may report a grievance on an inmate request form.  Grievances are first answered by the appropriate staff at the lowest level in the chain of command.  The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision. (Jones Aff. ¶ 19; Welch Aff. ¶ 22; Roberson Aff. ¶ 24; Aaron Aff. ¶ 20; Scroggins Aff. ¶ 24.)

Sheriff Jones, Lt. Welch, Lt. Roberson, Officer Aaron, Officer Scroggins, Dr. McFarland and Nurse Stewart have never received any request form or complaint from Plaintiff concerning any of the allegations of his Complaint.  Per Lee County Sheriff's Office policy, an inmate has the opportunity to appeal any grievance to Sheriff Jones, Lt. Welch, and Lt. Roberson if he were not satisfied with the response at the lower levels in the chain of command.  The Plaintiff has not appealed any grievance to Sheriff Jones, Lt. Welch or Lt. Roberson.  Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center.  (Jones

Aff. ¶ 19; Welch Aff. ¶ 25; Roberson Aff. ¶ 24; Aaron Aff. ¶ 20; Scroggins Aff. ¶ 25; McFarland

Aff. ¶ 12; Stewart Aff. ¶ 23).

Defendants have complied with all policies and procedures of the Lee County Detention

Facility.  I am not aware of nor have I authorized or allowed any deviation from said policies and

procedures.  (Jones Aff. ¶ 19; Welch Aff. ¶ 25; Roberson Aff. ¶ 24; Aaron Aff. ¶ 20; Scroggins

Aff. ¶ 25; McFarland Aff. ¶ 10; Stewart Aff. ¶ 4.)

## II.    LAW

### A.    All claims by Plaintiff against Defendants in their official capacities must fail based on Eleventh Amendment immunity and because they are not "persons" under 42 U.S.C. § 1983.

Plaintiff's claims against Defendants in their official capacities are due to be dismissed

for lack of subject matter jurisdiction as such claims are barred by the Eleventh Amendment to

the United States Constitution.   Parker v. Williams, 862 F.2d 1471, 1476 (11th Cir. 1989)

(holding a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity);

Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989) (holding that a sheriff sued in his official

capacity is entitled to Eleventh Amendment immunity); Carr v. City of Florence, Ala., 918 F.2d

1521, 1525 (11th Cir. 1990) (holding a deputy sheriff sued in his official capacity is entitled to

Eleventh Amendment immunity); Lancaster v. Monroe County, 116 F.3d 1419, 1430-31 (11th

Cir. 1997) (extending Eleventh Amendment immunity to include jailers employed by county

sheriffs).

In addition, the official capacities claims must fail because 42 U.S.C. § 1983 prohibits a

person, acting under color of law, from depriving another of his rights secured by the United

States Constitution.  42 U.S.C. § 1983 (emphasis added).  The United States Supreme Court has

held that state officials, in their official capacities, are not "persons" under § 1983.  Will v.

Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  Any claims against Defendants in their official capacities should therefore be dismissed because they are not "persons" under § 1983, and therefore claims against them in their official capacities fail to state a claim upon which relief can be granted.  Id.; Carr, 916 F.2d at 1525 n.3 (11th Cir. 1990).

> **B.    Plaintiff's failure to comply with the Prison Litigation Reform Act bars the Complaint.**

> **1.    Plaintiff has failed to exhaust all Administrative Remedies.**

Under the Prison Litigation Reform Act ("PLRA"), an inmate is required to exhaust all administrative remedies before instituting an action under 42 U.S.C. § 1983.  42 U.S.C. § 1997e (a).  The Plaintiff in this case has not utilized two separate and distinct administrative remedies available to him.  First, the Plaintiff has not exhausted the grievance procedures provided at the Lee County Detention Center.  Secondly, he has not alleged that he pursued any grievance through the State Board of Adjustment.  See Brown v. Tombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998) (requiring prisoners to affirmatively show that they have exhausted administrative remedies).  Despite the availability of a grievance procedure at the Lee County Detention Center, Plaintiff did not file a grievance with the Lee County Detention Facility.

In addition to the grievance procedure at the local level, Alabama law provides the opportunity to file a claim and proceed before the State of Alabama Board of Adjustment pursuant to Ala. Code § 41-9-60.  The Sheriff of Lee County is a state officer, as are his alter egos, and therefore would be entitled to sovereign immunity.  See Lancaster v. Monroe County, 116 F.3d 1419, 1429 (11th Cir. 1998).  Due to this immunity, the State of Alabama has provided an administrative remedy for the recovery of money damages through the State of Alabama Board of Adjustment.

As a result of Plaintiff's failure to exhaust these two remedies, he is barred from bringing

this action under § 1997e(a).  See Alexander v. Hawk, 159 F.3d 1321, 1326-27 (11th Cir. 1998)

(affirming dismissal of prison action due to failure to exhaust administrative remedies).[8]

> **2.    Plaintiff's claims are barred by the Prison Litigation Reform Act because he has not suffered any physical injury as a result of the allegations in his Complaint.**

42 U.S.C. § 1997e(e) of the Prison Litigation Reform Act requires that a plaintiff

demonstrate that he suffered physical injury before instituting a complaint based upon jail

conditions.  The PLRA states the following concerning physical injury:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.  42 U.S.C. § 1997e(e).

The Eleventh Circuit has determined that the physical injury requirement of § 1997e(e)

requires that a plaintiff demonstrate a physical injury that is more than *de minimis* although the

injuries do not have to be significant.  Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir.), vacated,

197 F.3d (11th Cir. 1999), reinstated in relevant part, Harris v. Garner, 216 F.3d 970 (11th Cir.

2000) (en banc).  In the present action, the Plaintiff has not alleged that he has suffered more

than a *de minimis* injury as a result of the allegations described in his Complaint.  (See Plaintiff's

Compl.)  Further, the evidence establishes that Plaintiff has not suffered more than a *de minimis*

---

[8] See Terry Shane Williams v. Cecil Reed, et al., United States District Court for the Northern District of Alabama, Middle Division, No. CV-99-BU-2938-M, slip op. at 3-4 (N.D. Ala. August 15, 2000) (adopted by district judge September 21, 2000) (dismissed the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies at the DeKalb County Jail); Richard Dale Woodham v. Bill Lands, United States District Court for the Northern District of Alabama, Middle Division, No. CV-00-AR-0170-M, slip op. at 4-5 (N.D. Ala. November 7, 2000) (adopted by district judge December 4, 2000) (dismissed the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies at the DeKalb County Jail); Quinton M. Johnson v. Sgt. Robinson, et al., United States District Court for the Middle District of Alabama, Eastern Division, No. CV-00-D-616-E, slip op. at 3-5 (M.D. Ala. January 12, 2001) (adopted by district judge January 31, 2001) (dismissing the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies with the State of Alabama Board of Adjustment); David Wilson Bell, Sr. v. Tina Riley, et al., United States District Court for the Middle District of Alabama, Eastern Division, No. CV-00-D-731-E, slip op. at 4-5 (M.D. Ala. February 21, 2001) (adopted by district judge March 20, 2001) (dismissing the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies with the State of Alabama Board of Adjustment); Mitchell Lee Hicks v. Jack Day, et al., Circuit Court of Clarke County, Alabama, No. CV-00-280M, slip op. 1-3 (March 21, 2001) (dismissed the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies with the State of Alabama Board of Adjustment); But see, Garner v. Weeks, No. 00-14582 (11th Cir. April 10, 2001).

injury.  Further, Plaintiff's Complaint fails to allege that he suffered an injury due to the alleged lack of medical care.  As a result, the case is due to be dismissed pursuant to 42 U.S.C § 1997e(e).

   **C.    Alternatively, Defendants are entitled to qualified immunity because nothing in their conduct crossed a "bright line" contour of clearly established constitutional law.**

Defendants were acting within their discretionary authority as Sheriff and Detention Center officials of Lee County during all times relevant to Plaintiff's Complaint because all their actions were taken in the furtherance of their job duties.  See, e.g. Holloman ex rel. Holloman v. Harland, 370 F.3d 1252 (11th Cir. 2004).  Once a defendant has asserted the defense of qualified immunity and shown that he was acting within his discretionary authority, the threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish a constitutional violation.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  This initial inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"  Id.  (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)).  The second inquiry is, if a constitutional violation is stated, were these rights "clearly established" to the degree that these Defendants had "fair warning" that their conduct violated the plaintiff's constitutional rights?  Willingham v. Loughnan, 321 F.3d 1299, 1301 (11th Cir. 2003).

In making an assessment of whether the particular conduct of these Defendants was clearly established as being violative of constitutional dictates, the reviewing court must examine the state of law at the time the alleged deprivation occurred.  See Rodgers v. Horsley, 39 F.3d 308, 311 (11th Cir. 1994).  A constitutional right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right."  Anderson v.

16

Creighton, 483 U.S. 635, 640 (1987); Lancaster, 116 F.3d at 1424. "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." Jenkins v. Talladega Bd. of Educ., 115 F.3d 821, 827 (11th Cir. 1997) (en banc) (citations omitted).

Assuming, *arguendo*, that the Plaintiff could demonstrate a constitutional violation, he must still show that clearly established law provided the Defendants with fair warning that their conduct was unlawful. He may do so by either (1) pointing to a case with materially similar facts holding that the conduct engaged in was illegal; or (2) demonstrating that a pertinent federal statute or federal constitutional provision are specific enough to demonstrate conduct was illegal, even in the total absence of case law. Storck v. City of Coral Springs, 354 F.3d 1307, 1317 (11th Cir. 2003) (citations omitted). The Eleventh Circuit has identified the latter method as an "obvious clarity" case. Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted). In order to show that the conduct of the Defendant was unconstitutional with "obvious clarity," "the unlawfulness must have been apparent." Willingham, 321 F.3d at 1301. "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit." Storck, 354 F.3d at 1318 (quoting 28 F.3d at 1149).

### 1.    Excessive Force

The standard used in analyzing excessive force claims based on the Fourteenth Amendment has been described by the United States Supreme Court as follows: "whether force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1984); Bozeman v. Orum, 422 F.3d

125 (11th Cir. 2005).  In <u>Hudson v. McMillian</u>, the United States Supreme Court reasoned:

> [C]orrections officers must balance the need "to maintain or restore discipline" through force against the risk of injury to inmate. . . .  Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.

503 U.S. 1, 6 (1992) (citations omitted).  The factors to be considered in evaluating whether the

use of force was wanton and unnecessary include: 1) the need for application of force; 2) the

relationship between the need and the amount of force used; 3) the threat reasonably perceived

by the prison official; 4) any efforts made to temper the severity of a forceful response; and 5)

the extent of the injury suffered by the inmate.  <u>Whitley v. Albers</u>, 475 U.S. at 1085.

"The infliction of pain in the course of a prison security measure . . . does not amount to

cruel and unusual punishment simply because it may appear in retrospect that the degree of force

authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict

sense."  <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986).[9]  In evaluating the challenged conduct of

jail officials, a court must keep in mind the paramount concerns of maintaining order and

discipline in an often dangerous and unruly environment.  <u>Ort v. White</u>, 813 F.2d 318, 322 (11th

Cir. 1987).

> Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. . . . That deference extends to prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline.

<u>Whitley</u>, 475 U.S. at 321-22.  "[T]he courts give great deference to the actions of prison officials

---

[9] The Supreme Court of the United States has recognized that "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment."  <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989); <u>see also</u> <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992) (citing same principle in reference to excessive force claim in a prison context).

in applying prophylactic or preventive measures intended to reduce the incidence of riots and other breaches of prison discipline." Williams v. Burton, 943 F.2d 1572, 1576 (11th Cir. 1991). "When the 'ever-present potential for violent confrontation and conflagration,' . . . ripens into *actual* unrest and conflict, the admonition that 'a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators,' . . . carries special weight." Whitley, 475 U.S. at 321 (emphasis in original). In Whitley v. Albers, 475 U.S. 312, 319 (1986), the court held that the "shooting [of an inmate in the leg] was part and parcel of a good-faith effort to restore prison security . . . [and] did not violate respondent's Eighth Amendment right to be free from cruel and unusual punishments."

In the instant case, the only physical contact occurred when Officer Scroggins handcuffed the Plaintiff, led him down the hall to the lockdown cell and then removed the handcuffs. The evidence is clear that Officer Scroggins and Officer Aaron did not push, force, kick or in any way cause harm the Plaintiff.

The actions of handcuffing, leading Plaintiff down the hall and removing the handcuffs were the minimum amount of force necessary to get the Plaintiff to the lockdown cell and were therefore proportionate to the need for the force. The Plaintiff was threatening the secure operations of the jail by making derogatory comments, using profanity and refusing the order of an officer. Plaintiff was also interfering with the medical care of another inmate. Further, Plaintiff admitted to Nurse Stewart that he was interfering with the Corrections Officers' duties. There are insufficient allegations to show that the Plaintiff sustained *any* injuries as a result of being handcuffed and taken to lockdown. Further, the medical evidence establishes that Plaintiff suffered no injury. Clearly, in the instant case, the minimal force used was in a good faith effort to restore discipline, not maliciously or sadistically for the very purpose of causing harm.

Even if the Plaintiff's allegations were believed – that Plaintiff was injured by Officer Aaron and Officer Scroggins – this force would still not be excessive. The Plaintiff was acting belligerently and continued to use profanity and make derogatory remarks. Plaintiff refused to follow the direct order of the officers and was interfering with the medical care of another inmate. Such malfeasance clearly presented a threat to the security of the institution and warranted the alleged force. Even if, in hindsight, physical force was unnecessary, it does not rise to the level of a constitutional violation. See, e.g., Graham v. Connor, 490 U.S. 386, 396 (1989) ("[N]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment."; see also Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citing same principle in reference to excessive force claim in a prison context).

Further, de minimus uses of force cannot support a claim for a constitutional violation "provided that the use of force is not of a sort repugnant to the consciences of mankind." Id. at 9-10 (internal quotation marks omitted). It is obvious that the force used in the instant case was a de minimus use of force and not repugnant to the consciences of mankind. Plaintiff was merely handcuffed, escorted to another cell and the handcuffs were removed. Even if the Plaintiff's allegation that he was injured is believed, such force still is de minimus. Accordingly, the Plaintiff cannot make out a claim for a constitutional violation.

### 2. Medical Claims

In order to prevail under 42 U.S.C. § 1983 on his medical claim, the Plaintiff must demonstrate that Defendants were deliberately indifferent to a serious medical condition. Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

> A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. A prison or medical official may be held liable under the Eighth Amendment for actions with "deliberate indifference" to inmate health or safety only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Mere negligence does not suffice to prove deliberate indifference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994) ("Deliberate indifference describes a state of mind more blameworthy than negligence."). Furthermore, where a prisoner has received medical attention and the dispute concerns the adequacy of the medical treatment, deliberate indifference is not shown. Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir. 1985).

In the instant case, the evidence shows that, on the occasions where the Plaintiff complains he did not receive adequate medical treatment, he was actually treated by a licensed and trained medical doctor and nurse. Plaintiff was examined and treated by medical staff at least seven times between November 5, 2006 and February 13, 2007. Plaintiff was prescribed and given pain medications, medicine to treat his high blood pressure and medicine for a rash. During his incarceration, Plaintiff has complained of and been treated for a variety of complaints, not stemming from his alleged injury. On November 7, 2006, Plaintiff claimed that officers had injured him but stated to Dr. McFarland that "there is nothing wrong with me now." After complaining of headaches, Plaintiff was diagnosed with hypertension, but often refused to take his blood pressure medication. Further, Plaintiff complained that an injury to his eye, which occurred in 2004, was causing his headaches. The jailers did their duties in getting the Plaintiff to see medical staff for evaluation. The nurses did their duty in referring the Plaintiff to the medical doctor and seeing to it that he was treated and that his medication was dispersed. Clearly, Plaintiff has not shown that Defendants were in any way deliberately indifferent to any serious medical need of the Plaintiff.

An inmate does not have a right to a *specific* kind of treatment. City of Revere v. Massachusetts General Hosp., 463 U.S. 239, 246 (1983) (holding, "the injured detainee's constitutional right is to receive the needed medical treatment; *how [a municipality] obtains such treatment is not a federal constitutional question*") (emphasis added). Furthermore, this Court should not substitute its medically untrained judgment for the professional judgment of the medical health professionals who treated the Plaintiff. See Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989) (observing that "when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation"); Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (stating that the evidence showed the plaintiff received "significant" medical care while in jail, and although plaintiff may have desired different modes of treatment, care provided by jail did not constitute deliberate indifference), cert. denied, 475 U.S. 1096 (1986); Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (stating "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments").

Furthermore, the Defendants who are jailers do not have any kind of medical education, training or experience. They rely upon the professional judgment of medical professionals who have been retained to provide care to the inmates. While the Eleventh Circuit has not had an opportunity to visit this issue, the Eighth Circuit has addressed a similar claim. In Meloy v. Bachmeier, 302 F.3d 845 (8th Cir. 2002), a former inmate sued several prison doctors, a nurse, and the prison's medical director[10] for failing to provide him with a positive air pressure machine needed to treat his sleep apnea. 302 F.3d at 847. Reversing the district court's denial of summary judgment for the director, the Eighth Circuit began by making some common sense observations. "A prison's medical treatment director who lacks medical expertise cannot be

_____

[10] The medical director was a trained and licensed nurse. 302 F.3d at 846.

liable for the medical staff's diagnostic decisions." 302 F.3d at 847 <u>citing</u>, <u>Camberos v. Branstad</u>, 73 F.3d 174, 176 (8th Cir. 1995). Further, the <u>Meloy</u> court stated "[p]rison officials cannot substitute their judgment for a medical professional's prescription." <u>Id.</u> <u>citing</u>, <u>Zentmyer v. Kendall County</u>, 220 F.3d 805, 812 (7th Cir. 2000). Finally, the court held:

> The law does not clearly require an administrator with less medical training to second-guess or disregard a treating physician's treatment decision. Because the law was not clearly established that [the director] was deliberately indifferent to [the plaintiff's] serious medical needs, [the director] is entitled to qualified immunity.

302 F.3d at 849.

In the instant case, the evidence shows that Plaintiff was treated by the Jail Nurses and the Jail Medical doctor. The jailers, who are not trained and licensed medical providers, are in no way responsible for second-guessing the judgments of nurses and doctors. Furthermore, the nurses, like the director in <u>Meloy</u>, cannot, and should not, second guess the judgment of the Plaintiff's medical doctor. Therefore, Defendants are entitled to qualified immunity from Plaintiff's claims.

### 4.    No clearly established law provided the Defendants with fair warning that their conduct was unlawful.

Assuming, *arguendo*, that the Plaintiff could demonstrate a constitutional violation, he must still show that clearly established law provided the Defendants with fair warning that their conduct was unlawful. He may do so by either (1) pointing to a case with materially similar facts holding that the conduct engaged in was illegal; or (2) demonstrating that a pertinent federal statute or federal constitutional provision are specific enough to demonstrate conduct was illegal, even in the total absence of case law. <u>Storck v. City of Coral Springs</u>, 354 F.3d 1307, 1317 (11th Cir. 2003) (citations omitted). The Eleventh Circuit has identified the latter method as an "obvious clarity" case. <u>Vinyard v. Wilson</u>, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted). In order to

show that the conduct of the Defendant was unconstitutional with "obvious clarity," "the unlawfulness must have been apparent." Willingham, 321 F.3d at 1301. "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit." Storck, 354 F.3d at 1318 (quoting 28 F.3d at 1149).

The Plaintiff cannot meet his burden of demonstrating a constitutional violation or showing that clearly established law provided the Defendants with fair warning that their conduct was unlawful in any of the areas of which the Plaintiff complains. Therefore, the Defendants are entitled to qualified immunity.

**D.     Plaintiff has failed to allege sufficient personal involvement on each claim.**

The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by the defendants and the constitutional deprivation. Swint v. City of Wadley, 51 F. 3d 988 (11th Cir. 1995). The requisite causal connection may be shown by the personal participation of the defendant, a policy established by the defendant resulting in indifference to constitutional rights or a breach of a duty imposed state of local law which results in constitutional injury. Zatler v. Wainwright, 802 F. 2d 397 (11th Cir. 1986). The Plaintiff has failed to sufficiently allege that Defendants were in any way personally involved in any alleged violation of Plaintiff's constitutional rights. As such, all Plaintiff's claims are due to be dismissed.

**E.     To the extent that any claims against the Defendants are based on the theory of *respondeat superior*, such claims must fail.**

To the extent that Plaintiff's claims are an attempt to hold the Defendants liable under a *respondeat superior* theory, his claim must similarly fail.

> [Supervisory] liability under § 1983 must be based on something more than a theory of *respondeat superior*. Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when

there is a causal connection between actions and the supervising official and the alleged constitutional violation. The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged depravation, and he fails to do so.

Dolihite v. Maughon, 74 F.3d 1027, 1052 (11th Cir. 1996).

### F.    Plaintiff's Request for Relief Fails

Plaintiff fails to request relief that can by granted by this Court. Thus, this Court lacks jurisdiction over Plaintiff's claims. Dismissal under Rule 12(b)(6), Fed. R. Civ. P., is appropriate if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. When a plaintiff completely fails to request relief that can be granted from the alleged constitutional violations, it necessarily appears that the plaintiff can prove no set of facts that would entitle him to relief. See Hassell v. U.S., 2006 WL 1418612 *2 (Fed. Cl. 2006) (dismissing pro se complaint as plaintiff's complaint fails to request relief that court had jurisdiction to offer).

### G.    Summary Judgment Standard

On a motion for summary judgment, the court should view the evidence in the light most favorable to the nonmovant. Greason v. Kemp, 891 F.2d 829, 831 (11th Cir. 1990). However, a plaintiff "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Only reasonable inferences with a foundation in the record inure to the nonmovant's benefit. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000). "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted or unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" Reeves, 530 U.S. at 151, quoting 9A C. Wright & A.

Miller, Federal Practice and Procedure § 2529, p. 299.[11] "A reviewing court need not 'swallow plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.'" Marsh v. Butler County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc) quoting Massachusetts Sch. of Law v. American Bar, 142 F.3d 26, 40 (1st Cir. 1998).

### H.    Habeas Corpus

In the alternative, due to the nature of relief requested by Plaintiff, Plaintiff's Complaint is a habeas corpus petition and should be treated as such.

## CONCLUSION

Defendants deny each and every allegation made by Plaintiff in the Complaint. Defendants have not acted in a manner so as to deprive Plaintiff of any right to which he is entitled.

## MOTION FOR SUMMARY JUDGMENT

Defendants respectfully request that this Honorable Court treat their Special Report as a Motion for Summary Judgment, and grant unto them the same.

---

[11] Although Reeves was a review of a motion for judgment as a matter of law after the underlying matter had been tried, the Supreme Court, in determining the proper standard of review relied heavily on the standard for summary judgment stating, "the standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" Reeves, 530 U.S. at 150, citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-251 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Respectfully submitted this 28th day of February, 2007.

**s/Ashley Hawkins Freeman**
DARYL L. MASTERS, Bar No. MAS018
ASHLEY HAWKINS FREEMAN, Bar No. FRE044
Attorneys for Defendants Jay Jones,
James Scroggins, and Leon Aaron
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail:  afreeman@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the **28th** day of **February, 2007**, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

**Anthony Keith Vaughn**
**AIS #168490**
**Lee County Detention Center**
**P. O. Box 2407**
**Opelika, AL  36801**

**s/Ashley Hawkins Freeman**
OF COUNSEL

# Exhibit A
# Inmate File of Anthony Keith Vaughn

LOCATION

Name _Anthony B. Vaughn_    Date _12-1-06_

☐ Telephone Call    ☐ Doctor    ☐ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☑ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

_I would Like to Request to go to the Library So I could Work out my Law Work, I will she appriciate if y'all would Let me go_

_anthony Vaugh_

_Thank You_

_m.h._

<u>Do Not Write Below This Line</u> - For Reply Only

_Taken 12-7-06_

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

Date _____    Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038 (6/99)

## LEE COUNTY SHERIFF'S DEPARTMENT
## REGULATIONS RECEIPT
(Form #7)

Date: 10/30/06                                    Time: 515

I, Anthony, Vaughn _____, have received copy

number _____ of the Rules and Regulations governing inmates in the Lee County Jail which

I am/am not (mark one out) able to read.  I understand that while in this institution I will abide

by these Rules and Regulations.

I will return the copy of the Rules and Regulations upon my release from jail.  I also

understand that I will be responsible for the loss or any damage of the Inmate Rules and

Regulations Handbook and will be charged $2 for its replacement.  I also understand that if I

fail to pay for the replacement of the lost or damaged handbook I will have additional criminal

charges filed against me for destruction of county property.

Years of School 1_____         X _anthony Vaughn_____
                                   Inmate's Signature

_____

_Anthony Vaughn_ has today received copy number _____ of the Lee

County Sheriff's Department Rules and Regulations for Inmates.

☑ Said inmate stated to me that he was able to read the Rules and Regulations.

☐ Said inmate stated that he was not able to read the Rules and Regulations and I explained
   the orientation rules to him.

                              43D34
                    Jailer's Signature

                    Date: 10/30/06   Time: _____

| DOMESTIC VIOLENCE DUAL ARREST ☐ | **ALABAMA UNIFORM ARREST REPORT** | Fingerprinted ☐ Yes ☒ No | R84 Completed ☐ Yes ☒ No |
|---|---|---|---|

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

## IDENTIFICATION

| 1 ORI # 0430000 | 2 AGENCY NAME LEE COUNTY SHERIFFS OFFICE | 3 CASE # 06 1002308 | 4 SFX |
|---|---|---|---|

| 5 LAST, FIRST, MIDDLE NAME VAUGHN, ANTHONY KEITH | 6 ALIAS AKA — |
|---|---|

| 7 SEX ☒M ☐F | 8 RACE ☒W ☐B ☐H ☐I ☐O | 9 HGT. 601 | 10 WGT. 190 | 11 EYE BRO | 12 HAIR BLK | 13 SKIN DARK | 14 | ☐ SCARS | ☐ MARKS R-ARM | ☐ TATTOOS | ☐ AMPUTATIONS |
|---|---|---|---|---|---|---|---|---|---|---|---|

| 15 PLACE OF BIRTH (CITY, COUNTY STATE) OPELIKA, LEE CO AL | 16 SSN | 17 DATE OF BIRTH | 18 AGE 34 | 19 MISCELLANEOUS ID # |
|---|---|---|---|---|

| 20 SID # | 21 FINGERPRINT CLASS | KEY | MAJOR | PRIMARY | SCDV | SUB-SECONDARY | FINAL | 22 DL # | 23 ST |
|---|---|---|---|---|---|---|---|---|---|
| 24 FBI # | HENRY CLASS | | | | | | | 25 IDENTIFICATION COMMENTS | |
| | NCIC CLASS | | | | | | | | |

| 26 ☐ RESIDENT ☒ NON-RESIDENT | 27 HOME ADDRESS (STREET, CITY, STATE, ZIP) 1B RAINBOW TRL PK YORK ST OPELIKA | 28 RESIDENCE PHONE ( ) 75B- | 29 OCCUPATION (BE SPECIFIC) CONTRACTOR |
|---|---|---|---|
| 30 EMPLOYER (NAME OF COMPANY/SCHOOL) WRIGHTS CONTRACTOR | 31 BUSINESS ADDRESS (STREET, CITY, STATE, ZIP) LEE RD 72 WAVERLY AL | | 32 BUSINESS PHONE # |

## ARREST

| 33 LOCATION OF ARREST (STREET, CITY, STATE, ZIP) OPELIKA CITY JAIL | 34 SECTOR # 0413000 | 35 ARRESTED FOR YOUR JURISDICTION? ☐ YES ( ) NO ☒ IN STATE ☐ OUT OF STATE AGENCY |
|---|---|---|

| 36 CONDITION OF ARRESTEE: ☐ DRUNK ☒ DRINKING | ☐ SOBER ☐ DRUGS | 37 RESIST ARREST? ☐ YES ☒ NO | 38 INJURIES? ☐ OFFICER ☐ ARRESTEE | 39 ARMED? ☒ NO | 40 DESCRIPTION OF WEAPON ☐ HANDGUN ☐ OTHER FIREARM ☐ RIFLE ☐ OTHER WEAPON ☐ SHOTGUN |
|---|---|---|---|---|---|

| 41 DATE OF ARREST M 11 D 03 Y 06 15:32 | 42 TIME OF ARREST ☐ AM ☒ MIL. | 43 DAY OF ARREST ☐M ☐T ☐W ☐T ☒F ☐S ☐S | 44 TYPE OF ARREST ☒ ON VIEW ☐ CALL ☐ WARRANT | 45 ARRESTED BEFORE? ☒ YES ☐ NO ☐ UNKNOWN |
|---|---|---|---|---|

| 46 CHARGE – 1 ☐ FEL ☒ MISD CHILD SUPPORT X 2 | 47 UCR CODE | 48 CHARGE – 2 ☐ FEL ☒ MISD FTA/CASE APPEALED | 49 UCR CODE |
|---|---|---|---|
| 50 STATE CODE/LOCAL ORDINANCE CC-96-167.01 CC-01-56 | 51 WARRANT # 52 DATE ISSUED 06 28 06 | 53 STATE CODE/LOCAL ORDINANCE CC-96-610 | 54 WARRANT # 55 DATE ISSUED 08 30 06 |

| 56 CHARGE – 3 ☐ FEL ☒ MISD FTA/THEFT 1st | 57 UCR CODE | 58 CHARGE – 4 ☐ FEL ☒ MISD FTA/PISTOL-CERTAIN PERSONS | 59 UCR CODE |
|---|---|---|---|
| 60 STATE CODE/LOCAL ORDINANCE CC97-724 | 61 WARRANT # 62 DATE ISSUED 08 30 06 | 63 STATE CODE/LOCAL ORDINANCE CC-01-1071 | 64 WARRANT # 65 DATE ISSUED 08 30 06 |

| 66 ARREST DISPOSITION ☐ HELD ☐ BAIL ☐ TOT—LE ☐ OTHER ☐ RELEASED | 67 IF OUT ON RELEASE WHAT TYPE? | 68 ARRESTED WITH (1) ACCOMPLICE (FULL NAME) |
|---|---|---|
| | | 69 ARRESTED WITH (2) ACCOMPLICE (FULL NAME) |

## VEHICLE

| 70 VYR | 71 VMA | 72 VMO | 73 VST | 74 VCO TOP BOTTOM | 75 TAG # | 76 LIS | 77 LIY |
|---|---|---|---|---|---|---|---|

| 78 VIN | 79 IMPOUNDED? ☐ YES ☒ NO | 80 STORAGE LOCATION/IMPOUND # |
|---|---|---|

| 81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED | ☐ CONTINUED IN NARRATIVE |
|---|---|

## JUVENILE

| 82 JUVENILE DISPOSITION: ☐ HANDLED AND RELEASED ☐ REF. TO JUVENILE COURT | ☐ REF. TO WELFARE AGENCY ☐ REF. TO OTHER POLICE AGENCY | ☐ REF. TO ADULT COURT | 83 RELEASED TO |
|---|---|---|---|
| 84 PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME) | | 85 ADDRESS (STREET, CITY, STATE, ZIP) | 86 PHONE ( ) |
| 87 PARENTS EMPLOYER | 88 OCCUPATION | 89 ADDRESS (STREET, CITY, STATE, ZIP) | 90 PHONE ( ) |

## RELEASE

| 91 DATE AND TIME OF RELEASE M D Y ☐ AM ☐ MIL. ☐ PM | 92 RELEASING OFFICER NAME | 93 AGENCY/DIVISION | 94 ID # |
|---|---|---|---|
| 95 RELEASED TO | 96 AGENCY/DIVISION | 97 AGENCY ADDRESS | |
| 98 PERSONAL PROPERTY RELEASED TO ARRESTEE ☐ YES ☐ NO ☐ PARTIAL | 99 PROPERTY NOT RELEASED/HELD AT | 100 PROPERTY # | |
| 101 REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE) | | | LOCAL USE |

| 102 SIGNATURE OF RECEIVING OFFICER | 103 SIGNATURE OF RELEASING OFFICER | STATE USE |
|---|---|---|

| MULTIPLE CASES CLOSED | 104 CASE # | 105 SFX | 106 CASE # | 107 SFX | 108 CASE # | 109 SFX | 110 ADDITIONAL CASES CLOSED ☐ Y ☐ N |
|---|---|---|---|---|---|---|---|

| 111 ARRESTING OFFICER (LAST, FIRST, M.) FLOURNOY, R SGT | 112 ID # 4313 | 113 ARRESTING OFFICER (LAST, FIRST, M.) | 114 ID # | 115 SUPERVISOR | 116 WATCH CMDR. |
|---|---|---|---|---|---|
| | | | | ID # | ID # |

TYPE OR PRINT IN BLACK INK ONLY

**Wednesday, April 26, 2006**                                                                                    **Page 1**


```
10:08 04/26/2006 176356
AM.AL0430201.AL0430000,AL0430200.
*MRI0176356.
FROM : OPELIKA POLICE DEPT
```

TO: LEE COUNTY SO

REFERENCE BM  ANTHONY KEITH  VAUGHN DOB/ 

PLEASE PLACE A HOLD ON THIS SUBJECT .THIS DEPT HOLDS FOUR OUTSTANDING
WARRANTS. ADVISE WHEN HE IS TO BE RELEASED.

AUTH/GRADY

SEQ # 0075 MRI # 176356

Case 3:06-cv-01048-WC    Document 13-2    Filed 03/02/2007    Page 6 of 40



VAUGHN, ANTHONY KEITH.

# LEE COUNTY SHERIFF'S DEPARTMENT
## REGULATIONS RECEIPT
### (Form #7)

Date: 4-26-06                                    Time: 9:50

I, _Anthony K. Vaughn_ , have received copy

number _____ of the Rules and Regulations governing inmates in the Lee County Jail which

I am/am not (mark one out) able to read.  I understand that while in this institution I will abide

by these Rules and Regulations.

I will return the copy of the Rules and Regulations upon my release from jail.  I also

understand that I will be responsible for the loss or any damage of the Inmate Rules and

Regulations Handbook and will be charged $2 for its replacement.  I also understand that if I

fail to pay for the replacement of the lost or damaged handbook I will have additional criminal

charges filed against me for destruction of county property.


Years of School _____           X _Anthony K. Vaughn_
                                   Inmate's Signature

_Anthony K. Vaughn_ has today received copy number _____ of the Lee

County Sheriff's Department Rules and Regulations for Inmates.

[X]     Said inmate stated to me that he was able to read the Rules and Regulations.

[ ]     Said inmate stated that he was not able to read the Rules and Regulations and I explained
        the orientation rules to him.

                        _Braun  43p51_
                        Jailer's Signature

                        Date: 4-26-06  Time: _____

## PROPERTY ENVELOPE

**FOR CASHIER USE ONLY**

| INSTITUTION | DATE REC. |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

INMATE'S NAME: Vaughn Anthony

ICN NO.

CC NO.

DATE: 10-4-05

CORRECTION OFFICER: Wheeler

SHIELD NO: 13050

Money $ ____ 73 ____  Food Stamps $ ____

| Quantity | Property | Quantity | Property | Quantity | Property |
|---|---|---|---|---|---|
|  | Wallet | 1 | Watch |  | Comb |
|  | Purse |  | Rings |  | Personal Papers |
|  | Lighter |  | Pr. Earrings |  | Eyeglasses |
| 1 | Keys |  | Bracelet/Wrist Chain | 1 | Belt |
| 1 | Pr Shoelaces | 1 | Necklace/Neck Chain |  |  |

Other: belt - Blue jeans, chapstick pills socked pear

VAUGHN, ANTHONY

I ACKNOWLEDGE THE SURRENDER OF THE PROPERTY LISTED.

_Anthony R. Vaughn_    12-4-05
SIGNATURE OF INMATE    DATE

PROPERTY RECEIVED FROM INMATE BY:

NAME OF EMPLOYEE AND ID# _____ (PRINT) _____ (ID #) _____

SIGNATURE OF EMPLOYEE _____    DATE _____

I, _Anthony Vaughn_ ACKNOWLEDGE THE RETURN OF MY PROPERTY
SIGNATURE OF INMATE/ DESIGNEE

ON _____

PROPERTY RETURNED TO INMATE/DESIGNEE BY:

NAME OF EMPLOYEE AND ID# _____ (PRINT) _____ (ID #) _____

SIGNATURE OF EMPLOYEE _____    DATE _____

## INDIVIDUAL'S PERSONAL EFFECTS

### In Possession Of

## SHERIFF'S OFFICE, LEE COUNTY

NAME Vaughn, Anthony Keith

SEARCHED BY Cpl Cowhick

TIME 730                    DATE 4-18-05

MONEY $ NONE TAKEN

ARTICLES BY NAME    Belt              Blk Hat
lip chap            2 Knifes           Gray, Wht, Blk
tanning             lighter            sweater
                    Watch
                    Ring (yellow)      IN Color
                    Necklace (Gray)

**The above listing is all my personal effects turned in to Sheriff's Office at the time of booking.**

Signature Anthony K. Vaughn

Please Call: _____

═══════════════════════════

## PROPERTY RECEIPT

I hereby acknowledge receipt of the articles named above.

On this date _____

Signature Anthony K. Vaughn

Form: LCS-ENV-03 (4/95) DARCO

# PURGE

**The following person is incarcerated and needs a purge to be released from jail**

**DEFENDANT:**  Anthony K Vaughn

**CS:**  1996 - 167

**DATE INCARCERATED:** April 19, 2005

**ARREARS OWED $  27,527.76**

**COMMENTS**

 The Defendant was picked up on a FTA writ from Court 2/7/05

---

$_____2000 00_____ **purge amount**

**or**

☐ **released from jail without purge**

☑ **add to docket for review court date**

_____ **Judge's signature**

4/19/05 **date**

---

# INDIVIDUAL'S PERSONAL EFFECTS

### In Possession Of

## SHERIFF'S OFFICE, LEE COUNTY

NAME _Anthony Vaughn_

SEARCHED BY _____

TIME _____ DATE _7/4/04_

MONEY $ _420_

ARTICLES BY NAME _Driver's Manual, key ring,
goggles, doublemint gum, watch
(silver in color) blk wallet w/
misc papers_

The above listing is all my personal effects turned in to Sheriff's Office
at the time of booking.

Signature X _Anthony Vaughn_

Please Call: _____

## PROPERTY RECEIPT

I hereby acknowledge receipt of the articles named above.

On this date _____

Signature _anthony k Vaughn_

Form: LCS-ENV-03 (4/95) DARCO

# ACKNOWLEDGMENT OF SCHEDULED COURTDATE

I, _Anthony K. Vaughn_, hereby admit that I was given notice of my courtdate scheduled for **THE 11th DAY OF** _August_, **2004, AT ☒ 8:00 A.M. / ☐ 1:00 P.M. in Courtroom # 2 of the Lee County Justice Center. I understand that my failure to appear in Court on said date and time may result in a default judgment and/or writ of arrest being issued.**

By signing below, I acknowledge **notification of this courtdate.**

X _anthony Vaugh_

**Defendant's signature**

_7-7-04_

**Date**

Sworn to and subscribed to me
this the _7th_ day of _July_, 2004.

_____

Witness

Court Case # _CS 1996-1102.01 ; CS 2001-86_

DHR # _40179 ; 37286_

Reason for Continuance: _Compliance of Order_

_____

_____

X Defendant's home address and phone number: _10 Ron'n Barr TR, PK._
_749-5414_

X Defendant's employer: _City of Opelika_

# INDIVIDUAL'S PERSONAL EFFECTS

## In Possession Of

# SHERIFF'S OFFICE, LEE COUNTY

NAME _Vaugh, Anthony_

SEARCHED BY _____

TIME _____   DATE _2·4·01_

MONEY $ _0_

ARTICLES BY NAME _1 Earring (Clear stone)_
_Top Cigaretto paper, 1 Bro Bolt +_
_2 Tickets, + bag of Misc clothing items_

**The above listing is all my personal effects turned in to Sheriff's Office at the time of booking.**

Signature _X anthony Vaugh_

Please Call: _____

## PROPERTY RECEIPT

I hereby acknowledge receipt of the articles named above.

On this date _____

Signature _anthony K. Vaugh_

Form: LCS-ENV-03 (4/95) DARCO

## INDIVIDUAL'S PERSONAL EFFECTS

### In Possession Of

## SHERIFF'S OFFICE, LEE COUNTY

NAME _Vaughn Anthony_

SEARCHED BY _Willsie_

TIME _1900_                              DATE _6 Jul 01_

MONEY $ _____

ARTICLES BY NAME _Hat, Rag, Twine, Dice_
_Belt, Wallet, Rolling Paper, Watch (aud?)_
_Cigarette, Lighter, Dice_

**The above listing is all my personal effects turned in to Sheriff's Office at the time of booking.**

Signature _Anthony K. Vaughn_

Please Call: _____

## PROPERTY RECEIPT

I hereby acknowledge receipt of the articles named above.

On this date _____

Signature X _Anthony Vaughn_

Form: LCS-ENV-03 (4/95) DARCO

```
                        ALABAMA DEPARTMENT OF CORRECTIONS          INST:    241
CBR716                    INMATE SUMMARY AS OF 11/26/2001           CODE: CIADM
```

*******************************************************************************

AIS: 0016849OB   INMATE: VAUGHN, ANTHONY KEITH            RACE: B   SEX: M

INSTITUTION: 241 - LEE                             JAIL CR: 00Y04M00D

DOB: ███████     SSN: ██████████

ALIAS: KILO, KEITH VAUGHN              ALIAS: VAUGHN, KEITH

ADM DT: 11/05/2001 DEAD TIME: 00Y 00M 00D

ADM TYP: NEW COMIT FROM CRT W/O REV OF      STAT: NEW COMIT FROM CRT W/O REV OF

CURRENT CUST: OTW-3   CURRENT CUST DT: 11/05/2001   PAROLE REVIEW DATE: -NONE-

SECURITY LEVEL: NO CLASSIFICATION RECORD FOUND

SERVING UNDER ACT446 LAW IN CLASS II        CURRENT CLASS DATE:   11/05/2001
INMATE IS EARNING : EARNS 40 DAYS FOR EACH 30 SERVED

```
COUNTY        SENT DT  CASE NO   CRIME                        JL-CR    TERM
LEE          11/05/01 N01001071 POSS PISTOL AFTER CONVICT VI 0120D 003Y 00M 00D CS
             ATTORNEY FEES : $000500     HABITUAL OFFENDER : N
             COURT COSTS   : $0000298    FINES : $0000000    RESTITUTION : $0000050

 TOTAL TERM      MIN RELI DT    GOOD TIME BAL      GOOD TIME REV     LONG DATE
003Y 00M 00D     10/08/2002     000Y 00M 28D       000Y 00M 00D      07/04/2004
```

INMATE LITERAL:
*******************************************************************************

DETAINER WARRANTS SUMMARY
     INMATE CURRENTLY HAS NO DETAINER-WARRANT RECORDS

*******************************************************************************

ESCAPEE-PAROLE SUMMARY

>PAROLED FRM 050:08/09/99 RVK:00/00/00 DELQ:00/00/00 RECAP:00/00/00 RTN:00/00/00
     INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

     INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
     SINCE D.B.S.C.I.S. RECORDING BEGAN IN 1978

*******************************************************************************

DISCIPLINARY/CITATION SUMMARY
     INMATE CURRENTLY HAS NO DISCIPLINARY/CITATION RECORDS

ACR359

ALABAMA JUDICIAL DATA CENTER
LEE COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

CC 2001 001071.00 01
ROBERT M. HARPER

```
----------------------------------------------------------------------
| CIRCUIT COURT OF LEE COUNTY                      COURT ORI: 043015 J |
| STATE OF ALABAMA       VS.                       DC NO: GJ 2001 000566.00 |
| VAUGHN ANTHONY KEITH       ALIAS: VAUGHN KEITH   G J:    80          |
| 131 LEE RD 180             ALIAS:                SSN:                |
| OPELIKA  AL  36801                               SID:   000000000    |
|                                                  AIS:                |
----------------------------------------------------------------------
| DOB:              SEX: M   HT: 0 00      WT: 000  HAIR:       EYE:   |
| RACE: ( )W ( )B (X)O   COMPLEXION: _____  AGE: _____  FEATURES: _____ |
----------------------------------------------------------------------
| DATE OFFENSE: 00/00/0000  ARREST DATE: 07/06/2001  ARREST ORI: 0430000 |
----------------------------------------------------------------------
| CHARGES @ CONV   CITES              CT CL COURT ACTION      CA DATE  |
| PISTOL-CERTAIN PER 13A-011-072(A)   01 C  GUILTY PLEA       11/05/2001 |
|                                     00                      00/00/0000 |
|                                     00                      00/00/0000 |
----------------------------------------------------------------------
| JUDGE: ROBERT M. HARPER        PROSECUTOR: ABBETT NICK              |
----------------------------------------------------------------------
| PROBATION APPLIED   GRANTED   DATE       REARRESTED DATE   REVOKED   DATE |
| ( )Y(X)N _____  ( )Y( )N 11-5-01  ( )Y( )N _____  ( )Y( )N _____ |
----------------------------------------------------------------------
| 15-18-8, CODE OF ALA 1975   IMPOSED   SUSPENDED   TOTAL   JAIL CREDIT |
| ( )Y (X)N  CONFINEMENT:     03 00 000  00 00 000  03 00 000  00 00 120 |
|            PROBATION  :     00 00 000             00 00 000           |
| DATE SENTENCED: 11/05/2001   SENTENCE BEGINS: 11/05/2001            |
----------------------------------------------------------------------
| PROVISIONS              COSTS/RESTITUTION        DUE        ORDERED  |
|                                                                      |
|   PENITENTIARY          RESTITUTION           $0.00         $0.00    |
|                         ATTORNEY FEE          $500.00       $500.00  |
|                         CRIME VICTIMS         $50.00        $50.00   |
|                         COST                  $298.00       $298.00  |
|                         FINE                  $0.00         $0.00    |
|                         MUNICIPAL FEES        $0.00         $0.00    |
|                         DRUG FEES             $0.00         $0.00    |
|                         ADDTL DEFENDANT       $0.00         $0.00    |
|                         DA FEES               $0.00         $0.00    |
|                         COLLECTION ACCT       $0.00         $0.00    |
|                         JAIL FEES             $0.00         $0.00    |
|                                                                      |
|                         TOTAL                 $848.00       $848.00  |
----------------------------------------------------------------------
| APPEAL DATE      SUSPENDED       AFFIRMED        REARREST           |
| ( )Y( )N _____  ( )Y( )N _____  ( )Y( )N _____  ( )Y( )N _____ |
----------------------------------------------------------------------
| REMARKS:                    THIS IS TO CERTIFY THAT THE             |
|                             ABOVE INFORMATION WAS EXTRACTED         |
|                             FROM OFFICIAL COURT RECORDS             |
|                             AND IS TRUE AND CORRECT.                |
|                                                                      |
|                                                                      |
|                             CORINNE T. HURST                         |
|                                                                      |
|                             11/08/2001                               |
----------------------------------------------------------------------
```

OPERATOR: LEW
PREPARED: 11/08/2001

# COUNTY DETENTION CENTER
## DISCIPLINARY REPORT
### (Form #28)

Inmate __Vaughn, Anthony__ Custody __Maximum__ Number __10631__
    Last    First    Middle

Assignment __E5__ is being charged by __Cpl. Wiltsie__

With rule violation __13.2 B-2__

on or about __12-31-2001__ XXXX , Time __1320__ a.m./p.m. Location __E5__

Circumstances are as follows: __Inmate Vaughn told Officers he wasn't going into his fucking cell__
__and thenhe called Officer Jones into his fucking cell and then he called Officer Jones__
__a "weak bitch".__

MAJOR     X

MINOR

SERIOUS

Notifying Officer: _Chambers_     *Cpl Wilt* Signature of Arresting Officer

Inmate's Signature _Anthony K. Vaughn_     Time & Date notified: _1413  01-04-02_

Witnesses desired: NO _____ If YES, (List) _Malbrough_
_Smith, Ashford_

Circumstances Investigated By: _____

Hearing date __1-8-02__ Time __1821__ Plea ( ) Guilty (X) Not Guilty

If guilty, inmate must affix signature _____

Committee Findings & Reasons: _Guilty; due to the testimony of Cpl. Wiltsie that inmate Vaughn refused to go into his cell called Ofc. Jones a weak bitch_

Committee Recomendations: _10 days lockdown, loss of all priviledges except for clergy, media, and attorney_

Witnesses: _John Ashford, Derrick Jordan_

_Sgt. Welch_
Signature of Chairman

_Sd. Jons_ 43D07
Signature, Member

_Sgt. Full_ D31
Signature, Member

_Sgt. Welch_

Copy delivered to inmate: Date __1-10-02__ Time __1020__ Inmate's Signature X _Refused to sign_

Action - Date __1-9-02__     Appeal - Date (attach copy) _____

Approved __Mrs when__     Approved _____

Disapproved _____     Denied _____

Other (Specify) _____     Other (Specify) _____

# LEE COUNTY SHERIFF'S DEPARTMENT
# NOTIFICATION OF CHARGES
(Form #29)

*TO:*  Anthony Vaughn                    *DATE:*   12-31-2001

*YOU ARE HEREBY NOTIFIED THAT IT IS ALLEGED THAT YOU HAVE COMMITTED THE FOLLOWING RULE VIOLATIONS:*

13.2 B-2 Profanity or derogatory remarks or gestures to staff.

*YOU HAVE BEEN CHARGED WITH THESE RULE VIOLATIONS BY OFFICER(S):*

Cpl. Wiltsie

*THE FACTS ON WHICH THESE CHARGES ARE BASED ARE:*

Inmate Vaughn stated that he wasn't going in his fucking cell and then he called Officer Jones a "weak bitch."

*THE MAXIMUM PENALTY FOR THE VIOLATION(S) IS:*

Ten days lockdown and loss of all privileges.

*YOU HAVE THE OPTION OF REQUESTING A DISCIPLINARY HEARING FOR THE ABOVE CHARGE(S) OR ACCEPTING DISCIPLINARY ACTION WITHOUT A HEARING. SHOULD YOU DESIRE A DISCIPLINARY HEARING, YOU MUST REQUEST THE HEARING IN WRITING ON THE INMATE REQUEST FORM ATTACHED TO THIS NOTIFICATION WITHIN EIGHT (8) HOURS AFTER RECEIVING THIS NOTIFICATION.*

01-04-02   1413
*DATE & TIME OF NOTIFICATION*

Cpl. Wiltsie
*OFFICER MAKING REPORT*

## LEE COUNTY DETENTION CENTER
## DISCIPLINARY REPORT
(Form #28)

Inmate __Vaughn,    Anthony_____ Custody __Maximum___ Number __10631__
         Last     First    Middle

Assignment __E5_____ is being charged by __Cpl. Wiltsie___

With rule violation __13.2 C-10 Refusing to lockdown._____

on or about __12-31-2001___ ~~1:00~~ , Time __1320___ a.m./p.m. Location ____E5____

Circumstances are as follows: __Inmate Vaughn was told to go to his cell along with the__
__other inmates in the cell and he refused to do so.__

MAJOR   _____
MINOR   _____
SERIOUS   __X__             _Cpl. Wilt_ _____
Notifying Officer: __C/O Jones____     Signature of Arresting Officer
Inmate's Signature (X) _Anthony K. Vaughn_   Time & Date notified: _01/04/02__ _1410_
Smith, Jordan           Witnesses desired: NO _____ If YES, (List) _Hatborough_
Circumstances Investigated By: _____
Hearing date ___1-8-02___     Time ___1821___     Plea ( ) Guilty (X) Not Guilty
If guilty, inmate must affix signature _____

Committee Findings & Reasons: __Guilty, due to the testimony of Cpl. Wiltsie__
__and inmate Vaughn that he wasn't going to lockdown for__
__Know reason__

Committee Recomendations: __21 days lockdown, loss of all priviledges except for__
__clergy, media, and attorney__

Witnesses: __John Ashford, Derrick__     _Sgt. Wilson_
__Jordan__             Signature of Chairman
                _Sgt. Jones_   43D07
                Signature, Member
                _Sgt. Todd_   D31
                Signature/Member

Copy delivered to inmate: Date _1-10-02_   Time _1020_   Inmate's Signature X_Refused to sign_ _Sgt. West_
Action - Date _1-9-02_____     Appeal - Date (attach copy) _____
Approved _____     Approved _____
Disapproved _____     Denied _____
Other (Specify) _No when__     Other (Specify) _____
_Because you stated that_
_you wasn't going in your cell_
_I concur with guilty. But you will_
_be in lockdown 18 days._

# LEE COUNTY SHERIFF'S DEPARTMENT
## NOTIFICATION OF CHARGES
(Form #29)

*TO:*  Anthony Vaughn                          *DATE:*  12-31-2001

*YOU ARE HEREBY NOTIFIED THAT IT IS ALLEGED THAT YOU HAVE COMMITTED THE FOLLOWING RULE VIOLATIONS:*

13.2 C-10 Refusing to lockdown.

*YOU HAVE BEEN CHARGED WITH THESE RULE VIOLATIONS BY OFFICER(S):*

Cpl. Wiltsie

*THE FACTS ON WHICH THESE CHARGES ARE BASED ARE:*

Your were told to go to your cell to be locked down and you refused.

*THE MAXIMUM PENALTY FOR THE VIOLATION(S) IS:*

Twentyone days lockdown and loss of all privileges.

*YOU HAVE THE OPTION OF REQUESTING A DISCIPLINARY HEARING FOR THE ABOVE CHARGE(S) OR ACCEPTING DISCIPLINARY ACTION WITHOUT A HEARING. SHOULD YOU DESIRE A DISCIPLINARY HEARING, YOU MUST REQUEST THE HEARING IN WRITING ON THE INMATE REQUEST FORM ATTACHED TO THIS NOTIFICATION WITHIN EIGHT (8) HOURS AFTER RECEIVING THIS NOTIFICATION.*

01/04/02    1410
*DATE & TIME OF NOTIFICATION*

Cpl. Wiltsie
*OFFICER MAKING REPORT*

# LEE COUNTY SHERIFF'S DEPARTMENT
## SYNOPSIS OF MAJOR/MINOR DISCIPLINARY HEARING
### (Form #30)

ALL THOSE INVOLVED IN THE CASE WERE SWORN IN BY THE CHAIRPERSON.

The Lee County Jail Disciplinary Board convened at __18-21__ on __1-8-02__, to

hear the evidence in the case involving Inmate __AnThony Vaughn__, # __10631__.

The board consisted of Chairperson __Sgt. Welch__ and Member __S/s. Jones, Parquette__

The accused and Arresting Officer __Cpl Wiltsie__ were brought before the board.

The chairperson explained to __Inmate Vaughn__ that he was charged with violating Rule

# __13.2C-10/13.2B-2__ of Inmate Handbook (revised August 1988).

__Inmate Vaughn__ was further advised that on __01-04-02__ at

__1410__ he was served with "Notice of Disciplinary Hearing" and given a copy of the notice.

The chairperson explained that according to due process requirements, he must be given at least 24 hours notice

of the date that the hearing will take place. Furthermore, that the hearing must be given within seven (7)

calendar days of the time his custody changed and that he is to be given the opportunity to request any

witnesses on his behalf. The chairperson asked __Inmate Vaughn__ if he understood due

process and he replied, "__Yes__

_____."

The chairperson explained to __Inmate Vaughn__ that he was charged with violation

of Rule # __13.2 B-2__ __Profanity or Derogatory Remarks or Gestures Towards Staff__
__13.2 C 10__ __Refusing Lock Down__.

The chairperson asked __Inmate Vaughn__ if he understood the charges against

him and he replied, "__Yes__

_____."

__Inmate Vaughn__ was then asked how he pled to the charge and he stated,

"__Not Guilty__."

Lee County Detention Center

# INMATE REQUEST SLIP

E-5
**LOCATION**

Name Anthony Keith Vaughn      Date Jan. 28-2002

☐ Telephone Call      ☐ Doctor      ☐ Dentist      ☐ Time Sheet
☐ Special Visit      ☐ Personal Problem      ☑ Other

Briefly Outline Your Request.  <u>Give To Jailer</u>

Sgt. Welch, I talk to Mr. Cross about get into the kitchen to work. Now I'm asking you to work in the kitchen or be a trustee. I only halfe 8 months before I be finish with my time I appreciate your time

anthony k. Vaughn

<u>Do Not Write Below This Line</u> - For Reply Only

I don't use state inmates on the halls anymore, but I'll let Mrs. Crawl decide if she wants you in the kitchen

Sgt. Welch
1-29-02

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant      ☐ Chief Deputy      ☐ Sheriff

Date _____ Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038 (6/99)

STATE OF ALABAMA
BOARD OF PARDONS AND PAROLES
LURLEEN B. WALLACE BUILDING
500 MONROE STREET
P.O. BOX 302405
MONTGOMERY, ALABAMA 36130 - 2405
CENTRAL OFFICE (334) 242 - 8700

01/22/2002


ANTHONY KEITH VAUGHN
168490
LEE COUNTY JAIL
P O BOX 688
OPELIKA    AL    36803


YOUR CASE HAS BEEN REVIEWED AND SCHEDULED FOR PAROLE CONSIDERATION IN
05/2002
THIS ACTION WAS TAKEN FOR THE FOLLOWING REASON:

GUIDELINE SETTING

SINCERELY,

Carolyn P. Flack

CAROLYN P. FLACK
BOARD OPERATIONS SUPERVISOR

DLP/

CC:     WARDEN          -LEE COUNTY JAIL
        COMPUTER UNIT
        FILE

STATE OF ALABAMA
BOARD OF PARDONS AND PAROLES
LURLEEN B. WALLACE BUILDING
500 MONROE STREET
P.O. BOX 302405
MONTGOMERY, ALABAMA  36130 - 2405
CENTRAL OFFICE (334) 242 - 8700

01/22/2002


ANTHONY KEITH VAUGHN
168490
LEE COUNTY JAIL
P O BOX 688
OPELIKA  AL  36803


YOUR CASE HAS BEEN REVIEWED AND SCHEDULED FOR PAROLE CONSIDERATION IN
05/2002
THIS ACTION WAS TAKEN FOR THE FOLLOWING REASON:

GUIDELINE SETTING

SINCERELY,

*Carolyn P. Flack*

CAROLYN P. FLACK
BOARD OPERATIONS SUPERVISOR

DLP/


CC:  WARDEN          -LEE COUNTY JAIL
     COMPUTER UNIT
     FILE

Lee County Detention Center
# INMATE REQUEST SLIP

E-5
**LOCATION**

Name _anthony K. Vaugh_          Date _11-26-01_

☐ Telephone Call     ☐ Doctor          ☐ Dentist        ☐ Time Sheet

☐ Special Visit      ☐ Personal Problem   ☐ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

_Sgt. Welch, Do you halle a position open own trustie if so I would like to Belome a trustee. Thanks anthony Vaugh_

<u>Do Not Write Below This Line</u> - For Reply Only

_Request denied 11-26-01_

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant          ☐ Chief Deputy        ☐ Sheriff

Date _____          Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038 (6/99)

Lee County Detention Center
## INMATE REQUEST SLIP

*E-5*
**LOCATION**

Name _Anthony K. Vaughn_    Date _11-19-01_

☐ Telephone Call    ☐ Doctor    ☐ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☑ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

_I would Like To go To THE_

_LiBRARY If possible, To check_

_up oun MY CASE._

<u>Do Not Write Below This Line</u> - For Reply Only

_Taken to law library 11/25/01_

_OFc. Cooper_

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

Date _____    Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038 (6/99)

Lee County Detention Center
# INMATE REQUEST SLIP

*Sgt.
Welch*

E-5
**LOCATION**

Name *Anthony K Vaughn*                    Date *11-17-01*

☐ Telephone Call      ☐ Doctor           ☐ Dentist        ☐ Time Sheet
☐ Special Visit       ☐ Personal Problem  ☑ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

*I'm Requesting to Be a Trustie of Jail
Hall a portion open I only hold
Three years. I'll appreciate it    Thanks
                                anthony Vaughn*

<u>Do Not Write Below This Line</u> - For Reply Only

*Request denied 11-18-01 S*

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant          ☐ Chief Deputy         ☐ Sheriff

Date _____      Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

Lee County Detention Center
# INMATE REQUEST SLIP

E-5
**LOCATION**

Name _Anthony K Vaughn_    Date _12-06-2001_

☐ Telephone Call    ☐ Doctor    ☐ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☒ Other

Briefly Outline Your Request.  <u>Give To Jailer</u>

I'm requesting to go to the Law Library
so I can check up over my case Thanks
anthony Vaughn

---

<u>Do Not Write Below This Line</u> - For Reply Only

Jalen  11/3/01

11/25/01

---

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

Date _____ Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038 (6/99)

Lee County Detention Cer...

# INMATE REQUEST SLIP

E-5
**LOCATION**

Name _Anthony K Vaughn_    Date _Nov. 1, 2001_

☐ Telephone Call    ☐ Doctor    ☐ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☑ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

_I'm Requesting to go, to the Library_

_Check up own Something own My Case_

_Thanks_

_Anthony K. Vaughn_

<u>Do Not Write Below This Line</u> - For Reply Only

_Taken to law Library on 11/3/01_

_DW 2022_

Approved ____X____    Denied _____    Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

Date _11/3/01_    Time Received _20:42_

CORRECTION OFFICER _Hall 4301q_

FORM: LCS-038 (6/99)

Lee County Detention Center

# INMATE REQUEST SLIP

*E-5*
**LOCATION**

Name Arthany K. Taylor        Date 12-26-200'

☐ Telephone Call   ☐ Doctor   ☐ Dentist   ☐ Time Sheet

☐ Special Visit   ☐ Personal Problem   ☐ Other

Briefly Outline Your Request.  <u>Give To Jailer</u>

Requesting to go to the Library so I can look up something to Do with my case

Thanks

Anthony K. Taylor

<u>Do Not Write Below This Line</u> - For Reply Only

Taken to law library at 01-02

JC Sparks

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant   ☐ Chief Deputy   ☐ Sheriff

Date _____ Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

# CANNOT CHANGE FOR SIX MONTHS!!!!

# INMATE VISITOR INFORMATION FORM

*ALL INFORMATION MUST BE COMPLETE AND MUST BE LEGIBLE. INFORMATION WHICH IS INCOMPLETE OR NOT LEGIBLE WILL RESULT IN THAT PERSON NOT BEING LISTED ON YOUR VISITATION CARD. NEWLY ARRIVED INMATES ARE NOT ELIGIBLE FOR VISITATION DURING THEIR FIRST SEVEN DAYS AT THE LEE COUNTY DETENTION CENTER IN ORDER TO ALLOW TIME FOR A BACKGROUND CHECK TO BE CONDUCTED ON THE VISITORS LISTED BELOW. VISITATION IS A PRIVILEGE AND MAY BE RESTRICTED OR WITHDRAWN AT ANY TIME.*

**INMATE NAME** Anthony Keith Vaughn   **CELL#** F-5

**VISITOR #1**

**NAME** Dorothine Vaughn   **RELATIONSHIP** Mother

**ADDRESS** 131 Lee Road 180   **CITY** Opelika   **STATE** Al

**TELEPHONE** ~~335~~ 749-0653

**VISITOR #2**

**NAME** Felicia Vaughn Cook   **RELATIONSHIP** Sister

**ADDRESS** Pin Hurst apt 1101   **CITY** Opelika   **STATE** Al

**TELEPHONE** 749-0653

**VISITOR #3**

**NAME**   **RELATIONSHIP**

**ADDRESS**   **CITY**   **STATE**

**TELEPHONE**

**VISITOR #4**

**NAME**   **RELATIONSHIP**

**ADDRESS**   **CITY**   **STATE**

**TELEPHONE**

Lee County Detention Center
# INMATE REQUEST SLIP

F-5
**LOCATION**

Name _Anthony K. Vaughn_     Date _9-4-01_

☐ Telephone Call     ☐ Doctor     ☐ Dentist     ☐ Time Sheet

☐ Special Visit     ☐ Personal Problem     ☑ Other

Briefly Outline Your Request. Give To Jailer

_I'm Requesting to go to Library_

_so I can check up own_

_my case_

Do Not Write Below This Line - For Reply Only

_TAKEN     9-7-01  K.T.N_

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant     ☐ Chief Deputy     ☐ Sheriff

Date _____     Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038 (6/99)

Lee County Detention Center
# INMATE REQUEST SLIP

Name Keith Vaughn                    Date 7o24-31-01

LOCATION F-6

☐ Telephone Call      ☐ Doctor        ☐ Dentist       ☐ Time Sheet

☐ Special Visit       ☐ Personal Problem    ☑ Other

Briefly Outline Your Request. Give To Jailer

I'm Requesting To go To Law -
LiBRAry
To CHECK up own My CASE.

Thanks
A.K.V

Do Not Write Below This Line - For Reply Only

TAKEN  8-2-01 - Red Team

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant          ☐ Chief Deputy         ☐ Sheriff

Date _____ Time Received _____

CORRECTION OFFICER _____

FORM: LCS-036 (6/99)

State of Alabama
Unified Judicial System
Lee County Form CC-1

**AFFIDAVIT CHARGING CRIME**

The State of Alabama,
  Lee County

Before me, _____ , Clerk of the District / Circuit Court of Lee County,
Alabama, personally appeared John Thompson, who being first duly sworn, deposes and says on oath that he has
probable cause for believing and does believe that: **Anthony Keith Vaughn, ALIAS, Keith Vaughn, ALIAS,** did on,
to wit: 07/06/2001, unlawfully possess **COCAINE BASE (CRACK COCAINE)**, a controlled substance, in violation
of 13A-12-212 (a)(1) of the Code of Alabama.

PROBABLE CAUSE: On or about 7/06/01 at 12:05 A.M., Opelika Police Officer Cpl. Terri McCall responded to Lot
18 Rainbow Acres Trailer Park, Opelika, Lee County, Alabama, in reference to a Menacing report. The complainant,
Travis Whatley, advised that Keith Vaughn had pulled two (2) guns on him and told him, "Let's end this in blood."
Whatley described Vaughn as wearing a white hat and a white shirt. Opelika Officer Michael Bass noticed a black
male wearing a white hat and a white shirt, identified as Anthony Keith Vaughn, walking towards Lot 67 Bennett's
Trailer Park from Rainbow Acres; toss something under a car at Lot 67. Officer Bass located the above-described
pistol under the car and arrested Vaughn for License to Carry Pistol in Vehicle or Concealed on Person Required. A
criminal history was ran on Vaughn and it was determined that Vaughn was convicted of Robbery Second Degree on
02/07/1992 through the Circuit Court of Lee County, Alabama. After a search incident to arrest Cpl. McCall recovered
a quantity of white rock like substance believed to be "crack" cocaine from Vaughn's right hand. Vaughn was also
arrested for Unlawful Possession of a Controlled Substance.

Sworn to and subscribed before me,
this _____ day of __July__ , 2001.

_____
Clerk, District / Circuit Court

_____

The State of Alabama,
  · Lee County

To Any Lawful Officer of the State of Alaba

You are hereby commanded to arrest **ANTH**
bring him/her before the District/Circuit Cou

      **UNLAWFUL POSSESSIO**

*[handwritten: This case is nol prossed so the bond would only be 20,000 See look on back]*

**UGHN, ALIAS,** and
Alabama on a charge of

      **ANCES**

said charges being preferred by John Thompson

And have you then and there this Writ with your return thereon.

Witness my hand this _____ day of __July__ , 2001 AD

_____
Clerk, District / Circuit Court

TO THE JAILER OF LEE COUNTY:

On the examination of _____ charged with the offense
of _____ it appearing that such offense has been
committed, and that there is sufficient cause to believe that he/she is guilty thereof, you are therefore
commanded to receive him/her into your custody and detain him/her until he/she is legally discharged.

BOND in this cause is fixed at the sum of $ _____ .

THIS the _____ day of _____, 20 _____ .

_____
Clerk

---

### WARRANT NO.  01-V-122

THE STATE OF ALABAMA
LEE COUNTY

THE STATE OF ALABAMA
vs.

ANTHONY KEITH VAUGHN, KEITH VAUGHN, ALIAS

CHARGE:

UNLAWFUL POSSESSION OR RECEIPT OF CONTROLLED SUBSTANCES
13A-12-212(a)(1)

OFFICER'S RETURN

I have executed this Writ by arresting the defendant and
committing him/her to jail or allowing him/her to give bond.

This 6TH day of ____July____, 20 01 .

_Ronald Roberton_____ A. H. P.
Sheriff

*[handwritten: 7/9/01 Not prove existence turned out to be meth or coup. Not controlled Per: Dt. Robbie Rossetti Nick Abbot District Atty.]*

**STATE'S WITNESSES**
Travis Ortez Whatley  14 Rainbow Acres Trailer Park, Opelika, AL 36801
Cpl. Terri McCall                OPD
Officer Michael Bass             OPD
Officer Cameron Siems            OPD
Detective John Thompson          OPD

**DEFENDANT'S WITNESSES**

| State of Alabama<br>Unified Judicial System<br><br>Form C-80    Rev. 6/93 | **ORDER<br>ON INITIAL APPEARANCE** | Case Number |
| --- | --- | --- |

IN THE _____**DISTRICT**_____ COURT OF _____**LEE COUNTY**_____, ALABAMA
(Circuit, District or Municipal)              (Name of County or Municipality)

☒ STATE OF ALABAMA
☐ MUNICIPALITY OF _____    v.    ANTHONY KEITH VAUGHN
                                                    Defendant

The above-named defendant, charged with the criminal offense(s) of  POSS./REC. CONT. SUB.; CERTAIN PERSON FORBIDDEN FIREARM
was duly brought before the Court for initial appearance on _____JULY 6, 2001_____, at ____11:15____ o'clock
__A__.m., whereupon the Court did the following, as checked in the appropriate blocks:
*(CHECK AS APPLICABLE):*

☑ 1. Name and address of defendant.
    ✓ (a) Ascertained the true name and address of the defendant to be:
        *131 Lee Road 120*
        *Opelika AL 36801*
    ____ (b) Amended the formal charges to reflect defendant's true name.
    ____ (c) Instructed the defendant to notify the Court promptly of any change of address.

☑ 2. Informed the defendant of the charges against him/her and ensured that the defendant was served with a copy of the charges.

☑ 3. Informed the defendant of the right to be represented by counsel, that he/she would be afforded time and opportunity to retain an attorney, and further advised the defendant that, if he/she were indigent and unable to obtain counsel, an attorney would be appointed by the Court to represent him/her.

☑ 4. Informed the defendant that he/she had the right to remain silent and that anything that he/she said could be use against him/her.

☑ 5. Bail
    ____ (a) Determined that the defendant shall not be released from custody since charged with a non-bailable capital offense.
    ✓ (b) Determined that the defendant shall be released from custody pending further proceedings, subject to the mandatory conditions prescribed in Rule 7.3(a), A.R.Cr.P., and subject to the following additional conditions:
        ____ 1.) Execution of an appearance bond (recognizance) in the amount of $ _____.
        ✓ 2.) Execution of a secured appearance bond in the amount of $ _*40,000.00*_.
        ____ 3.) Other conditions (specify) _____
                *($20,000 each case)*

☑ 6. If charged with a felony offense, informed the defendant of right to demand a preliminary hearing under Rule 5.1, A.R.Cr.P., and of the procedure by which that right may be exercised.

☑ 7. If charged with a felony offense a preliminary hearing was demanded with 30 days of date of arrest by the above named defendant, set a preliminary hearing to be held in the District Court of _____, _____, _____ (date) at _____ o'clock _____.m.
    ____ (a) Notified the District Court that such demand was made.
    ✓ (b) Defendant made no demand for a preliminary hearing at the initial appearance hearings.

☐ 8. Other: _____
_____
_____

____7-6-01____                                    _____
Date                                                Judge/Magistrate

| State of Alabama<br>Unified Judicial System<br><br>Form C-81    11/91 | ADVICE OF RIGHTS ON INITIAL APPEARANCE<br>BEFORE JUDGE OR MAGISTRATE<br>(Felony) | Case Number |
|---|---|---|

IN THE _____DISTRICT_____ COURT OF _____LEE COUNTY_____, ALABAMA
     *(Circuit, District, or Municipal)*        *(Name of County or Municipality)*

☒ STATE OF ALABAMA
☐ MUNICIPALITY OF _____ v. _____ANTHONY KEITH VAUGHN_____
                                                                          Defendant

This is a first appearance hearing. You are charged with committing the offense(s) of _POSS./REC. CONT. SUB.;_ _CERTAIN PERSON FORBIDDEN TO POSSESS FIREARM_ _____ in this court in violation of _____. The primary purpose of this hearing is to ensure that you know and understand the charge or charges against you. At this hearing, there will be no determination made about your guilt or innocence of the crime charged, but only a determination that you know and understand the charge or charges against you. If you are before the court on a complaint following a warrantless arrest, the judge or magistrate will determine whether there is probable cause for the charge against you.

In addition, the purpose of this hearing is to determine whether bail should be set in your case; or, if it has been already set, if it should remain the same, be raised, be lowered, or whether you should be released upon your personal recognizance (that is, your promise to appear for future court proceedings) or released in the custody of some responsible person. In order to make this determination, it will be necessary for the judge or magistrate to ask you some questions concerning your ties with the community.

You are entitled to be represented by an attorney. You have a right to have your own attorney and will be given time and opportunity to retain an attorney. If you are unable to afford an attorney, one will be appointed for you by the court if you qualify for such representation. It will be necessary for you to complete an indigency questionnaire under oath in order for the court to make this determination.

You have a right to talk with your attorney, family, or friends and, if necessary, reasonable means will be provided in order to enable you to do so. You have the right to remain silent. Anything that you say may be used against you.

Because you are charged with a felony, you are entitled to demand a preliminary hearing before a judge or magistrate to determine whether there is sufficient evidence to establish that you probably committed the offense or offenses with which you are charged. You must make this demand within thirty (30) days of the date of arrest. If a hearing is demanded and one is conducted, and if, at the conclusion of the preliminary hearing, the judge finds that sufficient evidence has been shown to establish that you probably committed the offense or offenses with which you are charged, the judge will then bind you over for further action by a grand jury. If, on the other hand, the judge finds that the evidence is insufficient to establish that you probably committed the crime or crimes charged, then the judge will dismiss the charge and discharge you from further custody or pretrial obligations subject to the right of the prosecution to reinstate the charges against you at a later time.

If you are released from custody (whether personal recognizance or otherwise), you must:
1) Appear to answer and submit to all orders and process of the court having jurisdiction in the case.
2) Refrain from committing any criminal offense.
3) Not depart from the State of Alabama without the leave of the court having jurisdiction of this case.
4) Promptly notify the court of any change of address or the phone number.
5) Other conditions: _Bond set at 40,000 (total)_
_Unlawful Poss. Cont. Substance    20,000_
_Certain Person forbidden to Poss. Firearm    20,000_

The provisions of the Release Order may be revoked or modified by the court for cause. The Release Order and any appearance bond executed in compliance with it will continue in force and effect until the dismissal, acquittal, or conviction on the charges, unless sooner revoked or modified by the court. Upon report of a violation of any of the above conditions, a warrant for your arrest will be issued.

_7-6-01_
_____      _[signature]_
Date                            Judge/Magistrate

*I have read or have been advised of the matters herein set forth. I understand the explanation of procedures, rights, and information given to me at the initial court appearance. I understand the conditions of my release and the penalties applicable in the event that I violate any conditions imposed herein. I also understand that failure to appear as required may subject me to additional charges in the revocation of release.*

_7-6-01_
_____      _[signature]_
Date                            Defendant

| State of Alabama<br>Unified Judicial System | **ORDER**<br>**ON INITIAL APPEARANCE** | Case Number |
| --- | --- | --- |
| Form C-80    Rev. 6/93 | | |

IN THE _____**DISTRICT**_____ COURT OF _____**LEE COUNTY**_____, ALABAMA
(Circuit, District or Municipal)          (Name of County or Municipality)

☒ STATE OF ALABAMA
☐ MUNICIPALITY OF _____ v. _____**ANTHONY KEITH VAUGHN**_____
                                                                    **Defendant**

The above-named defendant, charged with the criminal offense(s) of **POSS./REC. CONT. SUB.; CERTAIN PERSON FORBIDDEN FIREARM**
was duly brought before the Court for initial appearance on _____**JULY 6, 2001**_____, at __**11:15**__ o'clock
__A__.m., whereupon the Court did the following, as checked in the appropriate blocks:
*(CHECK AS APPLICABLE):*

☒ 1. Name and address of defendant.
    ✓ (a) Ascertained the true name and address of the defendant to be:
         *131 Lee Road 180*
         *Opelika AL 36801*
    ____ (b) Amended the formal charges to reflect defendant's true name.
    ____ (c) Instructed the defendant to notify the Court promptly of any change of address.

☒ 2. Informed the defendant of the charges against him/her and ensured that the defendant was served with a copy of the charges.

☒ 3. Informed the defendant of the right to be represented by counsel, that he/she would be afforded time and opportunity to retain an attorney, and further advised the defendant that, if he/she were indigent and unable to obtain counsel, an attorney would be appointed by the Court to represent him/her.

☒ 4. Informed the defendant that he/she had the right to remain silent and that anything that he/she said could be use against him/her.

☒ 5. Bail
    ____ (a) Determined that the defendant shall not be released from custody since charged with a non-bailable capital offense.
    ✓ (b) Determined that the defendant shall be released from custody pending further proceedings, subject to the mandatory conditions prescribed in Rule 7.3(a), A.R.Cr.P., and subject to the following additional conditions:
        ____ 1.) Execution of an appearance bond (recognizance) in the amount of $ _____
        ✓ 2.) Execution of a secured appearance bond in the amount of $ *40,000.00*
        ____ 3.) Other conditions (specify) _____
         *(\$20,000 each case)*

☒ 6. If charged with a felony offense, informed the defendant of right to demand a preliminary hearing under Rule 5.1, A.R.Cr.P., and of the procedure by which that right may be exercised.

☒ 7. If charged with a felony offense a preliminary hearing was demanded with 30 days of date of arrest by the above named defendant, set a preliminary hearing to be held in the District Court of _____, _____ an _____ (date) at _____ o'clock _____.m.
    ____ (a) Notified the District Court that such demand was made.
    ✓ (b) Defendant made no demand for a preliminary hearing at the initial appearance hearings.

☐ 8. Other: _____
_____

_____**7-6-01**_____              _____
Date                    Judge/Magistrate

| State of Alabama<br>Unified Judicial System<br><br>Form C-81      11/91 | ADVICE OF RIGHTS ON INITIAL APPEARANCE<br>BEFORE JUDGE OR MAGISTRATE<br>(Felony) | Case Number |
| --- | --- | --- |

IN THE _____**DISTRICT**_____ COURT OF _____**LEE COUNTY**_____, ALABAMA
*(Circuit, District, or Municipal)*      *(Name of County or Municipality)*

☒ STATE OF ALABAMA
☐ MUNICIPALITY OF _____ v. ____**ANTHONY KEITH VAUGHN**____

**Defendant**

This is a first appearance hearing. You are charged with committing the offense(s) of __POSS./REC. CONT. SUB.;__
__CERTAIN PERSON FORBIDDEN TO POSSESS FIREARM__ in this court in violation of
_____. The primary purpose of this hearing is to ensure that you know and understand the charge or charges against you. At this hearing, there will be no determination made about your guilt or innocence of the crime charged, but only a determination that you know and understand the charge or charges against you. If you are before the court on a complaint following a warrantless arrest, the judge or magistrate will determine whether there is probable cause for the charge against you.

In addition, the purpose of this hearing is to determine whether bail should be set in your case; or, if it has been already set, if it should remain the same, be raised, be lowered, or whether you should be released upon your personal recognizance (that is, your promise to appear for future court proceedings) or released in the custody of some responsible person. In order to make this determination, it will be necessary for the judge or magistrate to ask you some questions concerning your ties with the community.

You are entitled to be represented by an attorney. You have a right to have your own attorney and will be given time and opportunity to retain an attorney. If you are unable to afford an attorney, one will be appointed for you by the court if you qualify for such representation. It will be necessary for you to complete an indigency questionnaire under oath in order for the court to make this determination.

You have a right to talk with your attorney, family, or friends and, if necessary, reasonable means will be provided in order to enable you to do so. You have the right to remain silent. Anything that you say may be used against you.

Because you are charged with a felony, you are entitled to demand a preliminary hearing before a judge or magistrate to determine whether there is sufficient evidence to establish that you probably committed the offense or offenses with which you are charged. You must make this demand with thirty (30) days of the date of arrest. If a hearing is demanded and one is conducted, and if, at the conclusion of the preliminary hearing, the judge finds that sufficient evidence has been shown to establish that you probably committed the offense or offenses with which you are charged, the judge will then bind you over for further action by a grand jury. If, on the other hand, the judge finds that the evidence is insufficient to establish that you probably committed the crime or crimes charged, then the judge will dismiss the charge and discharge you from further custody or pre-trial obligations subject to the right of the prosecution to reinstate the charges against you at a later time.

If you are released from custody (whether personal recognizance or otherwise), you must:
1) Appear to answer and submit to all orders and process of the court having jurisdiction in the case.
2) Refrain from committing any criminal offense.
3) Not depart from the State of Alabama without the leave of the court having jurisdiction of this case.
4) Promptly notify the court of any change of address or the phone number.
5) Other conditions: _Bond set at 40,000 (total)_
_____
_Unlawful Poss. Cont. Substance    20,000_
_Certain Person forbidden to poss. firearm   20,000_

The provisions of the Release Order may be revoked or modified by the court for cause. The Release Order and any appearance bond executed in compliance with it will continue in force and effect until the dismissal, acquittal, or conviction on the charges, unless sooner revoked or modified by the court. Upon report of a violation of any of the above conditions, a warrant for your arrest will be issued.

__7-6-01__ _____ _(signature)_
Date      Judge/Magistrate

*I have read or have been advised of the matters herein set forth. I understand the explanation of procedures, rights, and information given to me at the initial court appearance. I understand the conditions of my release and the penalties applicable in the event that I violate any conditions imposed herein. I also understand that failure to appear as required may subject me to additional charges in the revocation of release.*

__7-6-01__ _____ _(signature)_
Date      Defendant

# INDIVIDUAL'S PERSONAL EFFECTS

### In Possession Of

## SHERIFF'S OFFICE, LEE COUNTY

NAME VAUGHN  ANTHONY

SEARCHED BY

TIME 1300  DATE  1-3-98

MONEY $

ARTICLES BY NAME (1) PACK OF OPEN CIGARETTE SKOOL

The above listing is all my personal effects turned in to Sheriff's Office at the time of booking.

Signature: Anthony K. Vaughn

Please Call:

## PROPERTY RECEIPT

I hereby acknowledge receipt of the articles named above.

On this date

Signature: X  Anthony K. Vaughn

**Exhibit A**
**Inmate File of Anthony Keith Vaughn**
**Part 2**

ACTION SUMMARY

CC 94 001281 00

IN THE CIRCUIT COURT OF          LEE   COUNTY                    JUDGE: RMH

ATE  OF  ALABAMA                    VS        VAUGHN ANTHONY
                                              514 MARTIN LUTHER KING BL

FF: CC 94 001281 00                           OPELIKA          AL  36801-0000

IB: ████████   RACE: B  SEX:   M   HT:  000   WT: 000  HR:        EYE:
N: 943001281   ALIAS NAMES:

IARGE1: APPEAL DISTRICT COURT          CODE1: APDC LIT: ASSAULT III    TYPE: M
IARGE2:                                CODE2: 0000                     TYPE: M
IARGE3:                                CODE3: 0000                     TYPE: M
IRE?:          OFFENSE DATE: __/__/__  AGENCY/OFFICER: LCSO

TE WAR/CAP ISS  __/__/__               DATE ARRESTED:  __/__/__
TE    INDICTED  __/__/__               DATE   FILED: 10/24/94
TE   RELEASED:  __/__/__               DATE HEARING:  __/__/__
    BOND AMOUNT:        $ .00          SURETIES:

TE 1: 12/20/94 DESC:   ARRG    TIME:   0900 A
TE 2: 12/29/94 DESC:   TRAL    TIME:   0900 A

                                 TYPE: R                         TYPE:
F/ATY: Hon. Mike Williams
ROSECUTOR: NORTHCUTT, WALTER M

H CSE: 9400309500      CHK/TICKET NO:                   GRAND JURY:
URT REPORTER            SID NO: 000000000              OPID: RHK
F STATUS: JAIL    JURY DEMAND:

DATE          ACTIONS, JUDGMENTS, CASE NOTES
10/03/94   NOTICE OF APPEAL DC94-3095  JURY

12-7-94   | Motion for Return of Defendant from Prison

12-15-94  | Plea of Not Guilty and Waiver of Arraigment

12-16-94  | Pending motion is set for hearing on Tuesday, December 20, 1994, at 9:00 A.M.

                    FILED DEC 1 9 '94 IN OFFICE

12/29/94  | ORDER
1-04-95   | On motion of State, this case is dismissed.

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

STATE OF ALABAMA,                          *
                                           *
v.                                         *   CASE NO. CC 94- 1281
                                           *
ANTHONY VAUGHN, 00168490                    *
            Elmore C.F.                     *
        Defendant.                         *



## ORDER

It has come to the attention of this Court that Defendant is presently incarcerated AT Mt. Meigs.  The Sheriff of Lee County is directed to secure the person of the Defendant and return him to the jurisdiction of this Court immediately.  The Court is to be notified upon him return to Lee County.

Done and Ordered this 21st day of December, 1994.

_____
Robert M. Harper
Circuit Judge

Copies to:
    Hon. Ronald L. Myers
    Sheriff Herman Chapman
    J. Michael Williams

FILED
DEC 29 1994
IN OFFICE
ANNETTE HARDY
CIRCUIT CLERK

149

$30⁰⁰ placed in
store acct.
library

# INDIVIDUAL'S PERSONAL EFFECTS

### In Possession Of

## SHERIFF'S OFFICE, LEE COUNTY

5-24-98-$120⁰⁰
placed in store
acct.

NAME _Vaughn, Anthony_

SEARCHED BY _Sumner_

TIME _____  DATE _05-11-98_

MONEY $ _50.00 in Bills_
_.28 in coins_
_30.00 in Foodstamps Total 80.28_

ARTICLES BY NAME _1 hat, 1 Belt, 1 earring, Gold w/wh. stone,_
_1 ring Gold in color w/white stone, 1 lighter, 1 opened pk. of cigs,_
_1 pr. ou., 1 phot tab_

The above listing is all my personal effects turned in to Sheriff's
Office at the time of booking.

Signature: _Anthony Vaughn_

Please Call: _____

## PROPERTY RECEIPT

I hereby acknowledge receipt of the articles named above.

On this date _11-16-98_

Signature: X _Anthony Vaughn_



**STATE OF ALABAMA**
**BOARD OF PARDONS AND PAROLES**
P. O. Box 302405
500 MONROE ST.
2ND FLOOR
Montgomery, Alabama 36130-2405
Central Office - Plaza (205) 242-8700



SEPTEMBER 23, 1994

VAUGHN, ANTHONY KEITH
#168,490
LEE COUNTY JAIL

Department of Corrections
Montgomery, AL

Your case has been reviewed and scheduled for parole consideration in _____ "NONE" _____.
This action was taken for the following reasons:

_____ 1/3 of total sentence.

_____ Guideline setting.

_____ Additional conviction.

_____ Jail credit change.

_____ Placed in IGT status.

_____ Removed from IGT status.

_____ Change in total term.

_____ Reset because of escape.

_____ Computation error.

_____ Recommendation by trial judge, district attorney or prison official.

___XX___ Other   WILL SERVE REMAINDER OF SENTENCE WITHOUT PAROLE
_____.

Sincerely,

William C. Young
Executive Director

WCY/ AGW

cc:  Warden
     Parole Office   OPELIKA
     Computer Unit
     File

CO Form 018
(Revised 6/93)




**STATE OF ALABAMA**
*BOARD OF PARDONS AND PAROLES*
P. O. Box 302405
500 MONROE ST.
2ND FLOOR
Montgomery, Alabama 36130-2405
Central Office - Plaza (205) 242-8700

SEPTEMBER 23, 1994

VAUGHN, ANTHONY KEITH
#168,490
LEE COUNTY JAIL

Department of Corrections
Montgomery, AL

Your case has been reviewed and scheduled for parole consideration in _____ "NONE" .
This action was taken for the following reasons:

_____ 1/3 of total sentence.

_____ Guideline setting.

_____ Additional conviction.

_____ Jail credit change.

_____ Placed in IGT status.

_____ Removed from IGT status.

_____ Change in total term.

_____ Reset because of escape.

_____ Computation error.

_____ Recommendation by trial judge, district attorney or prison official.

___XX___ Other   WILL SERVE REMAINDER OF SENTENCE WITHOUT PAROLE

Sincerely,

William C. Young
Executive Director

WCY/ AGW

cc:  Warden
     Parole Office   OPELIKA
     Computer Unit
     File

CO Form 018
(Revised 6/93)

ACS359

ALABAMA JUDICIAL DATA CENTER
LEE COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

CC 92 000107 70
JAMES T. GULLAGE

---

| CIRCUIT COURT OF LEE COUNTY | COURT ORI: 043015 J |

| STATE OF ALABAMA    VS. | DC NO: |

VAUGHN ANTHONY KEITH    ALIAS:
515 MARTIN LUTHER KING BL ALIAS:
OPELIKA AL 36801

G J:    000201
SSN:   000000000
SID:         0
AIS:         0

DOB: ███████    SEX: M    HT: 0 00    WT: 000    HAIR:    EYE:

RACE: ( )W (✗)B ( )O    COMPLEXION: _____    AGE: ____    FEATURES: _____

DATE OFFENSE: 00/00/00    ARREST DATE: 00/00/00    ARREST ORI:

CHARGES @ CONV          CITES          OFF CLASS: ( )A ( )B ( )C
PROBATION REV
Robbery 1st                  —    —
                             —    —

JUDGE: JAMES T. GULLAGE    PROSECUTOR: MYERS, RONALD L

PROBATION APPLIED    GRANTED    DATE    REARRESTED DATE    REVOKED    DATE
(✗)Y( )N 2-7-92 (Y)Y( )N 10-6-92 (✗)Y( )N 7-8-94 (X)Y( )N 07/18/94

ACT 754-76          IMPOSED    SUSPENDED    TOTAL    JAIL CREDIT
( )Y (X)N  CONFINEMENT: 03 00 000 00 00 000  03 00 000  00 00 081
           PROBATION : 00 00 000           00 00 000

DATE SENTENCED: 02/07/92    SENTENCE BEGINS:    07/18/94

| PROVISIONS | COSTS/RESTITUTION | DUE | ORDERED |
|---|---|---|---|
| PENITENTIARY | RESTITUTION | $0.00 | $0.00 |
| | ATTORNEY FEE | $0.00 | $0.00 |
| | CRIME VICTIMS | $0.00 | $0.00 |
| | COST | $0.00 | $0.00 |
| | FINE | $0.00 | $0.00 |
| | MUNICIPAL FEES | $0.00 | $0.00 |
| | DRUG FEES | $0.00 | $0.00 |
| | ADDTL DEFENDANT | $0.00 | $0.00 |
| | TOTAL | $0.00 | $0.00 |

APPEAL DATE    SUSPENDED    AFFIRMED    REARREST
( )Y( )N _____  ( )Y( )N _____  ( )Y( )N _____  ( )Y( )N _____

REMARKS:

THIS IS TO CERTIFY THAT THE
ABOVE INFORMATION WAS EXTRACTED
FROM OFFICIAL COURT RECORDS AND
AND IS TRUE AND CORRECT.

*Annette Hardy*

ANNETTE HARDY

07/25/94

OPERATOR LBW
PREPARED: 07/25/94

```
JP232                    ALABAMA DEPARTMENT OF CORRECTIONS        INST:    241
                         INMATE SUMMARY AS OF 07/29/94            CODE: CSHOI
```

```
*************************************************************************

AIS: 00168490    INMATE: VAUGHN, ANTHONY KEITH         RACE: B  SEX: M

INSTITUTION: 241 - LEE                            JAIL CR: 00Y11M26D

DOB:        2      SSN:

ADM DT: 04/01/92    DEAD TIME: 00Y 00M 00D

ADM TYP: NEW COMMITMENT - SPLIT SENTENCE    STAT: NEW COMIT FROM CRT W/REV OF PROB

CURRENT CUST: OTW-2   CURRENT CUST DT: 07/18/94    PAROLE REVIEW DATE: -NONE-

SECURITY LEVEL: NO CLASSIFICATION RECORD FOUND

SERVING UNDER ACT446 LAW IN CLASS 4           CURRENT CLASS DATE: 07/18/94
INMATE IS EARNING : EARNS 75 DAYS FOR EACH 30 SERVED
```

```
COUNTY        SENT DT  CASE NO    CRIME                    JL-CR    TERM
LEE           07/18/94 N92000107  ROBBERY II               0356D  003Y 00M 00D CS

 TOTAL TERM     MIN REL DT     GOOD TIME BAL    LONG DATE
 003Y 00M 00D   02/14/1995     000Y 00M 28D     07/21/1996
```

INMATE LITERAL:
```
*************************************************************************

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER-WARRANT RECORDS

*************************************************************************

ESCAPEE-PAROLE SUMMARY
    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
    SINCE D.B.S.C.I.S. RECORDING BEGAN IN 1978

*************************************************************************

DISCIPLINARY SUMMARY
    INMATE CURRENTLY HAS NO DISCIPLINARY RECORDS
```

To be filed

# COUNTY DETENTION CENTER
## DISCIPLINARY REPORT
### (Form #28)

Inmate __Vaughn, Anthony Keith__  Custody __Minimum__  Number __168490 AIS__
     Last      First      Middle

Assignment __Anthony Vaughn__ is being charged by __officer Burdon__

With rule violation __C-13  Having Contraband__

on or about __10-28__ 199 __4__, Time __5:20__  a.m/(p.m.) Location __Loading Ramp Door__

Circumstances are as follows: __that you, Anthony Vaughn, did violate rule__
__C-13 by possessing tobacco within the facility (Lee Co. Jail).__

---

MAJOR ____

MINOR ____

SERIOUS __X__

__James F. Burdon__ __43021__

Signature of Arresting Officer

Notifying Officer: __Cpl. John A. Robbins__   Time & Date notified: __1707 hrs 10-30-94__

Inmate's Signature X __Anthony K. Vaughn__  Witnesses desired: NO __✓__  If YES, (List) _____

---

Circumstances Investigated By: _____

Hearing date __10-31-94__   Time __4:45 pm__   Plea (X) Guilty  ( ) Not Guilty

If guilty, inmate must affix signature _____

Committee Findings & Reasons: __GUILTY PER GUILTY PLEA__

Committee Recomendations: __CANCELLATION OF STORE ORDERS, VISITATION AND__
__TELEPHONE FOR A PERIOD OF 30 DAYS - THIS NOT TO INCLUDE MEDIA__
__CLERGY NOR LAWYER.__

Witnesses: _____

_____

__Sgt. Woodard__

Signature of Chairman

__Gene Oliver__

Signature, Member

__Daniel W. Burson__

Signature, Member

---

Copy delivered to inmate:  Date __11/1/94__   Time __1406__   Inmate's Signature X __Anthony Vaughn__

Action - Date __11-1-94__   Appeal - Date (attach copy) _____

Approved __Cay Corban, Jr.__   Approved _____

Disapproved _____   Denied _____

Other (Specify) __Inmate removed__  Other (Specify) _____

__From Trusty Status. Clothed__

## LEE COUNTY SHERIFF'S DEPARTMENT
## SYNOPSIS OF MAJOR/MINOR DISCIPLINARY HEARING
### (Form #30)

ALL THOSE INVOLVED IN THE CASE WERE SWORN IN BY THE CHAIRPERSON.

The Lee County Jail Disciplinary Board convened at _4:45_ on _10-30-94_, to

hear the evidence in the case involving Inmate _ANTHONY KEITH VAUGHN_, # _168490 AIS_.

The board consisted of Chairperson _WOODALL_ and Member _OLIVER BURROW)_.

The accused and Arresting Officer _BURDON_ were brought before the board.

The chairperson explained to _VAUGHN_ that he was charged with violating Rule

# _C-13_ of Inmate Handbook (revised August 1988).

_VAUGHN_ was further advised that on _10-30-94_ at

_17:07_ he was served with "Notice of Disciplinary Hearing" and given a copy of the notice.

The chairperson explained that according to due process requirements, he must be given at least 24 hours notice

of the date that the hearing will take place. Furthermore, that the hearing must be given within seven (7)

calendar days of the time his custody changed and that he is to be given the opportunity to request any

witnesses on his behalf. The chairperson asked _VAUGHN_ if he understood due

process and he replied, "_YES_

_____."

The chairperson explained to _VAUGHN_ that he was charged with violation

of Rule # _C-13_, _POSSESSING TOBACCO IN LEE Co. JAIL_.

The chairperson asked _VAUGHN_ if he understood the charges against

him and he replied, "_YES_

_____."

_VAUGHN_ was then asked how he pled to the charge and he stated,

"_GUILTY_"

ect __Contraband__                     Opelika, Ala., _10-28_ _19 94_

, the Sheriff of Lee County:

I report the following __contraband being confiscated from inmate__
__Anthony Vaughn__ _____ which occurred at _5:20_ o'clock
this ___ P. M., at _the Lee County Sheriffs Office._
(STATE PLACE)

Below give full-particulars, together with names of principals and witnesses and their address.

On the above date and time officer Phyllis Allen was escorting inmates Rodney Strickland and Anthony Vaughn to the dumpster with the discarded kitchen food. Inmate Stacey Carlisle was washing cars during this time. As officer Allen, Strickland and Vaughn were on their way in to the loading ramp door, Cpl. Robbins instructed me to meet them at the loading ramp door and search inmates Strickland and Vaughn. As I was approaching the loading ramp door from the inside I could see officer Allen break away from the inmates and walk to the Sallyport door where she entered the facility. At the loading ramp door I searched inmate Strickland and found nothing. However, when I searched inmate Vaughn I found 2 packs of Bugler in his left sock, 3 packs of Bugler in his right sock, one pack of TOP rolling papers in his right sock and one

Reported by _____

Address _____ Phone _____

Complaint Received by _____ How _____

Assigned to _____

1 of 5

Subject_____    Opelika, Ala.,_____19____

To the Sheriff of Lee County:

I report the following_____

_____which occurred at_____o'clock

this_____M., at_____

(STATE PLACE)

Below give full particulars, together with names of principals and witnesses and their address.

pack of Bugler in his underwear near his genitals. This inmate stated that he simply found the items in the dumpster while dumping trash. Shortly after this incident inmate Vaughn was placed in cell D5 and taken off of trustee status. Shortly after this I was in booking with officer Allen. She explained to me that while she was on the car wash she saw the confiscated tobacco. I asked her where she had seen it and she said she had seen it in the paper towel bucket that inmate Carlisle had. I said, "oh, really!", and she stated, "yes". She went on to explain that inmates Strickland and Vaughn were putting "slop" in the dumpster on the south side of the dumpster. Then they spilled some on their hands and asked her to get some paper towels for them. At this time she went to the north end of the car wash to get the paper towels out of Carlisle's

Reported by_____

Address_____Phone_____

Complaint Received by_____How_____

Assigned to_____

2 of 5

Subject _____    Opelika, Ala., _____ 19____

To the Sheriff of Lee County:

I report the following _____

_____ which occurred at _____ o'clock

this _____ M., at _____
(STATE PLACE)

Below give full particulars, together with names of principals and witnesses and their address.

bucket. As she reached into the bucket she saw the confiscated tobacco but did not say or do anything about the tobacco. She further explains that she just got the paper towels and brought them to inmates Strickland and Vaughn who were still on the south side of the dumpster. Then she stepped back onto the north side of the dumpster where the inmates were out of her view. At this time she stated that inmates Strickland and Vaughn asked her if inmate Carlisle could bring them some more paper towels. She said she stated, "yes". Carlisle picked up the whole bucket (tobacco and paper towels were inside) and brought it to the south side of the dumpster. At this time she said to me that she could not see the inmates on the south side but that she knew what they were doing. She said that she told them that they could get caught doing what they were doing.

Reported by _____

Address _____ Phone _____

Complaint Received by _____ How _____

Assigned to _____

3 of 5

Subject _____    Opelika, Ala., _____ 19____

To the Sheriff of Lee County:

I report the following _____

_____ which occurred at _____ o'clock

this _____ M., at _____

(STATE PLACE)

Below give full particulars, together with names of principals and witnesses and their address.

And then the inmates stated, "Be quiet Mrs. Allen you are going to jinx us!" Officer Allen told me that she knew inmate Carlisle was giving the tobacco to inmates Strickland and Vaughn so that they could sneak it into the facility. She also stated that she did not care if they got caught or not, because she isn't going to write up any more inmates because nothing ever happens to them. Nothing Further.

Reported by    J. Burdon 43D21

Address _____    Phone _____

Complaint Received by _____    How _____

Assigned to _____

4 of 5

Subject_____    Opelika, Ala.,_____19____

To the Sheriff of Lee County:

I report the following_____

_____which occurred at_____o'clock

this_____M., at_____
                                    (STATE PLACE)

Below give full particulars, together with names of principals and witnesses and their address.

Ⓐ - Officer Allen                         Ⓢ - Inmate Strickland

Ⓑ - Bucket w/contraband + paper towels    Ⓥ - Inmate Vaughn

Ⓒ - Inmate Carlisle

Ⓑ

Ⓒ Car Wash

Deputy Parking lot

Ⓐ

DUMPSTER

Ⓢ  Ⓥ

N
W ← → E
S

Reported by_____

Address _____    Phone_____

Complaint Received by_____    How_____

Assigned to _____

5 of 5

Subject _Contra Band_    Opelika, Ala., _10 - 28_ 19_94_

To the Sheriff of Lee County:

I report the following _Contra Band Being Brought into the Jail_ which occurred at _1730_ o'clock this _P_ M., at _Lee County Jail_ (STATE PLACE)

Below give full particulars, together with names of principals and witnesses and their address.

On 10-28-94 at about 1730 hrs I (Cpl. Robbins) observed officer Allen not watching the inmates she had escorted to the trash Dumpster. I then told officer Burdon to search the inmates when they came in. When Burdon exited Booking and walked to the loading Ramp Door, officer Allen came around to the sallyport Door. She entered sallyport as officer Burdon went out the loading Ramp. She then enter Booking She stated to me she was fixing to tell me one of us needs to go and search them. She then stated she went to go get a paper towel for the inmate and when she gave it to them she told them that if they had anything they would get caught. Officer Burdon Retrieved 6 packs of Bugler and 1 pack of Tops Rolling Paper from Anthony Vaughn. See officer Burdons Report. Inmate was Removed from Trustee and placed in D-5.

Reported by _Cpl. John S. Robbins_

Address _____ Phone _____

Complaint Received by_____ How _____

Assigned to _____

# INMATE REQUEST FORM
### (Form #8)

Name: Anthony K. Vaughn    Cell: E-2    Date: Aug-10-94    Time: _____

Telephone Call ☐    Medical ☐    Special Visit ☐    Grievance ☐    Sheriff ☐

Chief Deputy ☐    Lieutenant ☐    Personal Problem ☐    Notary ☐    Trusty ☑

Other ☐ _____

## BRIEFLY OUTLINE YOUR REQUEST, THEN GIVE TO JAILER.

Yes Im Requesting To Be A Trusty
for I Can Be Able To work Around, I know
Im Able To work A Detail If possible
THANKS

## DO NOT WRITE BELOW THIS LINE, FOR REPLY ONLY

Inmate is on trusty status and cleans halls
and serves trays.

S. B. Howard

All requests will be routed through the jail shift supervisor then forwarded to those the request is directed to.

Shift Supervisor ☐    Lieutenant ☐    Major ☐    Sheriff ☐

Date: _____    Time: _____

Jailer: _____

Copies to:    Inmate
              Inmate file
              Chief Deputy
              Disciplinary Hearing Board




*STATE OF ALABAMA*
*BOARD OF PARDONS AND PAROLES*
P. O. Box 302405
Gordon Persons Building
50 North Ripley Street
Montgomery, Alabama 36130-2405
Central Office - Plaza (205) 242-8700

September 9, 1994

Vaughn, Anthony Keith
AIS 168490
Lee County Jail

Department of Corrections
Montgomery, AL

Your case has been reviewed and scheduled for parole consideration in ____12/94____.
This action was taken for the following reasons:

_____   1/3 of total sentence.

__XXX__   Guideline setting.

_____   Additional conviction.

_____   Jail credit change.

_____   Placed in IGT status.

_____   Removed from IGT status.

_____   Change in total term.

_____   Reset because of escape.

_____   Computation error.

_____   Recommendation by trial judge, district attorney or prison official.

_____   Other _____.

Sincerely,

William C. Young
Executive Director

WCY/ ml

cc:   Warden
      Parole Office  Opelika
      Computer Unit
      File

CO Form 018
(Revised 6/93)

ALABAMA DEPARTMENT OF CORRECTIONS                    INST:    241
INMATE SUMMARY AS OF 07/27/94                        CODE: CSM01

**********************************************************************

AIS: _____    INMATE: VAUGHN, ANTHONY KEITH           RACE: B   SEX: M

INSTITUTION: 241 - LEE                                   JAIL CR: 00Y00M26D

DOB: _____    SSN: _____

REC DT: 04/01/92    DEAD TIME: 00Y 00M 00D

ADM TYP: NEW COMMITMENT - SPLIT SENTENCE     STAT: NEW COMIT FROM CRT W/REV OF PROB

CURRENT CUST: MIN-3    CURRENT CUST DT: 07/18/94     PAROLE REVIEW DATE: -NONE-

SECURITY LEVEL: NO CLASSIFICATION RECORD FOUND

SERVING UNDER ACT466 LAW IN CLASS II           CURRENT CLASS DATE:   07/18/94
INMATE IS EARNING & EARNS 40 DAYS FOR EACH 30 SERVED

COUNTY      SENT DT  CASE NO    CRIME                    JL-CR      TERM
LEE         07/18/94N92000107  ROBBERY II               02660 C0SY 00M 00D CS

TOTAL TERM      MIN REL DT      GOOD TIME BAL    LONG DATE
00SY 00M 00D    03/21/1985      00CY 00M 12D     10/21/1996

SPECIAL LITERAL:
**********************************************************************

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER-WARRANT RECORDS

**********************************************************************

SUPERVISION SUMMARY
    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NOT ESCAPED FROM ALABAMA D.O.C.
    INMATE INCARCERATED SINCE IN 1978

**********************************************************************

DISCIPLINARY SUMMARY
    INMATE CURRENTLY HAS NO DISCIPLINARY RECORDS

# INMATE REQUEST FORM
### (Form #8)

Name: _Anthony Vaughn_    Cell: _F-2_    Date: _7-30-94_    Time: _____

| | | | | |
|---|---|---|---|---|
| Telephone Call ☐ | Medical ☐ | Special Visit ☐ | Grievance ☐ | Sheriff ☐ |
| Chief Deputy ☐ | Lieutenant ☐ | Personal Problem ☐ | Notary ☐ | Trusty ☑ |

Other ☐ _____

## BRIEFLY OUTLINE YOUR REQUEST, THEN GIVE TO JAILER.

Im Replying To Be A Trusty, for I CAN

Be Able To get own the Hall, for I CAN

Be Able To work A Detail Thanks

## DO NOT WRITE BELOW THIS LINE, FOR REPLY ONLY

8/3/94    Denied by Sgt Robonson

All requests will be routed through the jail shift supervisor then forwarded to those the request is directed to.

Shift Supervisor ☐    Lieutenant ☐    Major ☐    Sheriff ☐

Jailer: _____    Date: _____    Time: _____

Copies to:    Inmate
    Inmate file
    Chief Deputy
    Disciplinary Hearing Board

ALABAMA BOARD OF PARDONS AND PAROLES

REPORT OF INVESTIGATION

Type of Investigation ___Pre-Probation___                                          Date Dictated ___3-26-92___

Name ___ANTHONY KEITH VAUGHN___          True Name ___Anthony Keith Vaughn___

Alias: ___None___

RSA ___B/M, 19___ DOB ___[redacted]___        Height and Weight ___6'1"   160 lbs.___

Complexion ___Dark___                                    Color or Hair ___BLK___ Color of Eyes ___BRO___

Bodily Marks ___Scar on neck___

Driver's License # ___Alabama  5831556___               SS# ___[redacted]___

AIS# _____ FBI# ___283 950 NA1___          SID# ___AL-01207876___

Address ___514 Martin Luther King Ave.___               Phone # ___205/749-7922___

___Opelika, AL  36801___

County ___Lee___                                        Case # ___CC-92-107___

Offense(s) ___Robbery, II___

Sentence(s) ___10 Years___

Date of Sentence ___2-7-92___          Date Sentence began ___7-18-94___

Date of Arrest ___1-3-92___ Date of Bond ___1-17-92___    Bond Amt. $ ___5,000___

Judge ___James T. Gullage___                D.A. ___Ron Myers___

Attorney ___Thomas E. Jones___              Retained _____ Appointed ___X___

Court Ordered Restitution $ ___190.00___

Barred from Parole Yes _____           No ___X___

Copies sent to Central Records ___7-18-94___
                                      (date)

NOTES:    Jail Credit:  14 days

4-1-92: Ordered to Boot Camp.
Submit to random drug screens. Pay Court
ordered monies at a rate of $30.00 per
week beginning 11-1-92.
7/18-94: Probation Revoked

PBF 203 (3/91)

PRESENT OFFENSE

County, Court, and Case Number:

Lee County Circuit Court, 92-107.

Offense:

Robbery, II.

Sentence:

10 Years.

Date of Sentence:

2-7-92.

Details of Offense:

On 8-20-91, the Opelika Police Dept. received a complaint of a Robbery that occurred at 409 Jeter Avenue in Opelika, Alabama. Officers responded to the call and met with the victim, James Dowdell. Dowdell told Officers that a black male came to his door and asked for a glass of water. Dowdell let him in and went to the kitchen to get the water, followed by the black male. When Dowdell started back to the livingroom, he was grabbed from the rear by the black male. Dowdell said they fought up the hall and back into the livingroom. Dowdell said the black male pushed him into a chair a held him there. Dowdell said only then did he see the second black male who went into the bedroom next to the livingroom and started going through the dresser drawers and the chest of drawers. Dowdell said the robbers took two pistols and 80 one-half dollar coins. Dowdell said both of the robbers then ran from the front of the house. Dowdell went out the front door behind them but did not see where they ran. Dowdell said when he got outside he saw his niece, Cynthia Martin. Martin saw the two robbers run from the house in the direction of Jeter Park. Cynthia described the two to Catherine Edwards who identified them by description as Keith and "Moon Dog". Moon Dog is the street name of Robin LaCarris Clifton.

On 8-21-91, less than 30 minutes after the robbery, Robin Clifton was stopped at the intersection of Samford Ave. and Samford Court, approximately four blocks from the scene of the robbery. Clifton voluntarily consented to a search of his vehicle. Found in the car was a brown wallet that contained a driver's license and other identification belonging to Anthony Keith VAUGHN. VAUGHN was not in the vehicle at the time. Nothing was seized from the vehicle at that time. Clifton was released and left the area.

On 8-21-91, Detective Abernathy met with James Dowdell at the Opelika Police Dept. Dowdell was shown two photographic lineups of similar black males. Dowdell positively identified the photograph of Anthony Keith VAUGHN as one of the robbers from the first lineup and tentatively identified the photograph of Robin LaCarris Clifton, aka Moon Dog, from the second lineup. Detective Jim Murphy then showed the lineup to Catherine Edwards who identified the photograph of Anthony Keith VAUGHN as the person she saw with Robin Clifton in Jeter Park earlier in the evening.

On 8-22-91, James Dowdell signed a warrant for Robbery, II, on Anthony Keith VAUGHN.

On 1-3-92, Anthony Keith VAUGHN was arrested on the warrant signed by James Dowdell. VAUGHN was advised of his Rights which he stated he understood and waived. VAUGHN confessed to his involvement in the Robbery and named Robin LaCarris Clifton, alias Moon Dog, as the other person involved in the Robbery.

-2-

Subject's Statement:

"In August of 1991, I was staying across town and a guy named Robin came and got me. He said, 'Let's go and get some beer.' So we went and got some beer and then went to the top of Jeter Park. We drank some beer and then he said, 'Let's get a dollar shot of whiskey.' I then walked with him to get the whiskey. We went inside a man's house, got two dollar shots, and got ready to leave. Robin then hit the man to the floor and told me to hold him and I did. I then heard a car coming and I left."

Case Status of Co-defendants:

Robin LaCarris Clifton pled guilty on 2-6-92 to the offense of Robbery, II. He was sentenced to 12 years in the state penitentiary. A probation hearing has been scheduled for 4-1-92.

Victim notification Information:

The victim in this case is James Dowdell.

Victim Impact:

Although a Victim's Impact Report has been mailed to the victim, no response has been received as of this date.

Location of Offense:

Opelika, Alabama.

Court Ordered Restitution:

$190.00.

## RECORD OF ARREST(S)

Prior Arrest Record:

| 5-15-90 | Lee Co. Juv Ct | Ungovernable Behavior | Adjudicated CHINS, placed on probation |
| 7-12-90 | Lee Co. Juv Ct | CHINS Violation | Adjudicated CHINS, released into the care, custody, & control of his mother; he shall remain under "In-house Arrest" & on probation w/the Juvenile Court until further order of the Court |
| 7-22-91 | Opelika PD | Public Intoxication | $94.00 |
| 7-22-91 | Opelika PD | Poss. of Marijuana | $244.00 & 30 days; susp. days, 2 Yrs probation |

Subsequent Arrest Record:

None found.

-3-

## PHYSICAL AND MENTAL HEALTH

VAUGHN claims no physical or mental disabilities. He admits to the use of marijuana for one year (1991, smoking marijuana on a monthly basis). He states that drugs are not a problem for him. VAUGHN admits to the occasional consumption of alcoholic beverages but denies having a drinking problem.

## PROBATION AND PAROLE OFFICER'S REMARKS

According to character reference letters received in my office, VAUGHN is described as a young man who is easily influenced by others. He is also described as a giving and free-hearted young man.

According to records received from Opelika High School, VAUGHN'S academic achievement and attendance were described as poor.

Due to the nature of VAUGHN'S offense, he does not appear to be a good candidate for probation.

## PROBATION PLAN

Home Situation:

If granted probation, VAUGHN proposes to continue residence with his cousin, Kim Billingsley, at 514 Martin Luther King Ave., Opelika, AL  36801.

Employment:

VAUGHN is currently unemployed but seeking employment.


Signed and Dated at Opelika, Alabama, the 27th day of March, 1992.

Donnelle Thompson
Alabama Probation & Parole Officer

DT/brl

STATE OF ALABAMA

BOARD OF PARDONS AND PAROLES

OFFICER'S REPORT ON DELINQUENT PROBATIONER

Probationary Judge __James T. Gullage__    Court __Circuit__

Probationer __Anthony Keith VAUGHN__    Co. No. __92-107__    County __Lee__

Race, Sex & Age __B/M, 20, DOB:__    Date of Conviction __2-7-92__

Offense __Robbery, II__    Date of Probation __10-6-92__

Sentence __10 Years__    Probation Period __3 Years__

Date of Delinquency __revoked 7-18-94__    Probation Expires __10-6-95__

Restitution Paid $ __none; owes $95.00__    Supervision Fee Paid $ __none; owes $80.00__

## DELINQUENT CHARGE OR CHARGES

CHARGE NO. 1
VIOLATION OF CONDITION NO. 4
FAILURE TO REPORT TO PROBATION OFFICE AS INSTRUCTED

LEGAL FACTS:

A Probation Officer's Authorization of Arrest was issued on Anthony VAUGHN on 12-18-92.

DETAILS:

On 10-7-92, the conditions of probation were explained to Anthony Keith VAUGHN. Among those conditions included Condition No. 4 which states that a probationer not later than the fifth day of each month must make a full and truthful report to his Probation Officer. Since the aforementioned date, VAUGHN has not reported to the Probation Office. This Officer has attempted to contact VAUGHN by home visits, letters, and cards, but to no avail.

CHARGE NO. 2
VIOLATION OF CONDITION NO. 8
FAILURE TO PAY SUPERVISION FEES

LEGAL FACTS:

A Probation Officer's Authorization of Arrest was issued on Anthony VAUGHN on 12-18-92.

DETAILS:

On 10-7-92, the conditions of probation were explained to Anthony Keith VAUGHN. Among those conditions included Condition No. 8 which states that a probationer must pay $20.00 per month supervision fee as required by law. VAUGHN is currently four months ($80.00) arrears in supervision fee payments. To date, no payments have been made.

PB Form 207
Revised 10/87

CHARGE NO. 3
VIOLATION OF SPECIAL CONDITION
FAILURE TO SUBMIT TO MONTHLY RANDOM DRUG SCREENS

LEGAL FACTS:

A Probation Officer's Authorization of Arrest was issued on Anthony K. VAUGHN on 12-18-92.

DETAILS:

On 10-6-92, VAUGHN appeared in Lee Co. Circuit Court before Judge James T. Gullage.  On that date, he was ordered to submit to monthly random drug screens.  Since VAUGHN's probation date, he has not submitted to any drug screens.  Numerous cards and letters have been mailed to VAUGHN's address, but to no avail.

CHARGE NO. 4
VIOLATION OF SPECIAL CONDITION
FAILURE TO PAY COURT-ORDERED MONIES AS INSTRUCTED

LEGAL FACTS:

A Probation Officer's Authorization of Arrest was issued on Anthony VAUGHN on 12-18-92.

DETAILS:

On 10-6-92, VAUGHN appeared in Lee Co. Circuit Court before Judge James T. Gullage.  On that date, VAUGHN was ordered to pay Court-ordered monies at a rate of $20.00 per week beginning 11-1-92.  VAUGHN has made no payments toward Court-ordered monies, leaving a balance of $703.00.

SUPERVISION SUMMARY:

Anthony Keith VAUGHN was placed on probation on 10-6-92.  Since that date, VAUGHN has not reported to the Probation Office, paid supervision fees, submitted to monthly random drug screens, nor made any payments toward his Court-ordered monies.  Numerous card, letters, and attempted home visits have been made to VAUGHN's address, but to no avail.

RECOMMENDATION:

I recommend revocation.


Signed and Dated at Opelika, Alabama, the 8th day of February, 1993.


Donnelle Thompson
Alabama Probation & Parole Officer


DT/brl


-2-

# STATE OF ALABAMA

## BOARD OF PARDONS AND PAROLES

### OFFICER'S REPORT ON DELINQUENT PROBATIONER  --SUPPLEMENT to

Report dated 2-8-93

Probationary Judge __James T. Gullage__    Court __Circuit__

Probationer __ANTHONY KEITH VAUGHN__    Co. No. __CC-92-107__    County __Lee__

Race, Sex & Age __B/M, 21, DOB:__ ████    Date of Conviction __2-7-92__

Offense __Robbery, II__    Date of Probation __10-6-92__

Sentence __10 years__    Probation Period __3 years__

Date of Delinquency __7-18-94 revoked__    Probation Expires __10-6-95__

Restitution Paid $ __owes $703.00__    Supervision Fee Paid $ __owes $400.00__

## DELINQUENT CHARGE OR CHARGES

CHARGE NO. 5
VIOLATION OF CONDITION NO. 1
NEW OFFENSE - CRIMINAL MISCHIEF, III

LEGAL FACTS:

A Probation Officer's Authorization of Arrest was issued on 12-18-92.  On 5-23-94, VAUGHN appeared in Opelika Mun. Ct. and was sentenced to 60 days CC for Criminal Mischief, III.

DETAILS:

On 9-2-93, at 7:50 a.m., Officers met with Fannie M. Thomas at #12 Ave. A in reference to Keith VAUGHN and Anthony Russell shooting into a residence.  Ms. Thomas advised that on 9-1-93 between 9:30 and 10 o'clock p.m. VAUGHN and Russell came into the yard at #12 Avenue A. At this point, VAUGHN shot a handgun at Jerry Thomas.  VAUGHN and Russell then fled on foot. On 9-2-93, at 7:30 a.m., Ms. Thomas discovered that a bullet had struck her house on the south side.  Ms. Thomas advised that A. C. Farmer recovered the bullet and turned it over to Officer Stamps.  Investigator Jim Murphy arrived at the scene and took pictures of the house.  The bullet was turned over to Investigator Murphy.

CHARGE NO. 6
VIOLATION OF CONDITION NO. 1
NEW OFFENSE - RECKLESS ENDANGERMENT

LEGAL FACTS:

A Probation Officer's Authorization of Arrest was issued on VAUGHN on 12-18-92.  On 5-23-94, VAUGHN appeared in Opelika Municipal Court and was sentenced to 180 days for Reckless Endangerment.  VAUGHN is to remit all fine and costs in all cases after sentence.

PB Form 207
Revised 10/87

DETAILS:

See Details in Charge No. 5. The victim in this case, Jerry Thomas, advised that Keith
VAUGHN and Anthony Russell came to his house. They were in the front yard yelling for
Thomas to come out of the house to fight. Thomas walked away from the front door and re-
turned a short time later to find VAUGHN shooting a handgun in the air. Both subjects then
left the area on foot.

RECOMMENDATION:

Anthony Keith VAUGHN was declared delinquent 1-13-93 by Hon. James T. Gullage. Since that
date, the subject has made no attempts to comply with the Order of Probation. It appears
that VAUGHN only reported once, that being the day after he was granted probation on
10-6-92. Not until 5-11-94, had any contact been made with VAUGHN and this was only when
the Opelika Police Dept. had made a traffic stop and Dispatch requested information on the
subject. At this time, VAUGHN was incarcerated in the Lee Co. Jail as a probation violator.

It is the opinion of this Officer that VAUGHN should be brought before the Court to show
cause why his probation should not be revoked.

Signed and Dated at Opelika, Alabama, the 20th day of May, 1994.

Donna Russ
Alabama Probation & Parole Officer

DR/brl

# INMATE REQUEST FORM
### (Form #8)

Name: _Anthony Vaughn_ C II: _F-2_ Date: _7-18-94_ Time: _____

| | | | | |
|---|---|---|---|---|
| Telephone Call ☐ | Medical ☐ | Special Visit ☐ | Grievance ☐ | Sheriff ☐ |
| Chief Deputy ☐ | Lieutenant ☐ | Personal Problem ☐ | Notary ☐ | Trusty ☑ |
| Other ☐ | | | | |

### BRIEFLY OUTLINE YOUR REQUEST, THEN GIVE TO JAILER.

I'm Replint To Be A Trusty If possible
For I can get Some Kind of work
Detaile or on The Hall. Thanks

### DO NOT WRITE BELOW THIS LINE, FOR REPLY ONLY

7/19/94    Disapproved by Sgt. Roberson

All requests will be routed through the jail shift supervisor then forwarded to those the request is directed to.

Shift Supervisor ☐    Lieutenant ☐    Major ☐    Sheriff ☐

Jailer: _____    Date: _____    Time: _____

Copies to:    Inmate
              Inmate file
              Chief Deputy
              Disciplinary Hearing Board

# INMATE REQUEST FORM
(Form #8)

Name: Anthony Vaughn    Cell: F-2    Date: 6-19-94    Time: _____

| | | | | | |
|---|---|---|---|---|---|
| Telephone Call ☐ | Medical ☐ | Special Visit ☑ | Grievance ☐ | Sheriff ☐ |
| Chief Deputy ☐ | Lieutenant ☐ | Personal Problem ☐ | Notary ☐ | Trusty ☐ |

Other ☐

## BRIEFLY OUTLINE YOUR REQUEST, THEN GIVE TO JAILER.

I'm Requesting For A Special Visit If possible
For I can get A Chance To see My son Before
this month out Next Sunday. If possible I like to
know Ahead of time If I'm going to get A chance
To get A Visit. Thanks

### DO NOT WRITE BELOW THIS LINE, FOR REPLY ONLY.

Request Approved For 8-6-94  9:00 Am

Cpl Beamon

All requests will be routed through the jail shift supervisor then forwarded to those the request is directed to.

Shift Supervisor ☐    Lieutenant ☐    Major ☐    Sheriff ☐

Date: _____    Time: _____

Copies to:    Inmate
Inmate file
Chief Deputy
Disciplinary Hearing Board



P.O. BOX 2485 • OPELIKA, ALABAMA 36803-2485 • TELEPHONE (205) 749-3283

Lee County Sheriff
Hamilton Road
Opelika, Alabama

TO WHOM IT MAY CONCERN:

The following subject has been transfered to your jail on 5/23/94

_____ He/She has not made bond on misdemeanor charge/s here;

or

__X__ He/She has to serve days at the Opelika City Jail after making bond at the Sheriff's Office.

NAME: Vaughn, Anthony L
DOB: ███████████
RACE: B
SEX: M

Please notify the Opelika Police Department before releasing on bond.

Signed: _____

DATE: 5/23/94

MC94 00265-60
MC94 00266-180
MC91 00714 > 20
MC91 00 715 days

260
days to
serve

## LEE COUNTY SHERIFF'S DEPARTMENT
## SHORT TERM RELEASE OF INMATE TO OTHER AGENCY REPORT
### (Form #23)

INMATE'S NAME _Vaugh Anthony_____ ID#_____

AGENCY RELEASED TO _____ RECEIVING OFFICER _____

DATE _05-23-94_____ TIME _12:45_____

INMATE'S SIGNATURE _Anthony K. Vaughn_____

RELEASING OFFICER _P. Raven_____


DATE INMATE RETURNED _5/22/9_____ TIME RETURNED _1826_____

INMATE'S SIGNATURE _Anthony Vaughn_____

RECEIVING OFFICER _____

# STATE OF ALABAMA
## BOARD OF PARDONS AND PAROLES
### Montgomery, Alabama

### ORDER OF PROBATION AND PAROLE OFFICER

### AUTHORIZING ARREST OF PROBATION VIOLATOR

TO: SHERIFF OF ___LEE___ COUNTY OR ANY LAWFUL OFFICER

OF THE STATE OF ALABAMA

___ANTHONY KEITH VAUGHN___ Court No. __CC#92-107__ who was

Convicted in ___Lee___ County of the offense of __Robbery, II__

and who was sentenced to a term of __ten (10)__ years in

the penitentiary or to Hard Labor for the county and who was granted probation on _10-6-92_

_____ for a period of __three (3)__ years

has in the judgment of the undersigned probation and parole officer violated the conditions of his

probation. Therefore, by virtue of the authority vested in me by Title 15-22-54, Code of Alabama,

1975, as amended, you are hereby given this written authority to take the said _____

___ANTHONY KEITH VAUGHN___ into your custody and hold him for the further order

of the Judge of the Circuit Court of ___Lee___ County.

Dated at __Opelika__ Alabama, this the __18th__ day of __December__

19 _92_ .

_Dannelle Thompson_
Probation and Parole Officer

B/M, DOB:   9-7-72

Address:   117 Chester Avenue
           Opelika, Alabama

PB Form 209
Revised 5/31/82

## INMATE REQUEST FORM
### (Form #8)

Name: Anthony Varbha    C ll: F-2    Date: _____    Time: _____

Telephone Call ☐    Medical ☐    Special Visit ☐    Grievance ☐    Sheriff ☐

Chief Deputy ☐    Lieutenant ☐    Personal Problem ☐    Notary ☐    Trusty ☑

Other ☐ _____

### BRIEFLY OUTLINE YOUR REQUEST, THEN GIVE TO JAILER.

I'm Asking for A Status As A trusty willing to work fellow Direction get Along with everyone else

---

*DO NOT WRITE BELOW THIS LINE, FOR REPLY ONLY*

5/18/94 Dened At this time by Sgt. Roberson

---

All requests will be routed through the jail shift supervisor then forwarded to those the request is directed to.

Shift Supervisor ☐    Lieutenant ☐    Major ☐    Sheriff ☐

By: William Ely    Date: 5-14-94    Time: 1002

Copies to:    Inmate
             Inmate file
             Chief Deputy
             Disciplinary Hearing Board

ALABAMA BOARD OF PARDONS AND PAROLES

REPORT OF INVESTIGATION

16:45 05/11/94 096042
YQ.AL0430202.AL0430000
AIN/12238931.NIC/W794541496.OCA/CC92-107.NAM/VAUGHN,ANTOHNY KEITH.DOB/███████.RAC
/B.SEX/M.REMARKS/WE HAVE THIS SUBJ DETAINED AT THIS TIME..PLEASE PROVIDE A RESPO
NSE WITHIN 10 MINUTES OR A NOTICE OF THE SPECIFIC AMOUNT OF TIME NECESSARY TO CO
NFIRM OR REJECT THIS HIT.AUTH/SGT J SMITH.OPR/GRIFFIN
SEQ # 0231 MRI # 096042

19:19 03/14/94 093659
AL0430000
NAM/VAUGHN,ANTHONY KEITH   NIC/W794541496
SEQ # 0388 MRI # 093659

*submit to random drug screens. Pay Court
ordered monies at a rate of $50.00 per
week beginning 11-1-92.*

PBF 203 (3/91)

# LEE COUNTY SHERIFF'S DEPARTMENT
## REGULATIONS RECEIPT
### (Form 17)

Date: _05-11-94_                          Time: _1939_

I, _Vaughn, Anthony_ _____, have received copy

number _386_ of the Rules and Regulations governing inmates in the Lee County Jail which

I am/am not (mark one out) able to read. I understand that while in this institution I will abide

by these Rules and Regulations.

I will return the copy of the Rules and Regulations upon my release from jail. I also

understand that I will be responsible for the loss or any damage of the Inmate Rules and

Regulations Handbook and will be charg $2 for its replacement. I also understand that if I

fail to pay for the replacement of the lost or damaged handbook I will have additional criminal

charges filed against me for destruction of county property.

Years of School _11__                    _Anthony Vaughn_
                                         Inmate's Signature

_Vaughn, Anthony_ _____ has today received copy number _386_ of the Lee

County Sheriff's Department Rules and Regulations for Inmates.

[✗]  Said inmate stated to me that he was able to read the Rules and Regulations.

[ ]  Said inmate stated that he was not able to read the Rules and Regulations and I explained
     the orientation rules to him.

                                         _O. Dn.S_
                                         Jailer's Signature

                                         Date: _05-11-94_ Time: _1940_

# INDIVIDUAL'S PERSONAL EFFECTS

## In Possession Of

## SHERIFF'S OFFICE, LEE COUNTY

NAME _UAULTIN ANTHONY_

SEARCHED BY

TIME _0516_                    DATE _7-29-02_

MONEY $ _0_

ARTICLES BY NAME _necklace gold in color_
_1 Belt_

The above listing is all my personal effects turned in to Sheriff's Office at the time of booking.

Signature _X_____

Please Call

## PROPERTY RECEIPT

I hereby acknowledge receipt of the articles named above.

On this date _8-6-02_

Signature _X_____

JP232

ALABAMA DEPARTMENT OF CORRECTI        INST:   241
INMATE SUMMARY AS OF 07/21/92        I. / COPY        CODE: CIADM

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AIS: 00168490     INMATE: VAUGHN, ANTHONY KEITH         RACE: B   SEX: M

INSTITUTION: 241 # LEE                        JAIL CR: 00Y00M14D

DOB: ▮▮▮▮▮2     SSN: 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

ADM DT: 04/01/92     DEAD TIME: 00Y 00M 00D

ADM TYP: NEW COMMITMENT # SPLIT SENTENCE     STAT: NEW COMMITMENT # SPLIT SENTENCE

CURRENT CUST: OTW-5     CURRENT CUST DT: 04/01/92     PAROLE REVIEW DT:

SECURITY LEVEL: NO CLASSIFICATION RECORD FOUND

| COUNTY | SENT DT | CASE NO | CRIME | JL CR | TERM |
|--------|---------|---------|-------|-------|------|
| LEE | 04/01/92 | N92000107 | ROBBERY II | 0014D | 003Y 00M 00D CS |
|  |  |  | 5YRS PROBATION |  |  |
|  | COURT COSTS : $0000230 | | FINES : $0000000 | RESTITUTION : $0000145 | |

| TOTAL TERM | MIN REL DT | GOOD TIME BAL | LONG DATE |
|------------|-----------|---------------|-----------|
| 003Y 00M 00D | 03/16/1995 | 000Y 00M 00D | 03/16/1995 |

INMATE LITERAL: SERVE MAX 180DAYS BC
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ESCAPEE-PAROLE SUMMARY
    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
    SINCE O.B.S.C.I.S. RECORDING BEGAN IN 1978

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DISCIPLINARY SUMMARY
    INMATE CURRENTLY HAS NO DISCIPLINARY RECORDS

JP232

ALA / MA DEPARTMENT OF CORRECTION
INMATE SUMMARY AS OF 07/21/92

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AIS: 00168490    INMATE: VAUGHN, ANTHONY KEITH          RACE: B   SEX: M

INSTITUTION: 241 ░ LEE                              JAIL CR: 00Y00M14D

DOB: ▬▬▬▬▬    SSN: 000░00░0000

ADM DT: 04/01/92    DEAD TIME: 00Y 00M 00D

ADM TYP: NEW COMMITMENT ░ SPLIT SENTENCE    STAT: NEW COMMITMENT ░ SPLIT SENTENCE

CURRENT CUST: OTW░5    CURRENT CUST DT: 04/01/92   PAROLE REVIEW DT:

SECURITY LEVEL: NO CLASSIFICATION RECORD FOUND

| COUNTY | SENT DT | CASE NO | CRIME | | JL CR | TERM |
|--------|---------|---------|-------|--|-------|------|
| LEE | 04/01/92 | N92000107 | ROBBERY II | | 00140 | 003Y 00M 00D CS |
| | | | 5YRS PROBATION | | | |
| | COURT COSTS | : $0000230 | FINES : $0000000 | RESTITUTION : $0000145 | | |

| TOTAL TERM | MIN REL DT | GOOD TIME BAL | LONG DATE |
|------------|-----------|---------------|-----------|
| 003Y 00M 00D | 03/16/1995 | 000Y 00M 00D | 03/16/1995 |

INMATE LITERAL: SERVE MAX 180DAYS BC
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SCAPEE PAROLE SUMMARY
    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
    SINCE O.B.S.C.I.S. RECORDING BEGAN IN 1978

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ISCIPLINARY SUMMARY
    INMATE CURRENTLY HAS NO DISCIPLINARY RECORDS

# INDIVIDUAL'S PERSONAL EFFECTS

### In Possession Of

## SHERIFF'S OFFICE, LEE COUNTY

NAME Vaughn, Anthony

SEARCHED BY Everett

TIME 1300    DATE Feb 4, 92

MONEY $ No Money

ARTICLES BY NAME 2 Ear Rings Gold in Color
1 Belt

The above listing is all my personal effects turned in to Sheriff's Office at the time of booking.

Signature _Anthony K. Vaughn_

Please Call:

## PROPERTY RECEIPT

I hereby acknowledge receipt of the articles named above.

On this date _7-22-92_

Signature: _Anthony K. Vaughn_

ACS359

ALABAMA JUDICIAL DATA CENTER
LEE COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

CC 92 000107.00
JAMES T. GULLAGE

CIRCUIT COURT OF LEE COUNTY                    COURT ORI: 043015 J

STATE OF ALABAMA        VS.                    DC NO:

VAUGHN ANTHONY KEITH      ALIAS:          G J:    000201
515 MARTIN LUTHER KING BL ALIAS:          SSN:
OPELIKA AL  36801                         SID:
                                          AIS:

DOB: _____  SEX:    HT:      WT:      HAIR:       EYE:

RACE: ( )W (X)B ( )O  COMPLEXION: _____  AGE: _____  FEATURES: _____

DATE OFFENSE: 00/00/00  ARREST DATE: 01/03/92  ARREST ORI: _____

CHARGES & CONV              CITES        OFF CLASS: (X)A ( )B ( )C
ROBBERY 1ST DEGREE            13A-8-41

JUDGE: JAMES T. GULLAGE        PROSECUTOR: MYERS, RONALD L

PROBATION APPLIED   GRANTED   DATE   REARRESTED DATE  REVOKED  DATE

(X)Y( )N  2-7-92   ( )Y(X)N  4-1-92  ( )Y( )N _____  ( )Y( )N _____

ACT 754-76              IMPOSED    SUSPENDED    TOTAL    JAIL CREDIT
(X)Y ( )N  CONFINEMENT: 10 00 000  00 00 000  10 00 000  00 00 014
           PROBATION :  00 00 000             00 00 000

DATE SENTENCED: 02/07/92    SENTENCE BEGINS:    04/01/92

PROVISIONS                          COSTS/RESTITUTION

X COURT COSTS              RESTITUTION      ~~100.00~~ 95.00
X RESTITUTION              ATTORNEY FEE
X CRIME VICTIM             CRIME VICTIMS     50.00
X RECOUPMENT               COST             230.00
X PENITENTIARY             FINE
X SPLIT SENTENC
X BOOT CAMP                TOTAL

APPEAL DATE      SUSPENDED        AFFIRMED         REARREST

( )Y( )N _____  ( )Y( )N _____  ( )Y( )N _____  ( )Y( )N _____

REMARKS:

Total Term of Conviction 10 years.  Sentence
is split and the defendant shall serve 3 years
in the penitentiary and then placed on prob.
for 5 years.  It is further ordered that the
defendant is to complete up to 180 days in the
Disciplinary Rehabilitation Program (Boot Camp),
on successful completion of which he is to be
returned to the court for probation hearing.

THIS IS TO CERTIFY THAT THE
ABOVE INFORMATION WAS EXTRACTED
FROM OFFICIAL COURT RECORDS AND
AND IS TRUE AND CORRECT.

_Annette Hardy_
ANNETTE HARDY

04/06/92

OPERATOR: LEW
PREPARED: 04/06/92



## LEE COUNTY SHERIFF'S DEPARTMENT

Fax Number   749-4835              Voice Phone Number (205)749-5651

*1-205-242-9399*

Date: *5-26-92*

From: *Major Cary Torbert*

To: *Lt. Cecil Atchinson DOC*

M     e     s     s     a     g     e     :

*Transcript on Vaughn, Anthony Keith*

To acknowledge:  *✓*  Yes          _____  No

Number of Pages (including cover sheet) *2*

# Exhibit A
# Inmate File of Anthony Keith Vaughn
# Part 3

ACS359

ALABAMA JUDICIAL DATA CENTER
LEE COUNTY
TRANSCRIPT OF RECORD
CONVICTION REPORT

CC 92 000107.00
JAMES T. GULLAGE

CIRCUIT COURT OF LEE COUNTY

COURT ORI: 043015 J

STATE OF ALABAMA       VS.

DC NO:

VAUGHN ANTHONY KEITH    ALIAS:
515 MARTIN LUTHER KING BL ALIAS:
OPELIKA  AL  36801

G J:     000201
SSN:            0
SID:            0
AIS:            0

DOB: ▓▓▓▓▓▓    SEX:    HT:    0    WT:    0   HAIR:          EYE:

RACE: ( )W (X)B ( )O    COMPLEXION: _____   AGE: _____  FEATURES: _____

DATE OFFENSE: 00/00/00   ARREST DATE: 01/03/92   ARREST ORI:

CHARGES @ CONV              CITES         OFF CLASS: (X)A ( )B ( )C
ROBBERY 1ST DEGREE          13A-8-41
                            00000000000000
                            000000000000000

JUDGE: JAMES T. GULLAGE          PROSECUTOR: MYERS, RONALD L

PROBATION APPLIED   GRANTED   DATE        REARRESTED DATE   REVOKED   DATE
(X)Y( )N   2-7-92   ( )Y( )N _____     ( )Y( )N _____   ( )Y( )N _____

ACT 754-76              IMPOSED    SUSPENDED    TOTAL      JAIL CREDIT
(X)Y ( )N  CONFINEMENT: 10 00 000  00 00 000   10 00 000   00 00 014
           PROBATION  : 00 00 000               00 00 000

DATE SENTENCED: 02/07/92    SENTENCE BEGINS:    04/01/92

PROVISIONS                      COSTS/RESTITUTION

X COURT COSTS                   RESTITUTION    _____
X RESTITUTION                   ATTORNEY FEE   _____
X CRIME VICTIM                  CRIME VICTIMS  _____
X RECOUPMENT                    COST           _____
X PENITENTIARY                  FINE           _____
X SPLIT SENTENC                 MUNICIPAL FEES _____
X BOOT CAMP                     DRUG FEES      _____

                                TOTAL          _____

APPEAL DATE       SUSPENDED      AFFIRMED       REARREST
( )Y( )N          ( )Y( )N       ( )Y( )N       ( )Y( )N

REMARKS:

Ordered to serve 180
days Boot Camp. Successfully
then to be returned for
further prob. hearing

THIS IS TO CERTIFY THAT THE
ABOVE INFORMATION WAS EXTRACTED
FROM OFFICIAL COURT RECORDS AND
AND IS TRUE AND CORRECT.

_Annette Hardy_
ANNETTE HARDY

07/21/92

OPERATOR: LEW
PREPARED: 07/21/92

**DAILY BOOKING SHEET**
**LEE COUNTY JAIL**
OPELIKA, ALABAMA

Security No. _____
I.D. NO. _____ 11631

Date 04-01-93

Time 4:30 p.m.

Photo _No__ FP _N_

Name Vaughn Anthony Keith  Race B Sex M Age 19 Eyes Bro Hair Blk
        (LAST)    (FIRST)

Ht. 5'1  Wt. 155  DOB ____  NCIC Check _____

Address 514 Martin Luther King Blvd  Opelika Ala 36801  749-7582
        STREET    APT.    CITY    STATE    ZIP

Made PX X Yes X No ____ Reason ____  (S)M/T One throat

Next of Kin Dorothian Vaughn _____ Relationship Mother

_____ Opelika Ala 36801 (205) 749-7582

---

| STATE OF ALABAMA UNIFIED JUDICIAL SYSTEM LEE COUNTY FORM CC-30 | COMMITTAL TO CUSTODY | CASE NUMBER | | |
|---|---|---|---|---|
| | | ID | YR | Case No. |

_____ State _____ ,
              PLAINTIFF,

VS.

_____ ,
        DEFENDANT.

IN THE _Circuit_ COURT OF

LEE COUNTY, ALABAMA

CASE NO. _____

The defendant, _Anthony Vaughn_ is

hereby committed to the custody of the Sheriff of Lee County, Alabama for:

_Probation denied_ ( Boot Camp )

_____

Defendant's bond is hereby set at $ _____ .

DONE this the _1_ day of _April_, 19 _93_

_James Gullage_
                          JUDGE

BW

YES __ NO __

Signature of Person Arrested

ARRESTING OFFICER(S) _From Court_

BOOKING OFFICER _Cpl V. Peel_

I HAVE RECEIVED ALL PROPERTIES TAKEN FROM ME BY THE LEE CO. SHERIFFS DEPT.

DATE OF RELEASE _____

TIME OF RELEASE _____

Signature of Person Released

Signature of Released Officer

NAME VAUGHN (LAST)

INMATE REQUEST FORM

NAME: Anthony Vaughn  DATE: 5-27-92
TELEPHONE CAL__ DOCTOR__ DENTIST__ TIME SHEET__
SPECIAL VISIT  PERSONAL PROBLEM  OTHER

BRIEFLY OUTLINE YOUR REQUEST. THEN GIVE TO JAILER
Jerr Major
          I Really need to talk to
you About my time I haven't heard Nothing I
Been Here two month's waiting to go Boot Camp
please let me know something.
                              A.K.V
DO NOT WRITE BELOW THIS LINE, FOR REPLY ONLY

Sgt Roberson spoke to
Vaughn 5/27/92

ALL REQUEST WILL BE ROUTED THROUGH THE SHIFT SUPER-
VISOR OF THE JAIL THEN FORWARDED TO THOSE THE
REQUEST IS DIRECTED TO.

Corporal _____ Sergeant _____ MAJOR √ SHERIFF__
DATE: _____ TIME: _____
JAILER_____

ALABAMA BOARD OF PARDONS AND PAROLES

REPORT OF INVESTIGATION

Type of Investigation _Pre-Probation_      Date Dictated _3-26-92_

Name _ANTHONY KEITH VAUGHN_    True Name _Anthony Keith Vaughn_

Alias: _None_

RSA _B/M, 19_    DOB: ███████    Height and Weight _6'1"   160 lbs._

Complexion _Dark_    Color or Hair _BLK_   Color of Eyes _BRO_

Bodily Marks _Scar on neck_

Driver's License # _Alabama 5831556_    SS# ██████████

AIS# _____ FBI# _283 950 NA1_    SID# █████████

Address _514 Martin Luther King Ave._    Phone # _205/749-7922_

     _Opelika, AL  36801_

County _Lee_    Case # _CC-92-107_

Offense(s) _Robbery, II_

Sentence(s) _10 Years_

Date of Sentence _2-7-92_    Date Sentence began _____

Date of Arrest _1-3-92_    Date of Bond _1-17-92_    Bond Amt. $ _5,000_

Judge _James T. Gullage_    D.A. _Ron Myers_

Attorney _Thomas E. Jones_    Retained _____ Appointed _X_

Court Ordered Restitution $ _190.00_

Barred from Parole Yes _____ No _X_

Copies sent to Central Records _____
        (date)

NOTES: _Jail Credit: 14 days_

_1-1-92 Ordered to Boot Camp._

PBF 203 (3/91)

## PRESENT OFFENSE

County, Court, and Case Number:

Lee County Circuit Court, 92-107.

Offense:

Robbery, II.

Sentence:

10 Years.

Date of Sentence:

2-7-92.

Details of Offense:

On 8-20-91, the Opelika Police Dept. received a complaint of a Robbery that occurred at 409 Jeter Avenue in Opelika, Alabama. Officers responded to the call and met with the victim, James Dowdell. Dowdell told Officers that a black male came to his door and asked for a glass of water. Dowdell let him in and went to the kitchen to get the water, followed by the black male. When Dowdell started back to the livingroom, he was grabbed from the rear by the black male. Dowdell said they fought up the hall and back into the livingroom. Dowdell said the black male pushed him into a chair a held him there. Dowdell said only then did he see the second black male who went into the bedroom next to the livingroom and started going through the dresser drawers and the chest of drawers. Dowdell said the robbers took two pistols and 80 one-half dollar coins. Dowdell said both of the robbers then ran from the front of the house. Dowdell went out the front door behind them but did not see where they ran. Dowdell said when he got outside he saw his niece, Cynthia Martin. Martin saw the two robbers run from the house in the direction of Jeter Park. Cynthia described the two to Catherine Edwards who identified them by description as Keith and "Moon Dog". Moon Dog is the street name of Robin LaCarris Clifton.

On 8-21-91, less than 30 minutes after the robbery, Robin Clifton was stopped at the intersection of Samford Ave. and Samford Court, approximately four blocks from the scene of the robbery. Clifton voluntarily consented to a search of his vehicle. Found in the car was a brown wallet that contained a driver's license and other identification belonging to Anthony Keith VAUGHN. VAUGHN was not in the vehicle at the time. Nothing was seized from the vehicle at that time. Clifton was released and left the area.

On 8-21-91, Detective Abernathy met with James Dowdell at the Opelika Police Dept. Dowdell was shown two photographic lineups of similar black males. Dowdell positively identified the photograph of Anthony Keith VAUGHN as one of the robbers from the first lineup and tentatively identified the photograph of Robin LaCarris Clifton, aka Moon Dog, from the second lineup. Detective Jim Murphy then showed the lineup to Catherine Edwards who iden-tified the photograph of Anthony Keith VAUGHN as the person she saw with Robin Clifton in Jeter Park earlier in the evening.

On 8-22-91, James Dowdell signed a warrant for Robbery, II, on Anthony Keith VAUGHN.

On 1-3-92, Anthony Keith VAUGHN was arrested on the warrant signed by James Dowdell. VAUGHN was advised of his Rights which he stated he understood and waived. VAUGHN confessed to his involvement in the Robbery and named Robin LaCarris Clifton, alias Moon Dog, as the other person involved in the Robbery.

Subject's Statement:

"In August of 1991, I was staying across town and a guy named Robin came and got me. He said, 'Let's go and get some beer.' So we went and got some beer and then went to the top of Jeter Park. We drank some beer and then he said, 'Let's get a dollar shot of whiskey.' I then walked with him to get the whiskey. We went inside a man's house, got two dollar shots, and got ready to leave. Robin then hit the man to the floor and told me to hold him and I did. I then heard a car coming and I left."

Case Status of Co-defendants:

Robin LaCarris Clifton pled guilty on 2-6-92 to the offense of Robbery, II. He was sentenced to 12 years in the state penitentiary. A probation hearing has been scheduled for 4-1-92.

Victim notification Information:

The victim in this case is James Dowdell.

Victim Impact:

Although a Victim's Impact Report has been mailed to the victim, no response has been received as of this date.

Location of Offense:

Opelika, Alabama.

Court Ordered Restitution:

$190.00.

RECORD OF ARREST(S)

Prior Arrest Record:

| 5-15-90 | Lee Co. Juv Ct | Ungovernable Behavior | Adjudicated CHINS, placed on probation |
| 7-12-90 | Lee Co. Juv Ct | CHINS Violation | Adjudicated CHINS, released into the care, custody, & control of his mother; he shall remain under "In-house Arrest" & on probation w/the Juvenile Court until further order of the Court |
| 7-22-91 | Opelika PD | Public Intoxication | $94.00 |
| 7-22-91 | Opelika PD | Poss. of Marijuana | $244.00 & 30 days; susp. days, 2 Yrs probation |

Subsequent Arrest Record:

None found.

## PHYSICAL AND MENTAL HEALTH

VAUGHN claims no physical or mental disabilities. He admits to the use of marijuana for one year (1991, smoking marijuana on a monthly basis). He states that drugs are not a problem for him. VAUGHN admits to the occasional consumption of alcoholic beverages but denies having a drinking problem.

## PROBATION AND PAROLE OFFICER'S REMARKS

According to character reference letters received in my office, VAUGHN is described as a young man who is easily influenced by others. He is also described as a giving and free-hearted young man.

According to records received from Opelika High School, VAUGHN'S academic achievement and attendance were described as poor.

Due to the nature of VAUGHN'S offense, he does not appear to be a good candidate for probation.

## PROBATION PLAN

Home Situation:

If granted probation, VAUGHN proposes to continue residence with his cousin, Kim Billingsley, at 514 Martin Luther King Ave., Opelika, AL  36801.

Employment:

VAUGHN is currently unemployed but seeking employment.

Signed and Dated at Opelika, Alabama, the 27th day of March, 1992.

*Donnelle Thompson*
Donnelle Thompson
Alabama Probation & Parole Officer

DT/br1

-4-

Case 3:06-cv-01048-WC   Document 13-4   Filed 03/02/2007   Page 9 of 47

## LEE COUNTY JAIL
### APPROVED VISITORS LIST

Inmate's Name __Vaughn, Anthony__ R&S _____ NO. __E-3__

| Relationship | Name | Age | Address |
|---|---|---|---|
| 1. ~~Leettha Vaughn~~ | | | |
| 2. Mom | Deretha Vaughn | 37 | 117 Chester Ave |
| 3. Sister | Felicia Vaughn | 16 | 117 Chester Ave |
| 4. Brother | Marquez Vaughn | 12 | 117 Chester Ave |
| 5. friend | Bridgette Jones | 20 | Jeter Street |
| 6. | | | |
| 7. | | | |
| 8. | | | |

(Make Record of Each Visit by Number and on Back of Card)

# STATE OF ALABAMA
## BOARD OF PARDONS AND PAROLES
### Montgomery, Alabama

### ORDER OF PROBATION AND PAROLE OFFICER

### AUTHORIZING ARREST OF PROBATION VIOLATOR

TO SHERIFF OF ____LEE____ COUNTY OR ANY LAWFUL OFFICER

OF THE STATE OF ALABAMA

____ANTHONY KEITH VAUGHN____ Court No. ___CC#92-107___ who was

Convicted in ____Lee____ County of the offense of ____Robbery, II____

and who was sentenced to a term of ___ten (10)___ years in

the penitentiary or to Hard Labor for the county and who was granted probation on ___10-6-92___

____ for a period of ___three (3)___ years

has in the judgment of the undersigned probation and parole officer violated the conditions of his

probation. Therefore, by virtue of the authority vested in me by Title 15-22-54, Code of Alabama,

1975, as amended, you are hereby given this written authority to take the said _____

____ANTHONY KEITH VAUGHN____ into your custody and hold him for the further order

of the Judge of the Circuit Court of ____Lee____ County.

Dated at ___Opelika___ Alabama, this the ___18th___ day of ___December___

19 _92_ .

_Donnelle Thompson_
Probation and Parole Officer

BM; DOB: ████

Address: 117 Chester Avenue
Opelika, Al.

PB Form 209
Revised 5/31/82

## INDIVIDUAL'S PERSONAL EFFECTS

### In Possession Of

## SHERIFF'S OFFICE, LEE COUNTY

NAME _Anthony K. Vaughn_

SEARCHED BY _J. Doe_

TIME _3:20 pm_      DATE _03 Jan 92_

MONEY, $ _0_

ARTICLES BY NAME _1 earring, 2 necklaces, 1 watch_
_1 ribbon, 1 belt_

The above listing is all my personal effects turned in to Sheriff's Office at the time of booking.

Signature _Anthony K. Vaughn_

Please Call

### PROPERTY RECEIPT

I hereby acknowledge receipt of the articles named above.

On this date _1/17/92_

Signature X _Anthony Vaughn_

```
                        LEE COUNTY SHERIFF'S OFFICE
04/18/2005    19:51:39    INMATE BOOKING SHEET              PAGE    1
=================================================================
BOOKING NO: 050001749

INMATE NAME: VAUGHN ANTHONY KEITH
     ALIAS:                              RACE: B      SEX: M
     ALIAS:                              HT: 6'01"   HAIR: BLK
   ADDRESS: #18 RAINBOW T.P.             WT: 190     EYES: BRO
CITY/ST/ZIP: OPELIKA, AL 36801        COMPLEX: BLK
HOME PHONE: 334-                          SSN:
       DOB:            AGE:  32         DL ST:
 PLCE BIRTH: OPELIKA
```

| STATE OF ALABAMA UNIFIED JUDICIAL SYSTEM FORM CC-30 | COMMITTAL TO CUSTODY | CASE NUMBER |   |   |
|---|---|---|---|---|
|  |  | ID | YR | Case No. |

| State of Alabama Unified Judicial System<br><br>Form C-42  Rev 6/88 | ORDER OF RELEASE<br>FROM JAIL | Case Number<br>CS 96-167<br>01-086 |
|---|---|---|

IN THE _____DISTRICT_____ COURT OF _____LEE_____ COUNTY

STATE OF ALABAMA   v. ___Anthony K. Vaughn___

**TO THE JAILER WITH CUSTODY OF THE DEFENDANT**

You are ordered to release from your custody the above named defendant, charged with the offense of

__CONTEMPT OF COURT – CHILD SUPPORT__

Reason for Release  Set for review- 6-20-05; Refered to Career Links

Date 2nd May 2005

COURT RECORD  (Original)    JAILER  (Copy)    Judge/Clerk    By: _____

DONE this the ___21___ day of ___April___, ___.

_____ JUDGE

```
  BIN NUMBER: 48
VEH IMPOUNDED:
 IMPOUND LOT:
    REMARKS: NO INFO OF A VEHICLE
    REMARKS:
=================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: anthony K. Vaugh      DATE: 4/     TIME: _____

BOOK OFFICER: _____          DATE: 4/18  TIME: _____
```

```
                           LEE COUNTY SHERIFF'S OFFICE
04/18/2005    19:51:39      INMATE BOOKING SHEET                    PAGE    2
================================================================================
BOOKING NO: 050001749    INMATE NAME: VAUGHN ANTHONY KEITH
================================================================================
        COURT:                    ATTORNEY ON REC:
        JUDGE:                        PHONE: 000-000-0000
      REMARKS:
      REMARKS:
--------------------------------------------------------------------------------
    BOOK DATE: 04/18/2005  BOOK TIME: 19:42  BOOK TYPE: NORMAL
--------------------------------------------------------------------------------
   ARREST DATE: 04/18/2005   BOOKING OFFICER: THOMAS D34
   ARREST DEPT: LCSO         CELL ASSIGNMENT: D4
 ARRST OFFICER: SGT BLACK          MEAL CODE: 01   LEE COUNTY
 PROJ. RLSDATE: 00/00/0000          FACILITY: 01   COUNTY JAIL
 SEARCH OFFCR: CPL COWHICK     CLASSIFICATION:
  TYPE SEARCH: DRESSED OUT      WORK RELEASE: N
 INTOX RESULTS: SOBER

        HOLDS: N
       AGENCY:              REASON:
       AGENCY:              REASON:
       AGENCY:              REASON:
       AGENCY:              REASON:

        NOTES:
        NOTES:
        NOTES:
```

LEE COUNTY SHERIFF'S OFFICE

04/18/2005   19:51:39         INMATE CHARGE SHEET              PAGE    3

===================================================================================

BOOKING NO: 050001749      INMATE NAME: VAUGHN ANTHONY KEITH

===================================================================================

    CHARGE NO:  1  DISPOSITION: OPEN              HOLD: N

ALA STATUTE:                      # OF COUNTS:   1
    OFFENSE: FTA/C/S                WARRANT #: CS 01 86.00
    CASE #:
    BOND AMT: NO BOND                  FINE:   $10,920.18
    BAIL AMT:
INIT APPEAR: 00/00/0000            SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 04/18/2005            ARST AGENCY: LCSO
ARST OFFICR: SGT BLACK                COUNTY: LEE
      COURT:                           JUDGE:
DEF ATTORNY:                      DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
------------------------------------------------------------------------------------

    CHARGE NO:  2  DISPOSITION: OPEN              HOLD: N

ALA STATUTE:                      # OF COUNTS:   1
    OFFENSE: FTA/C/S                WARRANT #: CS 96 167.01
    CASE #:
    BOND AMT: NO BOND                  FINE:   $27,613.26
    BAIL AMT:
INIT APPEAR: 00/00/0000            SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 04/18/2005            ARST AGENCY: LCSO
ARST OFFICR: SGT BLACK                COUNTY: LEE
      COURT:                           JUDGE:
DEF ATTORNY:                      DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
------------------------------------------------------------------------------------

    CHARGE NO:  3  DISPOSITION: OPEN              HOLD: N

ALA STATUTE:                      # OF COUNTS:   1
    OFFENSE: FTA/DVIII              WARRANT #: CC 04 220
    CASE #:
    BOND AMT: NO BOND                  FINE:      $0.00
    BAIL AMT:
INIT APPEAR: 00/00/0000            SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 04/18/2005            ARST AGENCY: LCSO
ARST OFFICR: SGT BLACK                COUNTY: LEE
      COURT:                           JUDGE:
DEF ATTORNY:                      DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
------------------------------------------------------------------------------------

LEE COUNTY SHERIFF'S OFFICE

04/18/2005    19:51:39          INMATE CHARGE SHEET                        PAGE    4
=================================================================================
BOOKING NO: 050001749        INMATE NAME: VAUGHN ANTHONY KEITH
=================================================================================
   CHARGE NO:   4  DISPOSITION: OPEN                HOLD: N

ALA STATUTE:                          # OF COUNTS:   1
    OFFENSE: FTA/DV III                 WARRANT #: CC 04 221
     CASE #:
   BOND AMT: NO BOND                         FINE:       $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000            SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 04/18/2005               ARST AGENCY: LCSO
ARST OFFICR: SGT BLACK                     COUNTY: LEE
      COURT:                               JUDGE:
DEF ATTORNY:                        DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:

```
04/18/2005    19:51:39    LEE COUNTY SHERIFF'S OFFICE                    PAGE 1
                          MEDICAL SCREENING FORM
================================================================================
Booking No: 050001749  Date: 04/18/2005   Time: 19:42   Type: NORMAL
Agency to Bill: LEE COUNTY                Facility: COUNTY JAIL

Inmate Name: VAUGHN ANTHONY KEITH              Race: B        Sex: M
     DOB: ████████  Age:  32  SSN: ████████  Height: 6'01"  Weight: 190
```

---

1.  Is inmate unconscious?

2.  Does inmate have any visible signs of trauma, illness, obvious pain and bleeding, requiring immediate emergency or doctor's care?

3.  Is there obvious fever, swollen lymph nodes, jaundice or other evidence of infection that might spread through the facility?

4.  Any signs of poor skin condition, vermin, rashes or needle marks?

5.  Does inmate appear to be under the influence of drugs or alcohol?

6.  Any visible signs of alcohol or drug withdrawal?

7.  Does inmate's behavior suggest the risk of suicide or assault?

8.  Is inmate carrying any medication?

9.  Does the inmate have any physical deformities?

10. Does inmate appear to have psychiatric problems?

11. Do you have or have you ever had or has anyone in your family ever had any of the following?

    a. Allergies          f. Fainting Spells        k. Seizures
    b. Arthritis          g. Hearing Condition      l. Tuberculosis
    c. Asthma             h. Hepatitis              m. Ulcers
    d. Diabetes           i. High Blood Pressure    n. Venereal Disease
    e. Epilepsy           j. Psychiatric Disorder   o. Other (Specify)

Other: _____

       _____

       _____

12. For females only:

    a. Are you pregnant?
    b. Do you take birth control pills?
    c. Have you recently delivered?

LEE COUNTY SHERIFF'S OFFIC.

04/18/2005    19:51:39    MEDICAL SCREENING FORM                    PAGE 2
==============================================================================
Booking No: 050001749  Date: 04/18/2005  Time: 19:42  Type: NORMAL
Agency to Bill: LEE COUNTY              Facility: COUNTY JAIL

Inmate Name: VAUGHN ANTHONY KEITH              Race: B         Sex: M
          DOB: ██████████ Age:  32  SSN: ██████████ Height: 6'01"  Weight: 190
------------------------------------------------------------------------------

13.  Have you recently been hospitalized or treated by a doctor?

14.  Do you currently take any non-prescription medication or medication
     prescribed by a doctor?

15.  Are you allergic to any medication?

16.  Do you have any handicaps or conditions that limit activity?

17.  Have you ever attempted suicide or are you thinking about it now?

18.  Do you regularly use alcohol or street drugs?

19.  Do you have any problems when you stop drinking or using drugs?

20.  Do you have a special diet prescribed by a physician?

21.  Do you have any problems or pain with your teeth?

22.  Do you have any other medical problems we should know about?

_____

_____

_____

_____

_____

_____

_____

_____

I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE
TRUE AND ACCURATE.

INMATE:_____    DATE:_____    TIME:_____

BOOK OFFICER:_____    DATE:_____    TIME:_____

```
                          LEE COUNTY SHERIFF'S OFFICE
07/07/2004    14:31:24    INMATE RELEASE SHEET                 PAGE    1
==================================================================
BOOKING NO: 040003167

INMATE NAME: VAUGHN ANTHONY KEITH
        ALIAS:                              RACE: B      SEX: M
        ALIAS:                              HT: 6'01"   HAIR: BLK
      ADDRESS: 1301 YORK AVE #18            WT: 180     EYES: BRO
  CITY/ST/ZIP: OPELIKA, AL 36801        COMPLEX: BLK
   HOME PHONE: 334-██████████               SSN: ██████████████
          DOB: ██████████  AGE:  31      DL ST:              DLN:
   PLCE BIRTH: OPELIKA                      SID:
        STATE: AL                         LOCID: 10631
    M. STATUS: SINGLE
     RELIGION: BAPT
   GANG ASSOC: NO
SCARS/TATTOOS: TATTOO-LORD KNOWS, KILO; SCAR-1" ON ADAMS APPLE
KNOWN ENEMIES: NONE
      REMARKS:
-------------------------- NEXT OF KIN -----------------------------
  NEXT OF KIN: DOROTHY VAUGHN             RELATIONSHIP: MOTHER
      ADDRESS: 131 LEE RD 180                    PHONE: 334-749-5414
  CITY/ST/ZIP: OPELIKA, AL 36804
      REMARKS:
-------------------------- EMPLOYER INFO ---------------------------
```

JUL-07-2004  15:01          LEE CO. DA CHILD SUPPORT

                                                    334 745 0266    P.02/02

State of Alabama
Unified Judicial System

Form C-42    Rev 6/88

**ORDER OF RELEASE FROM JAIL**

Case Number
CS 96·167
CS 01·086

IN THE ___District___

STATE OF ALABAMA    v. ___Anthony K. Vaughn___    COURT OF ___Lee___ COUNTY

**TO THE JAILER WITH CUSTODY OF THE DEFENDANT**

You are ordered to release from your custody the above named defendant, charged with the offense of
Contempt of Court- Child Support

son for Release    Two in place - Set for Review 8.16.04

...o 7 July 2004

                                            Russell K. Bush        By: __JWDE__

VEH IMPOUNDED:
IMPOUND LOT:
    REMARKS:
    REMARKS:                                          TOTAL P.02

```
==================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.
```

INMATE: _Anthony Vaughn_    DATE: _7-7-04_    TIME: _2.35 pm_

BOOK OFFICER: _Evans_    DATE: _____    TIME: _____

```
                        LEE COUNTY SHERIFF'S OFFICE
07/07/2004    14:31:24       INMATE RELEASE SHEET                    PAGE    2
===============================================================================
BOOKING NO: 040003167    INMATE NAME: VAUGHN ANTHONY KEITH
===============================================================================
        COURT: 7/27/04 @ 9AM        ATTORNEY ON REC:
        JUDGE:                          PHONE: 000-000-0000
      REMARKS:
      REMARKS:
-------------------------------------------------------------------------------
    BOOK DATE: 07/04/2004  BOOK TIME: 07:17  BOOK TYPE: NORMAL
-------------------------------------------------------------------------------
   ARREST DATE: 07/04/2004        BOOKING OFFICER: C B MOORE
   ARREST DEPT: LCSO              CELL ASSIGNMENT:
 ARRST OFFICER: MITCHELL               MEAL CODE: 01   LEE COUNTY
 PROJ. RLSDATE: 00/00/0000              FACILITY: 01   COUNTY JAIL
 SEARCH OFFCR: JUKES              CLASSIFICATION:
  TYPE SEARCH: DRESS              WORK RELEASE: N
 INTOX RESULTS: SOBER

        HOLDS: N
       AGENCY:               REASON:
       AGENCY:               REASON:
       AGENCY:               REASON:
       AGENCY:               REASON:

        NOTES:
        NOTES:
        NOTES:
===============================================================================
  RELEASE DATE: 07/07/2004  RELEASE TIME: 14:30   # DAYS SERVED:     4

RELEASE OFFICER: EVANS
   RELEASE TYPE: ORDER OF RELEASE
        REMARKS: NCIC CLEARED BY STACY
        REMARKS: COURT DATE AUGUST 16,2004@0800
        REMARKS: RECIEVED ALL PROPERTY
===============================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: _____   DATE: 7-7-04   TIME: 2:35 pm

BOOK OFFICER: _____  DATE: _____  TIME: _____
```

```
                        LEE COUNTY SHERIFF'S OFFICE
07/07/2004    14:31:24        INMATE CHARGE SHEET                    PAGE    3
==============================================================================
BOOKING NO: 040003167        INMATE NAME: VAUGHN ANTHONY KEITH
==============================================================================
   CHARGE NO:   1  DISPOSITION: RELEASED          HOLD: N

ALA STATUTE: CS-2001-86               # OF COUNTS:   1
      OFFENSE: FTA/CS                   WARRANT #: CS-2001-86
       CASE #:
     BOND AMT:                               FINE:      $0.00
     BAIL AMT:
  INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
  RELEASE DTE: 07/07/2004
  ARREST DATE: 07/04/2004             ARST AGENCY: LCSO
  ARST OFFICR: MITCHELL                   COUNTY: LEE
        COURT: DISTRICT                    JUDGE: LANE
  DEF ATTORNY:                        DIST ATTORNEY:
     COMMENTS:
     COMMENTS:
     COMMENTS: INMATE RELEASED BY D19
------------------------------------------------------------------------------
   CHARGE NO:   2  DISPOSITION: RELEASED          HOLD: N

ALA STATUTE: CS-1996-167.01           # OF COUNTS:   1
      OFFENSE: FTA/CS                   WARRANT #: CS-1996-167.01
       CASE #:
     BOND AMT:                               FINE:      $0.00
     BAIL AMT:
  INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
  RELEASE DTE: 07/07/2004
  ARREST DATE: 07/04/2004             ARST AGENCY: LCSO
  ARST OFFICR: MITCHELL                   COUNTY: LEE
        COURT: DISTRICT                    JUDGE: BUSH
  DEF ATTORNY:                        DIST ATTORNEY:
     COMMENTS:
     COMMENTS:
     COMMENTS: INMATE RELEASED BY D19
------------------------------------------------------------------------------
```

```
                        LEE COUNTY SHERIFF'S OFFICE
                          INMATE BOOKING SHEET                    PAGE    1
7/04/2004    07:41:42
============================================================================
OOKING NO: 040003167

NMATE NAME: VAUGHN ANTHONY KEITH            RACE: B      SEX: M
     ALIAS:                                  HT: 6'01"  HAIR: BLK
     ALIAS:                                  WT: 180    EYES: BRO
   ADDRESS: 1301 YORK AVE #18            COMPLEX: BLK
ITY/ST/ZIP: OPELIKA, AL 36801                SSN:
HOME PHONE: 334-                           DL ST:              DLN:
       DOB:              AGE:  31            SID:
PLCE BIRTH: OPELIKA                        LOCID: 10631
     STATE: AL
 M. STATUS: SINGLE
  RELIGION: BAPT
GANG ASSOC: NO
CARS/TATTOOS: TATTOO-LORD KNOWS, KILO; SCAR-1" ON ADAMS APPLE
NOWN ENEMIES: NONE
   REMARKS:
------------------------------- NEXT OF KIN ------------------------------
NEXT OF KIN: DOROTHY VAUGHN          RELATIONSHIP: MOTHER
    ADDRESS: 131 LEE RD 180                 PHONE: 334-749-5414
CITY/ST/ZIP: OPELIKA, AL 36804
    REMARKS:
------------------------------- EMPLOYER INFO ----------------------------
   EMPLOYED: Y
MPLOYER NAME: CITY OF OPELIKA
    ADDRESS:
CITY/ST/ZIP: OPELIKA, AL 36801
      PHONE: 000-000-0000
------------------------------- MEDICAL ----------------------------------
HANDICAPPED: N   NEEDS: N
    GLASSES: N   SMOKE: N
MEDICAL NEEDS: N   NEEDS:
  PHYSICIAN:                          PHONE: 000-000-0000
    REMARKS:

    REMARKS:
    REMARKS:
------------------------------- PROPERTY ---------------------------------
       CASH:      $00.42
DESCRIPTION: COINS
ADD. PROPERTY: BELT, CHECK STUBS, DRIVER'S MANUAL, DOUBLEMINT GUM, WATCH
ADD. PROPERTY: SILVER IN COLOR, BLK WALLET W/MISC PAPERS
ADD. PROPERTY:
 BIN NUMBER: 131
VEH IMPOUNDED:
IMPOUND LOT:
    REMARKS:
    REMARKS:
============================================================================
```

I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: _Anthony K. Vaugh_____ DATE: _____  TIME: _____

BOOK OFFICER: _____ DATE: 7/4/04   TIME: _____

```
                              LEE COUNTY SHERIFF'S OFFICE
'/04/2004    07:41:42         INMATE BOOKING SHEET                    PAGE    2
================================================================================
OKING NO: 040003167      INMATE NAME: VAUGHN ANTHONY KEITH
================================================================================
        COURT: 7/27/04 @ 9AM          ATTORNEY ON REC:
        JUDGE:                          PHONE: 000-000-0000
      REMARKS:
      REMARKS:
--------------------------------------------------------------------------------
  BOOK DATE: 07/04/2004  BOOK TIME: 07:17  BOOK TYPE: NORMAL


ARREST DATE: 07/04/2004           BOOKING OFFICER: C B MOORE
ARREST DEPT: LCSO                 CELL ASSIGNMENT: F5
RST OFFICER: MITCHELL                   MEAL CODE: 01   LEE COUNTY
OJ. RLSDATE: 00/00/0000                  FACILITY: 01   COUNTY JAIL
EARCH OFFCR: JUKES                 CLASSIFICATION:
 TYPE SEARCH: DRESS                  WORK RELEASE: N
TOX RESULTS: SOBER


      HOLDS: N
      AGENCY:                  REASON:
      AGENCY:                  REASON:
      AGENCY:                  REASON:
      AGENCY:                  REASON:


      NOTES:
      NOTES:
      NOTES:
```

```
                         LEE COUNTY SHERIFF'S OFFICE
07/04/2004    07:41:42         INMATE CHARGE SHEET                PAGE    3
===============================================================================
BOOKING NO: 040003167      INMATE NAME: VAUGHN ANTHONY KEITH
===============================================================================
    CHARGE NO:   1  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CS-2001-86              # OF COUNTS:   1
    OFFENSE: FTA/CS                    WARRANT #: CS-2001-86
     CASE #:
   BOND AMT:                              FINE:       $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 07/04/2004            ARST AGENCY: LCSO
ARST OFFICR: MITCHELL                  COUNTY: LEE
      COURT: DISTRICT                   JUDGE: LANE
DEF ATTORNY:                      DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
    CHARGE NO:   2  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CS-1996-167.01          # OF COUNTS:   1
    OFFENSE: FTA/CS                    WARRANT #: CS-1996-167.01
     CASE #:
   BOND AMT:                              FINE:       $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 07/04/2004            ARST AGENCY: LCSO
ARST OFFICR: MITCHELL                  COUNTY: LEE
      COURT: DISTRICT                   JUDGE: BUSH
DEF ATTORNY:                      DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

LEE COUNTY SHERIFF'S OFFICE
MEDICAL SCREENING FORM                                    PAGE 1
07/04/2004    07:41:43
===============================================================================
Booking No: 040003167  Date: 07/04/2004  Time: 07:17  Type: NORMAL
Agency to Bill: LEE COUNTY              Facility: COUNTY JAIL

Inmate Name: VAUGHN ANTHONY KEITH              Race: B        Sex: M
    DOB: ▒▒▒▒▒▒ Age: 31  SSN: ▒▒▒▒▒▒    Height: 6'01"  Weight: 180
-------------------------------------------------------------------------------

1. Is inmate unconscious?

2. Does inmate have any visible signs of trauma, illness, obvious pain and bleeding, requiring immediate emergency or doctor's care?

3. Is there obvious fever, swollen lymph nodes, jaundice or other evidence of infection that might spread through the facility?

4. Any signs of poor skin condition, vermin, rashes or needle marks?

5. Does inmate appear to be under the influence of drugs or alcohol?

6. Any visible signs of alcohol or drug withdrawal?

7. Does inmate's behavior suggest the risk of suicide or assault?

8. Is inmate carrying any medication?

9. Does the inmate have any physical deformities?

10. Does inmate appear to have psychiatric problems?

11. Do you have or have you ever had or has anyone in your family ever had any of the following?

   a. Allergies        f. Fainting Spells       k. Seizures
   b. Arthritis        g. Hearing Condition     l. Tuberculosis
   c. Asthma           h. Hepatitis             m. Ulcers
   d. Diabetes         i. High Blood Pressure   n. Venereal Disease
   e. Epilepsy         j. Psychiatric Disorder  o. Other (Specify)

Other: _____

_____

_____

12. For females only:

   a. Are you pregnant?

   b. Do you take birth control pills?

   c. Have you recently delivered?

LEE COUNTY SHERIFF'S OFFICE

07/04/2004    07:41:43    MEDICAL SCREENING FORM                    PAGE 2
=================================================================
Booking No: 040003167  Date: 07/04/2004  Time: 07:17  Type: NORMAL
Agency to Bill: LEE COUNTY              Facility: COUNTY JAIL

Inmate Name: VAUGHN ANTHONY KEITH              Race: B          Sex: M
      DOB: ████████  Age:  31  SSN: ██████████  Height: 6'01"  Weight: 180
-----------------------------------------------------------------

13. Have you recently been hospitalized or treated by a doctor?

14. Do you currently take any non-prescription medication or medication
    prescribed by a doctor?

15. Are you allergic to any medication?

16. Do you have any handicaps or conditions that limit activity?

17. Have you ever attempted suicide or are you thinking about it now?

18. Do you regularly use alcohol or street drugs?

19. Do you have any problems when you stop drinking or using drugs?

20. Do you have a special diet prescribed by a physician?

21. Do you have any problems or pain with your teeth?

22. Do you have any other medical problems we should know about?

I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE
TRUE AND ACCURATE.

INMATE: _Anthony Vaughn_____   DATE: _____   TIME: _____

BOOK OFFICER: _CT Moore_____   DATE: _7/4/04___   TIME: _____

```
                        LEE COUNTY SHERIFF'S OFFICE
02/10/2004    16:11:32      INMATE RELEASE SHEET                    PAGE    1
================================================================================
BOOKING NO:  040000597

INMATE NAME: VAUGHN ANTHONY KEITH
       ALIAS:                              RACE: B      SEX:  M
       ALIAS:                              HT: 6'01"  HAIR: BLK
     ADDRESS: 305 JETER AVE.               WT: 180    EYES: BRO
  CITY/ST/ZIP: OPELIKA, AL 36801        COMPLEX: BLK
  HOME PHONE: 334-███████                   SSN: ████████████
         DOB: ███████ 2  AGE: 31         DL ST:            DLN:
  PLCE BIRTH: OPELIKA                       SID:
       STATE: AL                          LOCID: 10631
   M. STATUS: MARRIED
    RELIGION: NA
  GANG ASSOC: NO
SCARS/TATTOOS: TATTOO-LORD KNOWS, KILO; SCAR-1" ON ADAMS APPLE
KNOWN ENEMIES: NONE
     REMARKS:
-------------------------- NEXT OF KIN ---------------------------------
NEXT OF KIN: DOROTHY VAUGHN               RELATIONSHIP: MOTHER
     ADDRESS: 131 LEE RD 180                      PHONE: 334-749-5414
  CITY/ST/ZIP: OPELIKA, AL 36804
     REMARKS:
------------------------- EMPLOYER INFO --------------------------------
```

| State of Alabama Unified Judicial System Form C-42  Rev 6/88 | ORDER OF RELEASE FROM JAIL | Case Number CS 01.086 CS 96-167.01 |

IN THE ___District___ COURT OF ___Lee___ COUNTY

STATE OF ALABAMA  v. ___Anthony K. Vaughn___

TO THE JAILER WITH CUSTODY OF THE DEFENDANT

You are ordered to release from your custody the above named defendant, charged with the offense of ___Contempt of Court- Child Support___

Reason for Release ___Paid Partial Purge + set for Review 4·5·04___

Date ___10 February 2004___

COURT RECORD (Original)   JAILER (Copy)   Judge/Clerk _____   By: _____

```
VEH IMPOUNDED:
IMPOUND LOT:
    REMARKS:
    REMARKS:
================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE X Anthony K. Vaughn         DATE: _____   TIME: _____

BOOK OFFICER ___Moore___            DATE: 2/10/04     TIME: _____
```

```
                           LEE COUNTY SHERIFF'S OFFICE
02/10/2004    16:11:32        INMATE RELEASE SHEET                    PAGE    2
================================================================================
BOOKING NO: 040000597    INMATE NAME: VAUGHN ANTHONY KEITH
================================================================================
           COURT:                    ATTORNEY ON REC:
           JUDGE:                          PHONE: 000-000-0000
         REMARKS:
         REMARKS:
--------------------------------------------------------------------------------
   BOOK DATE: 02/04/2004  BOOK TIME: 07:11  BOOK TYPE: NORMAL

   ARREST DATE: 02/04/2004      BOOKING OFFICER: EVANS
   ARREST DEPT: LCSD            CELL ASSIGNMENT:
 ARRST OFFICER: KLOETI               MEAL CODE: 01   LEE COUNTY
 PROJ. RLSDATE: 00/00/0000            FACILITY: 01   COUNTY JAIL
  SEARCH OFFCR: CPL.COBB         CLASSIFICATION:
   TYPE SEARCH: DRESSED            WORK RELEASE: N
 INTOX RESULTS: SOBER

         HOLDS: N
        AGENCY:              REASON:
        AGENCY:              REASON:
        AGENCY:              REASON:
        AGENCY:              REASON:

         NOTES:
         NOTES:
         NOTES:
================================================================================
  RELEASE DATE: 02/10/2004  RELEASE TIME: 16:08   # DAYS SERVED:    7

RELEASE OFFICER: C B MOORE
   RELEASE TYPE: ORDER/FROM JAIL NCIC/
        REMARKS:  SHERRI
        REMARKS:
        REMARKS:
================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: X_____    DATE:_____   TIME:_____

BOOK OFFICER: C B Moore       DATE: 2/10/04  TIME:_____
```

```
                          LEE COUNTY SHERIFF'S OFFICE
02/10/2004    16:11:32       INMATE CHARGE SHEET                    PAGE    3
=============================================================================
BOOKING NO: 040000597    INMATE NAME: VAUGHN ANTHONY KEITH
=============================================================================
   CHARGE NO:  1  DISPOSITION: RELEASED          HOLD: N

ALA STATUTE: CS96-0167.01           # OF COUNTS:   1
     OFFENSE: FTA-CS                  WARRANT #: CS96-0167.01
      CASE #: CS-01-086/06-167.01
    BOND AMT: 000                            FINE:    $1,000.00
    BAIL AMT: 000
 INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
 RELEASE DTE: 02/10/2004
 ARREST DATE: 02/04/2004             ARST AGENCY: LCSD
 ARST OFFICR: KLOETI                     COUNTY: LEE
       COURT:                            JUDGE: BUSH
 DEF ATTORNY:                    DIST ATTORNEY:
    COMMENTS: PD. PARTIAL PURGE, REVIEW SET FOR 4/5/04
    COMMENTS:
    COMMENTS:
-----------------------------------------------------------------------------
```

```
                              LEE COUNTY SHERIFF'S OFFICE
02/04/2004     07:23:06         INMATE BOOKING SHEET                    PAGE      1
===================================================================================
BOOKING NO: 040000597

INMATE NAME: VAUGHN ANTHONY KEITH
       ALIAS:                                    RACE: B         SEX: M
       ALIAS:                                    HT: 6'01"   HAIR: BLK
     ADDRESS: 305 JETER AVE.                     WT: 180     EYES: BRO
CITY/ST/ZIP: OPELIKA, AL 36801               COMPLEX: BLK
HOME PHONE: 334-                                 SSN:
        DOB:                AGE: 31          DL ST:              DLN:
PLCE BIRTH: OPELIKA                          SID:
      STATE: AL                              LOCID: 10631
  M. STATUS: MARRIED
   RELIGION: NA
 GANG ASSOC: NO
SCARS/TATTOOS: TATTOO-LORD KNOWS, KILO; SCAR-1" ON ADAMS APPLE
```

| STATE OF ALABAMA UNIFIED JUDICIAL SYSTEM LEE COUNTY FORM CC-30 | COMMITTAL TO CUSTODY | CASE NUMBER |
|---|---|---|

ID    YR    Case No.

_State of Alabama_ ,
PLAINTIFF,

IN THE _District_ COURT OF

LEE COUNTY, ALABAMA

VS.

_Anthony K. Vaughn_ ,
DEFENDANT.

CASE NO. _CS 96. 167_
_01. 86_

The defendant, _Anthony K. Vaughn_ is

hereby committed to the custody of the Sheriff of Lee County, Alabama for:

_Contempt of Court - Child Support_

_Purge Amt: $1,000.00_

Defendant's bond is hereby set at $ _____.

DONE this the _6th_ day of _February_, _2004_.

_____
JUDGE

```
===================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.
```

INMATE: _X anthony K. Vaughn_     DATE: _2-4-04_     TIME: _7.25 am_

BOOK OFFICER: _Evans_     DATE: _2-4-04_     TIME: _07.23_

```
                           ΞE COUNTY SHERIFF'S OFFICΞ
02/04/2004      07:23:06       INMATE BOOKING SHEET                   PAGE    2
=================================================================================
BOOKING NO: 040000597      INMATE NAME: VAUGHN ANTHONY KEITH
=================================================================================
             COURT:                    ATTORNEY ON REC:
             JUDGE:                           PHONE: 000-000-0000
           REMARKS:
           REMARKS:
---------------------------------------------------------------------------------
     BOOK DATE: 02/04/2004   BOOK TIME: 07:11   BOOK TYPE: NORMAL
```

```
    ARREST DATE: 02/04/2004        BOOKING OFFICER: EVANS
    ARREST DEPT: LCSD              CELL ASSIGNMENT: B5  D4
  ARRST OFFICER: KLOETI                  MEAL CODE: 01  LEE COUNTY
  PROJ. RLSDATE: 00/00/0000               FACILITY: 01  COUNTY JAIL
  SEARCH OFFCR: CPL.COBB            CLASSIFICATION:
   TYPE SEARCH: DRESSED             WORK RELEASE: N
 INTOX RESULTS: SOBER

         HOLDS: N
        AGENCY:                 REASON:
        AGENCY:                 REASON:
        AGENCY:                 REASON:
        AGENCY:                 REASON:

         NOTES:
         NOTES:
         NOTES:
```

```
                          LEE COUNTY SHERIFF'S OFFICE
02/10/2004    16:03:49         INMATE CHARGE SHEET                    PAGE    1
================================================================================
BOOKING NO: 040000597      INMATE NAME: VAUGHN ANTHONY KEITH
================================================================================
   CHARGE NO:   1  DISPOSITION: RELEASED           HOLD: N

ALA STATUTE: CS96-0167.01           # OF COUNTS:   1
   OFFENSE: FTA-CS                    WARRANT #: CS96-0167.01
    CASE #: CS-01-086/06-167.01
  BOND AMT: 000                            FINE:    $1,000.00
  BAIL AMT: 000
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 02/10/2004
ARREST DATE: 02/04/2004            ARST AGENCY: LCSD
ARST OFFICR: KLOETI                     COUNTY: LEE
      COURT:                            JUDGE: BUSH
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS: PD. PARTIAL PURGE, REVIEW SET FOR 4/5/04
   COMMENTS:
   COMMENTS:
```

```
                              LEE COUNTY SHERIFF'S OFFICE
02/04/2004    07:23:06        INMATE CHARGE SHEET                    PAGE    3
=================================================================================
BOOKING NO: 040000597       INMATE NAME: VAUGHN ANTHONY KEITH
=================================================================================
   CHARGE NO:   1  DISPOSITION: OPEN                HOLD: N

ALA STATUTE: CS96-0167.01              # OF COUNTS:   1
   OFFENSE: FTA-CS                     WARRANT #: CS96-0167.01
     CASE #:
   BOND AMT: 000                          FINE:       $0.00
   BAIL AMT: 000
INIT APPEAR: 00/00/0000            SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 02/04/2004              ARST AGENCY: LCSD
ARST OFFICR: KLOETI                      COUNTY: LEE
      COURT:                              JUDGE:
DEF ATTORNY:                      DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:  Purge 1,000
---------------------------------------------------------------------------------
```

LEE COUNTY SHERIFF'S OFFICE

02/04/2004    07:23:07    MEDICAL SCREENING FORM                    PAGE 1
=================================================================================
Booking No: 040000597  Date: 02/04/2004  Time: 07:11  Type: NORMAL
Agency to Bill: LEE COUNTY              Facility: COUNTY JAIL
---------------------------------------------------------------------------------
Inmate Name: VAUGHN ANTHONY KEITH                    Race: B        Sex: M
    DOB: ███████  Age:  31  SSN: ███████   Height: 6'01"  Weight: 180
---------------------------------------------------------------------------------

1. Is inmate unconscious?

2. Does inmate have any visible signs of trauma, illness, obvious pain
   and bleeding, requiring immediate emergency or doctor's care?

3. Is there obvious fever, swollen lymph nodes, jaundice or other
   evidence of infection that might spread through the facility?

4. Any signs of poor skin condition, vermin, rashes or needle marks?

5. Does inmate appear to be under the influence of drugs or alcohol?

6. Any visible signs of alcohol or drug withdrawal?

7. Does inmate's behavior suggest the risk of suicide or assault?

8. Is inmate carrying any medication?

9. Does the inmate have any physical deformities?

10. Does inmate appear to have psychiatric problems?

11. Do you have or have you ever had or has anyone in your family
    ever had any of the following?

    a. Allergies        f. Fainting Spells      k. Seizures
    b. Arthritis        g. Hearing Condition    l. Tuberculosis
    c. Asthma           h. Hepatitis            m. Ulcers
    d. Diabetes         i. High Blood Pressure  n. Venereal Disease
    e. Epilepsy         j. Psychiatric Disorder o. Other (Specify)

Other:  Pains with Rt eye
        Takes laratabs & @ protozone and other medications
        for eye injury

12. For females only:

    _____ a. Are you pregnant?

    _____ b. Do you take birth control pills?

    _____ c. Have you recently delivered?

LEE COUNTY SHERIFF'S OFFICE
02/04/2004    07:23:07    MEDICAL SCREENING FORM                PAGE 2
====================================================================
Booking No: 040000597  Date: 02/04/2004  Time: 07:11  Type: NORMAL
Agency to Bill: LEE COUNTY                Facility: COUNTY JAIL

Inmate Name: VAUGHN ANTHONY KEITH              Race: B        Sex: M
      DOB: ▓▓▓▓▓▓  Age:  31  SSN: ▓▓▓▓▓▓  Height: 6'01"  Weight: 180
--------------------------------------------------------------------

_yes_  13.  Have you recently been hospitalized or treated by a doctor?

_yes_  14.  Do you currently take any non-prescription medication or medication
            prescribed by a doctor?

_No_   15.  Are you allergic to any medication?

_No_   16.  Do you have any handicaps or conditions that limit activity?

_No_   17.  Have you ever attempted suicide or are you thinking about it now?

_No_   18.  Do you regularly use alcohol or street drugs?

_No_   19.  Do you have any problems when you stop drinking or using drugs?

_No_   20.  Do you have a special diet prescribed by a physician?

_yes_  21.  Do you have any problems or pain with your teeth?

_yes_  22.  Do you have any other medical problems we should know about?

       I BEEN INJured on Job And I HAd pAiNs
       IN Right EHS.

I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE
TRUE AND ACCURATE.

INMATE: _anthony K. Vaughn_        DATE: _2-4-04_   TIME: _7:25 am_

BOOK OFFICER: _Evans_              DATE: _2-4-04_   TIME: _07:23_

```
                              ___ COUNTY SHERIFF'S OFFICE
03/03/2002    20:45:39            INMATE RELEASE SHEET                    PAGE    1
===============================================================================
BOOKING NO: 010003008

INMATE NAME: VAUGHN ANTHONY KEITH              RACE: B      SEX: M
       ALIAS:                                    HT: 6'01"  HAIR: BLK
       ALIAS:                                    WT: 180    EYES: BRO
     ADDRESS: 131 LEE RD 180                 COMPLEX: BLK
 CITY/ST/ZIP: OPELIKA, AL 36804                  SSN: ████████
  HOME PHONE: 334█████████                     DL ST:          DLN:
         DOB: ████████  AGE: 29                  SID:
  PLCE BIRTH: OPELIKA                          LOCID: 10631
       STATE: AL
   M. STATUS:
    RELIGION:
  GANG ASSOC:
SCARS/TATTOOS: TATTOO-LORD KNOWS, KILO; SCAR-1" ON ADAMS APPLE
KNOWN ENEMIES:
     REMARKS:
------------------------------- NEXT OF KIN ---------------------------------
 NEXT OF KIN: DOROTHY VAUGHN               RELATIONSHIP: MOTHER
     ADDRESS: 131 LEE RD 180                       PHONE: 334-749-0653
 CITY/ST/ZIP: OPELIKA, AL 36804
     REMARKS:
------------------------------ EMPLOYER INFO --------------------------------
    EMPLOYED:
EMPLOYER NAME:
     ADDRESS:
 CITY/ST/ZIP: ,
       PHONE: 000-000-0000
-------------------------------- MEDICAL ------------------------------------
  HANDICAPPED:     NEEDS:
     GLASSES:      SMOKE:
MEDICAL NEEDS:     NEEDS:
   PHYSICIAN:                      PHONE: 000-000-0000
     REMARKS:

     REMARKS:
     REMARKS:
-------------------------------- PROPERTY -----------------------------------
        CASH:        $00.00
 DESCRIPTION:
ADD. PROPERTY: STREET CLOTHING, WALLETT, WATCH, EARRING, RAG, HAT, ROLLING-
ADD. PROPERTY:
ADD. PROPERTY:
  BIN NUMBER:
VEH IMPOUNDED:
 IMPOUND LOT:
     REMARKS:
     REMARKS:
===============================================================================
```

I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: X _Anthony K. Vaughn_      DATE: 3/4/02   TIME: 0600

BOOK OFFICER: _Tarbert 43032_      DATE: 3/4/02   TIME: 0600

```
                          LEE COUNTY SHERIFF'S OFFIC.
03/03/2002    20:45:39         INMATE RELEASE SHEET                  PAGE    2
===============================================================================
BOOKING NO: 010003008      INMATE NAME: VAUGHN ANTHONY KEITH
===============================================================================
        COURT:                         ATTORNEY ON REC:
        JUDGE:                              PHONE: 000-000-0000
      REMARKS:
      REMARKS:
-------------------------------------------------------------------------------
    BOOK DATE: 07/06/2001  BOOK TIME: 19:12  BOOK TYPE: NORMAL
-------------------------------------------------------------------------------
   ARREST DATE: 07/06/2001        BOOKING OFFICER: GOSS
   ARREST DEPT: LCSD              CELL ASSIGNMENT:
 ARRST OFFICER: BASS                    MEAL CODE: 01   LEE COUNTY
 PROJ. RLSDATE: 00/00/0000               FACILITY: 01   COUNTY JAIL
  SEARCH OFFCR:                     CLASSIFICATION:
   TYPE SEARCH:                      WORK RELEASE:
 INTOX RESULTS:

         HOLDS: N
        AGENCY:                 REASON:
        AGENCY:                 REASON:
        AGENCY:                 REASON:
        AGENCY:                 REASON:

         NOTES:
         NOTES:
         NOTES:
===============================================================================
   RELEASE DATE: 03/03/2002  RELEASE TIME: 20:45   # DAYS SERVED:   241

RELEASE OFFICER: SEABROOK
       REMARKS:
       REMARKS:
       REMARKS: TRANSPORTED TO KILBY FACILITY
===============================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: X anthony k. Vaughn        DATE: _____   TIME: _____

BOOK OFFICER: Torbert 43032        DATE: _____   TIME: _____
```

```
                        LEE COUNTY SHERIFF'S OFFICE
03/03/2002    20:45:39      INMATE CHARGE SHEET               PAGE    3
=====================================================================
BOOKING NO: 010003008    INMATE NAME: VAUGHN ANTHONY KEITH
=====================================================================
    CHARGE NO:   1  DISPOSITION: DROPPED          HOLD: N

ALA STATUTE:                         # OF COUNTS:    1
     OFFENSE: UNLAW POSS CONT SUB       WARRANT #:
       CASE #:
     BOND AMT: 20000                        FINE:       $0.00
     BAIL AMT:
  INIT APPEAR: 00/00/0000        SENTENCE DATE: 00/00/0000
  RELEASE DTE: 00/00/0000
  ARREST DATE: 00/00/0000           ARST AGENCY:
  ARST OFFICR:                           COUNTY:
        COURT:                            JUDGE:
  DEF ATTORNY:                     DIST ATTORNEY:
     COMMENTS: NOL PROSSED 07-09-01/ NICK ABBET
     COMMENTS:
     COMMENTS:
---------------------------------------------------------------------
    CHARGE NO:   2  DISPOSITION: RELEASED         HOLD: N

ALA STATUTE:                         # OF COUNTS:    1
     OFFENSE: CERTAIN POSS FIREARM      WARRANT #:
       CASE #:
     BOND AMT: 20000                        FINE:       $0.00
     BAIL AMT:
  INIT APPEAR: 00/00/0000        SENTENCE DATE: 00/00/0000
  RELEASE DTE: 03/03/2002
  ARREST DATE: 00/00/0000           ARST AGENCY:
  ARST OFFICR:                           COUNTY:
        COURT:                            JUDGE:
  DEF ATTORNY:                     DIST ATTORNEY:
     COMMENTS:
     COMMENTS:
     COMMENTS: INMATE RELEASED BY D09
---------------------------------------------------------------------
    CHARGE NO:   3  DISPOSITION: RELEASED         HOLD: N

ALA STATUTE: 013A-13-0004 (     -  )  # OF COUNTS:    1
     OFFENSE: NONSUPPORT-CHILD          WARRANT #:
       CASE #: CS01-86
     BOND AMT: O                             FINE:       $0.00
     BAIL AMT:
  INIT APPEAR: 00/00/0000        SENTENCE DATE: 00/00/0000
  RELEASE DTE: 03/03/2002
  ARREST DATE: 07/17/2001           ARST AGENCY: LCSO
  ARST OFFICR:                           COUNTY: LEE
        COURT:                            JUDGE: LANE
  DEF ATTORNY:                     DIST ATTORNEY:
     COMMENTS:
     COMMENTS:
     COMMENTS: INMATE RELEASED BY D09
---------------------------------------------------------------------
```

```
                         l.s.d  COUNTY SHERIFF'S OFFIC.
03/03/2002    20:45:39        INMATE CHARGE SHEET                    PAGE    4
==============================================================================
BOOKING NO: 010003008    INMATE NAME: VAUGHN ANTHONY KEITH
==============================================================================
   CHARGE NO:   4  DISPOSITION: RELEASED          HOLD: N

ALA STATUTE: CC96-610             # OF COUNTS:   1
    OFFENSE: FTP/APPEAL              WARRANT #:
     CASE #: CC96-610
    BOND AMT: 0                           FINE:      $404.30
    BAIL AMT:
INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
RELEASE DTE: 03/03/2002
ARREST DATE: 02/13/2002              ARST AGENCY:
ARST OFFICR:                             COUNTY:
      COURT:                              JUDGE: HARPER
DEF ATTORNY:                      DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS: INMATE RELEASED BY D09
------------------------------------------------------------------------------
   CHARGE NO:   5  DISPOSITION: DROPPED           HOLD: N

ALA STATUTE:                      # OF COUNTS:   1
    OFFENSE:                         WARRANT #:
     CASE #:
    BOND AMT:                             FINE:      $0.00
    BAIL AMT:
INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 00/00/0000              ARST AGENCY:
ARST OFFICR:                             COUNTY:
      COURT:                              JUDGE:
DEF ATTORNY:                      DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
------------------------------------------------------------------------------
```

```
07/06/2001    19:15:35    LEE COUNTY SHERIFF'S OFFIC              PAGE    1
                          INMATE BOOKING SHEET
===============================================================================
BOOKING NO: 010003008

INMATE NAME: VAUGHN, ANTHONY KEITH
       ALIAS:                              RACE: B       SEX: M
       ALIAS:                              HT: 6'01"  HAIR: BLK
     ADDRESS: 131 LEE RD 180               WT: 180    EYES: BRO
  CITY/ST/ZIP: OPELIKA, AL 36804         COMPLEX: BLK
  HOME PHONE: 334-                         SSN:
         DOB:           AGE: 28          DL ST:           DLN:
  PLCE BIRTH: OPELIKA                     SID:
       STATE: AL                        LOCID: 19338   10631
  GANG ASSOC:                                           old no.
 SCARS/TATTOOS: TATTOO-LORD KNOWS, KILO; SCAR-1" ON ADAMS APPLE
 KNOWN ENEMIES:
     REMARKS:
  NEXT OF KIN: DOROTHY VAUGHN            RELATIONSHIP: MOTHER
     ADDRESS: 131 LEE RD 180                   PHONE: 334-749-0653
  CITY/ST/ZIP: OPELIKA, AL 36804
     REMARKS:
-------------------------------------------------------------------------------
  HANDICAPPED:     NEEDS:
 MEDICAL NEEDS:    NEEDS:
    PHYSICIAN:                 PHONE: 000-000-0000
     REMARKS:        Bag 184
-------------------------------------------------------------------------------
PROPERTY
        CASH:        $00.00
  DESCRIPTION:
 ADD. PROPERTY: STREET CLOTHING, WALLETT, WATCH, EARRING, RAG, HAT, ROLLING-
 ADD. PROPERTY:
 ADD. PROPERTY:
     REMARKS:
-------------------------------------------------------------------------------
   BOOK DATE: 07/06/2001  BOOK TIME: 19:12  BOOK TYPE: NORMAL

  ARREST DATE: 07/06/2001        BOOKING OFFICER: GOSS
  ARREST DEPT: LCSD              CELL ASSIGNMENT: HG3  F6
 ARRST OFFICER: BASS               MEAL CODE: 01  LEE COUNTY
       HOLDS: N
      AGENCY:              REASON:
      AGENCY:              REASON:
      AGENCY:              REASON:
      AGENCY:              REASON:
-------------------------------------------------------------------------------
       NOTES:
       NOTES:
       NOTES:
===============================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE:                      DATE: 6Jul0  TIME: 1900

BOOK OFFICER:                DATE:         TIME:
```

```
02/13/2002    10:16:48          LEE COUNTY SHERIFF'S OFFICE       PAGE    1
                                  INMATE CHARGE SHEET
====================================================================================
BOOKING NO  010003008      INMATE NAME: VAUGHN ANTHONY KEITH
====================================================================================
  CHARGE NO:   1  DISPOSITION: DROPPED           HOLD: N

ALA STATUTE:                              # OF COUNTS:     1
   OFFENSE: UNLAW POSS CONT SUB            WARRANT #:
     CASE #:
   BOND AMT: 20000                                 FINE:        $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000              SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 00/00/0000               ARST AGENCY:
ARST OFFICER:                              COUNTY:
        TITLE:                              JUDGE:
DEF ATTORNEY:                         DIST ATTORNEY:
  COMMENTS: NOL PROSSED 07-09-01/ NICK ABBET
  COMMENTS:
  COMMENTS:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
  CHARGE NO:   2  DISPOSITION: OPEN              HOLD: N

ALA STATUTE:                              # OF COUNTS:     1
   OFFENSE: CERTAIN POSS FIREARM           WARRANT #:
     CASE #:
   BOND AMT: 20000                                 FINE:        $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000              SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 00/00/0000               ARST AGENCY:
ARST OFFICER:                              COUNTY:
        TITLE:                              JUDGE:
DEF ATTORNEY:                         DIST ATTORNEY:
  COMMENTS:
  COMMENTS:
  COMMENTS:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
  CHARGE NO:   3  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: 013A-13-0004 (    -   )      # OF COUNTS:     1
   OFFENSE: NONSUPPORT-CHILD               WARRANT #:
     CASE #: CS01-86
   BOND AMT: O                                     FINE:        $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000              SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 07/17/2001               ARST AGENCY: LCSO
ARST OFFICER:                              COUNTY: LEE
        TITLE:                              JUDGE: LANE
DEF ATTORNEY:                         DIST ATTORNEY:
  COMMENTS:
  COMMENTS:
  COMMENTS:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

02/13/____   10:16:48   ___E COUNTY SHERIFF'S OFFICE   PAGE   2
INMATE CHARGE SHEET

===========================================================================
BOOKING NO  010003008   INMATE NAME: VAUGHN ANTHONY KEITH
===========================================================================
CHARGE NO:   4  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CC96-610                  # OF COUNTS:   1
   OFFENSE: FTP/APPEAL                 WARRANT #:
   CASE #: CC96-610
   BOND AMT: 0                            FINE:      $404.30
   BAIL AMT:
INIT ARREST 00/00/0000           SENTENCE DATE: 00/00/0000
RELEASE DATE 00/00/0000
ARREST DATE: 02/13/2002          ARST AGENCY:
ARST OFFICER:                         COUNTY:
        CITY:                          JUDGE: HARPER
DEF ATTORNEY:                    DIST ATTORNEY:
   COMMENT:
   COMMENT:
   COMMENT:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
CHARGE NO:   5  DISPOSITION: DROPPED           HOLD: N

ALA STATUTE:                           # OF COUNTS:   1
   OFFENSE:                            WARRANT #:
   CASE #:
   BOND AMT:                              FINE:        $0.00
   BAIL AMT:
INIT ARREST 00/00/0000           SENTENCE DATE: 00/00/0000
RELEASE DATE 00/00/0000
ARREST DATE: 00/00/0000          ARST AGENCY:
ARST OFFICER:                         COUNTY:
        CITY:                          JUDGE:
DEF ATTORNEY:                    DIST ATTORNEY:
   COMMENT:
   COMMENT:
   COMMENT:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEE COUNTY SHERIFF'S OFFICE
07/06/2001    19:15:35    MEDICAL SCREENING FORM                    PAGE 1 OF 2
===============================================================================
Booking No: 010003008  Date: 07/06/2001  Time: 19:12   Type: NORMAL

Inmate Name: VAUGHN, ANTHONY KEITH                Race: B        Sex: M
        DOB: ████████  Age: 28                    Height: 6'01"  Weight: 180
-------------------------------------------------------------------------------

N   1.  Is inmate unconscious?

N   2.  Does inmate have any visible signs of trauma, illness, obvious pain
        and bleeding, requiring immediate emergency or doctor's care?

N   3.  Is there obvious fever, swollen lymph nodes, jaundice or other
        evidence of infection that might spread through the facility?

N   4.  Any signs of poor skin condition, vermin, rashes or needle marks?

N   5.  Does inmate appear to be under the influence of drugs or alcohol?

N   6.  Any visible signs of alcohol or drug withdrawal?

N   7.  Does inmate's behavior suggest the risk of suicide or assault?

N   8.  Is inmate carrying any medication?

N   9.  Does the inmate have any physical deformities?

N  10.  Does inmate appear to have psychiatric problems?

   11.  Do you have or have you ever had or has anyone in your family
        ever had any of the following?

N   a. Allergies      N   f. Fainting Spells     N   k. Seizures

    b. Arthritis          g. Hearing Condition       l. Tuberculosis

    c. Asthma             h. Hepatitis               m. Ulcers

    d. Diabetes           i. High Blood Pressure     n. Venereal Disease

    e. Epilepsy           j. Psychiatric Disorder    o. Other (Specify)


Other:  _____

        _____

        _____


   12.  For females only:

        _____  a. Are you pregnant?

        _____  b. Do you take birth control pills?

        _____  c. Have you recently delivered?

Booking No: 010003008   Date: 07/06/2001   Time: 19:12   Type: NORMAL

Inmate Name: VAUGHN, ANTHONY KEITH                    Race: B          Sex: M
    DOB: ████████   Age:  28                    Height: 6'01"  Weight: 180

13.  Have you recently been hospitalized or treated by a doctor?

14.  Do you currently take any non-prescription medication or medication
     prescribed by a doctor?

15.  Are you allergic to any medication?

16.  Do you have any handicaps or conditions that limit activity?

17.  Have you ever attempted suicide or are you thinking about it now?

18.  Do you regularly use alcohol or street drugs?

19.  Do you have any problems when you stop drinking or using drugs?

20.  Do you have a special diet prescribed by a physician?

21.  Do you have any problems or pain with your teeth?

22.  Do you have any other medical problems we should know about?

_____

I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE
TRUE AND ACCURATE.

INMATE: X _Anthony K. Vaughn_   DATE: 6 Jul 01   TIME: 1900

BOOK OFFICER: _____   DATE: _____   TIME: _____

# DAILY BOOKING SHEET
## LEE COUNTY JAIL
### OPELIKA, ALABAMA

Security No. _____

Date __1-3-95__

Time __1145__

I.D. NO. __10631__

Photo _____ FP _____

Name __VAUGHAN__  __ANTHONY__   Race __B__ Sex __M__ Age __22__ Eyes __BRN__ Hair __BLK__
　　　(LAST)　　　　　(FIRST)

Ht. __6'1"__ Wt. __170__ DOB _____ NCIC Check _____

Address __117 CHESTER AVE__   __OPELIKA__ __AL__ __36801__ __749.__
　　　STREET　　APT.　CITY　　STATE　　ZIP

Made PX __ Yes __ No __ Reason _____ S/M/T _____

Next of Kin __BARBARA JACKSON__  Relationship __AUNT__

Address __LOT 18 RAINBOW TR PK__   __OPELIKA__ __AL 36801__ __749.541__
　　　STREET　　APT.　CITY　　STATE　　ZIP　　Phone

CHARGE __COURT__ BOND __ CHARGE _____ BOND __
CHARGE _____ BOND __ CHARGE _____ BOND __
CHARGE _____ BOND __ CHARGE _____ BOND __
HOLDS: AGENCY _____ CHARGE _____ BOND __
AGENCY _____ CHARGE _____ BOND __
AGENCY _____ CHARGE _____ BOND __

1. ARE YOU PRESENTLY IN NEED OF ANY IMMEDIATE MEDICAL ATTENTION YES____ NO __✓__
   a. IF SO, STATE YOUR PROBLEM(S) _____

2. ARE YOU PRESENTLY TAKING ANY MEDICATION YES____ NO____
   a. IF SO, WHAT KIND _____

3. ARE YOU PRESENTLY UNDER A DOCTOR'S CARE YES____ NO __✓__ DOCTOR'S NAME: _____
   a. WHAT TREATMENT ARE YOU RECEIVING _____

4. ARE YOU ALLERGIC TO ANY KIND OF MEDICATION YES____ NO __✓__
   a. IF SO, WHAT KIND _____

5. DO YOU HAVE ANY FALSE LIMBS (TEETH, EYES, ETC.) YES____ NO __✓__ WHAT: _____

6. ARE YOU PRESENTLY RECEIVING ANY PSYCHIATRIC TREATMENT YES____ NO __✓__
   a. DOCTOR'S NAME: _____ PHONE OR HOSPITAL: _____

7. ARE YOU SUFFERING FROM ANY TYPE OF ILLNESS YES____ NO __✓__
   a. WHAT ILLNESS _____

I AUTHORIZE THE LEE COUNTY SHERIFFS DEPT. TO INSPECT ANY INCOMING OR OUTGOING MAIL ADDRESSED TO OR FROM ME IN ACCORDANCE WITH DMM115.95 pgh.97 U.S. POSTAL SERVICE.

YES __✓__ NO____　　(X) __Anthony Vaughn__

PROPERTY #13

Signature of Person Arrested

ARRESTING OFFICER(S) __COURT FROM ELMORE CO.__

BOOKING OFFICER __T. Rica__

I HAVE RECEIVED ALL PROPERTIES TAKEN FROM ME BY THE LEE CO. SHERIFFS DEPT.

DATE OF RELEASE __1-17-95__　　(X) _____

TIME OF RELEASE __1315__

Signature of Person Released

TYPE OF RELEASE __TRANSPORTED BACK TO__ ELMORE CO.

```
Date: 05/11/94          LEE COUNTY SHERIFF DEPARTMENT              Page:    1
Time: 19:39:08                 Booking Report            (c) 1989 Syntax, Inc
```
---

```
Cell: HC 3      Booked: 05/11/94 19:33:47  by D15      Agency: 0007
Local Id: 00010631  Log num: 94-002435  Sta:              Fed:
Case num:
```

```
Name: VAUGHN, ANTHONY KEITH                          Sex: M DOB:
Drv Lic:                    AL                   Rac: B Eth:    Age:   21
Addrs:     523 MARTIN L. KING OPELIKA AL 36801
                                                               Mar: S
Phone 1: (205) N/A-       Ext         Phone 2: (205)         Ext
SSN:                Complx: DK G Bld: MED  Hgt: 601 Wgt: 170 Hair: BLK Eyes: BRO
Auto:                                 Impound?:  Loc:
Scars/Marks/Tattoos:  NONE NOTED
```

```
Birthplace: LEE CO.            AL    Citizenship: USA
Employer: UNEMPLOYED
Occupation:                          Work phone: (205)          Ext
```

```
Contact 1: BARBARA JACKSON           Relationship: AUNT
Addrs:   LOT 18 RAINBOW TR PK OPELIKA AL 36801
Phone 1: (205) 749-5414  Ext         Phone 2: (205)         Ext
Contact 2:                           Relationship:
Addrs:   OPELIKA AL 36801
Phone 1: (205)          Ext          Phone 2: (205)          Ext
```

```
Arrested: 05/11/94 19:33:47
At LEE CO. JAIL
Status: PRE-TRIAL      Alerts:            Attention:
Comments:
```

```
Charges:
Arrest Code: 5011      /PAROLE/PROBATION VIOLATION      Arrest Type: F
War/Cit No.:           War/Cit Type: C  Agency: 0004  Dom. Viol.: N
Bill Units:    0  Agency: 0004  Case No.:
Sentence:
Bailable?: N  Bail:$       0.00      Receipt No.:
Start Date:       Time:              Expire Date:        Time:
```

```
Phone call made:   to
Phone: (205)          Ext
```

```
Arresting ag:  0004  Off: MILES VAUGHN           Bail:$      0.00
Delivering ag: 0001  Off: OPD                    Orientation:
Search type: ST by D15    Photoed: N  State NCIC: Y  Printed: O by D15
Print codes:
```

```
Total sentence: 05/11/94 19:33:47          Release:
```

```
Date: 11/15/94              LEE COUNTY SHERIFF DEPARTMENT              Page:    1
Time: 23:43:54                   Release Report            (c) 1989 Syntax, Inc
```
--------------------------------------------------------------------------------
```
Cell: HC 3      Booked: 05/11/94 19:33:47  by D15    Agency: 0007
Local Id: 00010631  Log num: 94-002435  Sta:                  Fed:
Case num:
```

```
Name: VAUGHN, ANTHONY KEITH                           Sex: M DOB:
Drv Lic:                      AL                       Rac: B Eth:      Age:/  21
Addrs:
                                                                       Mar: S
Phone 1: (   )          Ext          Phone 2: (   )          Ext
SSN:            Complx: DK G Bld: MED  Hgt: 601 Wgt: 170 Hair: BLK Eyes: BRO
Auto:                                  Impound?:  Loc:
Scars/Marks/Tattoos:  NONE NOTED
```

```
Cell check:   State check:
Total bond:        0.00 Bond type:     Receipt #:
Comment:

Holds:      By Order of:


Sentence Dy/Hr    :     Pre-trial Dy/Hr  :     Other Dy/Hr       :
Trustee Dy/Hr     :     Good Behv. Dy/Hr :     Time Served Dy/Hr:
Total Dy/Hr       :
Comments:
```

```
Charges:
Arrest Code: 5011    /PAROLE/PROBATION VIOLATION     Arrest Type: F
War/Cit No.:              War/Cit Type: C  Agency: 0004  Dom. Viol.: N
Bill Units:    188 Agency: 0004  Case No.:
Sentence:
Bailable?: N  Bail:$        0.00     Receipt No.:
Start Date:        Time:           Expire Date:           Time:
Released to:  TRANSFER TO KILBY     by D15   Condition:
```
--------------------------------------------------------------------------------
```
                                               Bail:$        0.00


Sentence:
Starts:                  Good behave:        Time served:
Expires:                 Disp:

Total sentence: 05/11/94 19:33:47 95    Release: 11/16/94 07:00:00
```

1315
ELMORE Co.
TRANSPORTED BACK TO

Date: 11/15/94                LEE COUNTY SHERIFF DEPARTMENT                Page:    1
Time: 23:44:00                 Property Inventory Report       (c) 1989 Syntax, Inc
----------------------------------------------------------------------------------
Id: 00010631 Log: 94-002435 Name: VAUGHN, ANTHONY KEITH

   Property Box: 149     Box $:      50.28 Safe $:      0.00 Tot $:      50.28

   Foreign Currency: 30.00 IN FOODSTAMPS.

Clothing:


Checks:


Cr.Cards:


Jewelry:   1 EARRING GOLD IN COLOR WITH WHITE STONE,
           1 RING GOLD IN COLOR WITH WHITE STONE

Misc:      1 HAT, 1 BELT, 1 LIGHTER, 1 OPEN PK OF CIGS, 1 AL DL,
           1 OPEN PK OF TOPS


More Misc:




Property Issued:
MSTD/                                        R/RB/
   /                                           /
   /                                           /
   /                                           /
INMATE AGREES TO LEE COUNTY JAIL INSPECTING ALL INCOMING AND OUT GOING MAIL
WITH THE EXCEPTION OF LEGAL MAIL.




Inmate X _____  Date: 11/15/94  Time: 23:44:00

Officer X _____  Witness X _____

**Exhibit A**
**Inmate File of Anthony Keith Vaughn**
**Part 4**

Date: 05/11/94                LEE COUNTY SHERIFF DEPARTMENT                    Page:    1
Time: 19:39:32                       Medical Report                    (c) 1989 Syntax, Inc

Id: 00010631 Log: 94-002435 Name: VAUGHN, ANTHONY KEITH
The following questions were asked:

| | | |
|---|---|---|
| 1 N BLEEDS EXCESSIVELY | 10 N HIGH BLOOD PRESSURE | 19 N RECURRENT INFECTIONS |
| 2 N ATTEMPTED SUICIDE | 11 N PAIN OR POUNDING IN | 20 N RHUMATIC FEVER |
| 3 N ASTHMA, EMPHYSEMA | 12 N ARTHRITIS OR BURSITI | 21 N RUPTURES OR HERNIA |
| 4 N TUBERCULOSIS | 13 N FRACTURES(BROKEN BON | 22 N RECENT GAIN OR WEIGH |
| 5 N CANCER,TUMORS,GROWTH | 14 N BONE, JOINT, OR OTHE | 23 N FREQUENT INDIGESTION |
| 6 N DIABETES | 15 N FOOT TROUBLE | 24 N STOMACH TROUBLE OR U |
| 7 N EAR,NOSE, OR THROAT | 16 N RECURRENT BACK TROUB | 25 N GALL BLADDER TROUBLE |
| 8 N HEARING LOSS | 17 N KIDNEY TROUBLE | 26 N HEMORRHOIDS OR RECTA |
| 9 N SEVERE TOOTH OR GUM | 18 N BLOOD OR PAINFUL URI | 27 N HEAD INJURIES |

Comments:

Extra comments on questions:

The following observations were made:

| | | |
|---|---|---|
| 1 N EPILPESY OR SEIZURES | 10 N LUMPS,DISCHARGE,PAIN | 19 N COUGHED UP BLOOD |
| 2 N FREQUENT OR SEVERE H | 11 N CHANGE IN MENSTRUAL | 20 N NOT USED |
| 3 N PERIODS OF UNCONSCIO | 12 N PREGNANCY,ABORTION,M | 21 N SHORTNESS OF BREATH |
| 4 N PARALYSIS,NUMBNESS, | 13 N TREATED FOR FEMALE D | 22 N ALLERGIC TO ANY MEDI |
| 5 N DIZZINESS, FAINTING | 14 N MENTAL ILLNESS | 23 N WEAR BRACE/BACK SUPP |
| 6 N NERVOUS PROBLEMS OF | 15 N TAKEN NARCOTICS | 24 N CONTACT W/AIDS OR HA |
| 7 N ALCOHOLISM | 16 N LIVE W/ANYONE W/TB | 25 N HEPATITIS OR JAUNDIC |
| 8 N VENERAL DISEASE | 17 N NIGHT SWEATS | 26 N LOSS MEMORY/ AMNESIA |
| 9 N DRUG ALLERGIES OR AD | 18 N WEAR GLASSES/CONTACT | 27 N CHRONIC/FREQUENT COL |

Comments:

Extra comments on observations:

Inmate X _Arthur Vaughn_      Date: 05/11/94  Time: 19:39:33

Officer X _____      Witness X_____

```
Date: 05/11/94              LEE COUNTY SHERIFF DEPARTMENT           Page:    1
Time: 19:39:19              Property Inventory Report     (c) 1989 Syntax, Inc
```

Id: 00010631 Log: 94-002435 Name: VAUGHN, ANTHONY KEITH

Property Box: 149     Box $:     50.28 Safe $:       0.00 Tot $:      50.28

Foreign Currency: 30.00 IN FOODSTAMPS.

Clothing:

Checks:

Cr.Cards:

Jewelry:   1 EARRING GOLD IN COLOR WITH WHITE STONE,
           1 RING GOLD IN COLOR WITH WHITE STONE

Misc:      1 HAT, 1 BELT, 1 LIGHTER, 1 OPEN PK OF CIGS, 1 AL DL,
           1 OPEN PK OF TOPS

More Misc:


Property Issued:
MSTD/MALE STANDARD ISSUE              R/RB/RULES & REGULATION BOOK
     /                                     /
     /                                     /
     /                                     /
INMATE AGREES TO LEE COUNTY JAIL INSPECTING ALL INCOMING AND OUT GOING MAIL
WITH THE EXCEPTION OF LEGAL MAIL.

------------------------------------------------------------------------


Inmate X _Anthony Vaughn_____ Date: 05/11/94  Time: 19:39:19

Officer X _____ Witness X_____
```

**DAILY BOOKING SHEET**
**LEE COUNTY JAIL**
OPELIKA, ALABAMA

Social Security No. ~~—~~

Date 10/5/92

I.D. NO. 10631

Time 1:05 PM

Photo NO   FP NO

Name Vaughn (LAST)   Anthony Keith (FIRST)   Race B Sex M Age 20 Eyes BRN Hair BLK

Ht. 5'1   Wt. 155   DOB ____   NCIC Check ____

Address 514 Martin Luther King Bld   Opelika   Al   36801   749-7922
STREET   APT.   CITY   STATE   ZIP

Made PX ___ Yes ___ No ___ Reason ____   S/M/T On throat

Next of Kin Dorothino Vaughn   Relationship Mother

Address 117 Chester Ave   Opelika   Al   36801   749-7922
STREET   APT.   CITY   STATE   ZIP   Phone

CHARGE From Boot Camp BOND -0-   CHARGE ____ BOND ____
CHARGE ____ BOND ____   CHARGE ____ BOND ____
CHARGE ____ BOND ____   CHARGE ____ BOND ____

HOLDS:
AGENCY ____ CHARGE ____ BOND ____
AGENCY ____ CHARGE ____ BOND ____
AGENCY ____ CHARGE ____ BOND ____

1. ARE YOU PRESENTLY IN NEED OF ANY IMMEDIATE MEDICAL ATTENTION YES ___ NO ✓
   a. IF SO, STATE YOUR PROBLEM(S) ____

2. ARE YOU PRESENTLY TAKING ANY MEDICATION YES ___ NO ✓
   a. IF SO, WHAT KIND ____

3. ARE YOU PRESENTLY UNDER A DOCTOR'S CARE YES ___ NO ✓ DOCTOR'S NAME: ____
   a. WHAT TREATMENT ARE YOU RECEIVING ____

4. ARE YOU ALLERGIC TO ANY KIND OF MEDICATION YES ___ NO ✓
   a. IF SO, WHAT KIND ____

5. DO YOU HAVE ANY FALSE LIMBS (TEETH, EYES, ETC.) YES ___ NO ✓ WHAT: ____

6. ARE YOU PRESENTLY RECEIVING ANY PSYCHIATRIC TREATMENT YES ___ NO ✓
   a. DOCTOR'S NAME: ____ PHONE OR HOSPITAL: ____

7. ARE YOU SUFFERING FROM ANY TYPE OF ILLNESS YES ___ NO ✓
   a. WHAT ILLNESS ____

I AUTHORIZE THE LEE COUNTY SHERIFFS DEPT. TO INSPECT ANY INCOMING OR OUTGOING MAIL ADDRESSED TO OR FROM ME IN ACCORDANCE WITH DMM115.95 pgh.97 U.S. POSTAL SERVICE.

YES ✓ NO ___   X Anthony K. Vaughn
Signature of Person Arrested

ARRESTING OFFICER(S) From Boot Camp

BOOKING OFFICER B Seabrook

I HAVE RECEIVED ALL PROPERTIES TAKEN FROM ME BY THE LEE CO. SHERIFFS DEPT.

DATE OF RELEASE 10-6-92   X Anthony Vaughn
Signature of Person Released

TIME OF RELEASE 1600

TYPE OF RELEASE (Probation)   Signature of Released Officer

ALIAS "Keith"

Date of Arrest 10/5/92

(MIDDLE) K.A.

(FIRST) Anthony J.

(LAST) Vaughn

NAME

# LEE COUNTY JAIL
## OPELIKA, ALABAMA

## INMATE PERSONAL PROPERTY FORM

| INMATE'S PERSONAL PROPERTY RECEIPT | NAME OF INMATE | Anthony Keith Vaugh | INMATE'S FILE NO. 10631 |
|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| Ammunition | Cigarettes | ID Cards | Necklace | Tie - Neck |
| Bag - Hand | Clothing | Jewelry | Package | Tie-Tack/Clip |
| Beer | Coat | Junk | Papers | Tobacco |
| Belt | Comb | Key(s) | Pen-Pencil | Toilet Articles |
| Billfold | Drivers License | Knife | Purse - Coin | Tools |
| Boots / Shoes | Ear Rings | Liquor | Purse - Lady | Watch |
| Books | Flashlight | Lighter | Purse - Man | Weapon |
| Boxes | Glasses | Luggage | Radio / TV | Whiskey |
| Brief Case | Gloves | Medicine | Razor | Wine |
| Camera | Groceries | Money Clip | Ring(s) | |
| Candy | Groc. in Ref. | Musical Instr. | Suitcase | |
| Check Book | Hat - Cap | Nail Clip | Sweater | |

| | |
|---|---|
| CURRENCY | $ 6 |
| CHANGE | $ 6 |
| CHECKS | $ 6 |
| FOREIGN MONEY | $ 6 |
| TOTAL | $ 6 |

REMARKS:

Other items of Property Not Classified Above: (include storage location if other than below)

NO Property Taken

I certify that the above is a correct list of items removed from my possession at the time I was placed in jail.

PRISONER'S SIGNATURE X _Anthony K. Vaughn_

I hereby acknowledge the receipt of the above arrested individual and his/her itemized property on this 5th day of October 1992, at 11:05 ☐ AM ☒ PM.

SIGNATURE OF RECEIVING OFFICER X _B Seabrook_

Received all of the above listed property (minus any property previously released as indicated on this receipt) on this 6 day of Oct 1992 at 1600 ☐ AM ☒ PM.

PRISONER'S SIGNATURE X _Anthony K. Vaughn_

ALL PROPERTY LEFT OVER 30 DAYS AFTER RELEASE WILL BE DISPOSED OF.

X _Anthony K. Vaughn_
Signature

LOCATION OF PROPERTY

### RELEASED ITEMS RECORD

| DATE | ITEM(S) RELEASED | SIGNATURE OF PERSON AUTHORIZING RELEASE | SIGNATURE OF PERSON RECEIVING ITEM(S) | SIGNATURE OF OFFICER RELEASING ITEM(S) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Case 3:06-cv-01048-WC    Document 16-5    Filed 03/02/2007    Page 6 of 47

**LEE COUNTY JAIL**
OPELIKA, ALABAMA

Date 04-01-92    I.D. NO. _ID 631_

Social Security _____

Time 4:30 p.m    Photo NO   FP NO

Name Vaughn Anthony Keith    Race B  Sex M  Age 19  Eyes Bro  Hair Blk
(LAST)    (FIRST)    (MIDDLE)

Ht. 5'1  Wt. 155  DOB _____  NCIC Check _____

Address 514 Martin Luther King Blvd Opelika Ala 36801  749-7522
STREET    APT.    CITY    STATE    ZIP

Made PX X Yes __ X No __ Reason _____    (S)/M/T  One throat

Next of Kin Dorothino Vaughn    Relationship Mother

Address 117 Chesters Ave Opelika Ala 36801 (205) 745-7500
STREET    APT.    CITY    STATE    #    Phone

| CHARGE | BOND | CHARGE | BOND |
|---|---|---|---|
| Bench Warn | | | |
| CHARGE | BOND | CHARGE | BOND |
| CHARGE | BOND | CHARGE | BOND |
| AGENCY | | CHARGE | BOND |
| AGENCY | | CHARGE | BOND |
| AGENCY | | CHARGE | BOND |

1. ARE YOU PRESENTLY IN NEED OF ANY IMMEDIATE MEDICAL ATTENTION  YES ____ NO X
   a. IF SO, STATE YOUR PROBLEM(S) _____

2. ARE YOU PRESENTLY TAKING ANY MEDICATION  YES ____ NO X
   a. IF SO, WHAT KIND _____

3. ARE YOU PRESENTLY UNDER A DOCTOR'S CARE  YES ____ NO X  DOCTOR'S NAME: _____
   a. WHAT TREATMENT ARE YOU RECEIVING _____

4. ARE YOU ALLERGIC TO ANY KIND OF MEDICATION  YES ____ NO X
   a. IF SO, WHAT KIND _____

5. DO YOU HAVE ANY FALSE LIMBS (TEETH, EYES, ETC.)  YES ____ NO X  WHAT: _____

6. ARE YOU PRESENTLY RECEIVING ANY PSYCHIATRIC TREATMENT  YES ____ NO X
   a. DOCTOR'S NAME: _____ PHONE OR HOSPITAL: _____

7. ARE YOU SUFFERING FROM ANY TYPE OF ILLNESS  YES ____ NO X
   a. WHAT ILLNESS _____

I AUTHORIZE THE LEE COUNTY SHERIFFS DEPT. TO INSPECT ANY INCOMING OR OUTGOING MAIL ADDRESSED TO OR FROM ME IN ACCORDANCE WITH DMM115.95 pgh:97 U.S. POSTAL SERVICE.

YES X  NO ____    X Anthony K. Vaughn
Signature of Person Arrested

ARRESTING OFFICER(S) Town Court

BOOKING OFFICER Cpl V. Peel

I HAVE RECEIVED ALL PROPERTIES TAKEN FROM ME BY THE LEE CO. SHERIFFS DEPT.

DATE OF RELEASE July 15, 1992    _____
Signature of Person Released

TIME OF RELEASE 0600

TYPE OF RELEASE Boot camp    _____
Signature of Released Officer

*(Left margin, vertical)*
ALIAS None
Date of Arrest 04-01-92
(MIDDLE) Keith
(FIRST) Anthony
(LAST) Vaughn
NAME

# LEE COUNTY JAIL
## OPELIKA, ALABAMA

### INMATE PERSONAL PROPERTY FORM

| INMATE'S PERSONAL PROPERTY RECEIPT | NAME OF INMATE | INMATE'S FILE NO. |
|---|---|---|
| | Vaughn Anthony | 10631 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Ammunition | | Cigarettes | | ID Cards | | Necklace | | Tie - Neck |
| | Bag - Hand | | Clothing | | Jewelry | | Package | | Tie-Tack/Clip |
| | Beer | | Coat | | Junk | | Papers | | Tobacco |
| ✓ | Belt | | Comb | | Key(s) | | Pen-Pencil | | Toilet Articles |
| | Billfold | | Drivers License | | Knife | | Purse - Coin | | Tools |
| | Boots / Shoes | ✗ | Ear Rings | | Liquor | | Purse - Lady | | Watch |
| | Books | | Flashlight | | Lighter | | Purse - Man | | Weapon |
| | Boxes | | Glasses | | Luggage | | Radio / TV | | Whiskey |
| | Brief Case | | Gloves | | Medicine | | Razor | | Wine |
| | Camera | | Groceries | | Money Clip | | Ring(s) | | |
| | Candy | | Groc. in Ref. | | Musical Instr. | | Suitcase | | |
| | Check Book | | Hat - Cap | | Nail Clip | | Sweater | | |

| | | |
|---|---|---|
| CURRENCY | $ | 0 |
| CHANGE | $ | 0 |
| CHECKS | $ | 0 |
| FOREIGN MONEY | $ | 0 |
| TOTAL | $ | 0 |

REMARKS:

Other items of Property Not Classified Above: (include storage location if other than below)

2# Earrings Golden in Color.

I certify that the above is a correct list of items removed from my possession at the time I was placed in

PRISONER'S SIGNATURE  X Anthony K. Vaughn

I hereby acknowledge the receipt of the above arrested individual and his/her itemized property on this

day of ... 04-01  19 92 at 4:30 ☐ AM ☒ PM.

SIGNATURE OF RECEIVING OFFICER  Victor Perdon

received all of the above listed property (minus any property previously released as indicated on this receipt)

on this ____ day of _____ 19 ____ at  ☐ AM ☐ PM.

PRISONER'S SIGNATURE

ALL PROPERTY LEFT OVER 30 DAYS AFTER RELEASE WILL BE DISPOSED OF.

X Anthony K. Vaughn
Signature

LOCATION OF PROPERTY

106

### RELEASED ITEMS RECORD

| DATE | ITEM(S) RELEASED | SIGNATURE OF PERSON AUTHORIZING RELEASE | SIGNATURE OF PERSON RECEIVING ITEM(S) | SIGNATURE OF OFFICER RELEASING ITEM(S) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

ADMISSION DATA - Jail Inmate's Medical Record

| NAME (LAST) Vaughn | First Anthony | Middle Keith | | Age 15 | Race B | Sex m | Date of Birth | Inmate's File Number |

| Admitted: 04-01-92 | Charge: | Assigned To: |

ALLERGIES (Record in red ink; mark on the chart.)

NONE

Have you ever been treated for:

| 1. Asthma | [×] No | [ ] Yes | 6. Drug Addiction | [×] No | [ ] Yes |
| 2. Heart Trouble | [×] No | [ ] Yes | 7. Alcoholism | [×] No | [ ] Yes |
| 3. Hypertension | [×] No | [ ] Yes | 8. Mental Illness | [×] No | [ ] Yes |
| 4. Diabetes | [×] No | [ ] Yes | 9. Venereal Disease | [×] No | [ ] Yes |
| 5. Epilepsy or Seizures | [×] No | [ ] Yes | 10. Tuberculosis | [×] No | [ ] Yes |

If YES to any of the above, give date and the treatment received.     11. TESTED FOR HIV     [×] NO     [×] YES

Do you have any medications, prescriptions or current medical problems that need attention?

(DESCRIBE IN DETAIL ON THE CHART)

Is there any evidence of recent physical injury seen on inmate? _____ (IF YES, GIVE DETAILED INVENTORY ON THE CHART)

How were injuries received according to inmate? _____

Was inmate treated for these injuries prior to admission?     [ ] Yes   [ ] No   At: ___ N/A

| Date | Time | Treatments and Observations | Attending Physician or Nurse |
|------|------|----------------------------|------------------------------|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

LEE COUNTY SHERIFF'S DEPARTMENT

JAIL DIVISION

ENEMIES LIST

DATE: 04-01-92          TIME: 4:30 p.m

VAUGHN Anthony                    10631
_____           _____
INMATE'S NAME                      I.D.#

___ (1) HAS STATED THAT THE FOLLOWING INMATES WOULD CAUSE HARM TO HIM IF
        PLACED IN THE SAME CELL.

 X  (2) HAS STATED THAT NO INMATES OF THE LEE COUNTY JAIL WOULD CAUSE HIM
        HARM AFTER BEING SHOWN A COPY OF THE JAIL LIST.

INMATE'S NAME: _____   REASON: _____

_____

INMATE'S NAME: _____   REASON: _____

_____

INMATE'S NAME: _____   REASON: _____

_____

INMATE'S NAME: _____   REASON: _____

_____

INMATE'S NAME: _____   REASON: _____

_____

Gal Victor Peelman                    X Anthony K. Vaughn
_____           _____
JAILER'S NAME                      INMATE'S SIGNATURE

COUNTY SHERIFF'S DEPARTMENT
JAIL DIVISION

INMATE PROPERTY ISSUE

INMATE ID # 10631

NAME: Vaughn Anthony    DATE: 04-01-52    TIME 4:30 p.m. HRS.

ITEMS ISSUED TO THE INMATE:

| | | CONDITION | | | | | ISSUED | |
| | | GOOD | FAIR | | | | YES | NO |
|---|---|---|---|---|---|---|---|---|
| (1) | Mattress # 1 | [X] | [ ] | (11) | Toothpaste | | [X] | [ ] |
| (2) | Pillow # | [ ] | [ ] | (12) | Toothbrush | | [X] | [ ] |
| (3) | Fitted Sheet # 1 | [X] | [ ] | (13) | Soap | | [X] | [ ] |
| (4) | Reg. Sheet # 1 | [X] | [ ] | (14) | Cup | | [X] | [ ] |
| (5) | Blanket # 1 | [X] | [ ] | | | | | |
| (6) | Pillow Case # | [ ] | [ ] | | | | | |
| (7) | Pants # 1 | [X] | [ ] | | | | | |
| (8) | Shirt # 1 | [X] | [ ] | | | | | |
| (9) | Towel # 1 | [X] | [ ] | | | | | |
| (10) | Wash Cloth # 1 | [X] | [ ] | | | | | |

NOTICE TO INMATE: DEFACING, DESTRUCTION, ALTERING, OR LOSS OF THE COUNTY PROPERTY THAT YOU HAVE BEEN ISSUED, WILL RESULT IN DISCIPLINARY AND OR CRIMINAL ACTION BEING TAKEN AGAINST YOU. ALL ISSUED ITEMS WILL BE RETURNED TO JAIL OFFICERS WHEN YOU ARE RELEASED.

I HAVE RECEIVED THE ABOVE LISTED ITEMS FROM THE LEE COUNTY SHERIFF'S DEPARMENT AND I HAVE READ AND UNDERSTAND THE ABOVE "NOTICE TO THE INMATE" CONCERNING THE ISSUED ITEMS.

X _Anthony K. Vaughn_
INMATES SIGNATURE

THE ABOVE INMATE HAS BEEN ISSUED THE ABOVE LISTED ITEMS AND HAS READ AND UNDERSTANDS THE "NOTICE TO THE INMATE". IF THE INMATE COULD NOT READ, I HAVE READ IT TO HIM/HER AND ANSWERED ANY QUESTIONS THAT THE INMATE MIGHT HAVE.

_Cpl Vertus Piel_
JAILERS SIGNATURE

CONDITION OF RETURNED ITEMS:

| | | | GOOD | FAIR | | | | | GOOD | FAIR |
|---|---|---|---|---|---|---|---|---|---|---|
| (1) | MATTRESS | # | [ ] | [ ] | (6) | CUP | # | | [ ] | [ ] |
| (2) | FITTED SHEET | # | [ ] | [ ] | (7) | SHIRT | # | | [ ] | [ ] |
| (3) | BLANKET | # | [ ] | [ ] | (8) | TOWEL | # | | [ ] | [ ] |
| (4) | PANTS | # | [ ] | [ ] | (9) | PILLOW CASE | # | | [ ] | [ ] |
| (5) | SHEET (REG) | # | [ ] | [ ] | (10) | PILLOW | # | | [ ] | [ ] |
| | | | | | (11) | WASH CLOTH | # | | [ ] | [ ] |

DATE: _____    TIME: _____    HRS.

JAILERS SIGNATURE: _____

**DAILY BOOKING SHEET**
**LEE COUNTY JAIL**
OPELIKA, ALABAMA

Social Security No. _____

Date __03 JAN 92__     I.D. NO. __10,631__

Time __1520 hrs.__     Photo __yes__  FP __yes__

Name __Vaughn  Anthony  Keith__  Race __B__ Sex __M__ Age __19__ Eyes __BRN__ Hair __BLK__
     (LAST)    (FIRST)    (MIDDLE)

Ht. __5'11"__  Wt. __155__  DOB _____  NCIC Check __Clear (angela 1/3/___)__  Clear (angela 1-17-92)

Address __514 M.L. KING BLVD.  OPELIKA  AL  36801__  749-7922 (Mom's)
        STREET        CITY    STATE   ZIP

Made PX __Yes__  No __✓__  Reason __male Bond__  (S)/M/T __1" on throat__

Next of Kin __Dorothine Vaughn__  Relationship __Mother__

Address __119 Chester ave  Opelika  Al  36801__  749-7922
        STREET    APT.   CITY    STATE    ZIP    Phone

CHARGE __ROBBERY II__ BOND __$5,000.00__ CHARGE _____ BOND _____
CHARGE _____ BOND _____ CHARGE _____ BOND _____
CHARGE _____ BOND _____ CHARGE _____ BOND _____
HOLDS: AGENCY _____ CHARGE _____ BOND _____
       AGENCY _____ CHARGE _____ BOND _____
       AGENCY _____ CHARGE _____ BOND _____

1. ARE YOU PRESENTLY IN NEED OF ANY IMMEDIATE MEDICAL ATTENTION YES ___ NO __✓__
   a. IF SO, STATE YOUR PROBLEM(S) _____

2. ARE YOU PRESENTLY TAKING ANY MEDICATION YES ___ NO __✓__
   a. IF SO, WHAT KIND _____

3. ARE YOU PRESENTLY UNDER A DOCTOR'S CARE YES ___ NO __✓__ DOCTOR'S NAME: _____
   a. WHAT TREATMENT ARE YOU RECEIVING _____

4. ARE YOU ALLERGIC TO ANY KIND OF MEDICATION YES ___ NO __✓__
   a. IF SO, WHAT KIND _____

5. DO YOU HAVE ANY FALSE LIMBS (TEETH, EYES, ETC.) YES ___ NO __✓__ WHAT: _____

6. ARE YOU PRESENTLY RECEIVING ANY PSYCHIATRIC TREATMENT YES ___ NO __✓__
   a. DOCTOR'S NAME: _____ PHONE OR HOSPITAL: _____

7. ARE YOU SUFFERING FROM ANY TYPE OF ILLNESS YES ___ NO __✓__
   a. WHAT ILLNESS _____

I AUTHORIZE THE LEE COUNTY SHERIFFS DEPT. TO INSPECT ANY INCOMING OR OUTGOING MAIL ADDRESSED TO OR FROM ME IN ACCORDANCE WITH DMM115.95 pgh.97 U.S. POSTAL SERVICE.

YES __✓__ NO ____      X __Anthony K. Vaughn__
                        Signature of Person Arrested

ARRESTING OFFICER(S) __Wilson, abernathy (OPD)__  TRANS.
BOOKING OFFICER __Welborn__

**I HAVE RECEIVED ALL PROPERTIES TAKEN FROM ME BY THE LEE CO. SHERIFFS DEPT.**

DATE OF RELEASE __1/17/92__         X __Anthony K. Vaughn__
                                     Signature of Person Released

TIME OF RELEASE __1625 hrs.__        __Welborn__
                                     Signature of Released Officer
TYPE OF RELEASE __Bond - Property__

# LEE COUNTY JAIL
## OPELIKA, ALABAMA

## INMATE PERSONAL PROPERTY FORM

INMATE'S PERSONAL PROPERTY RECEIPT    NAME OF INMATE _Anthony K. Vaughn_    INMATE'S FILE NO. _10,631_

| | | | | |
|---|---|---|---|---|
| Ammunition | Cigarettes | ID Cards _2_ | Necklace | Tie - Neck |
| Bag - Hand | Clothing | Jewelry | Package | Tie-Tack/Clip |
| Beer | Coat | Junk | Papers | Tobacco |
| Belt | Comb | Key(s) | Pen-Pencil | Toilet Articles |
| Billfold | Drivers License | Knife | Purse - Coin | Tools |
| Boots / Shoes _2_ | Ear Rings | Liquor | Purse - Lady | Watch |
| Books | Flashlight | Lighter | Purse - Man | Weapon |
| Box | Glasses | Luggage | Radio / TV | Whiskey |
| Case | Gloves | Medicine | Razor | Wine |
| Camera | Groceries | Money Clip | Ring(s) | |
| Candy | Groc. in Ref. | Musical Instr. | Suitcase | |
| Check Book | Hat - Cap | Nail Clip | Sweater | |

| | |
|---|---|
| CURRENCY | $ |
| CHANGE | $ |
| CHECKS | $ |
| FOREIGN MONEY | $ |
| TOTAL | $ |

Other items of Property Not Classified Above: (include storage location if other than below

_1 Toboggan_

REMARKS:

ALL PROPERTY LEFT OVER 30
DAYS AFTER RELEASE WILL BE
DISPOSED OF.

I certify that the above is a correct list of items removed from my possession at the time I was placed in jail.

PRISONER'S SIGNATURE X _Anthony K. Vaughn_

I hereby acknowledge the receipt of the above arrested individual and his per itemized property on this _3_ day of _Jan_ 19 _92_, at _1520_ ☐ AM ☒ PM.

SIGNATURE OF RECEIVING OFFICER _____

Received all of the above listed property (minus any property previously released as indicated on this receipt) on this _11_ day of _Jan_ 19 _92_, at _1625_ ☐ AM ☒ PM.

PRISONER'S SIGNATURE X _Anthony Vaughn_

X _Anthony K. Vaughn_
Signature

LOCATION OF PROPERTY

_#1_

RELEASED ITEMS RECORD

| DATE | ITEM(S) RELEASED | SIGNATURE OF PERSON AUTHORIZING RELEASE | SIGNATURE OF PERSON RECEIVING ITEM(S) | SIGNATURE OF OFFICER RELEASING ITEM(S) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

COUNTY SHERIFF'S DEPARTMENT

JAIL DIVISION

INMATE PROPERTY ISSUE

INMATE ID # 10,631

NAME: Anthony Vaughn   DATE: 03 Jan 92 TIME 1525   HRS.

ITEMS ISSUED TO THE INMATE:

| | CONDITION | | | | ISSUED | |
|---|---|---|---|---|---|---|
| | GOOD | FAIR | | | YES | NO |
| (1) Mattress # _____ | [ ] | [ ] | (11) Toothpaste | | [ ] | [ ] |
| (2) Pillow # _____ | [ ] | [ ] | (12) Toothbrush | | [ ] | [ ] |
| (3) Fitted Sheet # _____ | [ ] | [ ] | (13) Soap | | [ ] | [ ] |
| (4) Reg. Sheet # _____ | [ ] | [ ] | (14) Cup | | [ ] | [ ] |
| (5) Blanket # _____ | [ ] | [ ] | | | | |
| (6) Pillow Case # _____ | [ ] | [ ] | | | | |
| (7) Pants # _____ | [ ] | [ ] | | | | |
| (8) Shirt # _____ | [ ] | [ ] | | | | |
| (9) Towel # _____ | [ ] | [ ] | | | | |
| (10) Wash Cloth # _____ | [ ] | [ ] | | | | |

NOTICE TO INMATE: DEFACING, DESTRUCTION, ALTERING, OR LOSS OF THE COUNTY PROPERTY THAT YOU HAVE BEEN ISSUED, WILL RESULT IN DISCIPLINARY AND OR CRIMINAL ACTION BEING TAKEN AGAINST YOU. ALL ISSUED ITEMS WILL BE RETURNED TO JAIL OFFICERS WHEN YOU ARE RELEASED.

I HAVE RECEIVED THE ABOVE LISTED ITEMS FROM THE LEE COUNTY SHERIFF'S DEPARMENT AND I HAVE READ AND UNDERSTAND THE ABOVE "NOTICE TO THE INMATE" CONCERNING THE ISSUED ITEMS.

Anthony K. Vaughn

INMATES SIGNATURE

THE ABOVE INMATE HAS BEEN ISSUED THE ABOVE LISTED ITEMS AND HAS READ AND UNDERSTANDS THE "NOTICE TO THE INMATE". IF THE INMATE COULD NOT READ, I HAVE READ IT TO HIM/HER AND ANSWERED ANY QUESTIONS THAT THE INMATE MIGHT HAVE.

JAILERS SIGNATURE

CONDITION OF RETURNED ITEMS:

| | GOOD | FAIR | | | GOOD | FAIR |
|---|---|---|---|---|---|---|
| (1) MATTRESS # _____ | [ ] | [ ] | (6) CUP # _____ | | [ ] | [ ] |
| (2) FITTED SHEET # _____ | [ ] | [ ] | (7) SHIRT # _____ | | [ ] | [ ] |
| (3) BLANKET # _____ | [ ] | [ ] | (8) TOWEL # _____ | | [ ] | [ ] |
| (4) PANTS # _____ | [ ] | [ ] | (9) PILLOW CASE # _____ | | [ ] | [ ] |
| (5) SHEET (REG) # _____ | [ ] | [ ] | (10) PILLOW # _____ | | [ ] | [ ] |
| | | | (11) WASH CLOTH # _____ | | [ ] | [ ] |

DATE: _____   TIME: _____ HRS.

JAILERS SIGNATURE: _____

LEE COUNTY SHERIFF'S DEPARTMENT

JAIL DIVISION

ENEMIES LIST

DATE: _03 Jan 92_     TIME: _1525_

_Anthony Vaughn_                    _19631_
INMATES NAME                       I.D. #

(1)  HAS STATED THAT THE FOLLOWING INMATES WOULD CAUSE HARM TO HIM IF
     PLACED IN THE SAME CELL.

✓ (2)  HAS STATED THAT NO INMATE OF THE LEE COUNTY JAIL WOULD CAUSE HIM
     HARM AFTER BEING SHOWN A COPY OF THE JAIL LIST.

INMATE'S NAME:_____    REASON: _____

_____

INMATE'S NAME:_____    REASON: _____

_____

INMATE'S NAME:_____    REASON: _____

_____

INMATE'S NAME:_____    REASON: _____

_____

INMATE'S NAME:_____    REASON: _____

_____


_____                  _x Anthony K. Vaughn_
JAILER'S NAME                              INMATE'S SIGNATURE

LEE COUNTY SHERIFF'S DEPARTMENT
JAIL DIVISION

REGULATIONS RECEIPT

DATE: _03 Jan 92_    TIME: _1525_ HRS.    ID# _10,631_

I _Anthony Vaughn_ HAVE RECEIVED A COPY OF THE RULES AND

REGULATIONS GOVERNING INMATES IN THE LEE COUNTY JAIL.  I UNDERSTAND THAT WHILE
IN THIS INSTITUTION I WILL ABIDE BY THESE RULES AND REGULATIONS.

GRADE COMPLETED IN SCHOOL: _11th_      X _Anthony K. Vaughn_
                                         INMATES SIGNATURE

_____
OFFICER'S SIGNATURE

```
/30/2006    16:42:32          LEE COUNTY SHERIFF'S OFFICE
                              INMATE BOOKING SHEET
                                                              PAGE    1
================================================================================
OOKING NO: 060005281

NMATE NAME: VAUGHN ANTHONY KEITH
        ALIAS:                              RACE: B      SEX: M
        ALIAS:                              HT: 6'01"    HAIR: BLK
      ADDRESS: 204 CHESTER AVE.             WT: 190      EYES: BRO
CITY/ST/ZIP: OPELIKA, AL 36801          COMPLEX: BLK
HOME PHONE: 334-█████████                    SSN: ████████
        DOB: ██████████  AGE:  34         DL ST:              DLN:
  PLCE BIRTH: OPELIKA                        SID:
        STATE: AL                          LOCID: 10631
  M. STATUS: MARRIED
    RELIGION: BAPT
GANG ASSOC: NO
SCARS/TATTOOS: TATTOO-LORD KNOWS, KILO; SCAR-1" ON ADAMS APPLE
KNOWN ENEMIES: NONE
      REMARKS:
                        NEXT OF KIN
```

| STATE OF ALABAMA UNIFIED JUDICIAL SYSTEM LEE COUNTY FORM CC-30 | COMMITTAL TO CUSTODY | CASE NUMBER CS-96-167.01 |
|---|---|---|
| | | ID    YR    Case No. |

_Bridget Jones_ ,    *    IN THE _Circuit_ COURT OF

PLAINTIFF

---

| State of Alabama Unified Judicial System Form C-42  Rev 6/88 | ORDER OF RELEASE FROM JAIL | Case Number CC 97-724 96-610 04-101 |
|---|---|---|

IN THE _Circuit_ COURT OF _Lee_ _04-?_ COUNTY

STATE OF ALABAMA    v. _Anthony Keith Vaugn_    _05-193, 194_

**TO THE JAILER WITH CUSTODY OF THE DEFENDANT**

You are ordered to release from your custody the above named defendant, charged with the offense of _____

**Reason for Release** _$450.00 jail credit, review - March 2, 07@ 1:30 pm_

**Date** _November 17, 06_     _[signature]_     **By:** _____

COURT RECORD  (Original)    JAILER  (Copy)    Judge/Clerk

---

JUDGE

_3 Hrs. ... lengthy ..._

NMATE: _Anthony K. Vau..._    DATE: _10/_    TIME: _____

OOK OFFICER: _[signature]_    DATE: _130_    TIME: _____

```
/0/30/2006    16:42:32          LEE COUNTY SHERIFF'S OFFICE
                                INMATE BOOKING SHEET                        PAGE    2
==========================================================================================
BOOKING NO: 060005281        INMATE NAME: VAUGHN ANTHONY KEITH
==========================================================================================
            COURT:                    ATTORNEY ON REC:
            JUDGE:                              PHONE: 000-000-0000
          REMARKS:
          REMARKS:
------------------------------------------------------------------------------------------
     BOOK DATE: 10/30/2006  BOOK TIME: 16:13  BOOK TYPE: NORMAL

    ARREST DATE: 10/30/2006        BOOKING OFFICER: THOMAS D34
    ARREST DEPT: LCSO              CELL ASSIGNMENT: F3
  ARRST OFFICER: FLOURNOY                MEAL CODE: 01    LEE COUNTY
  PROJ. RLSDATE: 00/00/0000              FACILITY: 01    COUNTY JAIL
  SEARCH OFFCR: SGT TABB            CLASSIFICATION:
   TYPE SEARCH: STRIP                WORK RELEASE: N
 INTOX RESULTS: SOBER
------------------------------------------------------------------------------------------
          HOLDS: N
         AGENCY:                    REASON:
         AGENCY:                    REASON:
         AGENCY:                    REASON:
         AGENCY:                    REASON:

          NOTES:
          NOTES:
          NOTES:
```

```
.0/30/2006    16:42:32      LEE COUNTY SHERIFF'S OFFICE
                            INMATE CHARGE SHEET                    PAGE    3
================================================================================
BOOKING NO: 060005281     INMATE NAME: VAUGHN ANTHONY KEITH
================================================================================
  CHARGE NO:   1  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CS 96 167.01        # OF COUNTS:    1
    OFFENSE: CHILD SUPPORT           WARRANT #:
     CASE #:
   BOND AMT: NO BOND                   FINE:        $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 10/30/2006            ARST AGENCY: LCSO
ARST OFFICR: FLOURNOY                   COUNTY: LEE
      COURT: DISTRICT                    JUDGE: BUSH
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
--------------------------------------------------------------------------------
  CHARGE NO:   2  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CS 01 86.00         # OF COUNTS:    1
    OFFENSE: CHILD SUPPORT           WARRANT #:
     CASE #:
   BOND AMT: NO BOND                   FINE:        $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 10/30/2006            ARST AGENCY: LCSO
ARST OFFICR: FLOURNOY                   COUNTY: LEE
      COURT: DISTRICT                    JUDGE: BUSH
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
--------------------------------------------------------------------------------
  CHARGE NO:   3  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CC 96 610.00        # OF COUNTS:    1
    OFFENSE: FTA/APPEAL              WARRANT #:
     CASE #:
   BOND AMT: NO BOND                   FINE: 500.00 $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 10/30/2006            ARST AGENCY: LCSO
ARST OFFICR: FLOURNOY                   COUNTY: LEE
      COURT:                             JUDGE: WALKER
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
--------------------------------------------------------------------------------
```

```
10/30/2006    16:42:32        LEE COUNTY SHERIFF'S OFFICE                PAGE    4
                              INMATE CHARGE SHEET
================================================================================
BOOKING NO: 060005281    INMATE NAME: VAUGHN ANTHONY KEITH
================================================================================
    CHARGE NO:   4  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CC 97 724.00            # OF COUNTS:    1
    OFFENSE: FTA/TOP I               WARRANT #:
     CASE #:
   BOND AMT: NO BOND                          FINE: 500.00 $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000              SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 10/30/2006              ARST AGENCY: LCSO
ARST OFFICR: FLOURNOY                     COUNTY: LEE
      COURT:                          JUDGE: WALKER
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
--------------------------------------------------------------------------------
    CHARGE NO:   5  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CC 01 1071.00           # OF COUNTS:    1
    OFFENSE: FTA/PISTOL              WARRANT #:
     CASE #:
   BOND AMT: NO BOND                      FINE: 500.00 $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000              SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 10/30/2006              ARST AGENCY: LCSO
ARST OFFICR: FLOURNOY                     COUNTY: LEE
      COURT:                          JUDGE: WALKER
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
--------------------------------------------------------------------------------
    CHARGE NO:   6  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CC 04 220.00            # OF COUNTS:    1
    OFFENSE: FTA/DV III              WARRANT #:
     CASE #:
   BOND AMT: NO BOND                      FINE: 500.00 $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000              SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 10/30/2006              ARST AGENCY: LCSO
ARST OFFICR: FLOURNOY                     COUNTY: LEE
      COURT:                          JUDGE: WALKER
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
--------------------------------------------------------------------------------
```

```
10/30/2006    16:42:32       LEE COUNTY SHERIFF'S OFFICE                PAGE    5
                             INMATE CHARGE SHEET
=================================================================================
BOOKING NO: 060005281      INMATE NAME: VAUGHN ANTHONY KEITH
=================================================================================
   CHARGE NO:   7  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CC 04 221.00           # OF COUNTS:    1
    OFFENSE: FTA/DV III                WARRANT #:
     CASE #:
   BOND AMT: NO BOND                        FINE: 500.00 $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000             SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 10/30/2006               ARST AGENCY: LCSO
ARST OFFICR: FLOURNOY                      COUNTY: LEE
      COURT:                                JUDGE:
DEF ATTORNY:                        DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
   CHARGE NO:   8  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CC 04 794.00           # OF COUNTS:    1
    OFFENSE: FTA/DV III                WARRANT #:
     CASE #:
   BOND AMT: NO BOND                        FINE: 500.00 $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000             SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 10/30/2006               ARST AGENCY: LCSO
ARST OFFICR: FLOURNOY                      COUNTY: LEE
      COURT:                                JUDGE: WALKER
DEF ATTORNY:                        DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
   CHARGE NO:   9  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CC 05 193.00           # OF COUNTS:    1
    OFFENSE: FTA/DV III                WARRANT #:
     CASE #:
   BOND AMT: NO BOND                        FINE: 500.00 $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000             SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 10/30/2006               ARST AGENCY: LCSO
ARST OFFICR: FLOURNOY                      COUNTY: LEE
      COURT:                                JUDGE: WALKER
DEF ATTORNY:                        DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

```
10/30/2006    16:42:32      LEE COUNTY SHERIFF'S OFFICE
                            INMATE CHARGE SHEET                    PAGE    6
================================================================================
BOOKING NO: 060005281      INMATE NAME: VAUGHN ANTHONY KEITH
================================================================================
   CHARGE NO:  10  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CC 05 194.00          # OF COUNTS:   1
    OFFENSE: FTA/CRIM TRESS III    WARRANT #:
     CASE #:
   BOND AMT: NO BOND                        FINE: 500.00 $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 10/30/2006           ARST AGENCY: LCSO
ARST OFFICR: FLOURNOY                 COUNTY: LEE
      COURT:                           JUDGE: WALKER
DEF ATTORNY:                   DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
--------------------------------------------------------------------------------
```

LEE COUNTY SHERIFF'S OFFICE

10/30/2006   16:42:32   MEDICAL SCREENING FORM                          PAGE 1

========================================================================

Booking No: 060005281  Date: 10/30/2006  Time: 16:13  Type: NORMAL
Agency to Bill: LEE COUNTY                Facility: COUNTY JAIL

------------------------------------------------------------------------

Inmate Name: VAUGHN ANTHONY KEITH                    Race: B        Sex: M
    DOB: ████████  Age:  34  SSN: ████████  Height: 6'01"  Weight: 190

------------------------------------------------------------------------

_No_  1.  Is inmate unconscious?

_No_  2.  Does inmate have any visible signs of trauma, illness, obvious pain
          and bleeding, requiring immediate emergency or doctor's care?

_No_  3.  Is there obvious fever, swollen lymph nodes, jaundice or other
          evidence of infection that might spread through the facility?

_No_  4.  Any signs of poor skin condition, vermin, rashes or needle marks?

_No_  5.  Does inmate appear to be under the influence of drugs or alcohol?

_No_  6.  Any visible signs of alcohol or drug withdrawal?

_No_  7.  Does inmate's behavior suggest the risk of suicide or assault?

_No_  8.  Is inmate carrying any medication?

_No_  9.  Does the inmate have any physical deformities?

_No_  10. Does inmate appear to have psychiatric problems?

      11. Do you have or have you ever had or has anyone in your family
          ever had any of the following?

_No_ a. Allergies    _No_ f. Fainting Spells    _No_ k. Seizures

_No_ b. Arthritis    _No_ g. Hearing Condition  _No_ l. Tuberculosis

_No_ c. Asthma       _No_ h. Hepatitis          _No_ m. Ulcers

_No_ d. Diabetes     _No_ i. High Blood Pressure _No_ n. Venereal Disease

_No_ e. Epilepsy     _No_ j. Psychiatric Disorder _No_ o. Other (Specify)


Other:  _____

        _____

        _____


      12. For females only:

           a. Are you pregnant?

           b. Do you take birth control pills?

           c. Have you recently delivered?

```
                          LEE COUNTY SHERIFF'S OFFICE
10/30/2006    16:42:32    MEDICAL SCREENING FORM                    PAGE 2
================================================================================
Booking No: 060005281  Date: 10/30/2006  Time: 16:13  Type: NORMAL
Agency to Bill: LEE COUNTY                    Facility: COUNTY JAIL

Inmate Name: VAUGHN ANTHONY KEITH              Race: B        Sex: M
     DOB: ███████  Age:  34  SSN: ██████  Height: 6'01"  Weight: 190
--------------------------------------------------------------------------------
```

NO  13.  Have you recently been hospitalized or treated by a doctor?

No  14.  Do you currently take any non-prescription medication or medication
         prescribed by a doctor?

No  15.  Are you allergic to any medication?

No  16.  Do you have any handicaps or conditions that limit activity?

No  17.  Have you ever attempted suicide or are you thinking about it now?

No  18.  Do you regularly use alcohol or street drugs?

No  19.  Do you have any problems when you stop drinking or using drugs?

No  20.  Do you have a special diet prescribed by a physician?

No  21.  Do you have any problems or pain with your teeth?

No  22.  Do you have any other medical problems we should know about?

_____

_____

_____

_____

_____

_____

_____


I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE
TRUE AND ACCURATE.

INMATE: _Anthony K. Vaughn_____    DATE: 10/____    TIME: _____

BOOK OFFICER: _____2034    DATE: /30____    TIME: _____

```
05/08/2006   10:52:32    LEE COUNTY SHERIFF'S OFFICE              PAGE      1
                         INMATE RELEASE SHEET
=================================================================================
BOOKING NO: 060002057

INMATE NAME: VAUGHN ANTHONY KEITH               RACE: B      SEX: M
      ALIAS:                                    HT: 6'01"  HAIR: BLK
      ALIAS:                                    WT: 190    EYES: BRO
    ADDRESS: 204 CHESTER AVE.                   COMPLEX: BLK
CITY/ST/ZIP: OPELIKA, AL 36801
 HOME PHONE: 334                                SSN:
        DOB:          AGE: 33                   DL ST:           DLN:
  PLCE BIRTH: OPELIKA                           SID:
      STATE: AL                                 LOCID: 10631
 M. STATUS: MARRIED
   RELIGION: BAPT
 GANG ASSOC: NO
SCARS/TATTOOS: TATTOO-LORD KNOWS, KILO; SCAR-1" ON ADAMS APPLE
KNOWN ENEMIES: NONE
     REMARKS:
--------------------------- NEXT OF KIN ------------------------------
 NEXT OF KIN: DOROTHY VAUGHN             RELATIONSHIP: MOTHER
     ADDRESS: 131 LEE RD 180                     PHONE: 334-749-5414
 CITY/ST/ZIP: OPELIKA, AL 36804
     REMARKS:
--------------------------- EMPLOYER INFO ----------------------------
    EMPLOYED: N
EMPLOYER NAME:
     ADDRESS:
 CITY/ST/ZIP: ,
       PHONE: 000-000-0000
--------------------------- MEDICAL ----------------------------------
 HANDICAPPED: N   NEEDS: N
     GLASSES: N   SMOKE: N
MEDICAL NEEDS: N   NEEDS:
   PHYSICIAN:                    PHONE: 000-000-0000
     REMARKS: NONE CLAIMED

     REMARKS:
     REMARKS:
--------------------------- PROPERTY ---------------------------------
        CASH:      $00.00
 DESCRIPTION:
ADD. PROPERTY: STREET CLOTHES,KIFE,BOX CUTTER,LIGHTER,NECK CHAIN,CARD
ADD. PROPERTY: CHERRY CHAP ET
ADD. PROPERTY:
  BIN NUMBER: 71
VEH IMPOUNDED:
 IMPOUND LOT:
     REMARKS:
     REMARKS:
```

All Property released to Officer

X _anthony Vaughn_

=================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: _anthony K Vaughn_        DATE: _____    TIME: _____

BOOK OFFICER: _J MGram_           DATE: _____    TIME: _____

```
05/08/2006    10:52:32        LEE COUNTY SHERIFF'S OFFICE
                               INMATE RELEASE SHEET                    PAGE    2
==================================================================================
BOOKING NO: 060002057    INMATE NAME: VAUGHN ANTHONY KEITH
==================================================================================
          COURT: DISTRICT              ATTORNEY ON REC:
          JUDGE: BUSH                        PHONE: 000-000-0000
        REMARKS:
        REMARKS:
----------------------------------------------------------------------------------
     BOOK DATE: 04/26/2006   BOOK TIME: 09:35   BOOK TYPE: NORMAL

   ARREST DATE: 04/26/2006           BOOKING OFFICER: BROWN N
   ARREST DEPT: LCSO                 CELL ASSIGNMENT:
 ARRST OFFICER: DALEY                     MEAL CODE: 01   LEE COUNTY
 PROJ. RLSDATE: 00/00/0000                 FACILITY: 01   COUNTY JAIL
  SEARCH OFFCR: CPL HILL             CLASSIFICATION:
   TYPE SEARCH: PAT                   WORK RELEASE: N
 INTOX RESULTS: SOBER

         HOLDS: Y
        AGENCY: OPD            REASON: 4 WARRANTS
        AGENCY:               REASON:
        AGENCY:               REASON:
        AGENCY:               REASON:

         NOTES:
         NOTES:
         NOTES:
==================================================================================
  RELEASE DATE: 05/08/2006   RELEASE TIME: 10:52   # DAYS SERVED:   13

 RELEASE OFFICER: INGRAM
    RELEASE TYPE: ORD OF REL JUDGE BUSH
        REMARKS: RELEASED TO OPD
        REMARKS:
        REMARKS:
==================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE:_____   DATE:_____   TIME:_____

BOOK OFFICER:_____   DATE:_____   TIME:_____
```

```
05/08/2006    10:52:32          LEE COUNTY SHERIFF'S OFFICE
                                INMATE CHARGE SHEET                        PAGE    3
==================================================================================
BOOKING NO: 060002057    INMATE NAME: VAUGHN ANTHONY KEITH
==================================================================================
    CHARGE NO:   1  DISPOSITION: RELEASED              HOLD: N

ALA STATUTE: CS 1996 000167.01           # OF COUNTS:    1
    OFFENSE: CHILD SUPPORT                 WARRANT #:
     CASE #: CS 1996 000167.01
    BOND AMT: NO BOND                            FINE:   $30,194.54
    BAIL AMT: NO BOND
INIT APPEAR: 00/00/0000              SENTENCE DATE: 00/00/0000
RELEASE DTE: 05/08/2006
ARREST DATE: 04/26/2006                 ARST AGENCY: LCSO
ARST OFFICR: DALEY                          COUNTY: LEE
      COURT: DISTRICT                         JUDGE: BUSH
DEF ATTORNY:                         DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS: INMATE RELEASED BY L43D22
----------------------------------------------------------------------------------
    CHARGE NO:   2  DISPOSITION: RELEASED              HOLD: N

ALA STATUTE: CS 2001 000086.00           # OF COUNTS:    1
    OFFENSE: CHILD SUPPORT                 WARRANT #:
     CASE #: CS 2001 000086.00
    BOND AMT: NO BOND                            FINE:   $12,683.70
    BAIL AMT: NO BOND
INIT APPEAR: 00/00/0000              SENTENCE DATE: 00/00/0000
RELEASE DTE: 05/08/2006
ARREST DATE: 04/26/2006                 ARST AGENCY: LCSO
ARST OFFICR: DALEY                          COUNTY: LEE
      COURT: DISTRICT                         JUDGE: LANE
DEF ATTORNY:                         DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS: INMATE RELEASED BY L43D22
----------------------------------------------------------------------------------
```

```
04/26/2006    09:50:52        LEE COUNTY SHERIFF'S OFFICE
                              INMATE BOOKING SHEET                    PAGE      1
===============================================================================
BOOKING NO: 060002057

INMATE NAME: VAUGHN ANTHONY KEITH
       ALIAS:                                    RACE: B       SEX: M
       ALIAS:                                    HT: 6'01"  HAIR: BLK
     ADDRESS: 204 CHESTER AVE.                   WT: 190    EYES: BRO
 CITY/ST/ZIP: OPELIKA, AL 36801            COMPLEX: BLK
  HOME PHONE: 334-                             SSN:
         DOB:            AGE:  33            DL ST:          DLN:
  PLCE BIRTH: OPELIKA                          SID:
       STATE: AL                             LOCID: 10631
   M. STATUS: MARRIED
    RELIGION: BAPT
 GANG ASSOC: NO
SCARS/TATTOOS: TATTOO-LORD KNOWS, KILO; SCAR-1" ON ADAMS APPLE
KNOWN ENEMIES: NONE
     REMARKS:
```

| State of Alabama Unified Judicial System | ORDER OF RELEASE FROM JAIL | Case Number |
|---|---|---|
| Form C-42    Rev 6/88 | | CS 96-167 CS01-86 |

IN THE _District_ **COURT OF** _Lee_ **COUNTY**

**STATE OF ALABAMA** v. _Anthony Keith Vaughn_

**TO THE JAILER WITH CUSTODY OF THE DEFENDANT**

You are ordered to release from your custody the above named defendant, charged with the offense of _Contempt of Court - Child Support_

Reason for Release _Set for review 6-19-06_

**Date** _8 May 2006_                              **By:** _[signature] Judge/Clerk_

COURT RECORD (Original)    JAILER (Copy)    Judge/Clerk

```
                              PROPERTY
        CASH:        $00.00
 DESCRIPTION:
ADD. PROPERTY: STREET CLOTHES,KIFE,BOX CUTTER,LIGHTER,NECK CHAIN,CARD
ADD. PROPERTY: CHERRY CHAP ET
ADD. PROPERTY:
  BIN NUMBER: 71
VEH IMPOUNDED:
 IMPOUND LOT:
     REMARKS:
     REMARKS:
```

_All property to released to officer_

```
===============================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: Anthony K. Vaughn      DATE: 4/26/      TIME:
BOOK OFFICER: Brown            DATE: /06         TIME: 9:50
```

```
04/26/2006     09:50:52      LEE COUNTY SHERIFF'S DEPARTMENT      PAGE    2
                              INMATE BOOKING SHEET
==============================================================================
BOOKING NO: 060002057      INMATE NAME: VAUGHN ANTHONY KEITH
==============================================================================
          COURT: DISTRICT            ATTORNEY ON REC:
          JUDGE: BUSH                    PHONE: 000-000-0000
        REMARKS:
        REMARKS:
------------------------------------------------------------------------------
   BOOK DATE: 04/26/2006  BOOK TIME: 09:35  BOOK TYPE: NORMAL
------------------------------------------------------------------------------
   ARREST DATE: 04/26/2006        BOOKING OFFICER: BROWN N
   ARREST DEPT: LCSO             CELL ASSIGNMENT: HC3
 ARRST OFFICER: LCSO                  MEAL CODE: 01   LEE COUNTY
 PROJ. RLSDATE: 00/00/0000            FACILITY: 01   COUNTY JAIL
  SEARCH OFFCR: CPL HILL          CLASSIFICATION:
   TYPE SEARCH: PAT               WORK RELEASE: N
 INTOX RESULTS: SOBER

        HOLDS: N yes
       AGENCY: OPD            REASON: 4 warrants
       AGENCY:               REASON:
       AGENCY:               REASON:
       AGENCY:               REASON:

        NOTES:
        NOTES:
        NOTES:
```

```
                              LEE COUNTY SHERIFF'S OFFICE
04/26/2006    09:50:52        INMATE CHARGE SHEET                    PAGE    3
===============================================================================
BOOKING NO: 060002057      INMATE NAME: VAUGHN ANTHONY KEITH
===============================================================================
   CHARGE NO:   1  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CS 1996 000167.01        # OF COUNTS:    1
    OFFENSE: CHILD SUPPORT             WARRANT #:
     CASE #: CS 1996 000167.01
   BOND AMT: NO BOND                        FINE:   $30,194.54
   BAIL AMT:
INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 04/26/2006             ARST AGENCY: LCSO
ARST OFFICR: LCSO                       COUNTY: LEE
      COURT: DISTRICT                    JUDGE: BUSH
DEF ATTORNY:                       DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
-------------------------------------------------------------------------------
   CHARGE NO:   2  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CS 2001 000086.00        # OF COUNTS:    1
    OFFENSE: CHILD SUPPORT             WARRANT #:
     CASE #: CS 2001 000086.00
   BOND AMT:                                 FINE:   $12,683.70
   BAIL AMT:
INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 04/26/2006             ARST AGENCY: LCSO
ARST OFFICR: DALEY                      COUNTY: LEE
      COURT: DISTRICT                    JUDGE: LANE
DEF ATTORNY:                       DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
-------------------------------------------------------------------------------
```

```
04/26/2006    09:50:52    MEDICAL SCREENING FORM                        PAGE 1
```
LEE COUNTY SHERIFF'S OFFICE
```
====================================================================================
Booking No: 060002057  Date: 04/26/2006  Time: 09:35  Type: NORMAL
Agency to Bill: LEE COUNTY                Facility: COUNTY JAIL
------------------------------------------------------------------------------------
Inmate Name: VAUGHN ANTHONY KEITH                    Race: B      Sex: M
       DOB: ████████ 2 Age: 33  SSN: ████████  Height: 6'01"  Weight: 190
------------------------------------------------------------------------------------
```

**NO**  1.  Is inmate unconscious?

**NO**  2.  Does inmate have any visible signs of trauma, illness, obvious pain and bleeding, requiring immediate emergency or doctor's care?

**NO**  3.  Is there obvious fever, swollen lymph nodes, jaundice or other evidence of infection that might spread through the facility?

**NO**  4.  Any signs of poor skin condition, vermin, rashes or needle marks?

**NO**  5.  Does inmate appear to be under the influence of drugs or alcohol?

**NO**  6.  Any visible signs of alcohol or drug withdrawal?

**NO**  7.  Does inmate's behavior suggest the risk of suicide or assault?

**NO**  8.  Is inmate carrying any medication?

**NO**  9.  Does the inmate have any physical deformities?

**NO**  10. Does inmate appear to have psychiatric problems?

11.  Do you have or have you ever had or has anyone in your family ever had any of the following?

**NO** a. Allergies    **NO** f. Fainting Spells    **NO** k. Seizures

**NO** b. Arthritis    **NO** g. Hearing Condition    **NO** l. Tuberculosis

**NO** c. Asthma    **NO** h. Hepatitis    **NO** m. Ulcers

**NO** d. Diabetes    **NO** i. High Blood Pressure    **NO** n. Venereal Disease

**NO** e. Epilepsy    **NO** j. Psychiatric Disorder    **NO** o. Other (Specify)

Other: _____

_____

_____

12.  For females only:

_____ a. Are you pregnant?

_____ b. Do you take birth control pills?

_____ c. Have you recently delivered?

```
04/26/2006    09:50:52    MEDICAL SCREENING FORM              PAGE 2
================================================================================
Booking No: 060002057  Date: 04/26/2006  Time: 09:35  Type: NORMAL
Agency to Bill: LEE COUNTY                Facility: COUNTY JAIL

Inmate Name: VAUGHN ANTHONY KEITH         Race: B        Sex: M
    DOB: ██████████ Age:  33  SSN: ██████████ Height: 6'01"  Weight: 190
--------------------------------------------------------------------------------
```

_no_ 13. Have you recently been hospitalized or treated by a doctor?

_no_ 14. Do you currently take any non-prescription medication or medication prescribed by a doctor?

_no_ 15. Are you allergic to any medication?

_no_ 16. Do you have any handicaps or conditions that limit activity?

_no_ 17. Have you ever attempted suicide or are you thinking about it now?

_yes_ 18. Do you regularly use alcohol or street drugs?

_no_ 19. Do you have any problems when you stop drinking or using drugs?

_no_ 20. Do you have a special diet prescribed by a physician?

_no_ 21. Do you have any problems or pain with your teeth?

_no_ 22. Do you have any other medical problems we should know about?

_____

_____

_____

_____

_____

_____

_____

I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: _Anthony K. Vaughn_    DATE: _4/26/06_    TIME: _____

BOOK OFFICER: _Brown_    DATE: _____    TIME: _9:50_

```
12/05/2005    16:34:47         COUNTY SHERIFF'S OFFICE          PAGE    1
                              INMATE RELEASE SHEET
=============================================================================
BOOKING NO: 050005761

INMATE NAME: VAUGHN ANTHONY KEITH
      ALIAS:                              RACE: B      SEX: M
      ALIAS:                              HT: 6'01"  HAIR: BLK
    ADDRESS: #18 RAINBOW T.P.             WT: 190   EYES: BRO
 CITY/ST/ZIP: OPELIKA, AL 36801        COMPLEX: BLK
 HOME PHONE: 334-                          SSN:
        DOB:              AGE:  33      DL ST:           DLN:
 PLCE BIRTH: OPELIKA                      SID:
      STATE: AL                         LOCID: 10631
  M. STATUS:
   RELIGION: BAPT
 GANG ASSOC: NO
SCARS/TATTOOS: TATTOO-LORD KNOWS, KILO; SCAR-1" ON ADAMS APPLE
KNOWN ENEMIES: NONE
    REMARKS:
-------------------------- NEXT OF KIN --------------------------------
 NEXT OF KIN: DOROTHY VAUGHN           RELATIONSHIP: MOTHER
     ADDRESS: 131 LEE RD 180                   PHONE: 334-749-5414
 CITY/ST/ZIP: OPELIKA, AL 36804
     REMARKS:
-------------------------- EMPLOYER INFO ------------------------------
    EMPLOYED: Y
EMPLOYER NAME: CITY OF OPELIKA
     ADDRESS:
 CITY/ST/ZIP: OPELIKA, AL 36801
       PHONE: 000-000-0000
-------------------------- MEDICAL -----------------------------------
  HANDICAPPED: N  NEEDS: N
     GLASSES: N  SMOKE: N
MEDICAL NEEDS: N  NEEDS:
   PHYSICIAN:                   PHONE: 000-000-0000
     REMARKS: NONE CLAIMED

     REMARKS:
     REMARKS:
-------------------------- PROPERTY ----------------------------------
        CASH:      $00.73
 DESCRIPTION:
ADD. PROPERTY: STREET CLOTHES.WATCH,NECKLACE,KEYS,BELT,CHAPSTICK,PILLS
ADD. PROPERTY: BUGLER PAPERS,KNIFE
ADD. PROPERTY:
  BIN NUMBER: 173
VEH IMPOUNDED:
 IMPOUND LOT:
     REMARKS:
     REMARKS:
=============================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE:                        DATE: 12-5-05  TIME: 4:40

BOOK OFFICER:                  DATE:          TIME:
```

```
12/05/2005    16:34:47        INMATE RELEASE SHEET                    PAGE    2
===============================================================================
BOOKING NO: 050005761    INMATE NAME: VAUGHN ANTHONY KEITH
===============================================================================
       COURT:                         ATTORNEY ON REC:
       JUDGE:                             PHONE: 000-000-0000
     REMARKS:
     REMARKS:
-------------------------------------------------------------------------------
   BOOK DATE: 12/04/2005  BOOK TIME: 12:32  BOOK TYPE: NORMAL

   ARREST DATE: 12/04/2005        BOOKING OFFICER: WHEELER
   ARREST DEPT: LCSO              CELL ASSIGNMENT:
 ARRST OFFICER: PURVIS                  MEAL CODE: 01  LEE COUNTY
 PROJ. RLSDATE: 00/00/0000               FACILITY: 01  COUNTY JAIL
 SEARCH OFFCR: CPL LYES           CLASSIFICATION:
  TYPE SEARCH: PAT                  WORK RELEASE: N
INTOX RESULTS:

        HOLDS: Y
       AGENCY: OPD            REASON: INV DUNSON
       AGENCY:                REASON:
       AGENCY:                REASON:
       AGENCY:                REASON:

        NOTES:
        NOTES:
        NOTES:
===============================================================================
 RELEASE DATE: 12/05/2005  RELEASE TIME: 16:34   # DAYS SERVED:    2

RELEASE OFFICER: INGRAM
   RELEASE TYPE: ORD OF REL JUDGE WALKER
        REMARKS: JUDGE BUSH
        REMARKS: NCIC CLEAR SERITA
        REMARKS:
===============================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE:_____   DATE:_____   TIME:_____

BOOK OFFICER:_____   DATE:_____   TIME:_____
```

```
12/05/2005    16:34:47          LEE COUNTY SHERIFF'S OFFICE          PAGE    3
                                INMATE CHARGE SHEET
================================================================================
BOOKING NO: 050005761    INMATE NAME: VAUGHN ANTHONY KEITH
================================================================================
   CHARGE NO:   1  DISPOSITION: RELEASED          HOLD: N

ALA STATUTE: CS2001-000086.           # OF COUNTS:   1
    OFFENSE: CHILDSUPPORT               WARRANT #:
     CASE #: CS2001-000086.
   BOND AMT: RELEASED                        FINE:      $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000            SENTENCE DATE: 00/00/0000
RELEASE DTE: 12/05/2005
ARREST DATE: 12/04/2005              ARST AGENCY: LCSO
ARST OFFICR: PURVIS                       COUNTY: LEE
      COURT: JUDICAL                        JUDGE: BUSH
DEF ATTORNY:                        DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
--------------------------------------------------------------------------------
   CHARGE NO:   2  DISPOSITION: RELEASED          HOLD: N

ALA STATUTE: CS1996-000167.01         # OF COUNTS:   2
    OFFENSE: CHILD SUPPORT             WARRANT #:
     CASE #: CS1996-000167.01
   BOND AMT: RELEASED                        FINE:      $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000            SENTENCE DATE: 00/00/0000
RELEASE DTE: 12/05/2005
ARREST DATE: 12/04/2005              ARST AGENCY: LCSO
ARST OFFICR: PURVIS                       COUNTY: LEE
      COURT: JUDICIAL                       JUDGE: BUSH
DEF ATTORNY:                        DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
--------------------------------------------------------------------------------
   CHARGE NO:   3  DISPOSITION: RELEASED          HOLD: N

ALA STATUTE: CC2005-000193.           # OF COUNTS:   3
    OFFENSE: FTA(DOM III)              WARRANT #:
     CASE #:
   BOND AMT: RELEASED                        FINE:      $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000            SENTENCE DATE: 00/00/0000
RELEASE DTE: 12/05/2005
ARREST DATE: 12/04/2005              ARST AGENCY: LCSO
ARST OFFICR: PURVIS                       COUNTY: LEE
      COURT:                               JUDGE: WALKER
DEF ATTORNY:                        DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
--------------------------------------------------------------------------------
```

```
12/05/2005    16:34:47      INMATE CHARGE SHEET                    PAGE    4
```

LEE COUNTY SHERIFF'S OFFICE

================================================================================
```
BOOKING NO: 050005761      INMATE NAME: VAUGHN ANTHONY KEITH
```
================================================================================

```
   CHARGE NO:  4  DISPOSITION: RELEASED          HOLD: N

ALA STATUTE: CC2005-000194.            # OF COUNTS:   4
     OFFENSE: FTA(CRIM TRESSPASS)        WARRANT #:
     CASE #: CC05-000194
   BOND AMT: RELEASED                       FINE:       $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
RELEASE DTE: 12/05/2005
ARREST DATE: 12/04/2005             ARST AGENCY: LCSO
ARST OFFICR: PURVIS                      COUNTY: LEE
      COURT:                              JUDGE: WALKER
DEF ATTORNY:                      DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
----------------------------------------------------------------------
   CHARGE NO:  5  DISPOSITION: RELEASED          HOLD: N

ALA STATUTE: CC04-000220.00            # OF COUNTS:   5
     OFFENSE: FTA(DOM VIO III)           WARRANT #:
     CASE #: CC04-000220.00
   BOND AMT: RELEASED                       FINE:       $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
RELEASE DTE: 12/05/2005
ARREST DATE: 12/04/2005             ARST AGENCY: LCSO
ARST OFFICR: PURVIS                      COUNTY: LEE
      COURT:                              JUDGE: WALKER
DEF ATTORNY:                      DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
----------------------------------------------------------------------
   CHARGE NO:  6  DISPOSITION: RELEASED          HOLD: N

ALA STATUTE: CC2004- 000221.00         # OF COUNTS:   6
     OFFENSE: FTA(DO, VIO III ASSAULT)   WARRANT #:
     CASE #: CC2004-000221.
   BOND AMT: RELEASED                       FINE:       $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
RELEASE DTE: 12/05/2005
ARREST DATE: 12/04/2005             ARST AGENCY: LCSO
ARST OFFICR: PURVIS                      COUNTY: LEE
      COURT:                              JUDGE: WALKER
DEF ATTORNY:                      DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
----------------------------------------------------------------------
```

```
12/05/2005    16:34:47         INMATE CHARGE SHEET                    PAGE    5
===============================================================================
BOOKING NO: 050005761      INMATE NAME: VAUGHN ANTHONY KEITH
===============================================================================
  CHARGE NO:   7  DISPOSITION: RELEASED              HOLD: N

ALA STATUTE: CC2004-000794.            # OF COUNTS:    7
    OFFENSE: FTA  DOM VIOL III HARASSMENT   WARRANT #:
     CASE #: CC2004-000794.
   BOND AMT: RELEASED                          FINE:      $0.00
   BAIL AMT:
 INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
 RELEASE DTE: 12/05/2005
 ARREST DATE: 12/04/2005          ARST AGENCY: LCSO
 ARST OFFICR: PURVIS                   COUNTY: LEE
       COURT:                           JUDGE: WALKER
 DEF ATTORNY:                   DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
-------------------------------------------------------------------------------
```

```
12/04/2005    12:53:05    LEE COUNTY SHERIFF'S OFFICE                    PAGE      1
                          INMATE BOOKING SHEET
================================================================================
BOOKING NO: 050005761

INMATE NAME: VAUGHN ANTHONY KEITH                    RACE: B      SEX: M
      ALIAS:                                         HT: 6'01"    HAIR: BLK
      ALIAS:                                         WT: 190      EYES: BRO
    ADDRESS: #18 RAINBOW T.P.                        COMPLEX: BLK
 CITY/ST/ZIP: OPELIKA, AL 36801
 HOME PHONE: 334                                     SSN:
        DOB:              AGE:  33                    DL ST:          DLN:
 PLCE BIRTH: OPELIKA                                 SID:
      STATE: AL                                      LOCID: 10631
  M. STATUS:
   RELIGION: BAPT
GANG ASSOC: NO
SCARS/TATTOOS: TATTOO-LORD KNOWS, KILO; SCAR-1" ON ADAMS APPLE
KNOWN ENEMIES: NONE
    REMARKS:
-------------------------------- NEXT OF KIN -----------------------------------
NEXT OF KIN  DOROTHY VAUGHN
```

| State of Alabama Unified Judicial System  Form C-42   Rev 6/88 | **ORDER OF RELEASE FROM JAIL** | Case Number CS 01-086 CS 96-167 |
|---|---|---|

IN THE ___District___ COURT OF ___Lee___ COUNTY

| State of Alabama Unified Judicial System  Form C-42   Rev 6/88 | **ORDER OF RELEASE FROM JAIL** | Case Number CC 05 193, 194 C 04 290, 291, 794 |
|---|---|---|

IN THE ___Circuit___ COURT OF ___lee___ COUNTY

STATE OF ALABAMA     v. ___Anthony Keith Vaughn___

**TO THE JAILER WITH CUSTODY OF THE DEFENDANT**

You are ordered to release from your custody the above named defendant, charged with the offense of _____
DV III, Crim Tres III, Hara-DV, Assault III, Assault III

Reason for Release ___Review 2/16/06 1:30 pm___

Date ___12/5/05___                                      By: _____
    COURT RECORD  (Original)    JAILER  (Copy)    Judge/Clerk

```
    REMARKS:
================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE:                        DATE:           TIME:
BOOK OFFICER:                  DATE: 12-04-05  TIME:
```

```
12/04/2005    12:53:05        LEE COUNTY SHERIFF'S OFFICE              PAGE    2
                              INMATE BOOKING SHEET
==============================================================================
BOOKING NO: 050005761      INMATE NAME: VAUGHN ANTHONY KEITH
==============================================================================
        COURT:                      ATTORNEY ON REC:
        JUDGE:                          PHONE: 000-000-0000
      REMARKS:
      REMARKS:
------------------------------------------------------------------------------
    BOOK DATE: 12/04/2005  BOOK TIME: 12:32  BOOK TYPE: NORMAL

    ARREST DATE: 12/04/2005          BOOKING OFFICER: WHEELER
    ARREST DEPT: LCSO                CELL ASSIGNMENT: D-6
   ARRST OFFICER: PURVIS                  MEAL CODE: 01   LEE COUNTY
   PROJ. RLSDATE: 00/00/0000               FACILITY: 01   COUNTY JAIL
   SEARCH OFFCR: CPL LYES            CLASSIFICATION:
    TYPE SEARCH: PAT                  WORK RELEASE: N
  INTOX RESULTS:

        HOLDS: N
       AGENCY:                REASON:
       AGENCY:                REASON:
       AGENCY:                REASON:
       AGENCY:                REASON:

        NOTES:
        NOTES:
        NOTES:
```

```
12/04/2005    12:53:05        LEE COUNTY SHERIFF'S OFFICE               PAGE    3
                              INMATE CHARGE SHEET
=============================================================================
BOOKING NO: 050005761    INMATE NAME: VAUGHN ANTHONY KEITH
=============================================================================
  CHARGE NO:  1  DISPOSITION: OPEN            HOLD: N

ALA STATUTE: CS2001-000086.          # OF COUNTS:   1
    OFFENSE: CHILDSUPPORT              WARRANT #:
     CASE #: CS2001-000086.
   BOND AMT:                               FINE:        $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 12/04/2005            ARST AGENCY: LCSO
ARST OFFICR: PURVIS                    COUNTY: LEE
      COURT: JUDICAL                     JUDGE: LANE
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
-----------------------------------------------------------------------------
  CHARGE NO:  2  DISPOSITION: OPEN            HOLD: N

ALA STATUTE: CS1996-000167.01        # OF COUNTS:   2
    OFFENSE: CHILD SUPPORT            WARRANT #:
     CASE #: CS1996-000167.01
   BOND AMT:                              FINE:        $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 12/04/2005            ARST AGENCY: LCSO
ARST OFFICR: PURVIS                    COUNTY: LEE
      COURT: JUDICIAL                   JUDGE: BUSH
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
-----------------------------------------------------------------------------
  CHARGE NO:  3  DISPOSITION: OPEN            HOLD: N

ALA STATUTE: CC2005-000193.          # OF COUNTS:   3
    OFFENSE: FTA(DOM III)             WARRANT #:
     CASE #:
   BOND AMT:                              FINE:        $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 12/04/2005            ARST AGENCY: LCSO
ARST OFFICR: PURVIS                    COUNTY: LEE
      COURT:                             JUDGE: WALKER
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
-----------------------------------------------------------------------------
```

LEE COUNTY SHERIFF'S OFFICE
INMATE CHARGE SHEET

12/04/2005    12:53:05                                           PAGE    4

=================================================================

BOOKING NO: 050005761        INMATE NAME: VAUGHN ANTHONY KEITH

=================================================================

CHARGE NO:   4  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CC2005-000194.           # OF COUNTS:    4
    OFFENSE: FTA(CRIM TRESSPASS)       WARRANT #:
     CASE #: CC05-000194
    BOND AMT:                              FINE:        $0.00
    BAIL AMT:
INIT APPEAR: 00/00/0000            SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 12/04/2005              ARST AGENCY: LCSO
ARST OFFICR: PURVIS                       COUNTY: LEE
      COURT:                               JUDGE: WALKER
DEF ATTORNY:                        DIST ATTORNEY:
  COMMENTS:
  COMMENTS:
  COMMENTS:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARGE NO:   5  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CC04-000220.00           # OF COUNTS:    5
    OFFENSE: FTA(DOM VIO III)          WARRANT #:
     CASE #: CC04-000220.00
    BOND AMT:                              FINE:        $0.00
    BAIL AMT:
INIT APPEAR: 00/00/0000            SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 12/04/2005              ARST AGENCY: LCSO
ARST OFFICR: PURVIS                       COUNTY: LEE
      COURT:                               JUDGE: WALKER
DEF ATTORNY:                        DIST ATTORNEY:
  COMMENTS:
  COMMENTS:
  COMMENTS:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARGE NO:   6  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: CC2004- 000221.00        # OF COUNTS:    6
    OFFENSE: FTA(DO, VIO III ASSAULT)  WARRANT #:
     CASE #: CC2004-000221.
    BOND AMT:                              FINE:        $0.00
    BAIL AMT:
INIT APPEAR: 00/00/0000            SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 12/04/2005              ARST AGENCY: LCSO
ARST OFFICR: PURVIS                       COUNTY: LEE
      COURT:                               JUDGE: WALKER
DEF ATTORNY:                        DIST ATTORNEY:
  COMMENTS:
  COMMENTS:
  COMMENTS:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FTA   Dom  3rd  Harassment
CC2004- 000794.00    Walker
      n/o Bond           Purvis

12/04/2005    12:53:05              INMATE CHARGE SHEET                    PAGE    5
====================================================================================
BOOKING NO: 050005761         INMATE NAME: VAUGHN ANTHONY KEITH
====================================================================================

LEE COUNTY SHERIFF'S OFFICE

12/04/2005      12:53:05      MEDICAL SCREENING FORM                    PAGE 1
====================================================================================

Booking No: 050005761  Date: 12/04/2005  Time: 12:32  Type: NORMAL
Agency to Bill: LEE COUNTY              Facility: COUNTY JAIL

Inmate Name: VAUGHN ANTHONY KEITH              Race: B        Sex: M
      DOB: ▇▇▇▇▇▇ Age:  33  SSN: ▇▇▇▇▇▇▇  Height: 6'01"  Weight: 190
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NO  1.  Is inmate unconscious?

NO  2.  Does inmate have any visible signs of trauma, illness, obvious pain
        and bleeding, requiring immediate emergency or doctor's care?

NO  3.  Is there obvious fever, swollen lymph nodes, jaundice or other
        evidence of infection that might spread through the facility?

NO  4.  Any signs of poor skin condition, vermin, rashes or needle marks?

NO  5.  Does inmate appear to be under the influence of drugs or alcohol?

NO  6.  Any visible signs of alcohol or drug withdrawal?

NO  7.  Does inmate's behavior suggest the risk of suicide or assault?

NO  8.  Is inmate carrying any medication?

NO  9.  Does the inmate have any physical deformities?

NO  10. Does inmate appear to have psychiatric problems?

    11. Do you have or have you ever had or has anyone in your family
        ever had any of the following?

    NO a. Allergies      NO f. Fainting Spells    NO k. Seizures

    NO b. Arthritis      NO g. Hearing Condition  NO l. Tuberculosis

    NO c. Asthma         NO h. Hepatitis          NO m. Ulcers

    NO d. Diabetes       YES i. High Blood Pressure  NO n. Venereal Disease

    NO e. Epilepsy       NO j. Psychiatric Disorder  NO o. Other (Specify)

    Other: _____

           _____

           _____


    12.  For females only:

         NO a. Are you pregnant?

         NO b. Do you take birth control pills?

         NO c. Have you recently delivered?

Case 3:06-cv-01048-WG COUNTY SHERIFF'S OFFICE 03/02/2007    Page 43 of 47

12/04/2005    12:53:05    MEDICAL SCREENING FORM                    PAGE 2
================================================================================
Booking No: 050005761   Date: 12/04/2005   Time: 12:32   Type: NORMAL
Agency to Bill: LEE COUNTY                  Facility: COUNTY JAIL

Inmate Name: VAUGHN ANTHONY KEITH                    Race: B      Sex: M
    DOB: ▓▓▓▓▓▓▓ Age: 33   SSN: ▓▓▓▓▓▓▓1   Height: 6'01"   Weight: 190
--------------------------------------------------------------------------------

NO  13.  Have you recently been hospitalized or treated by a doctor?

NO  14.  Do you currently take any non-prescription medication or medication
         prescribed by a doctor?

NO  15.  Are you allergic to any medication?

NO  16.  Do you have any handicaps or conditions that limit activity?

NO  17.  Have you ever attempted suicide or are you thinking about it now?

NO  18.  Do you regularly use alcohol or street drugs?

NO  19.  Do you have any problems when you stop drinking or using drugs?

NO  20.  Do you have a special diet prescribed by a physician?

NO  21.  Do you have any problems or pain with your teeth?

NO  22.  Do you have any other medical problems we should know about?

_____

_____

_____

_____

_____

_____

_____


I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE
TRUE AND ACCURATE.

INMATE: _Anthony K. Vaughn_____    DATE: _____    TIME: _____

BOOK OFFICER: _____    DATE: 12-4-05  TIME: _____

```
05/02/2005   10:06:57     LEE COUNTY SHERIFF'S OFFICE          PAGE    1
                          INMATE RELEASE SHEET
=========================================================================
BOOKING NO: 050001749

INMATE NAME: VAUGHN ANTHONY KEITH
      ALIAS:                              RACE: B      SEX: M
      ALIAS:                              HT: 6'01"   HAIR: BLK
    ADDRESS: #18 RAINBOW T.P.             WT: 190     EYES: BRO
 CITY/ST/ZIP: OPELIKA, AL 36801           COMPLEX: BLK
 HOME PHONE: 334                          SSN
        DOB:           AGE:  32           DL ST:              DLN:
 PLCE BIRTH: OPELIKA                      SID:
      STATE: AL                           LOCID: 10631
  M. STATUS: SINGLE
   RELIGION: BAPT
 GANG ASSOC: NO
SCARS/TATTOOS: TATTOO-LORD KNOWS, KILO; SCAR-1" ON ADAMS APPLE
KNOWN ENEMIES: NONE
    REMARKS:
--------------------------- NEXT OF KIN ---------------------------------
 NEXT OF KIN: DOROTHY VAUGHN              RELATIONSHIP: MOTHER
     ADDRESS: 131 LEE RD 180                     PHONE: 334-749-5414
 CITY/ST/ZIP: OPELIKA, AL 36804
     REMARKS:
-------------------------- EMPLOYER INFO --------------------------------
    EMPLOYED: Y
EMPLOYER NAME: CITY OF OPELIKA
     ADDRESS:
 CITY/ST/ZIP: OPELIKA, AL 36801
       PHONE: 000-000-0000
----------------------------- MEDICAL ----------------------------------
 HANDICAPPED: N   NEEDS: N
     GLASSES: N   SMOKE: N
MEDICAL NEEDS: N   NEEDS:
   PHYSICIAN:                     PHONE: 000-000-0000
     REMARKS: NONE CLAIMED

     REMARKS:
     REMARKS:
---------------------------- PROPERTY -----------------------------------
        CASH:     $00.00
 DESCRIPTION: NONE TAKEN
ADD. PROPERTY: BELT,2 KNIFES,LIGHTER,WATCH,RING(YELLOW)
ADD. PROPERTY: NECKLACE(GREY),BLK HAT,GRY-WHT-BLK SWEATER
ADD. PROPERTY: LIPCHAP,1 EARRING
  BIN NUMBER: 48
VEH IMPOUNDED:
 IMPOUND LOT:
     REMARKS: NO INFO OF A VEHICLE
     REMARKS:
=========================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE:                      DATE: 5-2-05    TIME:

BOOK OFFICER:                DATE:           TIME:
```

```
05/02/2005   10:06:57        INMATE RELEASE SHEET              PAGE    2
================================================================================
BOOKING NO: 050001749    INMATE NAME: VAUGHN ANTHONY KEITH
================================================================================
        COURT:                    ATTORNEY ON REC:
        JUDGE:                        PHONE: 000-000-0000
      REMARKS:
      REMARKS:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
   BOOK DATE: 04/18/2005  BOOK TIME: 19:42  BOOK TYPE: NORMAL

   ARREST DATE: 04/18/2005       BOOKING OFFICER: THOMAS D34
   ARREST DEPT: LCSO             CELL ASSIGNMENT:
 ARRST OFFICER: SGT BLACK            MEAL CODE: 01  LEE COUNTY
 PROJ. RLSDATE: 00/00/0000            FACILITY: 01  COUNTY JAIL
 SEARCH OFFCR: CPL COWHICK        CLASSIFICATION:
  TYPE SEARCH: DRESSED OUT         WORK RELEASE: N
INTOX RESULTS: SOBER

        HOLDS: N
       AGENCY:                 REASON:
       AGENCY:                 REASON:
       AGENCY:                 REASON:
       AGENCY:                 REASON:

        NOTES:
        NOTES:
        NOTES:
================================================================================
 RELEASE DATE: 05/02/2005  RELEASE TIME: 10:06   # DAYS SERVED:   15

RELEASE OFFICER: BLACK
   RELEASE TYPE: ORD RLSE
        REMARKS: CLEAR DONNA
        REMARKS:
        REMARKS:
================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE:_____   DATE:_____   TIME:_____

BOOK OFFICER:_____   DATE:_____   TIME:_____
```

05/02/2005    10:06:57        INMATE CHARGE SHEET                    PAGE    3

=================================================================================

BOOKING NO: 050001749      INMATE NAME: VAUGHN ANTHONY KEITH

=================================================================================

CHARGE NO:   1  DISPOSITION: RELEASED           HOLD: N

ALA STATUTE: CS01-86               # OF COUNTS:   0
     OFFENSE: FTA/C/S              WARRANT #: CS 01 86.00
      CASE #:
    BOND AMT: NO BOND                     FINE:   $10,920.18
    BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 04/18/2005          ARST AGENCY: LCSO
ARST OFFICR: SGT BLACK                COUNTY: LEE
       COURT:                           JUDGE:
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
------------------------------------------------------------------------

CHARGE NO:   2  DISPOSITION: RELEASED           HOLD: N

ALA STATUTE: CS96-167              # OF COUNTS:   1
     OFFENSE: FTA/C/S              WARRANT #: CS 96 167.01
      CASE #:
    BOND AMT: NO BOND                     FINE:   $27,613.26
    BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 04/18/2005          ARST AGENCY: LCSO
ARST OFFICR: SGT BLACK                COUNTY: LEE
       COURT:                           JUDGE:
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
------------------------------------------------------------------------

CHARGE NO:   3  DISPOSITION: RELEASED           HOLD: N

ALA STATUTE:                       # OF COUNTS:   1
     OFFENSE: FTA/DVIII            WARRANT #: CC 04 220
      CASE #:
    BOND AMT: NO BOND                     FINE:       $0.00
    BAIL AMT:
INIT APPEAR: 00/00/0000          SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 04/18/2005          ARST AGENCY: LCSO
ARST OFFICR: SGT BLACK                COUNTY: LEE
       COURT:                           JUDGE:
DEF ATTORNY:                     DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
------------------------------------------------------------------------

```
05/02/2005    10:06:57       LEE COUNTY SHERIFF'S OFFICE
                              INMATE CHARGE SHEET                    PAGE    4
================================================================================
BOOKING NO: 050001749    INMATE NAME: VAUGHN ANTHONY KEITH
================================================================================
   CHARGE NO:   4  DISPOSITION: RELEASED          HOLD: N

ALA STATUTE:                         # OF COUNTS:   1
    OFFENSE: FTA/DV III                 WARRANT #: CC 04 221
     CASE #:
   BOND AMT: NO BOND                          FINE:      $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 04/18/2005             ARST AGENCY: LCSO
ARST OFFICR: SGT BLACK                   COUNTY: LEE
      COURT:                              JUDGE:
DEF ATTORNY:                      DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
--------------------------------------------------------------------------------
   CHARGE NO:   5  DISPOSITION: RELEASED          HOLD: N

ALA STATUTE: CC04-794                # OF COUNTS:   1
    OFFENSE: COURT                      WARRANT #:
     CASE #: CC04-794
   BOND AMT:                                 FINE:      $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000           SENTENCE DATE: 00/00/0000
RELEASE DTE: 04/21/2005
ARREST DATE: 00/00/0000             ARST AGENCY:
ARST OFFICR:                             COUNTY:
      COURT:                              JUDGE: WALKER
DEF ATTORNY:                      DIST ATTORNEY:
   COMMENTS: SET FOR REVIEW HEARING 9-22-05 130PM
   COMMENTS:
   COMMENTS:
--------------------------------------------------------------------------------
```

# Exhibit B
# Affidavit of Corey Welch

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY KEITH VAUGHN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **Civil Action No. 3:06-cv-1048-MHT-WC** |
| | ) | |
| **OFFICER SCROGGINS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF COREY WELCH

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF LEE** | ) |

**BEFORE ME,** the undersigned authority and Notary Public in and for said County and State at large, personally appeared Corey Welch, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1. My name is Corey Welch. I am over the age of nineteen and competent to execute this affidavit.

2. I am employed by the Lee County Sheriff's Office and assigned to serve as a corrections officer at the Lee County Detention Center. I have worked as a correctional officer for over ten years, having obtained the rank of Lieutenant in November 2004. I am both a graduate of the Police Academy and the Alabama Jail Management School. Half of Lee County Detention Center staff is assigned to the red team and half is assigned to the blue team. I am the red team supervisor. I am in charge of work-release inmates and am the SPORT team administrator. Lt. Roberson and I are the highest ranking jail officials under Major Torbert and Sheriff Jones.

3. I am familiar with the Plaintiff Anthony Keith Vaughn due to his incarceration in the Lee County Detention Center. The Plaintiff was a pretrial detainee at all times relevant to the allegations made the basis of the Plaintiff's Complaint.

4. I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5. It is the policy of the Lee County Sheriff's Office that Detention Center staff use only the minimum physical force necessary to control combative or uncooperative inmates. Physical abuse is not used to punish an inmate for a rule violation.

6. It is the policy of the Lee County Sheriff's Office that force and restraints are used in the Lee County Detention Center only when it is necessary to do so in order to maintain appropriate control and management and provide for secure and orderly running of the Detention Center.

7. The Lee County Sheriff's Office operates the Lee County Detention Center under the belief that control and management of inmates incarcerated there should be by sound scientific methods, stressing moral values and organized persuasion rather than depending upon physical force for effective management and control.

8. When the use of force is necessary, only the minimum amount needed to accomplish the task at hand is used.

9. Physical force is used only as a last resort. All reasonable attempts are made to identify and utilize alternative means to deal with the situation.

10. Physical force or chemical agents may be used in the following incidences:

    a. Prior to the use of deadly force to prevent the commission of a felony, including escape or to prevent an act which could result in death or serious bodily harm to one's self or another person.

    b. In defending one's self or others against any physical assault.

    c. To prevent the commission of a misdemeanor.

    d. To prevent serious damage to property.

    e. To enforce Detention Center regulations.

2

    f.      To prevent or quell a riot.

11.     It is the policy of the Lee County Sheriff's Office to establish rules and regulations governing the behavior of persons incarcerated in the Lee County Detention Center and to subject such persons to discipline for violation of those rules only in a matter which provides due process for the accused person.

12.     Using profanity or derogatory remarks or gestures to a staff member is a major offense, subjecting the inmate to lockdown. Plaintiff was placed in lockdown on November 3, 2006 for a short time period to allow him to "cool-off."

13.     It is the policy of the Lee County Sheriff's Office that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the Sheriff, chief deputy sheriff, or Detention Center personnel.

14.     Inmates housed in the Lee County Detention Center are furnished with Inmate Request Forms for the purpose of stating their requests or grievances in writing. Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if possible. If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

3

15.    Internal grievance procedures at the Lee County Detention Center are available to all inmates. It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.

16.    All inmates are provided access to a Lee County Detention Center Inmate Handbook. All inmates are provided a copy of the Lee County Detention Center Inmate Handbook when they are booked into the jail. Plaintiff signed a receipt showing that he had received a copy of the handbook and could read it. The inmate handbook states that an inmate may report a grievance on an inmate request form. Grievances are first answered by the appropriate staff at the lowest level in the chain of command. The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

17.    I have never received a grievance or request form from the Plaintiff concerning any of the allegations made the basis of his Complaint. Per Lee County Sheriff's Office policy, an inmate has the opportunity to appeal any grievance to me if he were not satisfied with the response at the lower levels in the chain of command. The Plaintiff has not appealed any grievance to me. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center.

18.    It is the policy of the Lee County Sheriff's Office that all inmates confined in the Lee County Detention Facility are entitled to a level of health care comparable to that available to citizens in the surrounding community, which will ensure their physical and emotional well-being.

19.    Medical care rendered to inmates in the Lee County Detention Facility is delivered under the direction of a licensed health care provider.

4

20.    No health care personnel or Detention Facility officer or other employee of the Sheriff's Office will ever summarily or arbitrarily deny an inmate's reasonable request for medical services.

21.    Medical, dental, and mental health matters involving clinical judgments are the sole province of the responsible physician, dentist, or psychiatrist or qualified psychologist, respectively.

22.    Inmates are guaranteed access to all diagnostic, laboratory, or other treatment services as directed by the responsible health care authority.

23.    It is the policy of the Lee County Sheriff's Office to allow inmates incarcerated in the Lee County Detention Facility to request health care services at any time.

24.    Two methods may be utilized by inmates incarcerated in the Lee County Detention Facility in order to secure health care services:

> a.    Verbal Request:  An inmate may make a verbal request for emergency medical attention to any member of the Detention Center staff at any time.
>
> b.    Written Request:  An inmate in need of any type of medical attention may complete an Inmate Request form seeking medical attention and forward it to any member of the Detention Center staff.

25.    Requests for medical treatment will be accepted by members of the Detention Facility staff at any time.

26.    When a request for medical treatment is made to a member of the Detention Facility staff, the staff member receiving the request will notify the shift supervisor of the inmate's request. It is the shift supervisor's responsibility to ensure that the inmate's request is attended to in a prompt and proper manner.  Any doubt as to whether an actual need exists for medical treatment will be resolved in favor of the inmate and medical treatment will be offered.

5

27.    Medical requests of an emergency nature are to be handled immediately.

28.    Lee County Sheriff's Office policy requires that inmates be informed of the methods by which they may obtain medical treatment during the booking process.

29.    The Detention Facility nurses, under the direction of the Detention Facility Administrator, are charged with the responsibility of obtaining appointments for inmates with physicians in order that they may receive medical treatment or for scheduling times when the treating physician may attend to health care needs at the Detention Facility.

30.    All health care rendered to inmates will, at the doctor's discretion, be given privately to the inmate, outside the presence of a Detention Facility official.  Should the physician request, a Detention Facility officer will be present for any and all examinations the treating physician deems appropriate.

31.    I have complied with all policies and procedures of the Lee County Detention Center.  I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

32.    All documents attached to the Special Report are true and accurate copies of jail documents kept by me in the ordinary course of my business.  I am a custodian of these records.

33.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.


_____
COREY WELCH

SWORN TO and SUBSCRIBED before me this __1__ day of March, 2007.

6

NOTARY PUBLIC
My Commission Expires: __MY COMMISSION EXPIRES FEB. 3, 2011__

7

# Exhibit C
# Affidavit of James Scroggins

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ANTHONY KEITH VAUGHN,     )
                                  )
      Plaintiff,             )
                                  )
V.                              )     Civil Action No. 3:06-cv-1048-MHT-WC
                                  )
OFFICER SCROGGINS, et al.,     )
                                  )
      Defendants.          )

## AFFIDAVIT OF JAMES SCROGGINS

STATE OF ALABAMA     )
                           )
COUNTY OF LEE         )

BEFORE ME, the undersigned authority and Notary Public in and for said County and State at large, personally appeared James Scroggins, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.     My name is James Scroggins. I am over the age of nineteen and competent to execute this affidavit.

2.     I am employed by the Lee County Sheriff's Office and assigned to serve as a Corrections Officer at the Lee County Detention Center. I have worked as a correctional officer for approximately three years at the Lee County Detention Center. For approximately eleven years, I was employed as a corrections officer at the Macon County Sheriff's Office. I am a graduate of the Alabama Jail Management School.

3.     I am familiar with the Plaintiff Anthony Keith Vaughn due to his incarceration in the Lee County Detention Center.

4.     I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.    It is the policy of the Lee County Sheriff's Office that Detention Center staff use only the minimum physical force necessary to control combative or uncooperative inmates. Physical abuse is not used to punish an inmate for a rule violation.

6.    It is the policy of the Lee County Sheriff's Office that force and restraints are used in the Lee County Detention Center only when it is necessary to do so in order to maintain appropriate control and management and provide for secure and orderly running of the Detention Center.

7.    The Lee County Sheriff's Office operates the Lee County Detention Center under the belief that control and management of inmates incarcerated there should be by sound scientific methods, stressing moral values and organized persuasion rather than depending upon physical force for effective management and control.

8.    When the use of force is necessary, only the minimum amount needed to accomplish the task at hand is used.

9.    Physical force is used only as a last resort. All reasonable attempts are made to identify and utilize alternative means to deal with the situation.

10.    Physical force or chemical agents may be used in the following incidences:

    a.    Prior to the use of deadly force to prevent the commission of a felony, including escape or to prevent an act which could result in death or serious bodily harm to one's self or another person.

    b.    In defending one's self or others against any physical assault.

    c.    To prevent the commission of a misdemeanor.

    d.    To prevent serious damage to property.

    e.    To enforce Detention Center regulations.

    f.    To prevent or quell a riot.

11.    It is the policy of the Lee County Sheriff's Office to establish rules and regulations

governing the behavior of persons incarcerated in the Lee County Detention Center and to subject such persons to discipline for violation of those rules only in a matter which provides due process for the accused person.

12.    Using profanity or derogatory remarks or gestures to a staff member is a major offense, subjecting the inmate to lockdown.  Plaintiff was placed in lockdown for a short time period to allow him to "cool-off."

13.    It is the policy of the Lee County Sheriff's Office that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the sheriff or Detention Center personnel.

14.    Inmates housed in the Lee County Detention Center are furnished with Inmate Request Forms for the purpose of stating their requests or grievances in writing.  Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate.  The officer receiving the request form is to answer the request if possible.  If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered.  If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed.  If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

15.    Internal grievance procedures at the Lee County Detention Center are available to all inmates.  It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.

3

16.    All inmates are provided access to a Lee County Detention Center Inmate Handbook.  All inmates are provided a copy of the Lee County Detention Center Inmate Handbook when they are booked into the jail.  Plaintiff signed a receipt showing that he had received a copy of the handbook and could read it.  The inmate handbook states that an inmate may report a grievance on an inmate request form.  Grievances are first answered by the appropriate staff at the lowest level in the chain of command.  The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

17.    I have never received a grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint.

18.    It is the policy of the Lee County Sheriff's Office that all inmates confined in the Lee County Detention Facility are entitled to a level of health care comparable to that available to citizens in the surrounding community, which will ensure their physical and emotional well-being.

19.    Medical care rendered to inmates in the Lee County Detention Facility is delivered under the direction of a licensed health care provider.

20.    No health care personnel or Detention Facility officer or other employee of the Sheriff's Office will ever summarily or arbitrarily deny an inmate's reasonable request for medical services.

21.    Medical, dental, and mental health matters involving clinical judgments are the sole province of the responsible physician, dentist, or psychiatrist or qualified psychologist, respectively.

4

22.   Inmates are guaranteed access to all diagnostic, laboratory, or other treatment services as directed by the responsible health care authority.

23.   It is the policy of the Lee County Sheriff's Office to allow inmates incarcerated in the Lee County Detention Facility to request health care services at any time.

24.   Two methods may be utilized by inmates incarcerated in the Lee County Detention Facility in order to secure health care services:

> a.   Verbal Request:   An inmate may make a verbal request for emergency medical attention to any member of the Detention Center staff at any time.

> b.   Written Request:   An inmate in need of any type of medical attention may complete an Inmate Request form seeking medical attention and forward it to any member of the Detention Center staff.

25.   Requests for medical treatment will be accepted by members of the Detention Facility staff at any time.

26.   When a request for medical treatment is made to a member of the Detention Facility staff, the staff member receiving the request will notify the shift supervisor of the inmate's request. It is the shift supervisor's responsibility to ensure that the inmate's request is attended to in a prompt and proper manner. Any doubt as to whether an actual need exists for medical treatment will be resolved in favor of the inmate and medical treatment will be offered.

27.   Medical requests of an emergency nature are to be handled immediately.

28.   Lee County Sheriff's Office policy requires that inmates be informed of the methods by which they may obtain medical treatment during the booking process.

29.   The Detention Facility nurses, under the direction of the Detention Facility Administrator, are charged with the responsibility of obtaining appointments for inmates with physicians in order that they may receive medical treatment or for scheduling times when the

treating physician may attend to health care needs at the Detention Facility.

30.    All health care rendered to inmates will, at the doctor's discretion, be given privately to the inmate, outside the presence of a Detention Facility official.    Should the physician request, a Detention Facility officer will be present for any and all examinations the treating physician deems appropriate.

31.    Per the policy of the Lee County Sheriff's Office, the nonmedical staff always defer to the instructions of the trained medical professionals on all medical issues.

32.    Officer Aaron and I responded to a call from the inmates in F-3 that an inmate was sick and needed help.  Upon arriving in F-3, we summoned medical help for an inmate who was lying on the floor and stating that he was in pain.  We instructed the 15-20 inmates in the cell to be quiet so that the nurse could do her job and take care of the sick inmate. Plaintiff began running his mouth as soon as we arrived in the cell and continued after we told the inmates to not talk.  Plaintiff was instructed several times to be quiet by Officer Aaron and me.  However, Plaintiff refused to stop talking and made multiple and various derogatory comments such as we were not helping the sick inmate, that we were going to let him die, and that we needed to get the inmate some more medical help.  Plaintiff spoke in a loud and belligerent manner and kept using profanity.  Plaintiff was the only inmate in the cell refusing the order to be quiet.  Plaintiff was interfering with the nurse's ability to talk with the sick inmate and was interfering with the nurse's work.  Plaintiff was refusing to follow a direct order from an officer.

33.    Due to his refusal to follow orders, I told Plaintiff to pack his things up because he was going to lockdown.  I handcuffed Plaintiff and escorted him down the hallway to E-6, a lockdown cell.  I removed Plaintiff's handcuffs and he walked into the lockdown cell.  At no

time was Plaintiff "pushed into a brick wall." At no time was Plaintiff's head pushed against a wall. At no time during this incident was Plaintiff kicked. In fact, the only physical contact between the Plaintiff and me was when I handcuffed him, escorted him down the hall and removed the handcuffs. Plaintiff was handcuffed, escorted to the lockdown cell and the handcuffs were removed all without incident. At no time was any physical force used against Plaintiff by me or Officer Aaron. Plaintiff did not resist being handcuffed, being escorted to E-6 or having the handcuffs removed. Plaintiff made no complaint of any kind. I told Plaintiff that I was placing him in lockdown so he could cool-off. Plaintiff was in lockdown for approximately one day.

34.    Each and every time I receive a request for medical attention from an inmate, I forward that request on to the medical staff at the Detention Center. I have never denied Plaintiff any medical treatment.

35.    I have complied with all policies and procedures of the Lee County Detention Center. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

36.    I swear to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.


_James Scroggins_
JAMES SCROGGINS

**SWORN TO** and **SUBSCRIBED** before me this _2_ day of February, 2007.


NOTARY PUBLIC:    _Chris D. Bridges_

7

My Commission Expires    MY COMMISSION EXPIRES FEB. 6, 2011

# Exhibit D
# Affidavit of Leon Aaron

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

ANTHONY KEITH VAUGHN,            )
                                 )
    Plaintiff,                   )
                                 )
V.                               )      Civil Action No. 3:06-cv-1048-MHT-WC
                                 )
OFFICER SCROGGINS, et al.,       )
                                 )
    Defendants.                  )

## AFFIDAVIT OF LEON AARON

STATE OF ALABAMA            )
                            )
COUNTY OF LEE               )

    **BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Leon Aaron, who being known to me and being by me first duly sworn on oath deposes and says as follows:

    1.    My name is Leon Aaron. I am over the age of nineteen and competent to execute this affidavit.

    2.    I am employed by the Lee County Sheriff's Office and assigned to serve as a Corrections Officer at the Lee County Detention Center. I have worked as a correctional officer for approximately three years at the Lee County Detention Center. I am a graduate of the Alabama Jail Management School.

    3.    I am familiar with the Plaintiff Anthony Keith Vaughn due to his incarceration in the Lee County Detention Center.

    4.    I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.      It is the policy of the Lee County Sheriff's Office that Detention Center staff use only the minimum physical force necessary to control combative or uncooperative inmates. Physical abuse is not used to punish an inmate for a rule violation.

6.      It is the policy of the Lee County Sheriff's Office that force and restraints are used in the Lee County Detention Center only when it is necessary to do so in order to maintain appropriate control and management and provide for secure and orderly running of the Detention Center.

7.      The Lee County Sheriff's Office operates the Lee County Detention Center under the belief that control and management of inmates incarcerated there should be by sound scientific methods, stressing moral values and organized persuasion rather than depending upon physical force for effective management and control.

8.      When the use of force is necessary, only the minimum amount needed to accomplish the task at hand is used.

9.      Physical force is used only as a last resort.  All reasonable attempts are made to identify and utilize alternative means to deal with the situation.

10.     Physical force or chemical agents may be used in the following incidences:

    a.      Prior to the use of deadly force to prevent the commission of a felony, including escape or to prevent an act which could result in death or serious bodily harm to one's self or another person.

    b.      In defending one's self or others against any physical assault.

    c.      To prevent the commission of a misdemeanor.

    d.      To prevent serious damage to property.

    e.      To enforce Detention Center regulations.

    f.      To prevent or quell a riot.

11.     It is the policy of the Lee County Sheriff's Office to establish rules and regulations

2

governing the behavior of persons incarcerated in the Lee County Detention Center and to subject such persons to discipline for violation of those rules only in a matter which provides due process for the accused person.

12.    Using profanity or derogatory remarks or gestures to a staff member is a major offense, subjecting the inmate to lockdown. Plaintiff was placed in lockdown for a short time period to allow him to "cool-off."

13.    It is the policy of the Lee County Sheriff's Office that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the sheriff or Detention Center personnel.

14.    Inmates housed in the Lee County Detention Center are furnished with Inmate Request Forms for the purpose of stating their requests or grievances in writing. Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if possible. If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

15.    Internal grievance procedures at the Lee County Detention Center are available to all inmates. It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.

3

16.    All inmates are provided access to a Lee County Detention Center Inmate Handbook. All inmates are provided a copy of the Lee County Detention Center Inmate Handbook when they are booked into the jail. Plaintiff signed a receipt showing that he had received a copy of the handbook and could read it. The inmate handbook states that an inmate may report a grievance on an inmate request form. Grievances are first answered by the appropriate staff at the lowest level in the chain of command. The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

17.    I have never received a grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint.

18.    It is the policy of the Lee County Sheriff's Office that all inmates confined in the Lee County Detention Facility are entitled to a level of health care comparable to that available to citizens in the surrounding community, which will ensure their physical and emotional well-being.

19.    Medical care rendered to inmates in the Lee County Detention Facility is delivered under the direction of a licensed health care provider.

20.    No health care personnel or Detention Facility officer or other employee of the Sheriff's Office will ever summarily or arbitrarily deny an inmate's reasonable request for medical services.

21.    Medical, dental, and mental health matters involving clinical judgments are the sole province of the responsible physician, dentist, or psychiatrist or qualified psychologist, respectively.

4

22.    Inmates are guaranteed access to all diagnostic, laboratory, or other treatment services as directed by the responsible health care authority.

23.    It is the policy of the Lee County Sheriff's Office to allow inmates incarcerated in the Lee County Detention Facility to request health care services at any time.

24.    Two methods may be utilized by inmates incarcerated in the Lee County Detention Facility in order to secure health care services:

> a.    Verbal Request:  An inmate may make a verbal request for emergency medical attention to any member of the Detention Center staff at any time.
>
> b.    Written Request:  An inmate in need of any type of medical attention may complete an Inmate Request form seeking medical attention and forward it to any member of the Detention Center staff.

25.    Requests for medical treatment will be accepted by members of the Detention Facility staff at any time.

26.    When a request for medical treatment is made to a member of the Detention Facility staff, the staff member receiving the request will notify the shift supervisor of the inmate's request. It is the shift supervisor's responsibility to ensure that the inmate's request is attended to in a prompt and proper manner.  Any doubt as to whether an actual need exists for medical treatment will be resolved in favor of the inmate and medical treatment will be offered.

27.    Medical requests of an emergency nature are to be handled immediately.

28.    Lee County Sheriff's Office policy requires that inmates be informed of the methods by which they may obtain medical treatment during the booking process.

29.    The Detention Facility nurses, under the direction of the Detention Facility Administrator, are charged with the responsibility of obtaining appointments for inmates with physicians in order that they may receive medical treatment or for scheduling times when the treating physician may attend to health care needs at the Detention Facility.

5

30.    All health care rendered to inmates will, at the doctor's discretion, be given privately to the inmate, outside the presence of a Detention Facility official.    Should the physician request, a Detention Facility officer will be present for any and all examinations the treating physician deems appropriate.

31.    Per the policy of the Lee County Sheriff's Office, the nonmedical staff always defer to the instructions of the trained medical professionals on all medical issues.

32.    Officer Scroggins and I responded to a call from the inmates in F-3 that an inmate was sick and needed help.    Upon arriving in F-3, we summoned medical help for an inmate who was lying on the floor and stating that he was in pain.    We instructed the 15-20 inmates in the cell to be quiet so that the nurse could do her job and take care of the sick inmate.    Plaintiff began running his mouth as soon as we arrived in the cell and continued after we told the inmates to not talk.    Plaintiff was instructed several times to be quiet by Officer Scroggins and me.    However, Plaintiff refused to stop talking and made multiple and various derogatory comments such as we were not helping the sick inmate, that we were going to let him die, and that we needed to get the inmate some more medical help.    Plaintiff spoke in a loud and belligerent manner and kept using profanity.    Plaintiff was the only inmate in the cell refusing the order to be quiet.    Plaintiff was interfering with the nurse's ability to talk with the sick inmate and was interfering with the nurse's work.    Plaintiff was refusing to follow a direct order from an officer.

33.    Due to his refusal to follow orders, Officer Scroggins told Plaintiff to pack his things up because he was going to lockdown.    Plaintiff was handcuffed and escorted down the hallway to a lockdown cell by Officer Scroggins.    I witnessed Plaintiff being handcuffed and was 6-8 feet behind them as they walked down the hall.    I also witnessed Officer Scroggins

6

removing the handcuffs and Plaintiff walking into the lockdown cell. At no time was Plaintiff "pushed into a brick wall." At no time was Plaintiff's head pushed against a wall. At no time during this incident was Plaintiff kicked. In fact, the only physical contact between the Plaintiff and Officer Scroggins was when Scroggins handcuffed him, escorted him down the hall and removed the handcuffs. Plaintiff was handcuffed, escorted to the lockdown cell and the handcuffs were removed all without incident. At no time was any physical force used against Plaintiff by me or Officer Scroggins. Plaintiff did not resist being handcuffed, being escorted to E-6 or having the handcuffs removed. Plaintiff made no complaint of any kind.

34.    Each and every time I receive a request for medical attention from an inmate, I forward that request on to the medical staff at the Detention Center. I have never denied Plaintiff any medical treatment.

35.    I have complied with all policies and procedures of the Lee County Detention Center. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

36.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

_____ 43031
LEON AARON

**SWORN TO** and **SUBSCRIBED** before me this 1ST day of ~~February~~ MARCH, 2007.

_____
NOTARY PUBLIC
My Commission Expires:_____    MY COMMISSION EXPIRES FEB. 5, 2011

7

# Exhibit E
# Affidavit of Sheriff Jay Jones

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

ANTHONY KEITH VAUGHN,              )
                                   )
    Plaintiff,                     )
                                   )
V.                                 )      Civil Action No. 3:06-cv-1048-MHT-WC
                                   )
OFFICER SCROGGINS, et al.,         )
                                   )
    Defendants.                    )

### AFFIDAVIT OF JAY JONES

STATE OF ALABAMA          )
                          )
COUNTY OF LEE             )

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Jay Jones, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is Jay Jones. I am over the age of nineteen and competent to execute this affidavit.

2.    I am the duly elected Sheriff of Lee County, Alabama, and have served in such capacity since 1999.

3.    I am familiar with the Plaintiff Anthony Keith Vaughn due to his incarceration in the Lee County Detention Center. I have no personal knowledge of any of the specific allegations that form the basis of Plaintiff's Complaint.

4.    As Sheriff of Lee County, I am responsible for promulgating the policies governing the Lee County Detention Center.

5.    I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

6.    It is the policy of the Lee County Sheriff's Office that Detention Center staff use only the minimum physical force necessary to control combative or uncooperative inmates. Physical abuse is not used to punish an inmate for a rule violation.

7.    It is the policy of the Lee County Sheriff's Office that force and restraints are used in the Lee County Detention Center only when it is necessary to do so in order to maintain appropriate control and management and provide for secure and orderly running of the Detention Center.

8.    The Lee County Sheriff's Office operates the Lee County Detention Center under the belief that control and management of inmates incarcerated there should be by sound scientific methods, stressing moral values and organized persuasion rather than depending upon physical force for effective management and control.

9.    When the use of force is necessary, only the minimum amount needed to accomplish the task at hand is used.

10.    Physical force is used only as a last resort. All reasonable attempts are made to identify and utilize alternative means to deal with the situation.

11.    Physical force or chemical agents may be used in the following incidences:

    a.    Prior to the use of deadly force to prevent the commission of a felony, including escape or to prevent an act which could result in death or serious bodily harm to one's self or another person.

    b.    In defending one's self or others against any physical assault.

    c.    To prevent the commission of a misdemeanor.

    d.    To prevent serious damage to property.

    e.    To enforce Detention Center regulations.

    f.    To prevent or quell a riot.

2

12.    It is the policy of the Lee County Sheriff's Office to establish rules and regulations governing the behavior of persons incarcerated in the Lee County Detention Center and to subject such persons to discipline for violation of those rules only in a matter which provides due process for the accused person.

13.    Using profanity or derogatory remarks or gestures to a staff member is a major offense, subjecting the inmate to lockdown.

14.    It is the policy of the Lee County Sheriff's Office that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the Sheriff, chief deputy sheriff, or Detention Center personnel.

15.    Inmates housed in the Lee County Detention Center are furnished with Inmate Request Forms for the purpose of stating their requests or grievances in writing. Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if possible. If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

16.    Internal grievance procedures at the Lee County Detention Center are available to all inmates. It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.

3

17.    All inmates are provided access to a Lee County Detention Center Inmate Handbook.  All inmates are provided a copy of the Lee County Detention Center Inmate Handbook when they are booked into the jail.  Plaintiff signed a receipt showing that he had received a copy of the handbook and could read it.  The inmate handbook states that an inmate may report a grievance on an inmate request form.  Grievances are first answered by the appropriate staff at the lowest level in the chain of command.  The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

18.    I have never received a grievance or request form from the Plaintiff concerning any of the allegations made the basis of his Complaint.  Per Lee County Sheriff's Office policy, an inmate has the opportunity to appeal any grievance to me if he were not satisfied with the response at the lower levels in the chain of command.  The Plaintiff has not appealed any grievance to me.  Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center.

19.    It is the policy of the Lee County Sheriff's Office that all inmates confined in the Lee County Detention Facility are entitled to a level of health care comparable to that available to citizens in the surrounding community, which will ensure their physical and emotional well-being.

20.    Medical care rendered to inmates in the Lee County Detention Facility is delivered under the direction of a licensed health care provider.

21.    No health care personnel or Detention Facility officer or other employee of the Sheriff's Office will ever summarily or arbitrarily deny an inmate's reasonable request for medical services.

4

22.    Medical, dental, and mental health matters involving clinical judgments are the sole province of the responsible physician, dentist, or psychiatrist or qualified psychologist, respectively.

23.    Inmates are guaranteed access to all diagnostic, laboratory, or other treatment services as directed by the responsible health care authority.

24.    It is the policy of the Lee County Sheriff's Office to allow inmates incarcerated in the Lee County Detention Facility to request health care services at any time.

25.    Two methods may be utilized by inmates incarcerated in the Lee County Detention Facility in order to secure health care services:

a.    Verbal Request:  An inmate may make a verbal request for emergency medical attention to any member of the Detention Center staff at any time.

b.    Written Request:  An inmate in need of any type of medical attention may complete an Inmate Request form seeking medical attention and forward it to any member of the Detention Center staff.

26.    Requests for medical treatment will be accepted by members of the Detention Facility staff at any time.

27.    When a request for medical treatment is made to a member of the Detention Facility staff, the staff member receiving the request will notify the shift supervisor of the inmate's request. It is the shift supervisor's responsibility to ensure that the inmate's request is attended to in a prompt and proper manner.  Any doubt as to whether an actual need exists for medical treatment will be resolved in favor of the inmate and medical treatment will be offered.

28.    Medical requests of an emergency nature are to be handled immediately.

29.    Lee County Sheriff's Office policy requires that inmates be informed of the methods by which they may obtain medical treatment during the booking process.

5

30.     The Detention Facility nurses, under the direction of the Detention Facility Administrator, are charged with the responsibility of obtaining appointments for inmates with physicians in order that they may receive medical treatment or for scheduling times when the treating physician may attend to health care needs at the Detention Facility.

31.     All health care rendered to inmates will, at the doctor's discretion, be given privately to the inmate, outside the presence of a Detention Facility official.    Should the physician request, a Detention Facility officer will be present for any and all examinations the treating physician deems appropriate.

32.     Per the policy of the Lee County Sheriff's Office, the nonmedical staff always defer to the instructions of the trained medical professionals on all medical issues.

33.     I have complied with all policies and procedures of the Lee County Detention Center.  I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

34.     I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.


_____
JAY JONES

**SWORN TO** and **SUBSCRIBED** before me this 28 day of February, 2007.


_____
NOTARY PUBLIC
My Commission Expires:  MY COMMISSION EXPIRES FEB. 5, 2021

6

# Exhibit F
# Inmate Medical File

# NOTES

NAME *Vaughn, Anthony*          SS# ████████████

DOB: ████████     AGE: *3y*     SEX: *m*     RACE *B*

DRUG ALLERGIES: *Ø*                    TETNUS: _____

NATURE OF PROBLEM OR REQUEST: *Neck pain*

_____

_____

I CONSENT TO BE TREATED BY HEALTH STAFF FOR THE CONDITION DESCRIBED.

_____
                                        SIGNATURE

---

## HEALTH CARE DOCUMENTATION                    *179#*

SUBJECTIVE:

OBJECTIVE: BP *128/82*  P _____  R _____  T _____  O2 _____

ASSESSMENT:

PLAN:  *Naproxen 500 ? RBD × 14*
       *ucd BD time ; ? Acl*

REFER TO: _____ PA/PHYSICIAN _____ MENTAL HEALTH _____ DENTAL _____

SIGNATURE _____ TITLE *MD* DATE *1/23/07* TIME *0940*

JOHN H MCFARLAND MD
AM8104894
AL 11404

1

# NOTES

NAME _Vaughn, Anthony_    SS# ██████████████

DOB: ████████    AGE: _34_    SEX: _M_    RACE _B_

DRUG ALLERGIES: _Ø_    TETNUS: _____

NATURE OF PROBLEM OR REQUEST: _H/A's B/P meds_

_Not Helping_

_____

I CONSENT TO BE TREATED BY HEALTH STAFF FOR THE CONDITION DESCRIBED.

_____
SIGNATURE

HEALTH CARE DOCUMENTATION                    175 k

SUBJECTIVE:

OBJECTIVE: BP _120/72_ P _60_ R _____ T _____ O2 _97%_

ASSESSMENT:

**01/03/07    Lee County Detention Center                    Vaughn, Anthony**    ████████
**Assessment:** 34 y/o black male. Says he's still having some headaches. He describes occipital neck muscle headaches. He hasn't wanted to take his blood pressure medicine because he didn't think that helped. The nurse has continued it. His blood pressure today is 120/72. He has a supple comfortable neck motion but he's so tight and tender in the muscles.
**Exam:** PERRL. Heart & lungs: clear.
**Impression:** Hypertension, headaches muscular/skeletal.
**Plan:** Resisted range of motion exercises etc. Continue HCTZ 12.5 mg q day.

PLAN:

REFER TO: ____ PA/PHYSICIAN ____ MENTAL HEALTH _____ DENTAL ____

SIGNATURE _____ TITLE _MD_ DATE _1/3/07_ TIME _1023_
        JOHN H MCFARLAND MD
          AM8104894
            AL 11404                                                    1

# NOTES

NAME *Vaughn, Anthony*   SS# ████████

DOB: ████████   AGE: 34   SEX: M   RACE: B

DRUG ALLERGIES: ∅   TETNUS: _____

NATURE OF PROBLEM OR REQUEST: *H/P ☒ HTN ∅ Meds*

_____

_____

I CONSENT TO BE TREATED BY HEALTH STAFF FOR THE CONDITION DESCRIBED.

_____
SIGNATURE

---

## HEALTH CARE DOCUMENTATION

SUBJECTIVE:

OBJECTIVE: BP 142/82   P _____   R _____   T _____   O2 _____

ASSESSMENT:

12/13/06   **Lee County Detention Center**   **Anthony Vaughn**   #████████

This 34 YOBM says he has had headaches for two years since he was hit on the head with a bungee cord, it was in the eye. He saw Dr. Anz about it. He had a surgery in Birmingham for it. He just has blurry vision in that right eye now.

**Physical Exam:** Heart and lungs are clear. Blood pressure is 142/82.

**Impression:** Hypertension; old eye injury; headaches.

**Plan:** Hydrochlorothiazide 12.5 mg q day. Recheck in one month.

PLAN:

*HCTZ 12.5 qd recheck 1 mo.*

REFER TO: _____ PA/PHYSICIAN _____ MENTAL HEALTH _____ DENTAL _____

SIGNATURE _____ TITLE MD   DATE 12/31/06   TIME 1330

JOHN H MCFARLAND MD
AMB104894
AL 11404

# NOTES

NAME _Vaughn, Anthony_    SS# ▓▓▓▓▓▓▓

DOB: ▓▓▓▓▓▓    AGE: _31_    SEX: _M_    RACE _B_

DRUG ALLERGIES: _none_    TETNUS: _____

NATURE OF PROBLEM OR REQUEST: _(R) Shoulder +_
_neck pain - States was pushed_
_by Officers_

I CONSENT TO BE TREATED BY HEALTH STAFF FOR THE CONDITION DESCRIBED.

_____
SIGNATURE

---

## HEALTH CARE DOCUMENTATION

SUBJECTIVE:

OBJECTIVE: BP _____ P _____ R _____ T _____ O2 _____

ASSESSMENT:


11/07/06    **Lee County Detention Center**    **Anthony Vaughn**    ▓▓▓▓▓

This 31 YOBM says there is "nothing wrong with me now". He was injured a week ago when he was forced up against a wall.

**Physical Exam:** He shows me full range of motion of his shoulders, neck, and chest without respiratory distress. He sounds like he is getting a little cold.

**Impression:** Minor musculoskeletal injuries resolved.

**Plan:** Motrin/Tylenol prn. Recheck as needed.


PLAN:

REFER TO: _____ PA/PHYSICIAN _____ MENTAL HEALTH _____ DENTAL _____

SIGNATURE _____    TITLE _MD_    DATE _11-7-06_    TIME _0952_

JOHN H MCFARLAND MD
AM8104894
AL 11404

# NOTES

NAME _Vaugh, Anthony_    SS# ███████████

DOB: ████████    AGE: _31_    SEX: _M_    RACE _B_

DRUG ALLERGIES: _∅_    TETNUS: _____

NATURE OF PROBLEM OR REQUEST: _C/o Rt Shoulder_
_✓ Neck pain from Being push_
_into Wall._

I CONSENT TO BE TREATED BY HEALTH STAFF FOR THE CONDITION DESCRIBED.

_____
SIGNATURE

---

## HEALTH CARE DOCUMENTATION

SUBJECTIVE:

OBJECTIVE: BP _____ P _____ R _____ T _____ O2 _98%_

ASSESSMENT: J-3 Alert ✓ responsive Skin
Warm ~ dry to touch J-3 C/o sore ✓
tangue neck ✓ Rt Shoulder from
being push into Wall by Officers when
J-3 interferes c̄ Officer's duty during A
Medical ✓ per J-3 own admission
good ROM to Shoulder move neck c̄ some
stiffness C/o pain shooting down neck c̄ movement

PLAN: _✓ motrin given x̄ T dose, see on_
MD for pain assessm̄t ~ option ✓ medical
clear J-3

REFER TO: ___ PA/PHYSICIAN ___ MENTAL HEALTH _____ DENTAL _____
SIGNATURE _Stewart_    TITLE _LPN_    DATE _11/5/06_    TIME _1200_

1

NOTES

SS# ▓▓▓▓▓▓▓▓▓▓

NAME *Vaugh, Anthony*   DOB ▓▓▓  AGE 31  SEX M   RACE B

DRUG ALLERGIES Ø                                TETANUS

NATURE OF PROBLEM OR REQUEST *Assessment of Rt eye*

I CONSENT TO BE TREATED BY HEALTH STAFF FOR THE CONDITION DESCRIBED.

_____
SIGNATURE

************************************************************************************

HEALTH CARE DOCUMENTATION

SUBJECTIVE:

OBJECTIVE:  BP_____ P_____ R_____ T_____

ASSESSMENT:

**02/10/04    Lee County Detention Center    Anthony Vaughn**

This 31 YOBM had an injury to his right eye with a bungee cord on 01/02/04. He has been seen #▓▓▓▓▓
by Dr. Anz. He has an appointment later this month to be rechecked (02/26/04). He says he sees
double anywhere that he looks. His vision is blurry. He says he anticipates getting out soon. He
had not been taking the eye drops regularly.

**Physical Exam:** Alert, no distress. The right pupils is a little bit bigger than the left. It reacts
equally. He says he has diplopia but sometimes he doesn't even look at the object when he tells
me he sees double. I am not sure he is having any trouble.

**Impression:** _____

**Plan:** Follow up with Dr. Anz when he gets out. No need for the drops now since it has been
about six weeks since his injury and there is no anterior chamber problems. Recheck prn.

REFER TO: _____    PA/PHYSICIAN _____    MENTAL HEALTH _____    DENTAL _____

SIGNATURE  JOHN H McFARLAND MD    TITLE MD    DATE 2-10-04    TIME 0925

AM8104894
AL 11404

NOTES

SS# ████████████████

NAME Vaughn, Anthony   DOB ████ AGE 31 SEX M   RACE B

DRUG ALLERGIES _____   TETANUS _____

NATURE OF PROBLEM OR REQUEST Assessment of Rt eye
under D. Ang 749-1986

I CONSENT TO BE TREATED BY HEALTH STAFF FOR THE CONDITION DESCRIBED.

_____
SIGNATURE

*************************************************************************

HEALTH CARE DOCUMENTATION

SUBJECTIVE:

OBJECTIVE: BP 64/73 P —   R —   T ___ 99.9%

ASSESSMENT: Alert & Responsive Skin warm & dry
to touch I/m States under care of
Dr. Ang for Rt eye problem (Name)
meds to him unable get
on phone Rem Blocks when
Seen now in B. Lazy & States
Pupil reactive to Light & Motors

PLAN: Called D. Ang's off
Called to I/m meth Loxi myers
meds. For Release 749-17×8

REFER TO: (PA/PHYSICIAN)   MENTAL HEALTH ____   DENTAL ____

SIGNATURE Stewart   TITLE LPN DATE ____ TIME ____

16/04 Joshuly Brought in Prednisone 20mg 5gd Bacto Hyoscine
D.25% Bentak 3.5g all ordered 01/12/04. Called Dr McFarland
don't restart meds. clin OPD for 2 wks.

## ⁀e County Detention Center
# INMATE REQUEST SLIP

D-4
**LOCATION**

Name _Anthony R. Vaughn_    Date _1-20-07_

☐ Telephone Call    ☑ Doctor    ☐ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☐ Other

Briefly Outline Your Request.  <u>Give To Jailer</u>

_I'M Requesting To See The Doctor, ~~then~~ Because_
_My Neck Has Swollen And I Have Lost My Voice_
_I Really Cant Talk At All._

<u>Do Not Write Below This Line</u> - For Reply Only

1/20/07 you have been placed back
on the doctors list once again.
He's already seen you several
times & said you were fine.
                                    K. Tiffin Wan

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant        ☐ Chief Deputy        ☐ Sheriff

Date _____ Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038 (6/99)

# MEDICATION SHEET - ADMINISTRATION RECORD

Jan. 2007

P & L FORMS #3021 *(for A03 print programs)*

| Medications | Hour | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 3 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HCT3 12.5 mg ÷ 8d 1/1/07 | 0800 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Naprosyn 500 mg TPO BID #14 1/23/07 | 0820 8PM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| | 1 | 1 | 2 | 2 | 3 | 3 | 4 | 4 | 5 | 5 | 6 | 6 | 7 | 7 | 8 | 8 | 9 | 9 | 10 | 10 | 11 | 11 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AM | | | | | | | | | | | | | | | | | | | | | | |
| PM | | | | | | | | | | | | | | | | | | | | | | |

| | 12 | 12 | 13 | 13 | 14 | 14 | 15 | 15 | 16 | 16 | 17 | 17 | 18 | 18 | 19 | 19 | 20 | 20 | 21 | 21 | 22 | 22 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AM | | | | | | | | | refused | | rehab | | | | | | | | | | | |
| PM | | | | | | | | | | | | | | | | | | | | | | |

| | 23 | 23 | 24 | 24 | 25 | 25 | 26 | 26 | 27 | 27 | 28 | 28 | 29 | 29 | 30 | 30 | 31 | 31 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AM | | | | | | | | | | | | | | | | | | | | | | |
| PM | | | | | | | | | | | | | | | | | | | | | | |

Charting For _____ Through _____

| | |
|---|---|
| Physician | Telephone No. | Medical Record No. |
| Alt. Phys. McFarley M | Alt. Telephone | |
| Allergies | Rehabilitative Potential | |
| Diagnosis | | Admission Date |
| Medicaid Number | Medicare Number - | Complete Entries Checked: By: Stewart Title: LPN | Date 1/1/07 |
| Resident | Birth Date | Resident Code | Room No. | Bed | Facility Code |

Lee County Detention Center
# INMATE REQUEST SLIP

C-1

**LOCATION**

Name _Vaughn, Anthony_    Date _2/13/07_

☐ Telephone Call    ☐ Doctor    ☑ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☐ Other

---

Briefly Outline Your Request.  <u>Give To Jailer</u>

Says he has ringworm

Says its a itchy rash that is
raised + in a circular pattern
to his back.

---

<u>Do Not Write Below This Line</u> - For Reply Only

2/13/07  Antifungal cream sent
Nurse Griffin

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

'  ⁀e County Detention Center

# INMATE REQUEST SLIP

LOCATION: *D-4*

Name: *Anthony R. Vaughn*    Date: *1-15-07*

☐ Telephone Call    ☑ Doctor    ☐ Dentist    ☐ Time Sheet
☐ Special Visit    ☐ Personal Problem    ☐ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

*I HAVE BEEN HAVING PROBLEM WITH MY NECK FOR 2 months, where officer's slam me against the wall, I can't turn my neck It's still panful Everytime I EXERCISE It, It's Hurt worse, I Need A NECK BRACE*

Do Not Write Below This Line - For Reply Only

*1/17/07 Your B/P 120/70 that's very good Cont. Your exercise for me follow up with him in one month*

*Nurse Stewart*

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

# MEDICATION SHEET - ADMINISTRATION RECORD

DEC 2006

P & L FORMS #3021 (for A03 print programs)

| Medications | Hour | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 3 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HCTZ 12.5mg ↑ po ē day 12/13/06 | 0800 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

| | 1 | 1 | 2 | 2 | 3 | 3 | 4 | 4 | 5 | 5 | 6 | 6 | 7 | 7 | 8 | 8 | 9 | 9 | 10 | 10 | 11 | 11 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AM | | | | | | | | | | | | | | | | | | | | | | | |
| PM | | | | | | | | | | | | | | | | | | | | | | | |

| | 12 | 12 | 13 | 13 | 14 | 14 | 15 | 15 | 16 | 16 | 17 | 17 | 18 | 18 | 19 | 19 | 20 | 20 | 21 | 21 | 22 | 22 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AM | | | | | | | OK | AKV | | AKV | OK | AKV | | AKV | | JT | AKV | OK | | | AK | CN |
| PM | | | | | | | | | | | | | | | | | CP | AKV | | | | |

| | 23 | 23 | 24 | 24 | 25 | 25 | 26 | 26 | 27 | 27 | 28 | 28 | 29 | 29 | 30 | 30 | 31 | 31 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AM | CN | AV | CN | AN | | AN | CN | AV | CN | AN | CN | AV | CN | AN | CN | AN | AV | | | | | |
| PM | | | | | | | | | | | | | | | | | | | | | | |

Charting For ___ Through DEC 2006

Physician: McFarland          Telephone No.          Medical Record No.

Alt. Phys.          Alt. Telephone

Allergies          Rehabilitative Potential

Diagnosis          Admission Date

Medicaid Number | Medicare Number | Complete Entries Checked: By: ___ Title: LON ___ | Date: 12/13/06

Resident: Vaugh, Anthony | Birth Date | Resident Code | Room No. Bed | Facility Code

EiTHER
NURSE
OR
DOCTOR

## Lee County Detention Center
# InMATE REQUEST SLIP

F-6
**LOCATION**

Name _Anthony R. Vaughn_    Date _12-21-06_

☐ Telephone Call    ☑ Doctor    ☐ Dentist    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☐ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

I'm Requesting to see THE NURSE OR Doctor About THESE HEADACHE I'm keep own Having For A week straight, It's Really BEEN Bother ME Constantly own And off, I THINK I Really NEED TO BE Check up own About THESE SEVERE PAIN'S I'm Having OR STRESSING PAIN I'M STRESSING PROBLEM!!! Thanks Very much A.R.V.

<u>Do Not Write Below This Line</u> - For Reply Only

12-21-06 You have been put on blood pressure medication. You have seen the doctor already. Stop refusing your meds, take them everyday + you will be ok. You go back to see the doctor in a month

Approved _____    Denied _____    Nurse Griffin    Collect Call

Lee County Detention Center

# INMATE REQUEST SLIP

F-6
**LOCATION**

Name _Anthony K. Vaughn_        Date _12-9-06_

☐ Telephone Call     ☑ Doctor        ☐ Dentist        ☐ Time Sheet

☐ Special Visit     ☐ Personal Problem        ☐ Other

Briefly Outline Your Request. <u>Give To Jailer</u>

I NEED TO SEE A DOCTOR ABOUT THESE
PAIN'S I BEEN HAVING IN MY Right EYE
IT'S ACHE'S AND gives ME HEADACHES, I Can't
SEE OUT OF IT AT TIME, I WAS TAKEN
MEDICINE I Stop, NOW THESE PAIN Coming
BACK. I HAD SURGERY IN Birmingham They
gAVE ME Something I Stop, PAIN Come AND
ON. I Can't SEE, EVERYTHING BLURRY, HURTS

<u>Do Not Write Below This Line</u> - For Reply Only

12-9-__  to Dee M.D.

Approved _____ Denied _____ Collect Call_____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant              ☐ Chief Deputy              ☐ Sheriff

ALABAMA DEPARTMENT OF PUBLIC HEALTH
MANTOUX TUBERCULIN SKIN TEST REPORT

Patient Name: Vaughn, Anthony Keith

County: _Lee_

Address: ▓▓▓▓▓

Sex: ☑ M ! B/M

Hist.

Social Security No: _____
Phone No: _____
Birth Date: _____
☐ P ☐ O   Month   Day   Year

I.D. NUMBER: 917570

MI

Counselor (Initials): ☐ ☐ ☐

Date Collected: ☐ / ☐ / ☐

**Reason Tested:**
☐ Health Care Worker   ☐ Student   ☐ Homeless
☐ Medical Risk   ☐ Occupational   ☑ Jail/Prison
☐ Shelter   ☐ Foreign Born   ☐ Not at Risk

Contact: ☐ Yes   ☐ No   Facility Name: _LCSO_

**Risk Factor Category (Check One)** A ☐   B ☐   C ☐   (See Reverse Side)

Date Tested: 11/8/06   Date Read: 11/10/06   Result: 0 mm
Month Day Year   Month Day Year

(For Two-Step Method Only)
Second Test Date: _____   Date Read: _____   Result: _____ mm
Month Day Year   Month Day Year

All results must be recorded in millimeters (mm) of induration.

Race codes: W-White; B-Black; AI-American Indian; A-Asian; AN-Alaskan Native;
H/PI-Hawaiian/Pacific Islander; O-Other

ADPH-TB-26/Rev. 2-06 (BS)

**EIA**   **WESTERN BLOT**
Results: Indicated by Marked
☑ Negative   ○ Negative
○ Not Done   ○ Indeterminate
○ Positive   ○ Positive
   ○ Not Done

ANALYST INITIALS: ☐ ☐ ☐

DATE REPORTED: ☐ / ☐ / ☐

☐ Birmingham   ☐ Mobile
☐ Decatur   ☑ Montgomery
☐ Dothan

County Health Dept. CHR Number: ☐☐☐☐☐☐

Social Security Number: ☐☐☐ - ☐☐ - ☐☐☐☐

Medicaid Number: ☐☐☐☐☐☐☐☐☐☐

Provider Number: ☐☐☐☐☐☐☐☐☐

**Has Patient Had a Previous Positive or Indeterminate Western Blot?**
◉ No   ○ Yes   ○ Unknown

Date: ☐☐ / ☐☐ / ☐☐☐☐

**PATIENT SHOULD HAVE A TUBERCULIN SKIN TEST IF HIV POSITIVE**

1997321024

*REPORT COPY*
*Return to provider*

ADPH-CL-109 / REV 01-01

# Bureau of Clinical Laboratories-Montgomery

PO BOX 244018, MONTGOMERY AL 36124-4018
Phone:(334) 260-3400  FAX:(334) 274-9800

Page:  1

| Provider: | Accession | 4045507 | ID: | 1075913 | Patient: **Vaughn,Anthony,Keith** |
|---|---|---|---|---|---|
| TKD JUSTICE CENTER | Requisition #: | 4045507 | | | D.O.B.: |
| PO BOX 2407 | Service Area: | | Collected: | 11/15/2006 @ | Sex:  M  MALE |
| OPELIKA, AL, 36801-0000 | CHR #: | | Received: | 11/17/2006 @ 10:20 AM | Phone:  (000) 000-0000 |
| (000) 000-0000, | | | Reported: | 11/20/2006 @  3:29 PM | SSN: |
| UNKNOWN DOCTOR | | | | | Status:  **Final Report** |

| Test Name | Result | Units | Normal Range | Notes |
|---|---|---|---|---|

### *Serology Results*

| | | |
|---|---|---|
| VDRL, STS Qualitative | Non-Reactive | |

Lab Director
William J. Callan,Ph.D.

| Date Printed: | 11/20/2006 | 3:29 PM >> | PH - Panic High | > | AH - Abnormal High | ~ | A - Abnormal | *** Final Page *** |
|---|---|---|---|---|---|---|---|---|
| Completed Between: | 11/20/2006 - | 11/20/2006 << | PL - Panic Low | < | AL - Abnormal Low | δ | Delta Check Failed | All Results Included |

**Exhibit G**
**Affidavit of Ray Roberson**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY KEITH VAUGHN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 3:06-cv-1048-MHT-WC |
| | ) | |
| OFFICER SCROGGINS, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

## <u>AFFIDAVIT OF RAY ROBERSON</u>

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF LEE | ) |

BEFORE ME, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Ray Roberson, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is Ray Roberson.  I am over the age of nineteen and competent to execute this affidavit.

2.    I am employed with the Lee County Sheriff's Office and serve as Assistant Jail Administrator at the Lee County Detention Center.  I have worked in the Lee County Detention Center for twenty-three years and have obtained the rank of lieutenant.

3.    I am familiar with the Plaintiff Anthony Keith Vaughn due to his incarceration in the Lee County Detention Center.  However, I have no personal knowledge of any of the facts made the basis of the Plaintiff's Complaint.  I was not involved and did not observe any of the incidents alleged in his Complaint.

4.    I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.    It is the policy of the Lee County Sheriff's Office that Detention Center staff use only the minimum physical force necessary to control combative or uncooperative inmates. Physical abuse is not used to punish an inmate for a rule violation.

6.    It is the policy of the Lee County Sheriff's Office that force and restraints are used in the Lee County Detention Center only when it is necessary to do so in order to maintain appropriate control and management and provide for secure and orderly running of the Detention Center.

7.    The Lee County Sheriff's Office operates the Lee County Detention Center under the belief that control and management of inmates incarcerated there should be by sound scientific methods, stressing moral values and organized persuasion rather than depending upon physical force for effective management and control.

8.    When the use of force is necessary, only the minimum amount needed to accomplish the task at hand is used.

9.    Physical force is used only as a last resort. All reasonable attempts are made to identify and utilize alternative means to deal with the situation.

10.    Physical force or chemical agents may be used in the following incidences:

a.    Prior to the use of deadly force to prevent the commission of a felony, including escape or to prevent an act which could result in death or serious bodily harm to one's self or another person.

b.    In defending one's self or others against any physical assault.

c.    To prevent the commission of a misdemeanor.

d.    To prevent serious damage to property.

e.    To enforce Detention Center regulations.

f.    To prevent or quell a riot.

2

11.     It is the policy of the Lee County Sheriff's Office to establish rules and regulations governing the behavior of persons incarcerated in the Lee County Detention Center and to subject such persons to discipline for violation of those rules only in a matter which provides due process for the accused person.

12.     Using profanity or derogatory remarks or gestures to a staff member is a major offense, subjecting the inmate to lockdown.

13.     It is the policy of the Lee County Sheriff's Office that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the Sheriff, chief deputy sheriff, or Detention Center personnel.

14.     Inmates housed in the Lee County Detention Center are furnished with Inmate Request Forms for the purpose of stating their requests or grievances in writing. Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if possible. If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

15.     Internal grievance procedures at the Lee County Detention Center are available to all inmates. It is the policy of the Lee County Sheriff's Office that inmates are permitted to submit grievances and that each grievance will be acted upon.

16.     All inmates are provided access to a Lee County Detention Center Inmate Handbook. All inmates are provided a copy of the Lee County Detention Center Inmate

3

Handbook when they are booked into the jail. Plaintiff signed a receipt showing that he had received a copy of the handbook and could read it. The inmate handbook states that an inmate may report a grievance on an inmate request form. Grievances are first answered by the appropriate staff at the lowest level in the chain of command. The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

17.    I have never received a grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint. Per Lee County Sheriff's Office policy, an inmate has the opportunity to appeal any grievance to me if he were not satisfied with the response at the lower levels in the chain of command. The Plaintiff has not appealed any grievance to me. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center.

18.    It is the policy of the Lee County Sheriff's Office that all inmates confined in the Lee County Detention Facility are entitled to a level of health care comparable to that available to citizens in the surrounding community, which will ensure their physical and emotional well-being.

19.    Medical care rendered to inmates in the Lee County Detention Facility is delivered under the direction of a licensed health care provider.

20.    No health care personnel or Detention Facility officer or other employee of the Sheriff's Office will ever summarily or arbitrarily deny an inmate's reasonable request for medical services.

21.    Medical, dental, and mental health matters involving clinical judgments are the sole province of the responsible physician, dentist, or psychiatrist or qualified psychologist, respectively.

4

22.     Inmates are guaranteed access to all diagnostic, laboratory, or other treatment services as directed by the responsible health care authority.

23.     It is the policy of the Lee County Sheriff's Office to allow inmates incarcerated in the Lee County Detention Facility to request health care services at any time.

24.     Two methods may be utilized by inmates incarcerated in the Lee County Detention Facility in order to secure health care services:

   a.     Verbal Request:  An inmate may make a verbal request for emergency medical attention to any member of the Detention Center staff at any time.

   b.     Written Request:  An inmate in need of any type of medical attention may complete an Inmate Request form seeking medical attention and forward it to any member of the Detention Center staff.

25.     Requests for medical treatment will be accepted by members of the Detention Facility staff at any time.

26.     When a request for medical treatment is made to a member of the Detention Facility staff, the staff member receiving the request will notify the shift supervisor of the inmate's request. It is the shift supervisor's responsibility to ensure that the inmate's request is attended to in a prompt and proper manner.  Any doubt as to whether an actual need exists for medical treatment will be resolved in favor of the inmate and medical treatment will be offered.

27.     Medical requests of an emergency nature are to be handled immediately.

28.     Lee County Sheriff's Office policy requires that inmates be informed of the methods by which they may obtain medical treatment during the booking process.

29.     The Detention Facility nurses, under the direction of the Detention Facility Administrator, are charged with the responsibility of obtaining appointments for inmates with physicians in order that they may receive medical treatment or for scheduling times when the

treating physician may attend to health care needs at the Detention Facility.

30.    All health care rendered to inmates will, at the doctor's discretion, be given privately to the inmate, outside the presence of a Detention Facility official.    Should the physician request, a Detention Facility officer will be present for any and all examinations the treating physician deems appropriate.

31.    Per the policy of the Lee County Sheriff's Office, the nonmedical staff always defer to the instructions of the trained medical professionals on all medical issues.

32.    All documents attached to the Special Report are true and accurate copies of jail documents kept by me in the ordinary course of my business.  I am a custodian of these records.

33.    I have complied with all policies and procedures of the Lee County Detention Center.  I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

34.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.


_Ray Roberson_
RAY ROBERSON

**SWORN TO** and **SUBSCRIBED** before me this _28_ day of February, 2007.


_Alvia D. Bridges_
NOTARY PUBLIC
My Commission Expires: _MY COMMISSION EXPIRES FEB. 5, 2011_

6

# Exhibit H
# Affidavit of Nurse Linda Stewart

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ANTHONY KEITH VAUGHN,           )
                                )
          Plaintiff,            )
                                )
V.                              )          Civil Action No. 3:06-cv-1048-MHT-WC
                                )
OFFICER SCROGGINS, et al.,      )
                                )
          Defendants.           )

### AFFIDAVIT OF LINDA STEWART

STATE OF ALABAMA        )
                        )
COUNTY OF LEE           )

    **BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Linda Stewart, who being known to me and being by me first duly sworn on oath deposes and says as follows:

    1.    My name is Linda Stewart. I am over the age of nineteen and competent to execute this affidavit. I have been employed as a nurse with the Lee County Detention Facility for over five years. I am an L.P.N. and have been licensed for over twenty-years, having served as a nurse in the ICU and CCU in Cobb Hospital Emergency Room for fifteen-years. I am a Certified Correctional Health Professional by the National Commission on Correctional Health Care. I taught Nursing Assistance Clinicals for two years at Career Institute. I collected medical information for the law firm of Bellamy and Jones for three years, and I was employed as the personal nurse for Doctor Hoffman, in Phenix City, Alabama, for twelve-years, prior to my coming to the Lee County Detention Facility.

2.      I certify and state that the documents from Plaintiff's medical fFile provided to the Court which are attached to the Defendants' Special Report are true and correct copies of inmate records, kept at the Lee County Detention Facility in the regular course of business. I am the Custodian of these Records.

3.  .   I am familiar with the Plaintiff, Anthony Keith Vaughn, due to his incarceration in the Lee County Detention Facility.

4.      I have complied with all policies and procedures of the Lee County Detention Facility. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

5.      I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

6.      As a Detention Facility nurse, I have neither duty nor authority with regard to any non-medical issues. My sole duty and authority is with regard to medical care of inmates.

7.      It is the policy of the Lee County Sheriff's Office that all inmates confined in the Lee County Detention Facility are entitled to a level of health care comparable to that available to citizens in the surrounding community, which will ensure their physical and emotional well-being.

8.      Medical care rendered to inmates in the Lee County Detention Facility is delivered under the direction of a licensed health care provider.

9.      No health care personnel or Detention Facility officer or other employee of the Sheriff's Office will ever summarily or arbitrarily deny an inmate's reasonable request for medical services.

2

10.    Medical, dental, and mental health matters involving clinical judgments are the sole province of the responsible physician, dentist, or psychiatrist or qualified psychologist, respectively.

11.    Inmates are guaranteed access to all diagnostic, laboratory, or other treatment services as directed by the responsible health care authority.

12.    It is the policy of the Lee County Sheriff's Office to allow inmates incarcerated in the Lee County Detention Facility to request health care services at any time.

13.    Two methods may be utilized by inmates incarcerated in the Lee County Detention Facility in order to secure health care services:

> a.    Verbal Request:  An inmate may make a verbal request for emergency medical attention to any member of the Detention Center staff at any time.
>
> b.    Written Request:  An inmate in need of any type of medical attention may complete an Inmate Request form seeking medical attention and forward it to any member of the Detention Center staff.

14.    Requests for medical treatment will be accepted by members of the Detention Facility staff at any time.

15.    When a request for medical treatment is made to a member of the Detention Facility staff, the staff member receiving the request will notify the shift supervisor of the inmate's request. It is the shift supervisor's responsibility to ensure that the inmate's request is attended to in a prompt and proper manner.  Any doubt as to whether an actual need exists for medical treatment will be resolved in favor of the inmate and medical treatment will be offered.

16.    Medical requests of an emergency nature are to be handled immediately.

17.    Lee County Sheriff's Office policy requires that inmates be informed of the methods by which they may obtain medical treatment during the booking process.

18.    The Detention Facility nurses, under the direction of the Detention Facility

3

Administrator, are charged with the responsibility of obtaining appointments for inmates with physicians in order that they may receive medical treatment or for scheduling times when the treating physician may attend to health care needs at the Detention Facility.

19.    All health care rendered to inmates will, at the doctor's discretion, be given privately to the inmate, outside the presence of a Detention Facility official. Should the physician request, a Detention Facility officer will be present for any and all examinations the treating physician deems appropriate.

20.    Sick call is conducted on a scheduled basis by a licensed practical nurse and is available to all inmates. All inmates are required to pay a $10.00 fee for non-emergency treatment and a $3.00 fee for prescription medication. Inmates will not be denied medical treatment because of lack of funds or for any other reason. When an inmate has insufficient funds in his/her trust account to pay for the assessed fee(s), a lien in the amount of the fee(s) will be placed on the inmate's trust account against future monies which may be received.

21.    On November 5, 2006 I examined Plaintiff due to his complaint of shoulder and neck pain. Plaintiff stated that he was pushed into a wall by officers when he interfered with the corrections officers duties during a medical check. I observed that Plaintiff was alert and responsive. I observed that Plaintiff had good range of motion in his shoulder and some stiffness in his neck. I gave Plaintiff Motrin and made arrangements from him to be seen by Dr. McFarland.

22.    I followed Dr. McFarland's orders with regard to the Plaintiff's medical care. In fact, per the policy of the Lee County Sheriff's Office, I always follow the instructions of Dr. McFarland on all medical issues.

4

23.    I have never received a grievance from the Plaintiff concerning the allegations made the basis of his Complaint.

24.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

_Linda Stewart_ Len CCHP
LINDA STEWART, CCHP/LPN

**SWORN TO** and **SUBSCRIBED** before me this $\underline{28}$ day of February, 2007.

_Chris D. Bridges_
NOTARY PUBLIC
My Commission Expires:＿＿＿ MY COMMISSION EXPIRES FEB. 5, 2011

5

# Exhibit I
# Affidavit of John McFarland

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY KEITH VAUGHN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| V. | ) | Civil Action No. 3:06-cv-1048-MHT-WC |
| | ) | |
| OFFICER SCROGGINS, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF JOHN MCFARLAND

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF LEE | ) |

**BEFORE ME,** the undersigned authority and Notary Public in and for said County and State at large, personally appeared John McFarland, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is John McFarland. I am over the age of nineteen and competent to execute this affidavit.

2.    I am a licensed physician serving as an emergency room doctor with East Alabama Medical Center. I am a Certified Correctional Health Professional by the National Commission of Correctional Health Care.

3.    Also, since 1994, I have served as the treating physician for inmates at the Lee County Detention Facility.

4.    I am familiar with the Plaintiff, Anthony Keith Vaughn, due to his incarceration in the Lee County Detention Facility.

5.    On November 7, 2006, I examined Plaintiff due to his complaint of pain in his right shoulder and neck. He stated that officers injured him a week ago when he was forced up against a wall. However, Plaintiff stated to me "there is nothing wrong with me now." I found that Plaintiff showed full range of motion of his shoulders neck, and chest without any respiratory distress. He appeared to be getting a cold. I prescribed Motrin or Tylenol and to recheck Plaintiff as needed.

6.    On December 13, 2006 I examined Plaintiff. He stated that two years ago he was hit in the eye with a bungee cord and has suffered from headaches ever since. He stated that he saw a doctor and had surgery on his eye following this injury. He complained that he has blurry vision in the eye that was hit. I determined that Plaintiff suffered from high blood pressure, an old eye injury and headaches. I prescribed blood pressure medication to be taken once a day and noted to recheck Plaintiff in a month.

7.    On January 3, 2007 I examined Plaintiff due to his complaint that his blood pressure medications were not helping his symptoms and that he was having headaches. Plaintiff stated that he has not wanted to take his blood pressure medications because he did not think the medication helped him. I determined that Plaintiff suffers from high blood pressure along with headaches and prescribed hydrochlorothiazide, a blood pressure medication.

8.    I examined Plaintiff on January 23, 2007 and prescribed naprosyn pain medication for his complaint of neck pain.

2

9.      I have no duty or authority with regard to any conditions of the Detention Center. My sole duty and authority is with regard to medical care of inmates.

10.     I have complied with all policies and procedures of the Lee County Detention Facility. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

11.     I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

12.     The Plaintiff has never filed a written grievance with me regarding the allegations made the basis of his Complaint.

13.     I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.


_____
JOHN MCFARLAND, CCHP/MD

**SWORN TO** and **SUBSCRIBED** before me this _28_ day of February, 2007.


_____
NOTARY PUBLIC
My Commission Expires: MY COMMISSION EXPIRES FEB. 5, 2011

3