Case 3:06-cv-01048-WC    Document 21    Filed 04/23/2007    Page 1 of 5

U.S. DISTRICT COURT, ALA MIDDLE DISTRICT
EASTERN DIVISION

ANTHONY KEITH VAUGHN
        PLAINTIFF
            V.
OFFICER JAMES SCROGGINS, Et Al
        DEFENDANTS

CIVIL ACTION          RECEIVED
NO. 3:06-CV-1048    2007 APRT 23 A 10: 2__

                    ___ HACKETT __
                    U.S. DISTRICT COURT
                    MIDDLE DISTRICT ALA

## PLAINTIFF'S ANSWER

COME'S NOW ANTHONY KEITH VAUGHN, THE PLAINTIFF IN THE ABOVE-STYLED CAUSE, AND ANSWER'S THE DEFENDANTS RESPONSE AND COMPLAINT AS FOLLOWS:

## ANSWER

THE PLAINTIFF CONTINUES TO TESTIFY THAT IN FACT HE WAS ASSAULTED AND BEAT UP BY OFFICER SCROGGINS, WHICH RESULTED IN NECK AND SHOULDER INJURY BY BEING PUSHED AND SLAMMED INTO THE WALLS WHILE HAND CUFFED.

1.) THE PLAINTIFF DOES ALSO WISHES TO SEEK FOR A RELIEF CLAIM FROM THE DEFENDANT FOR THE AMOUNT $100,000°°, AND THAT OFFICER JAMES SCROGGIN RECIEVE MENTAL HEALTH TREATMENT, AS WELL AS BE TERMINATED FROM LEE COUNTY DETENTION CENTER.

2.) THE PLAINTIFF DOES NOT AGREE THAT THE DEFENDANTS IN THIS ACTION SHOULD'NT BE ENTITLED TO IMMUNITY PURSUANT TO THE ELEVENTH ADMENDMENT TO THE UNITED STATES CONSTITUTION. (ID. CITING SIEGERT V. GILLEY, 500 US 226, 232) (1991) THE DEFENDANT SOLELY USED UNECESSARY FORCE WITHOUT FAIR WARNING AND

Page 2.

NOT IN GOOD FAITH OR EFFORT TO MAINTAIN OR RESTORE DISCIPLINE.

3.) PLAINTIFF'S CLAIM SHOULD BE ACCEPTED ACCORDING TO THE PRISON LITIGATION REFORM ACT, FOR THE FOLLOWING;

A.) THE PLAINTIFF CONSTITUTIONAL RIGHT HAS BEEN VIOLATED AND IT CONTOURS SUFFICIENTLY CLEAR THAT THE OFFICIAL JAMES SCROGGINS UNDERSTOOD EXACTLY WHAT HE WAS DOING; AS FOLLOWS,

(FACTS) HE HAS WORKED AS A CORRECTIONAL OFFICER FOR APPROXIMATELY 3 YRS AT LEE COUNTY DETENTION CENTER. HAS ALSO APPROXIMATELY ELEVEN YEARS, WAS EMPLOYED AS A CORRECTIONAL OFFICER AT THE MACON COUNTY SHERIFF'S OFFICE. HE IS ALSO A GRADUATE OF THE ALA. JAIL MANAGEMENT SCHOOL. (SCROGGINS AFF-2)

B.) PLAINTIFF DID INDEED SUFFER INJURY TO HIS NECK AND SHOULDER DUE TO THE MALICIOUS ASSAULT & CONDUCT OF OFFICER JAMES SCROGGINS.

(FACTS) A. EXCESSIVE FORCE — IT IS THE POLICY OF THE LEE COUNTY SHERIFF'S OFFICE THAT DETENTION CENTER STAFF USE ONLY THE MINIMUM PHYSICAL FORCE NECESSARY TO CONTROL COMBATIVE OR UNCOOPERATIVE INMATES. PHYSICAL ABUSE IS NOT USED TO PUNISH AN INMATE FOR A RULE VIOLATION (JONES AFF. 6; WELCH AFF, 5; SCROGGINS AFF. 5; AARON AFF. 5)

Page -3.

C.) PLAINTIFF HAS COMPLIED WITH ADMINISTRATIVE REMEDIES AND THERE ARE COPIES OF REQUEST AND MEDICAL TREATMENT REQUEST; SEE EXHIBIT-H STEWART AFF. 3, 12, 13-A,B, 15, 21.

4.) IN WHICH STATEMENT RECIEVED IN EXHIBIT-H, (STEWART AFF. 21) SHOULD AND WILL PROVE THAT ADEQUATE REPORTS OF THE INCIDENT THAT DID OCCURED WAS INDEED REPORTED BY INMATE, AS WELL AS MEDICAL STAFF NURSE STEWART, TO SHIFT SUPERVISOR ACCORDING TO EXHIBIT-H, STEWART AFF, 13, 14, & 15, EXHIBIT-I MCFARLAND AFF. I,5.

5.) THE PLAINTIFF'S GRIEVANCE FORMS MAY HAVE BEEN AVOIDED OR ABANDON BY SUPERVISORS, AND IT SEEN AS IF THE CURTAILED HARRASSMENT BEGAN, AS WELL AS THREATS OF VIOLENCE BY THE DEFENDANT OFFICER JAMES SCROGGINS ON REGULAR BASIS, BECAUSE OF THE GRIEVANCE PROCEEDURE FILLED AGAINST HIM.

6.) AS A RESULT OF THE ASSAULT BY THE DEFENDANT, NURSE STEWART DIAGNOSED PLAINTIFF'S INJURY, AND FOUND IT NECESSARY FOR INMATE VAUGHN TO BE EXAMINED FURTHER BY DR. JOHN MCFARLAND ACCORDING TO POLICY OF LEE COUNTY SHERIFF'S OFFICE. SEE EXHIBIT-I MCFARLAND.

7.) THE PLAINTIFF RESERVE THE RIGHT TO ADD ADDITIONAL TESTIMONY UPON A COMPLETE INVESTIGATION OF DEFENDANT CLAIMS, COMPLETION OF ANY DISCOVERY ALLOWED, AND IF ANY

page 4.

FURTHER PLEADING IS REQUIRED OR ALLOWED BY THE COURTS.

RESPECTFULLY SUBMITTED THIS 20 DAY OF APRIL, 2007

anthony K. Vaughn

Anthony K. Vaughn #168490
P.O. Box 24067
Clika Al 36801

36101+0711

Office of The Clerk
United States District Court
P.O. Box 711
Montgomery AL 36101-0711

MONTGOMERY AL 361
20 APR 2007 PM 2 L