**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **ANTHONY KEITH VAUGHN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil Action No. 3:06-cv-1048-MHT-WC |
| ) | |
| **OFFICER SCROGGINS, et al.,** ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO SPECIAL REPORT**

COME NOW Officer James Scroggins and Officer Leon Aaron, Defendants in the above-styled cause, and submit their reply to Plaintiff's response to their Special Report to the Court as follows:

1. In its March 2, 2007 order, this Court directed Plaintiff to submit a response to Defendants' Special Report addressing each of the arguments and defenses contained in the report. Plaintiff was specifically instructed to address his failure to exhaust the available administrative remedies as required by the Prison Litigation Reform Act. Plaintiff was further cautioned to not rely upon his own unsworn pleadings but to respond with sworn affidavits or other appropriate evidentiary materials demonstrating the existence of a genuine issue of fact.

2. Plaintiff has failed to comply with this Order. He has not addressed the arguments and defenses presented by Defendants. He has not addressed his failure to exhaust the available administrative remedies as required by the Prison Litigation Reform Act. Plaintiff has also failed to submit any sworn affidavits or other appropriate evidentiary materials demonstrating the existence of a genuine issue of fact.

3. In his response, Plaintiff continues to claim that he was "beat up" and "injured"

by Officer Scroggins. However, Plaintiff's medical records and the affidavits of the medical staff at the jail show that Plaintiff only suffered at most a *de minimus* injury. The evidence establishes that the only physical contact between the Plaintiff and Officer Scroggins was when Scroggins handcuffed him, escorted him down the hall and removed the handcuffs. Further, Officer Aaron witnessed Officer Scroggins removing Plaintiff from his cell and placing him into lockdown and testifies this occurred without incident. Both Nurse Stewart and Dr. McFarland testify that Plaintiff suffered from no injury greater than *de minimus* as a result of being handcuffed and being escorted to lockdown. In fact, a week after Plaintiff was allegedly injured by Officer Scroggins he stated to Dr. McFarland that "there is nothing wrong with me now."

4. Plaintiff's Complaint contains a claim based upon an alleged lack of medical attention. Plaintiff makes no response to Defendants' arguments that Plaintiff was provided adequate and appropriate medical care. Defendants have provided sworn affidavits from Nurse Stewart and Dr. McFarland outlining the medical care Plaintiff received while incarcerated at the Lee County Detention Center.

5. Plaintiff claims that Officer Scroggins has threatened violence against him for filing a grievance. However, Plaintiff provides no specifics or details and in fact does not state that Scroggins has ever followed through on his alleged threats.

6. Plaintiff's response contains no specific allegations that he followed the grievance procedure provided at the Lee County Detention Center. The grievance procedures for the Lee County Detention Center are contained in the Inmate Handbook. Plaintiff signed a receipt showing that he had received a copy of the handbook and could read it when he was booked into the jail. All Defendants, the sheriff, jail officials and medical staff have testified that Plaintiff did not follow the grievance procedure. Plaintiff failed to submit a grievance or complaint

concerning any of the allegations of his Complaint. Plaintiff also failed to follow the procedure for appealing a grievance. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center.

7. Plaintiff has failed to submit sworn affidavits or other appropriate evidence creating a genuine issue of material fact. The evidence before the Court establishes that Plaintiff failed to follow the grievance procedure in place at the Lee County Detention Center, that the minimum amount of force necessary was used to get the Plaintiff to the lockdown cell after Plaintiff was threatening the secure operations of the jail and interfering with the medical care of another inmate, that Plaintiff was not injured when he was escorted to the lockdown cell, and that the medical care received by Plaintiff was beyond sufficient.

8. In his reply, Plaintiff inappropriately requests additional forms of relief not listed in his Complaint. These requests for relief should not be considered as part of Plaintiff's Complaint as Plaintiff has not moved to amend his complaint. See Ballou v. Smith, 2007 WL 959151 *1 f.n. 1 (S.D.Ga. 2007) (stating that plaintiff must amend his complaint to contain relief not originally stated in the complaint).

Respectfully submitted this 9th day of May, 2007.

        s/Ashley Hawkins Freeman
        DARYL L. MASTERS, Bar No. MAS018
        ASHLEY HAWKINS FREEMAN, Bar No. FRE044
        Attorneys for Defendants Jay Jones,
        James Scroggins, and Leon Aaron
        WEBB & ELEY, P.C.
        7475 Halcyon Pointe Drive (36117)
        Post Office Box 240909
        Montgomery, Alabama 36124
        Telephone: (334) 262-1850
        Fax: (334) 262-1889
        E-mail: afreeman@webbeley.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this the **9th** day of **May, 2007**, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

        **Anthony Keith Vaughn**
        **AIS #168490**
        **Lee County Detention Center**
        **P. O. Box 2407**
        **Opelika, AL  36801**

        s/Ashley Hawkins Freeman
        OF COUNSEL