IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

ANTHONY KEITH VAUGHN              *

     Plaintiff,                    *

        v.                        *          3:06-CV-1048-WC
                                             (WO)
OFFICER SCROGGINS, *et al.*,       *

     Defendants.                   *

_____


**MEMORANDUM OPINION**

In this 42 U.S.C. § 1983 action, Anthony Vaughn, an inmate incarcerated at the Lee

County Detention Center ["LCDC"] in Opelika, Alabama, complains that on November 2,

2006 Defendants subjected him to excessive force and denied him adequate medical care for

the  injuries he sustained in the incident.  Defendants named to this action are Correctional

Officers James Scroggins and Leon Aaron.  Plaintiff requests that the court "check into why

Lee County inmates get treated like animals."  (*Doc. No. 1*.)

Pursuant to the orders of this court, Defendants filed a written report and supporting

evidentiary materials addressing the claims for relief raised in the complaint.  In this report,

Defendants assert this case is due to be dismissed because Plaintiff has failed to exhaust an

administrative remedy available to him at the county jail as required by the Prison Litigation

Reform Act, 42 U.S.C. § 1997e(a).  Specifically, Defendants maintain  that, with respect to

the  claims  presented  in  the  instant  complaint,  Plaintiff    has  failed  to  exhaust  the

administrative remedies available to him at the Lee County Detention Center via the jail's inmate grievance procedure as he has failed to file a grievance and/or an appeal of any grievance about the allegations made the basis of his complaint. (*Doc. No. 13 at11-15; see also Exhs. A-I.*)

In accordance with the orders of the court, Plaintiff was informed that Defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. This case is now pending before the court on Defendants' motion for summary judgment, Plaintiff's opposition, and Defendants' reply. (*Doc. Nos. 13, 21, 22.*) Upon consideration of motion, the evidentiary materials filed in support thereof, Plaintiff's opposition, and Defendants' reply thereto, the court concludes that Defendants' motion for summary judgment shall be granted and this case dismissed without prejudice as Plaintiff has failed to exhaust an available administrative remedy.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits

show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

Defendants have met their evidentiary burden and demonstrated the absence of a genuine issue of material fact with respect to Plaintiff's failure to exhaust  administrative remedies.  Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists.  *Clark v. Coats and Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial.").  A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to

---

[1]Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only."  Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

return a verdict in its favor.  *Greenberg*, 498 F.3d at 1263.

 To survive Defendants' properly supported motion for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" establishing proper exhaustion of administrative remedies.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted."  *Id*. at 249-250.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)."  *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990).  Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment.  *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations...."); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment....").  Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an

element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact.  *Beard v. Banks*, 548 U.S. 521, ___, 126 S.Ct. 2572, 2576, 165 L.Ed.2d 697 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.  In this case, Plaintiff fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment.  *Matsushita*, 475 U.S. at 587.

## II. DISCUSSION

Plaintiff alleges that on November 2, 2006 Defendants slammed him into a brick wall and beat him down while he was handcuffed.  He claims that his shoulder was dislocated and his neck injured as a result of Defendants' conduct.  After Defendants kicked him into  a

lockdown cell, Plaintiff complains that they refused to provide him with medical attention. (*Doc. No. 1*.)

In their dispositive motion, Defendants assert that this case is due to be dismissed because Plaintiff has failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, Defendants maintain that with respect to the claims presented in the instant action, Plaintiff has failed to exhaust the administrative remedies available to him at LCDC via the jail's inmate grievance procedure. (*See Doc. No. 13 at pgs. 11-15, Exhs. A-I, Doc. No. 22*.)

The PLRA requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a 42 U.S.C. § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) directs that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement.

*Booth*, 532 U.S. at 741; *Alexande*r v. *Hawk*, 159 F.3d 1321, 1325 (11ᵗʰ Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006).  Moreover, "the PLRA exhaustion requirement requires **proper exhaustion**."  *Id*.  at 2387 (emphasis added).

The Supreme Court in *Woodford* determined "[proper exhaustion] means . . . that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." 126 S.Ct. at 2384.  The Court further explained "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [prior to seeking relief from a federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings . . .  Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage."  *Id*. at 2386.  This interpretation of the PLRA's exhaustion requirement "carries a sanction" for noncompliance and avoids "mak[ing] the PLRA exhaustion scheme wholly ineffective."  *Id*. at 2388.  Consequently, a prisoner cannot "proceed . . . to federal court" after bypassing available administrative remedies, either by failing to properly exhaust administrative remedies or waiting until such remedies are no longer available, as allowing federal review under these circumstances would impose "no significant sanction" on the prisoner and "the PLRA did not create such a toothless scheme."  *Id*.     Further, the PLRA's exhaustion

requirement contains no futility exception where there is an available inmate grievance procedure. *See Booth,* 532 U.S. at 741 n. 6 ( "[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." ); *Cox v. Mayer,* 332 F.3d 422, 424-28 (6th Cir. 2003) (holding that the exhaustion requirement applies to a former prisoner who filed his complaint without exhausting his administrative remedies and who had since been released from custody); *see also  Massey v. Helman,* 196 F.3d 727, 733 (7th  Cir. 1999).

In support of their exhaustion argument, Defendants have submitted their own affidavits as well as the affidavits of Sheriff Jay Jones, Lt. Corey Welch, Assistant Jail Administrator Ray Roberson, Dr. John McFarland, and Nurse Linda Stewart. (*Doc. No. 13, Exhs. B-E, G-I.*)  These individuals along with Defendants affirm that, at all times relevant to this litigation, the Lee County Detention Center has maintained an inmate grievance procedure. (*Id.*)  This administrative remedy is available to all Lee County Detention Center inmates, including  Plaintiff.  (*Id.*)   Defendants contend that a search of Plaintiff's inmate and medical records reflect that he has never filed any grievance regarding the matters made the subject of his complaint.  (*Id. and Exhs. A, F.*)  In opposition to Defendant's dispositive motion, Plaintiff does not deny that he is required to exhaust administrative remedies or that an inmate grievance procedure is available at the Lee County Detention Center.  (*Doc. No. 21.*)  Rather, Plaintiff maintains that he complied with administrative remedies and that Defendants' evidence reflects copies of his requests for medical treatment.  Plaintiff goes on

to assert, however, that his "grievance forms may have been avoided or abandoned by supervisors, and it see[m] as if the curtailed harassment as well as threats of violence by the defendant Officer James Scroggins on regular basis because of the grievance procedure filled [sic] against him." (*Id. at 3*.)

The record in this case establishes that the Lee County Detention Center provides a grievance procedure for inmate complaints.  The jail's grievance procedures are contained in the Inmate Handbook which Plaintiff does not dispute he  received a copy of upon being booked into the jail.  (*See Doc. No. 13, Exh. A-Part 1 at 3*.)  The jail's grievance procedure reflects that inmates may report a grievance on an inmate request form.  (*Id. at Exh. B*.) Grievances are first answered by appropriate staff at the lowest level in the chain of command.  (*Id*.)  If an inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision. (*Id*.)  Defendants, as well as Sheriff Jones, Administrator Roberson, Lt. Welch, Nurse Stewart, and Dr. McFarland, affirm in their affidavits that they never received any grievance, request, and/or grievance appeal concerning the allegations made in the instant complaint. (*Id. at Exhs. B-E, G-I*.)

Plaintiff relies on his own unsworn, self-serving conclusory allegations submitted in response to Defendants' dispositive motion that he complied with the jail's administrative remedies but that his grievance forms *may* have been avoided or abandoned by "supervisors" and that it *seemed* that "curtailed harassment" and threats of violence by Defendant

10

Scroggins began due to the "grievance procedure" filed against him.[2] Relying on their sworn affidavits as well as the sworn affidavits of jail administrators, staff, and medical personnel, Defendants contradict these claims maintaining that the internal grievance procedures at LCDC are available to all inmates, including Plaintiff, that all inmates, including Plaintiff may submit grievances, and that all inmate grievances are acted upon. (*Doc. No. 13, Exhs. B-D, G-I.*)  Defendants' evidentiary materials further support their contention that Plaintiff failed to file any grievance with respect to the conditions about which he complains in the instant cause of action.[3]

This court may properly resolve this factual issue relating to exhaustion, *see Bryant v. Rich,* 530 F.3d 1368, 1374 (11th Cir. 2008), and finds that the facts do not support Plaintiff's interference arguments.  As noted, exhaustion of available remedies applies to all prisoners in any facility, it is mandatory, and may not be waived by the Court. *See Alexander,* 159 F.3d at 1324-26 (exhaustion requirement of 42 U.S.C. § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or *Bivens* ). There is no discretion to waive this

---

[2]The court cautioned Plaintiff that in filing a response to Defendants' dispositive motion he should not rely on his unsworn pleadings but should respond by filing sworn affidavits or other evidentiary materials which set forth specific facts demonstrating that there is a genuine issue of material fact for trial. Plaintiff was further cautioned that the failure to file sworn affidavits or other evidentiary material might result in the court accepting Defendants' evidence as truth. *See* Fed.R.Civ.P. 56(e).  (*See Doc. No. 16.*)

[3]The undisputed evidentiary material before the court reflects that Plaintiff  has submitted inmate request slips at  various times during his incarcerations at LCDC but none of these documents are identified by him as a grievance.  Moreover, to the extent  Plaintiff's most recent inmate request forms seeking medical attention concern issues related to the claims raised in the instant complaint, they do not operate as proper exhaustion of administrative remedies relevant to the pending claims against the named defendants.  (*See Doc. No. 13, Exh. A, Part 1 at 2, Exh. F.*)

requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. *Alexander,* 159 F.3d at 1325; *see also Porter,* 534 U.S. 516. Furthermore, this court may not consider the adequacy or futility of administrative remedies, but only the availability of such. *Higginbottom v Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000), *citing Alexander,* 159 F.3d at 1323.

Based on the proof provided, Plaintiff has not utilized the administrative remedies available to him at the Lee County Detention Center with respect to his claim of excessive force and injury against the named defendants. The court has carefully reviewed the pleadings, documents, and records filed in this matter and finds that Plaintiff has failed to make a colorable showing that he has exhausted the administrative remedies available to him at LCDC and/or demonstrated that he has been denied access to those administrative procedures during his incarceration at that facility. Other than his self-serving statements, there is no record or documentation that Plaintiff has made any complaints against Defendants about the matters made the subject of this action. Plaintiff simply states that he complied with the grievance procedure but that his grievance forms may have been avoided or abandoned. He provides no other facts or evidence, however, which tend to establish that he has properly exhausted the administrative remedies available to him at Lee County Detention Center with respect to those allegations made the basis of the instant complaint. *See Kozuh v. Nichols*, 2006 WL 1716049 at *2 (11th Cir. June 22, 2006) (rejecting inmate's claim "that he was 'thwarted' when officials refused to respond to his grievances, leaving the

grievance procedure unavailable" and noting that inmate had filed numerous informal complaints).  As such, Plaintiff has failed to produce any evidence establishing a genuine issue of fact sufficient to defeat Defendant's motion for summary judgment based on his failure to exhaust an available administrative remedy which is a precondition to proceeding in this court on his claims.  *Woodford*, 548 U.S. at 87-94.

## III.  CONCLUSION

In light of the foregoing, Defendants' motion for summary judgment (*Doc. No. 13*) is GRANTED to the extent Defendants seek dismissal of this case for Plaintiff's failure to exhaust  available administrative remedies and this case is DISMISSED without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust administrative remedies  available to him at the Lee County Detention Center.

A separate Judgment and Order follows.

Done, this 28th day of October 2008.


 /s/ Wallace Capel, Jr.                                 
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE